UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, Individually and as mother and )
next friend of BRIAN KENNEDY, JR., )
                       Plaintiffs )
 )
VS. )
 )
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
                       Defendants

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
## AND DEMAND FOR JURY TRIAL

### FIRST DEFENSE

The defendants state that the plaintiffs' complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The defendants hereby answer the plaintiffs' Complaint, Paragraph by Paragraph, as follows:

### INTRODUCTION

The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## JURISDICTION

The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## PARTIES

1.  The defendants lack knowledge sufficient to allow them to answer this paragraph.

2.  The defendants lack knowledge sufficient to allow them to answer this paragraph.

3.  The defendants lack knowledge sufficient to allow them to answer this paragraph.

4.  The defendants lack knowledge sufficient to allow them to answer this paragraph.

5.  The defendants lack knowledge sufficient to allow them to answer this paragraph.

6.  The defendants admit the allegations contained in this paragraph.

7.  The defendants admit that Daniel Rosa is currently the Chief of Police of the Town of Billerica. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

8.  The defendants admit that John Barretto was at one time the Chief of Police of the Town of Billerica. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

9.  The defendants admit that Paul Matthews was at one time, the duly appointed Chief of Police of the Town of Billerica. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

10. The defendants admit that Robert Lee was at one time the Deputy Chief of Police of the Town of Billerica. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

11. The defendants admit that Thomas Connors is a police officer of the Town of Billerica. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

12. The defendants admit that Frank MacKenzie is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

13. The defendants admit that Richard Rhonstock is a police officer employed by the Town of Billerica Police Departmen. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

14. The defendants admit that Robert Bailey is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

15. The defendants admit that John Zarro is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

16. The defendants admit that Mark Tsoukalis is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

17. The defendants admit that Tara Connors is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

18. The defendants admit that Martin E. Conway is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

19. The defendants admit that Andrew DeVito is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

20. The defendants admit that Richard E. Howe was at one time a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

21. The defendants admit that Steven Elmore is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

22. The defendants admit that William McNulty is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

23. The defendants admit that Donald MacEachern is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

24. The defendants admit that Michael Casey is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

25. The defendants admit that Richard Nestor is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

26. The defendants admit that Robert Brown is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

27.     The defendants admit that William G. West is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

28.     The defendants admit that Gregory Katz is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

29.     The defendants admit that Gerald B. Roche is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

30.     The defendants admit that Brian Micciche is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

31.     The defendants admit that William MacDonald is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

32.     The defendants admit that Scott Parker is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

33.     The defendants admit that Alan Munn is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

34.     The defendants admit that Timothy McKenna is a police officer employed by the Town of Billerica Police Department. The defendants state that the remainder of this paragraph states a conclusion of law to which the defendants need not respond.

35.     The defendants deny the allegations contained in this paragraph.

## STATEMENT OF FACTS

36.     The defendants deny the allegations contained in this paragraph.

37.     The defendants deny the allegations contained in this paragraph.

38.     The defendants admit that sometime in September of 1991, there was a report of a fire involving a pick-up truck owned by the Kennedy family. The defendants deny the remainder of this paragraph of the plaintiff's Complaint.

39.     The defendants deny the allegations contained in this paragraph.

40.     The defendants deny the allegations contained in this paragraph.

41.     The defendants admit that at sometime of October of 1991, Mrs. Kennedy met with former Police Chief Barretto and made certain complaints.

42.     The defendants admit that then Lieutenant Connors investigated the fire involving the pick-up truck owned by the plaintiffs. The defendants deny the remaining allegations contained in this paragraph of the Complaint.

43.     The defendants deny the allegations contained in this paragraph.

44.     The defendants deny the allegations contained in this paragraph.

45.     The defendants have insufficient knowledge to answer the first sentence of this paragraph of the plaintiff's Complaint. The defendants admit that sometime in November of 1991 that Mrs. Kennedy met with Chief Barretto and made certain statements.

46.     The defendants deny the allegations contained in this paragraph.

47.     The defendants deny the allegations contained in this paragraph.

48.     The defendants admit that sometime in December of 1991, Mr. and Mrs. Kennedy met with Chief Barretto and made certain complaints. The defendants deny the remaining allegations contained in this paragraph of the Complaint.

