UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************
BRIAN KENNEDY, et al              *
                                  *
            Plaintiffs            *
                                  *
v.                                *  Civil Action no. 04-12357 - PBS
                                  *
TOWN OF BILLERICA, et al          *
                                  *
            Defendants            *
*********************************************

## MOTION FOR RESTRAINING ORDER

Now come the plaintiffs and move this Honorable Court issue an order restraining defendant Tsoukalas from approaching the plaintiffs or the plaintiffs' residence, on 1248 Gorham Street in Lowell.

As reason, plaintiffs state that defendant Mark Tsoukalas has approached and threatened plaintiff Michelle Kennedy some four times since he and defendant Thomas Connors, with two other Billerica police officers, drove past the plaintiffs' home in Lowell in a Billerica Police Department car on November 1, 2005, the night after defendant Connors' deposition, making their presence known in a menacing way, then "saluting" the plaintiffs with his middle finger.

Most recently, defendant Tsoukalas drove past the plaintiffs' home on Friday evening, May 26, 2006, at approximately 8:00 pm, with another, unidentified individual in a gray pickup truck. When defendant Tsoukalas saw Michelle Kennedy, he made a threatening gesture, then extended his arm out of the window and extended his middle finger to her.

Before that, defendant Tsoukalas approached Ms. Kennedy on April 24, 2006, as she was picking her son up from school. Ms. Kennedy had been ordered to stay away from her child's school, as part of the pattern of harassment that forms the basis of the Kennedys' civil rights

claims in this lawsuit. [See letters to Principal Boucher, attached hereto as Exhibits A-1 and A-2][1] Accordingly, she had arranged to pick up her son, daily, in a secluded spot around the corner from the school. On April 24, she was surprised by defendant Tsoukalas swerving in front of her and cutting her off as she started to leave with her son, Dylan. Defendant Tsoukalas then yelled at her "What's the matter? You can't go near the school?"

The defendants have no legitimate police business coming to the plaintiffs' home, which is in Lowell, outside the jurisdiction of the Billerica Police Department, or approaching and taunting the plaintiff Michelle Kennedy and her children as they leave school. There is no legitimate police reason for defendant Tsoukalas to approach the plaintiff Michelle Kennedy at all. His actions in approaching her appear to be stalking or worse.

The Kennedys have had their vehicles firebombed and Mr. Kennedy has been attacked and beaten by third parties whose assaults have been sanctioned, if not arranged by the defendant police officers. [See affidavit of Deborah Grainger, filed herewith] At best, the conduct of defendant Tsoukalas in stalking Michelle Kennedy and appearing, with no legitimate purpose at her home, represents intimidation that the plaintiffs fear will escalate as the trial in this case approaches. At worst, Ms. Kennedy fears, quite reasonably, that the "business" defendant Tsoukalas had at the Kennedy home was to point out the home to a third party hired to do damage or harm to the Kennedys.

---

[1] The harassment of the Kennedys expanded into their son's schools through defendant Connors' daughter, who teaches in the Billerica Schools and had the Kennedy's son Brian, Jr., in her class. Problems ensued until the Kennedys arranged a transfer. However, the problems resumed with Ms. Kennedy's "expulsion", referenced and described in the letters attached hereto.

I.  **Factual Background**

This case involves a fifteen year history of intimidation, threats, beatings, multiple stops and, literally, dozens of arrests and other acts of harassment by twenty eight (28) defendant Billerica police officers.  This pattern of intimidation and harassment began in late 1991, after Michelle Kennedy rejected the sexual advances of defendant Frank McKenzie and informed his wife of these sexual advances. [See Affidavit of Michelle Kennedy, filed herewith]

Shortly after her communication to Mrs. McKenzie, her husband, plaintiff Brian Kennedy's pickup truck was firebombed while parked in the Kennedy's driveway.  Then Mr. Kennedy was attacked and beaten in a local pub while several of the defendant police officers, including defendants McKenzie, Nestor, Elmore and McDonald, off duty at the time, stood and watched.

The intimidation continues through the present, despite the multiple complaints and requests for internal affairs investigations by the plaintiffs, from 1991 through to this lawsuit. This has included physical assaults on the Kennedy's sons by defendant Tsoukalas, which ended with the defendant charging the young Kennedy sons with assault and battery.

The most recent incidents, described above, took place May 26 and April 24, 2006.

Before that, in late January or early February, 2006, defendant Connors confronted Ray Trainer, who was renting room in his house to the plaintiffs, threatening Mr. Trainer that his probation would be violated if he did not kick the plaintiffs out.  Defendant Connors also told Mr. Trainer he would beat him to death with a golf club if he did not "do the right thing" and get rid of the Kennedys.  Fearful of the consequences otherwise, Mr. Trainer had the Kennedys, his lifelong friends, move out.

This type of conduct is the type of conduct of a department out of control and forms the basis for the plaintiffs' *Monell* failure to supervise claims. Michelle Kennedy made the first of multiple complaints to the Billerica Police Department in 1991, after the beating of her husband. She and other witnesses were interviewed in what she understood to be an investigation of her complaint of police abuse.

Although Mr. and Mrs. Kennedy made multiple requests to three different chiefs and they and others were interrogated in what they understood to be investigations responsive to their complaints, there appears to be no evidence that any such investigations ever really occurred.

The most recent request was a letter to defense counsel dated November 8, 2005, advising defense counsel of the drive-bys of defendants Tsoukalas and Connors following the depositions and requesting that the defendants "take appropriate efforts to see that such behavior ceases. [See Exhibit B hereto] As with each of the earlier requests, there has been no response.

## II. Argument

Courts have the authority, under the Massachusetts Civil Rights Act, to enjoin police officers from engaging in excessive force, threats or intimidation that violates the constitutional rights of citizens. *Com. v. Adams*, 416 Mass. 558, 624 N.E.2d 102 (1993) "In appropriate circumstances, a judge has discretion to enjoin future police misconduct." Supra, at 106-107, and citing *Commonwealth v. Guilfoyle*, 402 Mass. 130, 135, 521 N.E.2d 984 (1988) that "The law leaves to the sound discretion of the trial judge the issuance and scope of equitable relief."

Such equitable relief is appropriate, indeed is warranted here. Under the Massachusetts Civil Rights Act, "Any person whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of the

Commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H [through threats, intimidation or coercion], may [seek] appropriate equitable relief" MGLA, c. 12 §11I

Plaintiffs now seek such relief, as they are threatened by the conduct of the defendants, particularly defendant Tsoukalas.  His stalking of the plaintiffs, especially Michelle Kennedy and his taunts and threatening gestures have placed her in fear, a reasonable fear given past history.

Where defendant Tsoukalas has no legitimate police reason, indeed no legitimate reason whatsoever, for approaching any of the plaintiffs or driving past and around the plaintiffs' home, an injunction having him stay away from the plaintiffs and their home poses no real burden on him, but may provide for the safety and peace of mind of the plaintiffs.

## Conclusion

Where the defendants, especially defendant Tsoukalas, have threatened and intimidated the plaintiffs, an injunction restraining defendant Tsoukalas from approaching the plaintiffs or the plaintiffs' residence is appropriate relief.

Respectfully submitted,
Brian Kennedy, et al
by their counsel

Date: June 8, 2006

/s/ Andrew M. Fischer
Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904
Afischer@jasonandfischer.com

kennedy/mtnrestorder