## JASON AND FISCHER
ATTORNEYS AT LAW
47 WINTER STREET
BOSTON, MASSACHUSETTS 02108
TEL. (617)423-7904
FAX. (617)451-3413

LINDA GAYLE JASON
ANDREW M. FISCHER
ANDREW J. BRODIE III

April 7, 2006

**BY FACSIMILE AND U.S. MAIL**

Roland Boucher, Principal
Marshall Middle School
15 Floyd Street
Billerica, MA 01821

Re:   Michelle Kennedy and Mitchell Kennedy

Dear Mr. Boucher:

     I write to you in response to your letter of December 14, 2005, regarding the above referenced Michelle Kennedy, a Marshall Middle School parent, and her son, Mitchell. I am obliged to write to you again, even though you requested in your December 14 letter that I forward future correspondence to the school department's legal counsel. However, when my office called Superintendent Calabrese's office to obtain the name and address of the school department's legal counsel, we were told that there is no regular legal counsel but that outside counsel is hired on a case by case basis. Accordingly, I am left with no recourse than to make further inquiry to you.

     Please explain what Ms. Kennedy did to warrant the severe penalty of banishment from the school her son attends. Exclusion from the school has posed a severe sanction upon Ms. Kennedy, as she is involved in the school life of her three children and has been a parent actively involved in the schools her sons attend, including the Marshall Middle School.

     Your letter alludes to prior incidents, but Ms. Kennedy is unaware of any prior incident at the Marshall involving her or her son, Mitchell. In response to what you stated in your letter, Ms. Kennedy says that you approached as she and her son, Mitchell, entered the school for parent teacher conference night. At the front door you declared in a loud voice that Mitchell was not permitted in the school and demanded that Ms. Kennedy have him leave. This was embarrassing and humiliating to Mitchell and Ms. Kennedy, as he was singled out as the only older sibling or former student asked to leave.

     Ms. Kennedy asked why her son was not permitted to visit his former teachers, what both she and her son understood to be a common practice at the Marshall Middle School. She then pointed out that other former students with younger siblings came to parent teacher conference night but only her son was being excluded and that her son was being selectively excluded. Moreover, this was being done in a way that was public and humiliating to her and her son. Ms. Kennedy then sought the assistance of other staff who knew her and her sons. This is what you characterize in your letter as "rude and confrontational".

Your letter then claims that "This was not the first time that Mrs. Kennedy has behaved in this manner." Ms. Kennedy is not aware of any prior instance. Rather, she has warm relationships with the assistant principals who she has come to know through the years that her older sons, Brian and Mitchell attended the school.

The singular problem the Kennedy family has had was instigated by Ms. Connors, in retaliation for complaints the Kennedys made regarding harassment of the Kennedys by her father, a Billerica police officer. This problem was resolved when Brian Kennedy was transferred to another teacher.

The Kennedy seek to remain involved with their children's education and your arbitrary exclusion of Ms. Kennedy from her son's school interferes with her ability to do so. She has been a chaperone on school trips and at school functions and you are preventing her from participating in this and in other ways as a parent. Indeed, she cannot even come to school to pick up her son or discuss her son's work with his teachers. This has impacted negatively her son's school performance.

Please provide some justification for your arbitrary and unreasonable exclusion of Ms. Kennedy from her son's school, including the facts and circumstances of any "prior" incident involving either Ms. Kennedy or Mitchell Kennedy.

I also request that you immediately withdraw your "stay away" order and its explicit threat to arrest Ms. Kennedy or Mitchell Kennedy if either comes to the Marshall School, so that they may come to the Marshall School as any other parent or sibling.

Your prompt reply is requested, as time is of the essence.

Yours truly,

Andrew M. Fischer

AMF:ms

cc:   Robert Calabrese, Superintendent of Schools
      Daniel Rosa, Chief of Police
      Jeremy Silverfine. Esq.
      Michelle Kennedy

kennedy/ltboucher2