UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
BRIAN KENNEDY, et al                           \*
                                               \*
            Plaintiffs                         \*
                                               \*
v.                                             \*   Civil Action no. 04-12357 - PBS
                                               \*
TOWN OF BILLERICA, et al                       \*
                                               \*
            Defendants                         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RENEWED MOTION TO COMPEL AND FOR SANCTIONS

Now come the plaintiffs and move this Honorable Court issue an order compelling the defendants to produce all records of internal affairs investigations regarding complaints by the plaintiffs and internal investigations involving any allegations of misconduct by any defendant and further order that if such documents and records are not produced within seven (7) days, that a presumption shall enter in favor of the plaintiffs, pursuant to F.R.C.P., Rule 37(b)(2) that the defendant town and the defendant police chiefs conducted no internal investigations and made no response to the plaintiffs' complaints of harassment and mistreatment.

As reason, on May 19, 2006, plaintiffs filed motion to compel [Docket # 23] seeking documents and other evidence of the internal affairs investigations and other responses to the plaintiffs' complaints of harassment and mistreatment.  The Court, at a status hearing held May 22, 2006, ordered from the bench that the defendants provide such documents and records within seven (7) days of the designation by the plaintiffs of the particular defendants against whom plaintiffs will proceed at the trial scheduled for October 16, 2006.  Plaintiffs made this designation by letter dated May 24, 2006 [Exhibit A, hereto], more than ten (10) days have passed and the defendants have failed to produce anything related to any internal affairs

investigations. By letter dated June 8, 2006, plaintiffs' alerted defendants of their failure to produce discovery within the time provided by the Court. On June 9, 2006, plaintiffs' counsel initiated a conference pursuant to Rule 7.1 with defense counsel and agreed to wait an additional week to accommodate personal family issues of defense counsel.

The parties came before the Court again on June 12, 2006, on plaintiffs' motion for a restraining order. During the hearing the Court again addressed the defendants' failure to provide any discovery regarding internal affairs investigations regarding the plaintiffs' complaints to the defendant Billerica Police Department. The defendants answered two things: first, that various responsive documents were included among the more than two thousand (2,000) pages of unsorted but Bates stamped documents and second, that lead counsel was unavailable, out of state dealing with an ill elderly mother, but upon his return, discovery would be supplemented..

In response to the first representation, plaintiffs' counsel responded that both of them had diligently reviewed the the more than two thousand (2,000) pages of unsorted but Bates stamped documents, searching for the needles in a hay stack, and asked that defense counsel identify any documents relating to the Kennedys' complaints or any internal affairs investigations be identified by Bates stamp number. The Court responded to this request by suggesting that counsel act together collegially, and plaintiffs agreed to delay filing their motion to compel.

In telephone calls or emails the following week, Plaintiffs' counsel repeated the request to defense counsel that they identify by Bates Stamp number any documents relating to the Kennedys' complaints or any internal affairs investigations. There has been no response.

On June 19, 2006, plaintiffs received two supplemental responses. One contained personnel files of the seven defendants that plaintiffs identified as to whom they would proceed against in the October 15, 2006 trial. These documents included their employment applications, letters of commendation but nothing at all regarding internal discipline, even though one of the defendants, defendant Casey, had been prominently featured in local newspapers regarding an internal affairs investigation involving missing drugs, and nothing relating to their involvement with the Kennedys or any investigation prompted by the Kennedys' complaints.

The second response consisted of some seven hundred pages of documents that already bore Bates stamps but that had been re-stamped, in sequence from 2112 up to 2828. These documents were described as documents produced in response to a subpoena from the plaintiffs' lawyer at one of the underlying criminal prosecutions but appeared to contain criminal pleadings and other documents that were from the criminal lawyer's file and not responsive to the subpoena. Without any explanation, this is confusing, at best.

More important, these documents (1) had already been produced, and (2) had nothing to do with the plaintiffs' complaints and requests for internal affairs investigations or with any internal affairs investigation.

Thus, defendants, despite producing now over 3,300 Bates stamped but unsorted pages, have still failed to produce (1) department policy and procedures manuals as requested, (2) any documents relating to the plaintiffs' complaints and requests for internal investigations regarding harassment and other misconduct by the defendants or (3) anything at all relating to any internal investigation of any defendant.

This was followed by a third package, this one containing no cover letter or other designation, but containing further documents Bates stamped in sequence through to 4541, indicating that the haystack has grown larger. A review of this third supplement shows that it appears to contains what may be all or some part of the Billerica Police Department policies and procedures but plaintiffs' counsel should not have to guess. Plaintiffs have written defense counsel requesting that this and other items contained among the over 2,000 pages "produced" in the last 24 hours be identified and designated, pursuant to F.R.C.P., Rule 34 (b). [See letter attached hereto as Exhibit A]

F.R.C.P., Rule 37 (c) (1) states that a party that "without substantial justification" fails to disclose information required by Rule 26(a) not only may not use that information at trial, but may be subject as well to "other reasonable sanctions". Such sanctions "may include informing the jury of the failure to make the disclosure". F.R.C.P., Rule 37 (c) (1)  "[O]ther reasonable sanctions" commonly include imposing a presumption that the facts that might be established by the missing documents are established in favor of the plaintiff or that the defendants be barred from contesting facts that might have been established by the documents defendants are refusing to produce.

Plaintiffs seek such a sanction as appropriate and ask that if all documents relating to any and all internal affairs complaints regarding the plaintiffs' complaints are not produced within seven (7) days and properly identified and designated in a manner that comports with FR.C.P., Rule 34(b), so that plaintiffs' counsel need not spend time sorting through thousands of pages, guessing where particular documents may be, that such a sanction be imposed.

Plaintiffs further ask that the defendants further be ordered to pay the attorneys $2,500 as reasonable attorneys fees, pursuant to F.R.C.P., Rule 37, for their attorneys' time incurred in preparing and bringing this and the earlier motion to compel.

                                                        Respectfully submitted,
                                                        Brian Kennedy, et al
                                                        by their counsel

Date: June 22, 2006                            /s/ Andrew M. Fischer
                                                       Andrew M. Fischer
                                                        BB0# 167040
                                                       JASON & FISCHER
                                                       47 Winter Street
                                                       Boston, MA 02108
                                                       (617) 423-7904

kennedy/renewedmocomp\