UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, Individually and as mother and )
next friend of BRIAN KENNEDY, JR., )
                       Plaintiffs )
   )
VS. )
   )
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
                       Defendants

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

Now come the Defendants in the above-referenced matter and hereby oppose the Plaintiffs' Motion (And Renewed Motion) To Compel The Defendants to produce all records of internal affairs investigations relative to the above-referenced matter. In support thereof, the Defendants hereby submit the following memorandum.

The Plaintiffs filed a Motion to Compel on or about May 19, 2006, "seeking documents and other evidence of the internal affairs investigations and other responses to the plaintiffs' complaints of harassment and mistreatment." The parties appeared before the Court at a status hearing on May 22, 2006 at which time the Plaintiffs were ordered to name, by the end of that week (May 26, 2006), the seven defendants they

wished to proceed against at Trial. The Court had originally requested the Plaintiffs name five key Defendants (out of some 29 defendants) to proceed against at Trial. The Plaintiffs then asked the Court to allow them 10 names. The Court relented and granted the Plaintiffs seven names. Thereafter, the Plaintiff named *eight* Defendants instead of the seven ordered by this Court (seven individual defendants plus the Town of Billerica).

Further, it was understood from the May 22, 2006 status hearing that once the Plaintiffs identified the seven Defendants, the Defendants would then produce the personnel files and any Internal Affairs' records relative to those named. Similarly, at said hearing, Plaintiffs' counsel stated that a Table of Contents would initially suffice for production of any and all Billerica Police Department policies and procedures. Once those Table of Contents were produced, Plaintiffs' counsel said they would then indicate to counsel which chapters and sections were needed.

The Plaintiffs thereafter changed their minds that particular sections of the Billerica Police Department Policies and Procedures would suffice and instead requested complete copies. (See June 6, 2006 letter from Plaintiff to Defendants, copy attached hereto and marked "Exhibit 1"). The Defendants thereafter produced each and every document it was aware of that related to any policies and procedures as part of its discovery obligation. (See June 20, 2006 letter, copy attached hereto and marked "Exhibit 2").

The Defendants, per order of this Court, made an initial discovery disclosure of some 2,028 pages, hand-delivered to the plaintiffs on August 25, 2005. (See copy of August 25, 2005 letter to Plaintiffs' counsel, attached hereto and marked as "Exhibit 3"). Said initial disclosure included all incident reports and interviews related to the various Kennedy cases and complaints dating back to 1991. This initial disclosure was further formalized in the Defendants' Disclosure in Accordance with Fed.R.Civ.P. Rule 26. (See copy of Defendants' Disclosure in Accordance with Fed.R.Civ.P. Rule 26, attached

hereto as "Exhibit 4", p. 47-71, *inter alia*, describing with particularity documents, with corresponding Bates Stamp numbers, previously produced to plaintiffs).

Throughout the pendency of this case, the Defendants have recognized their continuing duty to supplement discovery pursuant to Federal Rules of Civil Procedure, Rule 26. (See for example, copy of Defendants' Supplemental Disclosure in Accordance with Fed.R.Civ.P. Rule 26, attached hereto and marked "Exhibit 5").

The Defendants have produced the Internal Affairs records that it is presently aware of relating to this case including interviews relative to the Kennedys, much of which is contained within the Initial Disclosure produced back in August 2005. The Defendants produced its entire file on the Kennedys, which has been recently reiterated by Police Chief Dan Rosa appearing as a 30(b)(6) witness on behalf of the Town.

On or about June 16, 2006, per the Plaintiffs' request, the Defendants forwarded copies of the personnel files for the seven individually named police officers. (See copy of the June 16, 2006 letter to Plaintiffs, attached hereto and marked "Exhibit 6"). On or about June 19, 2006, Defendants once again supplemented their Disclosure in accordance with Federal Rules of Civil Procedure Rule 26. (Ex. 5).

On June 20, 2006, the Defendants again supplemented their prior disclosures by forwarding copies of any and all policies and procedures to the plaintiffs (identified by both Policy and Procedure, and by Bates Numbers. See copy of June 20, 2006 letter to Plaintiffs, attached hereto as "Exhibit 7").

On June 21, 2006, Plaintiffs' counsel faxed a letter stating that he was "somewhat astounded" to receive a third package containing hundreds of documents. (See copy of the June 21, 2006 fax from Plaintiffs, attached hereto as "Exhibit 8"). This included all the policies and procedures Plaintiffs had previously requested from the Defendants, which had been previously delineated in the June 20, 2006 letter. (Ex. 7)

On June 21, 2006, the Plaintiffs forwarded their first set of interrogatories to the Town of Billerica.

On June 22, 2006, the Defendants sent a letter to Plaintiffs' counsel in which they inquired if the Plaintiffs had even read the cover letters to the documents previously produced. (See copy of June 21. 2006 letter to Plaintiffs, attached hereto and marked "Exhibit 9"). An additional copy of the Defendants' June 20, 2006 cover letter was forwarded. (Ex. 9). As noted in the June 22, 2006 letter to Plaintiffs' counsel, "it does not take any real work to recognize that the files provided …are in fact organized according to incident." (Ex. 9). Further, the documents produced contained "transcripts, BOP records, and many police reports and witness statements, all organized by incident." (Ex. 9). The claim that the Defendants inundated the Plaintiffs with "random" documents is disingenuous at best. (See Ex. 9).

Additionally, to accommodate the Plaintiffs, the Defendants proposed in their June 22, 2006 letter, that the Plaintiffs identify in writing their complaints, supplying the date, the issue of complaints, and the person the plaintiffs complained to and that the defendants would then try to help them look through the documents to see if there were responsive documents. (See Ex.9, p. 2, item numbered 3). To date, Plaintiffs have not responded to this proposal.

The Defendants have made a good faith effort to provide all documents relative to this Complaint that stretches back to 1991 and names some 29 individual Defendants.

For the reasons set forth hereinabove, the Plaintiffs' Motion To Compel and For Sanctions should be **denied**.

Respectfully submitted,
DEFENDANTS,
By their attorneys,

/s/ Jeremy Silverfine
Jeremy I. Silverfine, BBO No. 542779
Leonard H. Kesten, BBO No. 542042
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: July 14, 2006