UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, Individually and as mother and )
next friend of BRIAN KENNEDY, JR., )
                        Plaintiffs )
                                         )
VS. )
                                         )
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
                        Defendants

**DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS**

Now come the Defendants in the above-referenced matter and move pursuant to Federal Rules of Civil Procedure Rule 37(a)(2) for this Honorable Court to issue an Order compelling the Plaintiffs to produce records and documents identified by the Plaintiffs in their Initial Disclosure and depositions and fully comply with discovery orders by this Court and further to order the plaintiff, Michelle Kennedy, to fully answer all questions put to her at her deposition and for sanctions against the plaintiffs.

In support thereof, the Defendants state that the Plaintiffs filed their Initial Disclosure on or about November 1, 2005. (See copy of Plaintiffs' Initial Disclosure,

attached hereto and marked "Exhibit 1"). In said Initial Disclosure, the Plaintiffs identified as relevant, "medical records and bills from injuries" allegedly suffered by the Plaintiffs at "the hands of the Defendants." (Ex. 1, p. 17). Plaintiffs stated they have "incurred medical bills", including plaintiff Brian Kennedy sustaining a broken ankle "as a result of an assault and battery initiated by the Plaintiffs." (Ex. 1, p. 17). "Bills for this injury alone may exceed $30,000.00." (Ex. 1, p. 17). To date, the Plaintiffs have yet to produce *any* medical records or bills.

The Plaintiffs also stated in their Initial Disclosures that they allegedly incurred substantial attorney's fees. (Ex. 1, p. 17). To date, the plaintiffs have *not* produced any records of any attorney's fees.

The Plaintiffs further have claimed that Brian Kennedy lost monies due to general contracting contracts (Ex. 1, p. 17-18), and that Michelle Kennedy lost career opportunities to become a model, including being forced to drop a contract with Barbizon Modeling on Boylston Street. (Ex. 1, p. 18). *No* records have been produced to support these allegations.

In this case, the plaintiffs have claimed a wide assortment of harassment and illegal acts on the part of the Defendants from the years 1991 through 2004. Plaintiff, Michelle Kennedy, has claimed that she has videotapes, which will support her contention of this harassment. (See copy of Plaintiff, Michelle Kennedy's deposition of January 6, 2006, attached hereto and marked "Exhibit 2", p. 103-104). Witness William Ashton, who lives with the plaintiffs, stated that all the videos relate to the defendant Billerica Police Department. (See copy of William Ashton's deposition of December 2, 2005, attached hereto and marked as "Exhibit 4", p. 4, 78, 135-136, 139, 141, 184, 191). It should be noted that witness William Ashton was represented by the plaintiffs' counsel, (see Ex. 4, p. 4). Yet to date, Plaintiffs have not produced *all* the videos they have in their possession. Plaintiff Michelle Kennedy stated that she has not produced all the

videotapes to the defendants because, "I haven't had time." (See Plaintiff, Michelle Kennedy's deposition of July 12, 2006, attached hereto and marked as "Exhibit 3", page 27).

There are also "a good-sized stack" of photographs that are kept together with the videotapes by the plaintiff Brian Kennedy. (Exhibit 4", p. 96). *None* of these photographs have been produced.

The Plaintiff Michelle Kennedy has also stated, under oath, that she has three audiotapes relevant to this case but to date has only produced one audiotape to the defendants. (See Ex. 3, Page 27-28). One of these non-produced audiotapes was identified as a tape of Robin Breslo a potential witness. (Ex. 3, page 30-31). Further, Plaintiffs' counsel stated that Defendants did not need to file any motion to compel because they would produce. (Ex. 3, page 33). To date, the plaintiffs have failed to produce these other two audiotapes.

The Plaintiff Michelle Kennedy testified that she took notes contemporaneous with the alleged events. (Ex. 3, pgs. 97, 123-124; and Ex. 2, pgs. 101, 148, 150, and 158). Michelle Kennedy testified that there are some seventeen notebooks. (Ex. 3, p. 101). Further, Michelle Kennedy testified that she reviewed her notes prior to the second day of her deposition. (Ex. 3, pgs. 8-9). Additionally, Michelle Kennedy testified at her depositions that she wrote down the license plate numbers of various Defendants in their vehicles that related to her allegations. (Ex. 3, pgs. 70-71, 97). To date, *none* of these voluminous notes or documents has been produced.

