UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************
BRIAN KENNEDY, et al                *
                                    *
         Plaintiffs                 *
                                    *
v.                                  *   Civil Action no. 04-12357 - PBS
                                    *
TOWN OF BILLERICA, et al            *
                                    *
         Defendants                 *
*********************************************

# MOTION TO COMPEL ANSWERS
# TO INTERROGATORIES REGARDING IAD COMPLAINTS
# and FOR SANCTIONS

Now come the plaintiffs and move this Honorable Court compel the defendants to provide a proper and complete answer to plaintiffs' Interrogatory number 3, which asks the defendants to identify all civilian complaints of misconduct against Billerica Police officers.

Specifically, the interrogatory asks:

INTERROGATORY NO. 3

From 1985 through and including the date of your answer hereto, has the Town of Billerica or the Billerica Police Department received any complaints against an officer of the Billerica Police Department alleging harassment, excessive force in making an arrest, false arrest and/or malicious or unlawful prosecution? If so please identify and describe:
a. The nature, substance, and description of each complaint;
b. The name, address, and telephone number of each complainant;
c. The procedures employed to investigate each complaint;
d. The nature of the investigation conducted into each complaint;
e. The findings and disposition of each complaint;
f. Any disciplinary action taken against any police officer as a result of the complaint.

Defendants answered as follows:

ANSWER NO. 3
The defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and is not properly limited as to time.  Nevertheless,

-1-

notwithstanding said objection and without waiving same, the defendant will provide information regarding complaints against the seven named defendants against whom he plaintiffs are proceeding to trial in the fall of 2006 for a period of 3 years prior to the date that this complaint was filed. With regard to the information regarding these individuals for the time period so specified, per Fed, R. Civ. P. 33(d), these records have been previously produced to the plaintiffs.

**I. The plaintiffs are entitled to ALL records of prior complaints promptly**

The defendant's promise that it "will provide" information regarding complaints against only 7 of the 28 defendants is illusory, at best, as there is no indication when these records may be provided and the defendants know that the plaintiffs must provide expert witness disclosure by August 6, 2006 and that the plaintiffs need these records for its police practices expert to complete his analysis of the adequacy or inadequacy of the defendant's internal disciplinary procedures.

Moreover, the defendant's unilateral decision to limit its response to three years prior to the complaint was filed[1] excludes all the relevant time periods for which its supervisory procedures are at issue. The first incidents involving the plaintiff (which were the subject of civilian complaints by the plaintiffs, the records of which the defendants either have not produced or cannot identify from among the thousands of pages of dis-organized documents which have been produced) were in 1991. The wrongful arrests and harassment of the plaintiffs was continuous from that time.

It is unfortunate that the time period is so long, but the unilateral limitation to 3 years is not reasonable. The defendant department should not be excused from its discovery obligations because the length of time during which it allowed the defendant officers to abuse their badges to harass and intimidate the plaintiffs was long. In any event, prior complaints against defendant

---

[1] The complaint was filed in November, 2004.

police officers are clearly discoverable, without time limitation. See, specifically, <u>Cox v. McClelland</u>, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) "Prior civilian complaints made against the defendants and incidents of excessive force by indivdual defendants are clearly discoverable in § 1983 actions."

Such prior complaints are discoverable regardless of the outcome of the civilian complaints. "Thus, the fact that a prior complaint was determined to be unfounded does not bar its discovery." Accord <u>McCready v. City of Chicago</u>, 1999 U.S. Dist. LEXIS 8989, No. 98-c-1613 (E.D. Ill., June 7, 1999) (whether prior complaints were sustained, or not, whether they are admissible, or not, and whether plaintiff has a <u>Monell</u> claim, or not, records of complaints against defendant officer are discoverable in un-redacted form). See also <u>King v. Conde</u>, 121 F.R.D. 180 (E.D.N.Y. 1988), <u>Kelly v. City of San Jose</u> 114 FRD 653; <u>Scholler v. Craig</u> 116 FRD 494; <u>King v. Conde</u> 121 FRD 180; <u>Hampton v City of San Diego</u> 147 FRD 227; <u>Charles v Cotter</u> 1994 US Dist Lexis 11255;

