# EXHIBIT 1

# Brody, Hardoon, Perkins & Kesten, LLP
## Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney

Of Counsel:
Cheryl A. Jacques
Maria E. DeLuzio

One Exeter Plaza
Boston, Massachusetts 02116

Telephone 617-880-7100
Facsimile 617-880-7171
www.bhpklaw.com

Judy A. Levenson
Jeremy I. Silverfine
Sherri Gilmore Bunick
Deidre Brennan Regan
Deborah I. Ecker
Pamela J. Fitzgerald
Djuna E. Perkins
Thomas P. Campbell
Peter E. Montgomery
Andrew S. Brooslin
Kristin Tyler Harris

Administrator:
Elizabeth L. Joyce

July 28, 2006

*By Fax and U.S. Mail*
(617) 451-3413

Andrew M. Fischer, Esq.
JASON & FISCHER
47 Winter Street, 4th Floor
Boston, MA 02108

Re:    Kennedy v. Billerica, et al.

Dear Mr. Fischer:

I am in receipt of your email dated July 27, 2006, 5:50 p.m. I have also reviewed today's e-notices from the Court of your Motion to Compel Answers to Interrogatories Regarding IAD Complaints and your Rule 7.1 certification.

First of all, your Rule 7.1 certification relative to the motion to compel answers to interrogatories is completely erroneous and intentionally misleading. When we spoke on Monday, July 24th, it was in regard to additional documents you stated your expert needed. In fact, I asked you to forward me a written request for review, which you did on July 26th (attached hereto, if you've forgotten). I note that your July 26th letter incorrectly states I said that we would not produce anything further and threatens the defendants with a motion to compel for documents, which you had never previously requested by any means. Our July 24th telephone conversation had nothing to do with the defendants' answers to interrogatories. In fact, we did not even provide the answers to interrogatories until the late afternoon of July 24th (faxed at 4:08 p.m.).

I will be filing a motion to strike for failure to comply with Rule 7.1 and, if appropriate, a full response to your Motion to Compel Answers to Interrogatories Regarding IAD Complaints.

Secondly, we did not agree to reschedule Officer Michael Casey's deposition to August 8, 2006. There may have been a misunderstanding between our offices, but when I spoke to your co-counsel Fred Gilgun on July

19th, August 8th was one of the dates he stated he would be available for the defendants to take depositions. We certainly will accommodate a mutually agreeable date to take Officer Casey's deposition. May I also suggest that we file a joint motion to extend discovery for a period of two months due to the self-evident difficulty in scheduling depositions for three lawyers and numerous witnesses in this large case.

Very truly yours,

Jeremy I. Silverfine

JIS: jj
Enclosure
cc: Attorney Fred Gilgun
 (Via facsimile: *(781-861-7875)*

# JASON AND FISCHER

ATTORNEYS AT LAW
47 WINTER STREET
BOSTON, MASSACHUSETTS 02108
tel. (617) 423-7904
fax (617) 451-3413

LINDA GAYLE JASON
ANDREW M. FISCHER

July 26, 2006

**BY EMAIL, FACSIMILE AND U.S. MAIL**

Jeremy Silverfine, Esquire
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116

Re:    Brian Kennedy, et al v. Town of Billerica, et al

Dear Mr. Silverfine:

As I explained to you in our telephone conversation on Monday afternoon, July 24, 2006, our expert, Reginald Allard, is unable to complete his evaluation and report without additional documentation which should have been provided in response to plaintiff's discovery requests, formal and informal, and under the defendants' duty of automatic disclosure.

Mr. Allard specifically identifies several items in his July 24, 2006 correspondence to me, which I enclose herewith, that the defendants have failed to produce. These include four specific items:

(1) An FBI Clearance letter concerning the 1999 investigation triggered by the plaintiffs' complaints,

(2) The performance evaluation system required by M.G.L., c. 31, regarding discipline for just cause,

(3) Specific training and training handouts given to the defendant officers as to the laws of arrest, and

(4) Written documentation of investigations performed at the Sergeant/OIC level for alleged misconduct and/or in response to civilian complaints.

In addition to Mr. Allard's July 24, 2006 letter, I also enclose his curriculum vitae for you.

I consider our telephone conversation (in which you indicated that the defendants were not producing any further materials) as compliance with Local Rule 7.1 and the plaintiffs will proceed with another motion to compel.

Yours truly,

Andrew M. Fischer

AMF:ms