UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************
BRIAN KENNEDY, et al                *
                                    *
        Plaintiffs                  *
                                    *
v.                                  *   Civil Action no. 04-12357 - PBS
                                    *
TOWN OF BILLERICA, et al            *
                                    *
        Defendants                  *
*********************************************

## PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES REGARDING IAD FILES

Now come the plaintiffs and state the following in response and opposition to Defendants' Motion to Strike Plaintiffs' Motion to Compel Answers to Interrogatories Regarding IAD Files:

Defendants' motion is improperly styled and directed, as the motion does not address the substance of plaintiffs' motion to compel. It only complains that "the plaintiffs have not followed the appropriate procedure for filing any motion as mandated by Local Rule 7.1".

Indeed this is not correct, as plaintiffs' counsel filed a certification, as required by Local Rule 7.1.  [See Docket Entry #47]

Defendants are confusing the letter from plaintiffs dated July 28, 2006, which documents a Rule 7.1 conversation relating to a separate motion, Plaintiffs' Motion to Compel or Extend Time for Filing Rule 26 Expert Witness Disclosure. [See Docket Entry #50]   The July 28 letter corresponds to the Rule 7.1 Certification for that motion. [The Certification was filed and docketed as Docket Entry #51]

The Rule 7.1 Certification for Plaintiffs' Motion to Compel Answers to Interrogatories Regarding IAD Files was filed properly with the motion and is entered on the docket as Docket Entry #47.  The certification properly references a telephone conversation initiated by undersigned Plaintiffs' counsel, to inquire about obtaining records of prior civilian complaints against each of the defendant police officers, the subject of the Plaintiffs' Motion to Compel Answers to Interrogatories Regarding IAD Files.

In fact, this was but one of several attempts to discuss production of civilian complaints, something that the defendant are unwilling or unable to produce.  Defendants do not address this or any of the substantive issues raised by the plaintiffs' motion.  Thus their motion to strike can only be seen as an improper attempt to harass and delay and should be treated accordingly and not as an opposition to the plaintiff's motion.

Plaintiffs have no desire to engage in petty motions to strike.  Plaintiffs only seek documents to which they are entitled, as set forth in their motion and ask the Court to allow their Plaintiffs' Motion to Compel Answers to Interrogatories Regarding IAD Files if the defendants do not file an opposition directed at the substance of the plaintiffs' motion within the time allowed by the F.R.C.P.

.

          Respectfully submitted,
          Brian Kennedy, et al
          by their counsel

Date: August 4, 2006         /s/ Andrew M. Fischer
          Andrew M. Fischer
          BB0# 167040
          JASON & FISCHER
          47 Winter Street
          Boston, MA 02108
          (617) 423-7904

kennedy/oppmostrike2.wpd