UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY,            )
Individually and as mother and next friend of  )
BRIAN KENNEDY, Individually and as mother and  )
next friend of BRIAN KENNEDY, JR.,             )
                                    Plaintiffs   )
                                                  )
VS.                                            )
                                                  )
TOWN OF BILLERICA, DANIEL C. ROSA, JR.         )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD          )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK    )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY,    )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE,   )
WILLIAM MCNULTY, DONALD MACEACHERN,           )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT      )
BROWN, WILLIAM G. WEST, GREGORY KATZ,         )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM      )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY     )
F. MCKENNA AND JOHN DOE,                      )
                                    Defendants

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES REGARDING IAD COMPLAINTS**

Now come the Defendants in the above-referenced matter and hereby oppose the Plaintiffs' Motion To Compel Answers to Interrogatories regarding IAD Complaints and for Sanctions. In support thereof, the Defendants hereby submit the following memorandum.

By way of background, the Plaintiffs filed a Motion to Compel on or about May 19, 2006, "seeking documents and other evidence of the internal affairs investigation and other responses to the Plaintiffs' complaints of harassment and mistreatment". The

parties had appeared before the Court at a status hearing on May 22, 2006 at which time the Plaintiffs were ordered to name the seven Defendants they wished to proceed against at Trial in October 2006. It was ordered from the bench that once the Plaintiffs identified the seven Defendants, the Defendants would then produce the personnel files and any Internal Affairs records relative to those named Defendants. On or about June 16, 2006, per the Court's Order and the Plaintiffs' request, the Defendants forwarded copies of the entire personnel files for the seven individually named police officers.

In addition, the Defendants, per Order of this Court, had made an Initial Disclosure of some 2,028 pages hand-delivered to the Plaintiffs on August 25, 2005. Said Initial Disclosure included all incident reports and interviews related to the various Kennedy cases and complaints dating back to 1991. This Initial Disclosure was further formulized in the Defendants' Disclosure in Accordance with Federal Rules of Civil Procedure Rule 26.

The Defendants also produced the Internal Affairs records that they were aware of relating to this case, including interviews relative to the Kennedys, much of which is referenced within the Initial Disclosure produced back in August 2005. The Defendants also produced its entire file on the Kennedys, which was recently reiterated by Billerica Police Chief Dan Rosa appearing as a 30(b)(6) witness on behalf of the Town.

On June 21, 2006, the Plaintiffs forwarded their First Set of Interrogatories to the Town of Billerica. The Plaintiffs now move to compel the Defendants to provide a "proper and complete" answer to Plaintiffs Interrogatory No. 3.

Interrogatory No. 3 is as follows:

From 1985 through and including the date of your answer hereto, as the Town of Billerica or the Billerica Police Department received any complaints against an officer of the Billerica Police Department alleging harassment, excessive force in making an

arrest, false arrest and/or malicious or unlawful prosecution? If so please identify and describe:

    a. The nature, substance, and description of each complaint;

    b. The name, address, and telephone number of each complainant;

    c. The procedures employed to investigate each complaint;

    d. The nature of the investigation conducted into each complaint;

    e. The findings and disposition of each complaint;

    f. Any disciplinary action taken against any police officer as a result of the complaint.

The Defendants responded to Interrogatory No. 3 as follows:

Answer No. 3

The Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and is not properly limited as to time. Nevertheless, notwithstanding said objection and without waiving same, the defendant will provide information regarding complaints against the seven named Defendants against whom the plaintiffs are proceeding to trial in the fall of 2006 for a period of 3 years prior to the date that this complaint was filed. With regard to the information regarding these individuals for the time period so specified, per Fed. R. Civ. P. 33(d), these records have been previously produced to the plaintiffs.

It is clear from the Plaintiffs' interrogatories that this interrogatory requests information for a period of time *beyond* 20 years for *any* citizen complaint against *any* officer of the Billerica Police Department. This interrogatory is over broad and unduly burdensome. The plaintiffs are clearly on a fishing expedition. The Plaintiffs did not even limit their interrogatories to the some 29 named Defendants. The Plaintiffs now seek to encompass alleged activities that go even beyond their Complaint, which dates back to 1991 and has no relevancy to this case. Further any sought after information

extends way beyond any conceivable statute of limitations.

The Defendants have already produced all responsive records relating to the Plaintiffs that it has in its possession. The Defendants have already provided all the personnel files which relate to the seven named Defendants per Order of this Court which includes any complaints for records of internal affairs investigations, if any, related to the named officers.

The Defendants have in good faith provided some 4,000 pages of documents relating to the Plaintiffs and the named Defendants.

Wherefore, the Defendants request that the Plaintiffs' Motion to Compel Answers to Interrogatory No. 3 regarding complaints against any officer from 1985 to present be denied.

                         Respectfully submitted,
                         DEFENDANTS,
                         By their attorneys,

                         /s/ Jeremy Silverfine
                         Jeremy I. Silverfine, BBO No. 542779
                         Leonard H. Kesten, BBO No. 542042
                         BRODY, HARDOON, PERKINS & KESTEN, LLP
                         One Exeter Plaza
                         Boston, MA 02116
                         (617) 880-7100

Dated: August 11, 2006