UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, Individually and as mother and )
next friend of BRIAN KENNEDY, JR., )
　　　　　　　　　　　Plaintiffs )
)
VS. )
)
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
　　　　　　　　　　　Defendants )

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND TO EXTEND TIME FOR FILING RULE 26 EXPERT WITNESS DISCLOSURE OR TO ALLOW FILING OF A SUPPLEMENTAL EXPERT WITNESS DISCLOSURE**

Now come the Defendants in the above-referenced matter and hereby oppose the Plaintiffs' Motion To Compel and to extend time for filing Rule 26 Expert Witness Disclosure or to Allow Filing Of a Supplemental Expert Witness Disclosure.

The Plaintiffs' Motion is a reiteration of prior motions they have filed in this case. The nub of this particular motion is that the Plaintiffs' expert Reginald Allard has requested, through plaintiffs' counsel, certain items, which the Plaintiffs now move for the Defendants to produce. According to the Plaintiffs' Motion (Page 7) these include

the following four items: 1) FBI clearance letter concerning a 1991 investigation; 2) Mass General Laws Chapter 31 concerning discipline for just cause; 3) Specific training and training handouts for Defendant officers as to laws of arrest and 4) Written documentation of investigation performed at the Sergeant/OIC level for alleged misconduct or a civilian service complaint.

As outlined in a letter to Plaintiffs' counsel (attached hereto and marked as "Exhibit 1"), the Defendants do not have an FBI clearance letter concerning a 1999 investigation. Secondly, the Defendants do not know what the Plaintiffs are searching for relative to Mass. General Laws Chapter 31 and assert that Plaintiffs' counsel has the same access to Mass. General Laws Chapter 31 as the Defendants do. Third, in terms of any training or training handouts for Defendant officers, that is the handled at the direction of the Criminal Justice Training Council and not the Defendants. Fourth, in terms of written documentation of the investigations performed at the Sergeant/OIC level for alleged misconduct or civilian service complaints, that is the subject of another motion by the Plaintiffs for which the Defendants have filed a separate opposition on the basis that it is overbroad, unduly burdensome and not limited whatsoever in terms of time or individuals. Further, any written documentation of investigations relative to the Plaintiffs are contained within the documents that have been previously produced to the Plaintiffs.

The Defendants have made a good faith effort at producing responses and documents in relation to its duties under Automatic Disclosure as well as any Court Order. Further, the Defendants have made a good faith effort in responding to each of the Plaintiffs' requests even without any formal request for documents.

Wherefore, this Honorable Court should deny the Plaintiffs' Motion To Compel relative to expert witness disclosure.

Respectfully submitted,
DEFENDANTS,
By their attorneys,


/s/ Jeremy Silverfine
Jeremy I. Silverfine, BBO No. 542779
Leonard H. Kesten, BBO No. 542042
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: August 11, 2006