UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, Individually and as mother and )
next friend of BRIAN KENNEDY, JR., )
               Plaintiffs )
 )
VS. )
 )
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
               Defendants

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The court hereby orders that the plaintiffs Bates stamp and identify any and all medical and psychological records, photographs, calendars and other personal items of plaintiffs which they seek to designate as confidential and protected by this Order. In addition, any medical records of the plaintiffs produced to or by either party shall be covered by this Order.

2. All such documents may be used by the parties for purposes of conducting this lawsuit and for no other purpose, or further dissemination and shall be made available only to the attorneys of record.

1

3. No recipient of information pursuant to this Order shall disclose any information gained or derived from the records to any other person or entity not authorized to receive the information under state or federal law without the agreement of the plaintiffs or further order of this Court, except as necessary for purposes of litigation as described in paragraph two above.

4. No defendant Billerica police officer shall have access to any of the Plaintiffs' medical records, photographs, personal papers or other documents produced pursuant to this Order and no defense counsel shall provide any medical records, photographs, personal papers or other documents of the plaintiffs produced pursuant to this Order to any defendant Billerica police officer.

5. Any individual, including attorneys, experts and parties who are given access to the documents and things at issue herein shall sign a document indicating that they are aware of an have read this Protective Order and agree to be bound by it as an Order of this Court and subject to contempt and sanctions for any violation of this Order.

6. The parties shall be allowed to use the documents produced pursuant to this Order in pretrial discovery and depositions of the parties, expert witnesses, health care professionals, counselors, or other persons named and/or identified in any of the documents. This Order is entered without prejudice to seeking an order to allow disclosure of documents produced pursuant to this Order to other persons if and when the parties believe such disclosure is necessary in the preparation of this case.

Dated this ____ day of September, 2006.

_____
Robert Collings, Justice