UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, Jr. Individually and as mother and )
next friend of MITCHELL KENNEDY and Individually and as )
mother and next friend of DYLAN KENNEDY, )
　　　　　　　　　　　　　Plaintiffs )
)
VS. )
)
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS,  MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
　　　　　　　　　　　　Defendants

**AFFIDAVIT OF ATTORNEY LEONARD H. KESTEN IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE
ORDER REGARDING INAPPROPRIATE CONTACT WITH WITNESSES BY THE
DEFENDANT POLICE OFFICERS AND FOR SANCTIONS**

I, Leonard Kesten, hereby swear that the following is true:

1.　I am counsel for the defendants in the above captioned case.

2.　This summer, counsel for the plaintiffs demanded that the defendants produce
　　all original signatures of Tracy Heffernan in their possession.

3.　I am aware of certain documents responsive to that request. Those documents
　　are sensitive.

4.   I told plaintiffs' counsel that I wished to speak with Ms. Heffernan to ask her whether she agreed that I produce those documents to the plaintiffs.

5.   Plaintiffs' counsel told me that she would not speak to me; however, they also told me that they did not represent her.

6.   I asked defendant Chief Rosa to see if I could speak to Tracy Heffernan.

7.   Chief Rosa contacted her and she agreed to speak with me.

8.   I spoke with her on the telephone and told her that I wanted to show her the documents and asked her if I could produce them.

9.   I offered to meet with her at any place of her choosing. She indicated that she wanted to meet at the Billerica Police Station.

10.  On Labor day, September 4, 2006, I met with Tracy Heffernan.

11.  I showed her certain documents and she indicated that she did not want us to release them and told me that Michelle Kennedy had told her that her lawyers no longer wanted the documents.

12.  During our conversation, she told me that she would call Michelle Kennedy right then to confirm that her lawyers no longer wanted the documents. While sitting with me, she used her cell phone and spoke to someone that she identified as Michelle Kennedy. Ms. Heffernan then indicated to me that Ms. Kennedy had indeed confirmed that her lawyers no longer wanted the documents.

13.  I spoke to one of the plaintiffs' counsel the next day and told him all about my meeting and the result. He indicated that, indeed, the plaintiffs no longer wanted the documents.

SIGNED under the pains and penalties of perjury, this 13th day of October, 2006.

Leonard H. Kesten