UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, Jr., MITCHELL KENNEDY )
and DYLAN KENNEDY, )
                Plaintiffs )
 )
VS. )
 )
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
                Defendants

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND DEFENDANTS' MOTION FOR ADDITIONAL TIME TO COMPLETE DEPOSITION OF MICHELLE KENNEDY**

Now comes the Defendants in the above-referenced matter and hereby oppose the Plaintiffs' motion for a protective order. (Document 113). Further, pursuant to Fed.R.Civ.P. 30(d)(2), the Defendants hereby request that they be allowed an additional

day (up to seven hours, if necessary) to complete the deposition of the Plaintiff Michelle Kennedy[1].

In support of this opposition and motion the Defendants state the Plaintiffs filed a 42-page Complaint in this case naming some 29 individual defendants concerning allegations dating back some 15 years (and continuing, according to the Plaintiffs). The Plaintiffs have named some 129 witnesses to these alleged events. The Defendants have produced over 5,000 pages of documents in response to the Plaintiffs' Complaint and discovery requests concerning the allegations contained within said Complaint. Additionally, the Plaintiffs continue to file complaints about more recent allegations against the Defendants.

The Defendants state that they need additional time to complete the deposition of the Plaintiff Michelle Kennedy. The Defendants' request is particularly important in light of the sheer number of allegations and listed witnesses; the Plaintiffs' complaints of recent harassment; and the Plaintiffs very recent production of documents and incomplete responses to Defendants' discovery requests. It should be noted that there is currently an outstanding motion to compel the Plaintiff Michelle Kennedy to fully answer questions at her deposition. (Document 43).

The Plaintiffs did not produce documents associated with their initial disclosure until late September 2006 (the complaint having been filed in December 2004). (See Plaintiffs' letter dated September 29, 2006, copy attached hereto as "Exhibit 1". Further, see Defendants' letter to Plaintiffs, dated October 31, 2005, requesting production of documents associated with initial disclosures, copy attached hereto as "Exhibit 2").

Upon review of the box of documents finally produced in late September of this year, the Defendants noted that many pages were either missing and/or incomplete. (See copy of Defendants' letter to Plaintiffs, dated November 9, 2006, attached hereto as

---

[1] The Plaintiff Brian Kennedy's deposition has been continued until December 18, 2006 at the Plaintiff's request.

"Exhibit 3"). Additionally, in order to accommodate the Plaintiffs' concerns, the defendants agreed that the Plaintiffs would obtain copies of their own medical records to review same for sensitive matters and then forward them to the Defendants. (See copy of Defendants' letter to Plaintiffs, dated November 1, 2006, attached hereto as "Exhibit 4"). The Defendants had requested production of discovery and the Plaintiffs' medical records for several months. (In addition to Exhibit 4, see *inter alia*, copies of letters to Plaintiffs dated October 23, 2006, and November 7, 2006, attached hereto as "Exhibit 5" and "Exhibit 6" respectively). However, it was not until November 17, 2006, that the Plaintiffs forwarded copies of the Plaintiffs' medical records. (See copy of letter from Plaintiffs dated November 17, 2006, attached hereto as "Exhibit 7"). These are not all the Plaintiffs' medical records, however. "These are all the medical records we have received. We have requested further records…" (Exhibit 7). The Defendants now seek the opportunity to examine the Plaintiff on said records, including some psychological records. (See Defendants' letter to Plaintiffs, dated November 27, 2006, noting need for additional time based upon recent production and allegations, copy attached hereto as "Exhibit 8").

The Plaintiffs' argue in their motion that the defendants are "on a fishing expedition." (Document 113). However, even a cursory review of discovery documents and depositions demonstrates that this is not so.

Several deponents, including witnesses who describe themselves as life-long friends of the Plaintiffs, have testified that they saw Michelle Kennedy use narcotics. Amy Baum is a life-long friend. (See copy of Amy Baum's deposition of October 12, 2006, attached hereto as "Exhibit 9", p. 17). Baum has been a friend of Michelle Kennedy since she was 10. (Exhibit 9, p. 17). Baum lived with Michelle Kennedy for a period of time. (Exhibit 9, p. 15, 17). Baum saw Michelle Kennedy request and attempt to purchase drugs. (Exhibit 9, pgs. 124-125, 151). Baum testified that Michelle Kennedy used to deal coke. (Exhibit 9, pgs.151-155, 167).

Raymond Trainor grew up with Michelle Kennedy and lived with her for many years. (See copy of Raymond Trainor's deposition of June 27, 2006, attached hereto as "Exhibit 10," p. 15). One of the Plaintiffs' allegations in their complaint is that the police broke Brian Kennedy's leg. Trainor testified that it was not the police that broke Brian Kennedy's leg. Trainor testified that he was aware that Brian Kennedy went to drug dealer's house and got into a fight. (Exhibit 10, p. 78-79). "The kid fell on his leg and broke his foot." (Exhibit 10, p. 78).

Billerica Police Lieutenant Frank MacKenzie found out that Michelle and Brian Kennedy were involved in the sale of narcotics. (See copy of deposition of Frank MacKenzie taken on November 7, 2005, attached hereto as "Exhibit 11", p. 31). Similarly, Billerica Police Deputy Chief Thomas Conners was aware of an investigation of the Plaintiffs for the sale or use of narcotics. (See copy of deposition of Thomas Conners, dated November 1, 2005, attached hereto as "Exhibit 12", p. 38).

Federal Rules of Civil Procedure Rule 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. Rule 26(b)(1).

The Advisory Committee notes for Federal Rule 26 described the purpose of discovery "to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of this case."

In the case at bar, the Defendants should not be limited in discovery of facts, which may aid them in preparation or presentation of this case. The Defendants have a good faith basis to inquire into numerous subjects, including the Plaintiffs' use of and/or involvement in the sale of narcotics.

The Defendants submit that based upon all the facts and allegations in this case, an additional deposition day is clearly warranted. Further, the Defendants will be greatly prejudiced if they are forced to go forward to proceed with dispositive motions and trial without the opportunity to inquire into the just recently produced medical and psychological records, incomplete notes from this party opponent, and further complaints by the Plaintiffs.

**Conclusion**

The Defendants respectfully request this Court **deny the Plaintiffs' motion for protective order** and **allow an additional day** for the Defendants **to complete the deposition** of the Plaintiff Michelle Kennedy.

Respectfully submitted,
DEFENDANTS,
By their attorneys,

/s/ Jeremy Silverfine
Jeremy Silverfine, BBO No. 542779
Leonard H. Kesten, BBO No. 542042
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Date: December 4, 2006