UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************████
BRIAN KENNEDY AND MICHELLE KENNEDY,   *
Individually and as father and next friend of  *
BRIAN KENNEDY, JR., Individually and as mother  *
next friend of BRIAN KENNEDY, JR..    *
                                      *
         Plaintiffs                   *
                                      *
v.                                    *   C. A. No. 04-CV-12357-PBS
                                      *
TOWN OF BILLERICA, et al              *
                                      *
         Defendants                   *
*********************************████
```

### PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' SECOND MOTION FOR ORDER FOR RECORDS FROM THE MIDDLESEX DISTRICT ATTORNEY'S OFFICE

Defense counsel had asked plaintiffs' counsel to assent to defendants' initial motion for an order compelling production of several (but not all) files of the district attorney of cases in which the plaintiffs were prosecuted upon complaints of the defendants. Plaintiffs' counsel assented, with the caveat that the order compel production of <u>all</u> files of the district attorney regarding prosecution of the plaintiffs in cases involving the defendants, rather than just the three cases selected by the defendants.

The Court allowed the motion and ordered that <u>all</u> such files be produced, in part, plaintiffs presume, due to plaintiffs' assent. However, that order was vacated, not on the merits but due to a procedural fault.

Defendants renew their original motion and, again, sought plaintiffs' assent, which plaintiffs agreed to provide, again contingent upon the order to produce records not being limited to three selected files but to encompass all files of prosecutions of the plaintiffs involving the defendant police. This is not reflected in either the defendants motion or Rule 7.1 certification.

Plaintiffs concur with the defendants request as relevant, and only ask that the Court order <u>all</u> relevant files be produced, and not limit the production to three files cherry picked by the defendant.

In addition, plaintiffs anticipate that the district attorneys office will object to producing any documents, based upon its prior response [see Exhibit 2 to defendants' motion]. In the letter from its counsel [Exhibit 2], the District Attorney's Office claims CORI privacy protections bar release of the protected records. However, the only subject of the CORI files are the plaintiffs, who not only waive any CORI protection, but who seek the records themselves.

The District Attorney's Office also claims "investigative privilege" and other assorted privileges, but the investigative privilege, if it ever applied, no longer applies, as there is no longer any ongoing investigations. Here there is no investigative privilege, as the prosecutions in the cases in question terminated years ago and therefore there can be no "potential prejudicial effect of disclosure on 'effective law enforcement." <u>Globe Newspaper Co., Inc., v. Police Commissioner of Boston</u>, 648 NE2d 419, 419 Mass 852 (1995). This is the standard the District Attorney's Office would have to but cannot meet.

The other privileges claimed in the letter of counsel also lack any statutory or substantive basis.

Thus, there is no legitimate or lawful basis for the District Attorney's Office to withhold any records of closed investigations of the plaintiffs and the plaintiffs assent to and seek an order

that the District Attorneys Office produce all records and files regarding prosecution of the plaintiffs involving any of the defendant officers.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Brian Kennedy, et al<br>by their counsel |
| Date: <u>December 22, 2006</u> | /s/<u>Andrew M. Fischer</u><br>Andrew M. Fischer<br>BB0# 167040<br>JASON & FISCHER<br>47 Winter Street<br>Boston, MA 02108<br>(617) 423-7904<br>afischer@jasonandfischer.com |

kennedy\oppinpartto2dmotocompelada.wpd