UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, Individually and as father and next friend of BRIAN KENNEDY, JR., Individually and as mother next friend of BRIAN KENNEDY, JR.. <br><br>Plaintiffs <br><br>v. <br><br>TOWN OF BILLERICA, et al <br><br>Defendants | C. A. No. 04-CV-12357-PBS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION FOR LEAVE TO AMEND COMPLAINT
## PURSUANT TO F.R.C.P., RULE 15(b)

Now come the plaintiffs and move that they be allowed to amend the complaint, to add incidents of harassment that have occurred since the original complaint. These incidents include incidents, between November 2005 and June, 2006, that gave rise to the Plaintiff's Motion for Protective Order [docket no. 26], heard by this Court on June 12, 2006, as well as continued incidents since then, including the defendants driving by the plaintiffs' Billerica home and place of work, sitting in front of the plaintiffs' home, school and place of work in marked police cruisers, stopping and harassing the minor defendants and otherwise stalking the defendants between August, 2006 and continuing through the present, the issuance of an arrest warrant and bringing of criminal charges against Brian Kennedy, Jr., in July, 2006 and stalking the Kennedy children at their school, as noted by emails and correspondence between counsel, some of which are attached hereto as Exhibits A1-A9.

As reason, plaintiffs state that F.R.Civ.P., Rule 15(b) allow them to amend the complaint to include such acts by the defendants that have continued beyond the filing of the complaint.

The rule provides that the complaint may be amended to include "issues not raised by the pleadings" and that the Court may do so at any time, "even after judgment", and "shall do so freely when the presentation of the merits of the action will be subserved".

Here, the plaintiffs have alleged a fifteen (15) year pattern of harassment that continued until the filing of the filing of the complaint. Since the filing of the complaint, this pattern of harassment has continued, as indicated by the affidavits and other pleading accompanying the motion for restraining order heard by the Court on June 12, 2007 and other exhibits attached as A-2-A-9. Indeed the defendants' pattern of harassment is still continuing.

The defendants are in no way prejudiced by such amendment to the complaint. They have full notice of these additional allegations, pursuant to the procedure that they proposed, upon the Court's intervention and suggestion at the June 12, 2006 hearing. The conduct of the defendants which occurred from the filling of the complaint until June, 2005 was the subject of the plaintiffs' motion for restraining order, [Docket no. 29] heard by the Court on June 12, 2006.

As a result of that hearing, defendants proposed a procedure for addressing future complaints by the plaintiffs, which provided for notice of subsequent complaints. [See Email from defense counsel Samuel Perkins, Exhibit A-1, hereto]   Plaintiffs have provided such notice as ongoing acts by the defendants continued, pursuant to the procedure suggested by the defendants. [See Exhibits A-2 through A-9]

Thus the defendants have received prompt notice of each additional act alleged and are not prejudiced by having the complaint amended to include their conduct since the initial filing of the complaint. Indeed, the defendants would be more likely to be prejudiced if this motion to

amend is denied, as plaintiffs' recourse would then be to file a new lawsuit based on the defendants' acts since the filing of this complaint, leading to multiple litigation on what is really the same pattern of harassment.

Plaintiffs seek to try all their claims in their entirety, and thus seek to amend the complaint to include continuing conduct of the defendants since the filing of the complaint. Such amendment is exactly the type of amendment intended by F.R.Civ.P. Rule 15(b), which contemplates amending a complaint to conform to the evidence "when issues not raised by the pleadings are tried by express or implied consent of the parties".

Rule 15(a) continues that such issues "shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to conform to the evidence and to raise these issues may be made upon motion . . . at any time, even after judgment."

Where such amendment will allow all claims to be tried efficiently in one proceeding, this is the judicial economy intended by Rule 15(a) and thereby the plaintiffs seek to amend their complaint to include all acts

                Respectfully submitted,
                Brian Kennedy, et al
                by their counsel

Date: February 8, 2007               _/s/Andrew M. Fischer_____
                                          Andrew M. Fischer
                                          BB0# 167040
                                          JASON & FISCHER
                                          47 Winter Street
                                          Boston, MA 02108
                                          (617) 423-7904
                                          afischer@jasonandfischer.com

kennedy\mtnamend