UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  04-CV-12357-PBS

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, Individually and as mother and next friend of BRIAN KENNEDY, Individually and as mother and next friend of BRIAN KENNEDY, JR., <br>                           Plaintiffs <br><br> VS. <br><br> TOWN OF BILLERICA, DANIEL C. ROSA, JR. Individually and as Chief of the Billerica Police Department, JOHN BARRETTO, Individually and as former Chief of the Billerica Police Department, PAUL W. MATTHEWS, Individually and as former Chief of the Billerica Police Department, ROBERT LEE, Individually and as former Deputy Chief of the Billerica Police Department, THOMAS CONNORS, FRANK A. MACKENZIE, RICHARD RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, WILLIAM MCNULTY, DONALD MACEACHERN, MICHAEL A. CASEY, RICHARD NESTOR, ROBERT BROWN, WILLIAM G. WEST, GREGORY KATZ, GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY F. MCKENNA AND JOHN DOE, <br>                           Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS AND SUPPORTING EXHIBITS OF THE DEFENDANTS SUBMITTED IN SUPPORT OF DEFENDANTS', FRANK A. MACKENZIE, STEVEN ELMORE, AND MICHAEL A. CASEY MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, the defendants Frank A. MacKenzie, Steven Elmore and Michael A. Casey, submit this statement of facts, with supporting attachments.

**Statement of Material Undisputed Facts For Summary Judgment Purposes Only.**

1. The plaintiffs filed this Complaint against twenty-nine named Billerica police officers alleging that the defendants have engaged in a conspiracy to

      terrorize, intimidate, harass, humiliate, injure and deprive the plaintiffs of their liberty and happiness. (See Complaint, attached hereto as "Exhibit 1").

2. The Complaint states various instances of alleged police misconduct which began in the summer of 1991 and continued over a thirteen-year period. (See Exhibit 1, Complaint).

3. All of the allegations against Officer Frank MacKenzie occurred prior to November 5, 2001. (See Exhibit 1, Complaint).

4. The vast majority of the allegations against Officer Steven Elmore ("Elmore") occurred prior to November 5, 2001. (See Exhibit 1, Complaint).

5. The sole allegation against Elmore which occurred after November 5, 2001, took place in the summer of 2002. (See Exhibit 1, Complaint ¶¶ 107, 108).

6. In the summer of 2002, the Complaint alleges that George Brooks ("Brooks"), a boy from the plaintiffs' neighborhood, attacked Mitchell Kennedy ("Mitchell"). (See Exhibit 1, Complaint ¶ 107).

7. Officers Elmore and Richard Nestor ("Nestor") allegedly responded to the plaintiffs' 911 call. (See Exhibit 1, Complaint ¶ 108).

8. Upon Officers Elmore and Nestor's arrival, the plaintiffs' allegedly insisted that criminal charges be brought against Brooks for assault. (See Exhibit 1, Complaint ¶ 108).

9. Officers Elmore and Nestor, however, allegedly refused to bring any charges against Brooks because he's "just a kid". (See Exhibit 1, Complaint ¶ 108).

10. The majority of the allegations against Officer Michael Casey ("Casey") also occurred prior to November 5, 2001. (See Exhibit 1, Complaint).

11. There were only three allegations against Casey which occurred after November 5, 2001. (See Exhibit 1, Complaint).

12. One of the allegations against Casey occurred on May 17, 2004. On that day, the plaintiffs' allege that when Michelle Kennedy returned home from running some errands, she observed several police cars near her mobile home. (See Exhibit 1, Complaint ¶ 124).

13. On that same date, an unidentified female officer allegedly approached Brian Kennedy and asked if he had hit a neighbor's trailer with a hammer. Mr. Kennedy replied that he had not. (See Exhibit 1, Complaint ¶ 124).

14. After this alleged conversation with this unidentified female officer, Officers Casey and Jonn Zarro ("Zarro") allegedly began taunting Mr. Kennedy by calling him a "pussy" and a "bitch". (See Exhibit 1, Complaint ¶ 125).

