UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, * <br> Individually and as father and next friend of    * <br> BRIAN KENNEDY, JR., Individually and as mother * <br> next friend of BRIAN KENNEDY, JR..    * <br>   * <br>    Plaintiffs    * <br>   * <br> v.           * <br>   * <br> TOWN OF BILLERICA, et al    * <br>   * <br>    Defendants    * | C. A. No. 04-CV-12357-PBS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO COMPEL AND FOR LEAVE TO CONCLUDE
THE DEPOSITION OF DEFENDANT MARTIN E. CONWAY**

**I. INTRODUCTION**

Now comes the plaintiffs who move that this Honorable Court issue an order compelling the defendant, Martin E. Conway, to return and answer the question that he refused to answer, claiming a non-existent "union privilege."

**II. FACTS**

This is an action against officers of the Town of Billerica police department, the current and former Chiefs of Police for the Town of Billerica and the Town of Billerica for civil rights and other violations causing loss and damage to the plaintiffs, Brian Kennedy, Michelle Kennedy, Brian Kennedy, Jr., Mitchell Kennedy and Dylan Kennedy, arising out of a conspiratorial campaign by members of the Town of Billerica Police Department over a 13 year period to harass, intimidate and terrorize the plaintiffs through acts of violence and by abuse of their powers of arrest. Defendants' violated the plaintiffs' state and federal civil rights by arresting the plaintiffs without probable cause multiple times, by maliciously prosecuting the plaintiffs without probable cause, and by otherwise tortuously injuring the plaintiffs.

The claims against the Town of Billerica and their Chiefs of Police (collectively referred to as the "Municipal Defendants") arise from their failure to adequately train, supervise and discipline the individual defendants named herein, who at the relevant times hereto were members of Town of Billerica Police Department, and from the environment created by Chiefs of Police as a result of their deliberate indifference and willful blindness towards the rights of individual citizens, which caused police officers to believe that the Town of Billerica and its Chiefs of Police tolerated misuse of authority by its police officers.

### III.  PROCEDURAL BACKGROUND

At his deposition, defendant Conway, president of the police union, explained that, in his capacity as union president, he spoke with each officer against whom complaints were made. He the refused to answer questions about conversations with Dean Royston, an African-American police officer in Billerica and friend of the plaintiff Michelle Kennedy, regarding disciplinary action taken against Royston. Defendant Conway claimed a non-existent "union privilege" as a protection against answering the question posed by counsel for the plaintiffs. After consulting not only with defense counsel, present at the deposition, but with a second counsel by phone, defendant Conway maintained that his answer was still protected from discovery based on union privilege. Conway answered questions regarding his part in obtaining counsel for officers subject to lawsuits or subject to discipline by the department, yet he adamantly refused to answer the question regarding the only officer disciplined who was a friend of plaintiff Michelle Kennedy.

### IV.  ARGUMENT

No "union privilege" exists in Massachusetts and the plaintiff should be allowed to question defendant Conway about his interaction with Dean Royston. The plaintiffs further

request that defendant Conway's counsel be assessed sanctions under Rule 37 for advising defendant Conway to not answer the questions of plaintiffs counsel.

### A. The Deposition Questions

Counsel for plaintiffs attempted to examine defendant Conway about his conversations with Dean Royston.

"MR. FISCHER Q: Did you have any conversations with Dean Royston in the course of arranging counsel about the accusations against him and the disciplinary proceedings in the course of obtaining counsel for him?
A: Yes.
Q: What conversation did you have with him?
A: I'm not sure if I understand the question.
Q: I'm asking you to tell me about your conversations with Dean Royston regarding his disciplinary proceedings?
A: I believe that to be privileged under the union, sir.
Q: So that is another area—you are asserting a privilege?
A: Yes, I believe that my conversation with him is protected by union privilege, sir.
---
Q: Okay. What is the basis of asserting a privilege as to your conversations with Dean Royston?
A: I believe that my private conversation with him regarding his union protection is privileged.
Q: I'm now going to ask the cooperation of defense counsel in determining whether there is any statutory or other basis for the privilege that Mr. Conway is I'm sure in good faith claiming. I don't believe there is such a privilege. Maybe we can work that out. Do you want to talk to him for a minute?

MR. SILVERFINE: I don't know that I know anything other than what you know.
MR. FISCHER: Let me ask counsel if you can provide any statutory or other basis for the privilege?
MR. SILVERFINE: I'm not aware of any but, like yourself, I'm hearing this information for the first time. I don't know.
MR. FISCHER: Then I'm asking you would you instruct the witness to answer the question.
MR. SILVERFINE: I'm not in a position to do that without---

> MR. FISCHER:     I think you have an obligation to do that.
> MR. SILVERFINE:  I could certainly seek it out. I will go talk to him.
> -----
> Q:   Have you had the opportunity to talk to Mr. Silverfine?
> A:   Yes.
> Q:   And I believe you had the opportunity to speak with other counsel by phone?
> A.   Yes.
> Q:   Who is that other counsel?
> A:   The law firm of Nolan and Perroni.
> ---
> Q:   Okay.  Are you prepared to answer the questions or are you still asserting your privilege?
> A:   I believe it is protected by union activity, sir."

[**Exhibit A**, Transcript of Dean Royston Deposition, at p. 30-32].