49.     The defendants deny the allegations contained in this paragraph.

50.     The defendants deny the allegations contained in this paragraph.

51.     The defendants deny the allegations contained in this paragraph.

52.     The defendants deny the allegations contained in this paragraph.

53.     The defendants admit that at various times Mr. and Mrs. Kennedy spoke to Chief Barretto. The defendants further admit that Chief Barretto suggested on more than one occasion that Mrs. Kennedy obtain legal representation.

54.     The defendants deny the allegations contained in this paragraph.

55.     The defendants admit that they mailed the citation to Mrs. Kennedy.

56.     The defendants deny the allegations contained in this paragraph.

57.     The defendants deny the allegations contained in this paragraph.

58.     The defendants deny the allegations contained in this paragraph.

59.     The defendants admit that John Oblenis informed Billerica police officers that Mr. Kennedy had assaulted him.

60.     The defendants admit that a various Billerica police officers investigated the allegations made by Mr. Oblenis. The defendants deny the remaining allegations contained in this paragraph of the plaintiff's Complaint.

61.     The defendants lack knowledge sufficient to allow them to answer this paragraph.

62. The defendants admit that Captain McNulty signed a criminal complaint but deny the remaining allegations contained in this paragraph of the plaintiffs' Complaint.

63. The defendants lack knowledge sufficient to allow them to answer this paragraph.

64. The defendants lack knowledge sufficient to allow them to answer this paragraph.

65. The defendants admit that Ms. Stickney went to the Billerica Police Station to complain about Mrs. Kennedy and Daniel Dufault but lack knowledge sufficient to allow them to answer the remaining allegations contained in this paragraph of the plaintiff's Complaint.

66. The defendants deny the allegations contained in this paragraph.

67. The defendants deny the allegations contained in this paragraph.

68. The defendants deny the allegations contained in this paragraph.

69. The defendants admit that a criminal complaint was filed against Brian, Jr. The defendants deny the remaining allegations of this paragraph of the Complaint.

70. The defendants admit that in November of 1997, Lieutenant Connors' car was burglarized. The defendants deny the remaining allegations of this paragraph of the plaintiff's Complaint.

71. The defendants deny the allegations contained in this paragraph.

72. The defendants lack knowledge sufficient to allow them to answer this paragraph.

73. The defendants deny most of the allegations contained in this paragraph but do admit that Officer Elmore asked questions of Mr. Kennedy regarding the theft of Lieutenant Connors' property.

74. The defendants deny most of the allegations contained in this Complaint but do state that information developed from Scott Ashton and others resulted in the recovery of Lieutenant Connors' badge.

75. The defendants deny the allegations contained in this paragraph.

76. The defendants deny the allegations contained in this paragraph.

77. The defendants admit that Officer Elmore went to speak with Daniel DuFault but deny the remaining allegations contained within this paragraph.

78. The defendants deny the allegations contained in this paragraph.

79. The defendants lack knowledge sufficient to allow them to answer this paragraph.

80.     The defendants lack knowledge sufficient to allow them to answer this paragraph.

81.     The defendants deny the allegations contained in this paragraph.

82.     The defendants admit that Billerica Police Officer Brian Micciche was at Dunkin Donuts in Lowell but deny the remaining allegations contained within this paragraph of the plaintiff's Complaint.

83.     The defendants lack knowledge sufficient to allow them to answer this paragraph and to the extent appropriate deny the remaining allegations contained in this paragraph.

84.     The defendants admit that Tina Huber made a complaint about an incident that occurred January 22, 2000. The defendants deny the remaining allegations contained within this paragraph.

85.     The defendants deny the allegations contained in this paragraph.

86.     The defendants deny the allegations contained in this paragraph.

87.     The defendants deny the allegations contained in this paragraph.

88.     The defendants lack knowledge sufficient to allow them to answer this paragraph and to the extent appropriate, deny the remaining allegations contained in this paragraph.

89.     The defendants deny the allegations contained in this paragraph.

90.     The defendants deny the allegations contained in this paragraph.

91.     The defendants admit that Mrs. Kennedy was handcuffed but deny the remaining allegations contained in this paragraph.