The Plaintiff Michelle Kennedy further testified under oath that she is suffering from depression and that is one of the allegations contained within her complaint. (Ex. 3, p. 141-144). No identification of any doctor or psychiatrist or any other counselor have been produced as part of the disclosures and/or discovery filed by the Plaintiffs. Additionally, no records of Michelle Kennedy's care or treatment have been produced.

The Plaintiff Michelle Kennedy and counsel also testified that she has records of motor vehicle citations issued to her by the defendants. (Ex. 3, p.155-156, 170-171). To date, the plaintiffs have not received *any* of these records.

The Defendants have been requesting records from the plaintiff for months. (See for example, copies of letters from Defendants to Plaintiffs dated: October 31, 2005; December 12, 2005; May 25, 2006; June 7, 2006; and June 19, 2006; attached hereto and marked collectively "Exhibit 5"). To date, while the plaintiffs have produced some of the videotapes and one audiocassette, they have not produced all the documents identified hereinabove. During the deposition of witness Raymond Trainor on June 27, 2006, defendants' counsel again raised the lack of discovery production issue with plaintiffs' counsel. (See copy of Raymond Trainor's deposition transcript, attached hereto as "Exhibit 6", pages 121-122). Yet despite repeated requests, no further production of records or documents has been produced by the plaintiffs.

Additionally, the plaintiff Michelle Kennedy has refused to answer several questions put before at her depositions. This includes, *inter alia*, questions about whether she is presently enrolled in a methadone clinic (Ex. 3, p. 16); where she and her family (the other plaintiffs) live (Ex. 2, p. 7-8); her social security number (Ex. 2, p. 9); whom and where she is employed (Ex, 2, p. 18-20); and her telephone numbers (Ex. 2, p. 105-110).

Further, during the Plaintiff Michelle Kennedy's deposition, Plaintiff's counsel repeatedly improperly advised the Plaintiff not to answer questions about her personal life, which relate directly to her claim asserted in her civil suit. Counsel continuously improperly coached the witness throughout the deposition. (See Ex. 2, p. 52-53; 99; 101-102).

The Plaintiff Michelle Kennedy's refusal to answer questions regarding her personal life and other subjects was improper. Fed. R. Civ. P. 30 (d) allows the attorney for a deponent to instruct a client not to answer only in limited circumstances. The rule

provides: "A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court or to present a motion..." to the court pursuant to Rule 30 (d)(3).

Fed. R. Civ. P. 26 allows parties to obtain discovery regarding any matter not privileged, which is relevant the subject matter involved in the pending action.

In the case at bar, during the Plaintiff's deposition, Plaintiff's counsel repeatedly improperly advised the Plaintiff not to answer questions about her personal life which relate directly to her claim asserted in her civil suit. Plaintiff's counsel's instructions were improper because the Defendants were seeking discovery on several areas of the Plaintiff's Complaint including the issues such as credibility and damages.

The instructions by Plaintiff's attorney to the Plaintiff not to answer questions regarding her personal life was improper and, therefore, the defendants respectfully request the following:

1. That the Plaintiff, Michelle Kennedy, be ordered to immediately produce all records and documents requested within this motion.

2. That the Plaintiff, Michelle Kennedy, be ordered to appear at a deposition and to testify fully and completely about the subjects listed hereinabove, including, but not limited to about whether she is presently enrolled in a methadone clinic; where she and her family (the other plaintiffs) live; her social security number; whom and where she is/has been employed; and her telephone numbers.

3. That the Plaintiff's attorney be ordered to refrain from advising the Plaintiff not to answer questions regarding her personal life including but not limited to about whether she is presently enrolled in a methadone clinic; where she and her family (the other plaintiffs) live; her social security number; whom and where she is/has been employed; and her telephone numbers, and that any further advice of counsel instructing the Plaintiff Michelle Kennedy not answer questions, or the refusal of the Plaintiff Michelle Kennedy to answer questions, will result in further sanctions

including precluding the Plaintiff from offering any evidence to each of the subject areas for which she refused to testify.

4. That the Plaintiff, Michelle Kennedy pay for the costs of the transcript of this further deposition.

5. That the Plaintiff, Michelle Kennedy, pay the attorney's fees, incurred by Defendants' counsel for attendance at a further deposition.

6. That the Plaintiff, Michelle Kennedy, pay the attorneys' fees and costs associated with the filing of presentation of the present motion.

Respectfully submitted,

DEFENDANTS,
By their attorneys,

/s/ Jeremy Silverfine
Jeremy I. Silverfine, BBO No. 542779
Leonard H. Kesten, BBO #542042
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: July 27, 2006