Indeed, there is no reason for any time limit at all, as the Court held in <u>Scaife v. Boenne</u>, CAUSE No. 3:99cv144RM (N.D. Ind. 2/24/2000) (N.D. Ind., 2000) writing-

> <u>Soto v. City of Concord</u>, 162 F.R.D. 603 (N.D. Cal. 1995), as in the present case, the plaintiff requested that the court compel production of citizen complaints lodged against police officers named as defendants in a civil rights action. In ruling on the request, the court concluded:
> A request for citizen complaints against police officers must be evaluated against the backdrop of the strong public interest in uncovering civil rights violations and enhancing public confidence in the justice system through disclosure. Accordingly, this Court finds that neither the defendant-officers' privacy interests nor the citizen complainant's privacy interests outweigh the need for disclosure of the requested records of complaints lodged against Defendants. Id. at 621.
> Likewise, in this case there has been no persuasive argument or authority put forth in support of defendant's refusal to disclose the names of individuals who have lodged complaints against them. As noted by the plaintiff, the defendants have readily released the names of those individuals who have commended the defendant-officers' conduct. Revealing the names of those people who have filed complaints should be no more burdensome to produce than providing the names of those who have submitted commendations. <u>Scouler v. Craig</u>, 116 F.R.D. at 496-497.

In *Scaife v Boenne*, as in the other cases cited, there was no time limitation. Moreover, the defendant Town of Billerica, like defendant Boenne, had no trouble providing all the letters of commendation without any time limitation. It should be able to do the same with letters of complaint.

To the extent that the defendants claim "With regard to the information regarding these individuals for the time period so specified, per Fed, R. Civ. P. 33(d), these records have been previously produced to the plaintiffs", this is simply not true. Defendants have produced the personnel files of 7 defendants. The defendant chief of the department testified at a Rule 30(b)(6) deposition, however, that records of internal affairs complaints are not normally kept in the personnel file, but are kept in the file for the underlying incident.

Thus the defendant town's claim that the production of the personnel files of 7 of the 28 defendants is misleading even as to the partial disclosure claimed by the defendants. Moreover, as set forth above, there is no reason to limit the defendant's answer to just seven defendants, or, indeed, just the defendants. Indeed, for plaintiffs to make an effective *Monell* claim for deliberate indifference and failure to supervise, plaintiffs are entitled to all civilian complaints for excessive force, false arrest and malicious prosecution. If there are so many such complaints that it is burdensome for the defendant to produce, that is a measure of the defendant's deliberate indifference and the plaintiff is entitle to discover this.

**II. Sanctions are appropriate for the defendants failure to provide records of prior complaints**

F.R.C.P., Rule 37 (c) (1) states that a party that "without substantial justification" fails to disclose information required by Rule 26(a) not only may not use that information at trial, but may be subject as well to "other reasonable sanctions". Such sanctions "may include informing

the jury of the failure to make the disclosure". F.R.C.P., Rule 37 (c) (1)  "[O]ther reasonable sanctions" commonly include imposing a presumption that the facts that might be established by the missing documents are established in favor of the plaintiff or that the defendants be barred from contesting facts that might have been established by the documents defendants are refusing to produce.

Plaintiffs have sought such a sanction in their earlier motion to compel, still pending before the Court, and new seek such a sanction again, as appropriate if they are to be denied the opportunity to obtain through discovery the evidence necessary to prove elements of their *Monell* failure to supervise claim.  Plaintiffs are entitled to a presumption that defendants failed to maintain or produce records of prior civilian complaints and to have such a presumption placed before the jury.

**III. Conclusion**

Plaintiffs seek an order compelling production of all prior complaints to the Billerica Police Department regarding harassment, excessive force in making an arrest, false arrest and/or malicious or unlawful prosecution by any Billerica police officer, and that if such production is not provided in time to be considered by the plaintiffs' expert in his Rule 26 disclosure, that there be a presumption entered, pursuant to F.R.C.P., Rule 37 (c) (1) that the defendant town failed to maintain records of civilian complaints in the ordinary course of business.

Respectfully submitted,<br>
Brian Kennedy, et al<br>
by their counsel

Date: July 27, 2006            /s/ Andrew M. Fischer  
Andrew M. Fischer  
BB0# 167040  
JASON & FISCHER  
47 Winter Street  
Boston, MA 02108  
(617) 423-7904

kennedy/mocompansints