15. Casey also allegedly challenged Mr. Kennedy to a fight. (See Exhibit 1, Complaint ¶ 125).

16. The plaintiffs further allege that the officers remained in the Kennedys' neighborhood for several hours for no apparent reason. As a result of the defendants' alleged action, Mrs. Kennedy was forced to bring her children to a neighbor's home so they could get a decent night's sleep. (See Exhibit 1, Complaint ¶ 125).

17. On May 18, 2004, the plaintiffs' allege that the assistant principal at Mitchell's school entered Mitchell's classroom and asked the teacher and all of the other students to leave because Casey needed to speak with Mitchell. (See Exhibit 1, Complaint ¶126).

18. The plaintiffs' allege that Mitchell was in the process of taking his MCAS examination when Casey and another unidentified officer entered the classroom. (See Exhibit 1, Complaint ¶126).

19. After the teacher and students allegedly left the classroom, the plaintiffs' allege that Casey told Mitchell that he had "been waiting to meet with [him]." (See Exhibit 1, Complaint ¶ 126).

20. Casey then allegedly accused Mitchell of breaking into the school and stealing money. (See Exhibit 1, Complaint ¶ 126).

21. Casey then allegedly made Mitchell take off his sneaker to examine it. After allegedly examining the sneaker, Casey then left Mitchell in the classroom. (See Exhibit 1, Complaint ¶ 126).

22. Later that same day, the plaintiffs' allege that several men confronted the Kennedys at their home and attempted to goad Mr. Kennedy into a fight. (See Exhibit 1, Complaint ¶ 127).

23. One of the men allegedly showed Mr. Kennedy a gun while another allegedly threw two bricks at Mrs. Kennedy. (See Exhibit 1, Complaint ¶ 127).

24. A neighbor allegedly called 911 on behalf of the plaintiffs. Several officers, including Casey, responded to the 911 call. (See Exhibit 1, Complaint ¶ 127).

25. The plaintiffs' allege that despite their explanation as to what had transpired that evening, Casey refused to take any action against the three men. (See Exhibit 1, Complaint ¶ 127).

26. Furthermore, at some point during the evening of May 18, 2004, Mitchell began videotaping events as they transpired. (See Exhibit 1, Complaint ¶ 128 and Deposition of Brian Kennedy, Volume II, pp. 348-351, attached hereto as "Exhibit 2").[1]

---

[1] It is interesting to note the video, which was provided by the plaintiffs to support their allegations, fails to show any evidence of a cause of action against the defendants.

27. When Casey noticed Mitchell holding the video camera he turned his flashlight toward the camera lens. (See Exhibit 1, Complaint ¶ 128 and Exhibit 2, Deposition of Brian Kennedy, Volume II, pp. 348-351).

28. The plaintiffs' then allege that Casey threatened Mitchell and told him that he would be going to jail if he did not stop using the videotape. (Exhibit 1, Complaint ¶ 128).

29. The Complaint was filed on November 5, 2004. (See Exhibit 1, Complaint).

30. On May 22, 2006, Judge Patti B. Saris ordered the plaintiffs to identify seven defendants who will go to trial. (See Order dated May 22, 2006, attached hereto as "Exhibit 3").

31. On May 26, 2006, the plaintiffs' filed a Status Report with the Court identifying Frank A. MacKenzie, Thomas Conners, Mark Tsoukalas, Daniel C. Rosa, Jr., Steven Elmore, Michael A. Casey and Martin E. Conway as the individuals against whom they initially choose to proceed. (See Status Report, Docket Sheet Document #25, dated May 26, 2006, attached hereto as "Exhibit 4").

    Respectfully submitted
    The Defendants,
    By their attorneys,
    BRODY, HARDOON, PERKINS & KESTEN, LLP

    /s/ Jeremy Silverfine
    Leonard E. Kesten, BBO # 542042
    Jeremy I. Silverfine, BBO # 542779
    Karen W. Peters, BBO # 658903
    One Exeter Plaza
    Boston, MA 02116
    (617) 880-7100

Dated: February 8, 2007