**B.  Defendant's Claim of Union Privilege**

Defendant Conway asserted a "union" privilege as an answer to the questioned disciplinary proceedings of Officer Dean Royston.  Privlidges recognized by law include attorney-client privilege, trade secrets and confidential proprietary information confidential communications between spouses, confidential communications between patients and their doctors, particularly when the doctor is a psychiatrist, psychologist, or the like, confidential communications to the clergy, confidential communications to accountants, a reporter's privilege for confidential notes and sources, voting in political races and other political activities, government secrets, including informers, communications to or by a hospital or medical review committee, a privilege for independent research work not done for litigation. There are also miscellaneous privileges (for example, privileges concerning law enforcement, investigation, speech-and-debate privilege, social worker's privilege, juvenile privilege, and the privilege against self-incrimination). Reagan Simpson, Civil Discovery and Depositions-Second Edition §3.7 (1998).  However, no union privilege exists under current law.

Therefore, the attorney who maintains and asserts that such a privilege exists after consultation with the client creates an unnecessary and frivolous delay of discovery by refusing to acknowledge that no such item as union privilege exists. In transmitting the discovery pleadings to the client, the lawyer should warn the client about the repercussions of failing to answer fully and adequately. Reagan Simpson, Civil Discovery and Depositions- Second Edition §2.6 (1998).

Where no privilege exists, defendant Conway should be compelled to fully answer the plaintiffs' questions about his conversations with Dean Royston and defendant Conway and his lawyers should bear the costs for compelling the plaintiff to bring this motion.

C. **Sanctions Under Rule 37**

Rule 30 (c)(3) states "if the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof. [F.R.C.P. Rule 30 (c)(3)].

Rule 37 provides "the motion must include a certification that the movant has in *good faith conferred or attempted to confer* with the person or party failing to make the discovery in an effort to secure the information or material without court action." [F.R.C.P. Rule 37 (2)(B)] (emphasis added).

Plaintiff's counsel did consult with defense counsel, at the deposition itself, and defense counsel refused to cooperate. Instead, counsel for Defendant Conway advised him not to answer questions involving the disciplinary action taken against officer Dean Royston without any basis, asserting a non-existent "union privilege".

The pertinent excerpt of the deposition is as follows:

> Q: Okay. What is the basis of asserting a privilege as to your conversations with Dean Royston?
> A: I believe that my private conversation with him regarding his union protection is privileged.
> Q: I'm now going to ask the cooperation of defense counsel in determining whether there is any statutory or other basis for the privilege that Mr. Conway is I'm sure in good faith claiming. I don't believe there is such a privilege. Maybe we can work that out. Do you want to talk to him for a minute?
>
> MR. SILVERFINE: I don't know that I know anything other than what you know.
> MR. FISCHER: Let me ask counsel if you can provide any statutory or other basis for the privilege?
> MR. SILVERFINE: I'm not aware of any but, like yourself, I'm hearing this information for the first time. I don't know.
> MR. FISCHER: Then I'm asking you would you instruct the witness to answer the question.
> MR. SILVERFINE: I'm not in a position to do that without---
> MR. FISCHER: I think you have an obligation to do that.
> MR. SILVERFINE: I could certainly seek it out. I will go talk to him."

[**Exhibit A**, p. 30-31].

After speaking to Attorney Silverfine and counsel from Nolan and Perroni, defendant Conway continued to assert "union privilege" indicating that his only basis for doing so was his "opinion". [**Exhibit A**, p. 32-33]

Defense counsel was given every opportunity to comply with Rule 37 and instruct defendant Royston to answer the questions. Instead of instructing the defendant to answer the question, defense counsel refused, hoping to frustrate plaintiff's discovery. Defense counsel at the time, nor to date has provided any basis for the claimed "union privilege". Thus, counsel's refusal to instruct defendant Conway to answer can only be viewed as obstruction and a violation of Rule 37. This required plaintiffs to bring this motion and thereby entitles plaintiffs to recover their costs and attorney's fees.

The information requested by counsel for plaintiffs is necessary and relevant to their cases, as the evidence appears that Officer Royston was singled out for discipline because of his friendship with the plaintiffs. After consultation with counsel, defendant Conway persisted in his claim of "union privilege", providing that his only basis for doing so was his <u>personal</u> opinion as to the existence of such a privilege, not even the advice of counsel. Counsel's failure to instruct defendant Conway to answer and their failure to advise defendant Conway that there was no such privileges available under Massachusetts law can only be viewed as obstructing discovery. Counsel should therefore be punished with appropriate Rule 37 sanctions.

### V. <u>CONCLUSION</u>

As there is no "union privilege" in Massachusetts that would protect the conversations between defendant Conway and Dean Royston, the plaintiffs request that this court order defendant Conway to answer the questions of plaintiffs' counsel. The plaintiffs further request that counsel for the defendants be sanctioned under Rule 37, including the fees and cost incurred preparing this motion and any other sanctions the Court may find appropriate, for frustrating the fair examination of the deponent.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Brian Kennedy, et al<br>by their counsel |
| Date: <u>February 14, 2007</u> | /s/ Andrew M. Fischer<br>Andrew M. Fischer<br>BB0# 167040<br>JASON & FISCHER<br>47 Winter Street<br>Boston, MA 02108<br>(617) 423-7904<br>afischer@jasonandfischer.com |

kennedy/mmtncompelldepo.wpd