92.     The defendants deny the allegations contained in this paragraph.

93.     The defendants deny the allegations contained in this paragraph.

94.     The defendants deny the allegations contained in this paragraph.

95.     The defendants deny the allegations contained in this paragraph.

96.     The defendants deny the allegations contained in this paragraph.

97.     The defendants deny the allegations contained in this paragraph.

98.     The defendants lack knowledge sufficient to allow them to answer this paragraph.

99.     The defendants admit that Officer Tsoukalas stopped Mr. Kennedy while he was on patrol on January 28, 2002. The defendants deny the remaining allegations in this paragraph.

100. The defendants admit that Officer Parker was dispatched to the Billerica Boys Club on March 31, 2002 but deny the remaining allegations contained within this paragraph.

101. The defendants deny the allegations contained in this paragraph.

102. The defendants deny the first two sentences of Paragraph No. 102 and are without sufficient knowledge or information as to the third sentence in Paragraph No. 102.

103. The defendants deny the allegations contained in this paragraph.

104. The defendants admit that Chief Rosa received a call from Mrs. Kennedy but deny the remaining allegations contained within this paragraph.

105. The defendants deny the allegations contained within this paragraph.

106. The defendants do not have sufficient knowledge or information to respond to this allegation and to the extent necessary deny the allegations contained within Paragraph No. 106.

107. The defendants lack knowledge sufficient to allow them to answer this paragraph.

108. The defendants deny the allegations contained within this paragraph.

109. The defendants lack knowledge sufficient to allow them to answer this paragraph.

110. The defendants deny the allegations contained within this paragraph.

111. The defendants deny the allegations contained within this paragraph.

112. The defendants deny the allegations contained within the first two sentences of Paragraph No. 112 and are without sufficient information or knowledge to respond to the third sentence of Paragraph 112.

113. The defendants deny the allegations contained within this paragraph.

114. The defendants deny the allegations contained within this paragraph.

115. The defendants deny the allegations contained within this paragraph.

116. The defendants deny the allegations contained within this paragraph.

117. The defendants admit that Mrs. Kennedy was charged with threatening to commit a crime against Officer Stoukalas but deny the remaining allegations contained within this paragraph.

118. The defendants lack knowledge sufficient to allow them to answer this paragraph.

119. The defendants lack knowledge sufficient to allow them to answer this paragraph.

120. The defendants deny the allegations contained within this paragraph.

121. The defendants deny the allegations contained within this paragraph.

122. The defendants deny the allegations contained within this paragraph.

123. The defendants deny the allegations contained within this paragraph.

124. The defendants lack knowledge sufficient to allow them to answer this paragraph.

125. The defendants deny the allegations contained within this paragraph.

126. The defendants deny the allegations contained within this paragraph.

127. The defendants admit that Officer Tara Connors was dispatched to 162 Leicester Street but deny the remaining allegations contained within this paragraph.

128. The defendants deny the allegations contained within this paragraph.

129. The defendants lack knowledge sufficient to allow them to answer this paragraph, and to extent appropriate, deny the allegations contained therein.

130. The defendants admit that there was a warrant for Mr. Kennedy on October 28, 2004 and then as a result he was arrested. The defendants deny the remaining allegations contained within this paragraph.

131. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

132. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

133. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

## STATEMENT OF CLAIMS

### COUNT I

134. The defendants hereby repeat their responses to Paragraphs 1 through 133 of the plaintiffs' complaint.

135. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

136. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT II

137. The defendants hereby repeat their responses to Paragraphs 1 through 136 of the plaintiffs' complaint.

138. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

139. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

140. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT III

141. The defendants hereby repeat their responses to Paragraphs 1 through 140 of the plaintiffs' complaint.

142. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

143. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT IV

144. The defendants hereby repeat their responses to Paragraphs 1 through 143 of the plaintiffs' complaint.

145. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

146. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT V

147. The defendants hereby repeat their responses to Paragraphs 1 through 146 of the plaintiffs' complaint.

148. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

149. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT VI

150. The defendants hereby repeat their responses to Paragraphs 1 through 149 of the plaintiffs' complaint.

151. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

152. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

153. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

### COUNT VII

154. The defendants hereby repeat their responses to Paragraphs 1 through 153 of the plaintiffs' complaint.

155. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

156. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

### COUNT VIII

157. The defendants hereby repeat their responses to Paragraphs 1 through 156 of the plaintiffs' complaint.

158. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

159. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

### COUNT IX

160. The defendants hereby repeat their responses to Paragraphs 1 through 159 of the plaintiffs' complaint.

161. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

162. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT X

163. The defendants hereby repeat their responses to Paragraphs 1 through 162 of the plaintiffs' complaint.

164. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

165. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT XI

166. The defendants hereby repeat their responses to Paragraphs 1 through 165 of the plaintiffs' complaint.

167. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

168. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT XII

169. The defendants hereby repeat their responses to Paragraphs 1 through 168 of the plaintiffs' complaint.

170. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

171. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT XIII

172. The defendants hereby repeat their responses to Paragraphs 1 through 171 of the plaintiffs' complaint.

173. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

174. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT XIV

175. The defendants hereby repeat their responses to Paragraphs 1 through 174 of the plaintiffs' complaint.

176. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

177. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT XV

178. The defendants hereby repeat their responses to Paragraphs 1 through 177 of the plaintiffs' complaint.

179. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

180. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT XVI

181. The defendants hereby repeat their responses to Paragraphs 1 through 180 of the plaintiffs' complaint.

182. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

183. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT XVII

184. The defendants hereby repeat their responses to Paragraphs 1 through 183 of the plaintiffs' complaint.

185. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

186. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT XVIII

187. The defendants hereby repeat their responses to Paragraphs 1 through 186 of the plaintiffs' complaint.

188. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

189. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## COUNT XIX

190. The defendants hereby repeat their responses to Paragraphs 1 through 189 of the plaintiffs' complaint.

191. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

192. The defendants state that the allegations in this paragraph state a conclusion of law to which the defendants need not respond.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to judgment in any amount against the Defendants and, furthermore, the Defendants ask this honorable Court to enter judgment for the defendants and against the Plaintiffs along with interests, costs, and attorney's fees.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 3

By way of affirmative defense, the defendants state that the defendants' actions are entitled to qualified good faith immunity.

### AFFIRMATIVE DEFENSE NO. 4

By way of affirmative defense, the defendants state that the defendants were privileged in the defendants' conduct and acts and that therefore the plaintiffs cannot recover.

### AFFIRMATIVE DEFENSE NO. 5

Defendants state that they were justified in their acts or conduct and that therefore the plaintiffs cannot recover.

### AFFIRMATIVE DEFENSE NO. 6

Defendants state that their acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore, the plaintiffs cannot recover.

### AFFIRMATIVE DEFENSE NO. 7

Defendants state that their actions are immune from suit as they were engaging in discretionary functions.

### AFFIRMATIVE DEFENSE NO. 8

Defendants state that the action is barred by the applicable statute of limitations.

### AFFIRMATIVE DEFENSE NO. 9

Defendants state that the plaintiffs cannot recover because of the provisions of M.G.L. c. 258.

### AFFIRMATIVE DEFENSE NO. 10

Defendants state that the plaintiffs, at the time of the alleged incident, were guilty of a violation of law, which contributed to the alleged incident.

## AFFIRMATIVE DEFENSE NO. 11

Defendants state that the plaintiffs have failed to fulfill the statutory prerequisites for filing a claim pursuant to Mass. General Laws Ch. 258 and Mass. General Laws Ch. 258 § 4.

## JURY CLAIM

THE DEFENDANTS CLAIM A TRIAL BY JURY AS TO ALL ISSUES PROPERLY TRIABLE TO A JURY.

                        Respectfully submitted,
                        Defendants,
                        By their attorneys,

                        /s/ Jeremy Silverfine
                        Leonard H. Kesten, BBO No. 542042
                        Jeremy I. Silverfine, BBO No. 542779
                        BRODY, HARDOON, PERKINS & KESTEN, LLP
                        One Exeter Plaza
                        Boston, MA 02116
                        (617) 880-7100

Dated: June 6, 2005