UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, Individually and as mother and next friend of BRIAN KENNEDY, JR., MITCHELL KENNEDY AND DYLAN KENNEDY<br>Plaintiffs<br><br>VS.<br><br>TOWN OF BILLERICA, DANIEL C. ROSA, JR. Individually and as Chief of the Billerica Police Department, JOHN BARRETTO, Individually and as former Chief of the Billerica Police Department, PAUL W. MATTHEWS, Individually and as former Chief of the Billerica Police Department, ROBERT LEE, Individually and as former Deputy Chief of the Billerica Police Department, THOMAS CONNORS, FRANK A. MACKENZIE, RICHARD RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, WILLIAM MCNULTY, DONALD MACEACHERN, MICHAEL A. CASEY, RICHARD NESTOR, ROBERT BROWN, WILLIAM G. WEST, GREGORY KATZ, GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM MCNULTY, SCOTT PARKER, ALAN, TIMOTHY F. MCKENNA AND JOHN DOE,<br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### DEFENDANTS' MOTION TO COMPEL DOCUMENTATION RELIED UPON BY PLAINTIFFS' EXPERT, REGINALD F. ALLARD, IN HIS SUPPLEMENTAL OPINION REPORT

Now comes the defendants in the above-entitled case and hereby move to compel the plaintiffs to provide them with any and all documentation relied upon by their expert, Reginald F. Allard, in his supplemental opinion report.

In support thereof, the defendants state on January 16, 2007, the plaintiffs' expert, Reginald F. Allard, submitted a supplement to his August 7, 2006 expert report. (See copy of Reginald F. Allard's Supplemental Report attached hereto and marked as "Exhibit 1"). Page two of Mr. Allard's report references an interview with former

Billerica Police Officer Dean Royston ("Royston") conducted by plaintiffs' counsel. Defendants' requested copies of any reports, notes and/or information relied upon by plaintiff's expert. Plaintiffs' refused to provide any documentation, citing attorney work product.

On January 18, 2007, defendants' sent plaintiffs a letter requesting, pursuant to Federal Rules of Civil Procedure Rule 26(a)(2), copies of any "reports, notes and information that were the basis of such information provided to [their] expert". (See letter to Andrew M. Fisher, Esq. from Jeremy Silverfine, Esq. dated January 18, 2007, attached hereto and marked as "Exhibit 2"). Having received no response from the plaintiffs, on January 25, 2007, the defendants again requested copies of the relevant documentation. (See letter to Andrew M. Fisher, Esq. from Jeremy Silverfine, Esq. dated January 25, 2007, attached hereto and marked as "Exhibit 3").

On January 29, 2007, the plaintiffs' responded to defendants' request. (See letter to Jeremy Silverfine, Esq. from Andrew M. Fisher, Esq. dated January 29, 2007, attached hereto and marked as "Exhibit 4"). The plaintiffs' stated that the only records that existed relevant to Royston's interview were notes taken by attorney Fred Gilgun. As plaintiffs' considered the notes attorney work product, they refused to provide defendants with any copies.

On February 1, 2007, the defendants' again requested copies of the relevant records. (See letter to Andrew M. Fisher, Esq. from Jeremy Silverfine, Esq. dated February 1, 2007, attached hereto and marked as "Exhibit 5"). The defendants referred plaintiffs' to their obligations pursuant to Fed. R. Civ. P. Rule 26(a)(2).

On February 9, 2007, the plaintiffs' once again denied defendants' request for copies of Fred Gilgun's notes on the basis of attorney work product. (See letter to Jeremy Silverfine, Esq. from Andrew M. Fisher, Esq. dated February 9, 2007, attached

hereto and marked as "Exhibit 6").  The Plaintiffs' argued that they were not required to produce Fred Gilgun's notes because the information sought by defendants was "readily available elsewhere" (i.e. through the deposition of Royston and through potential conversation between Royston and a "number" of the defendants who have allegedly remained friendly with him).  The plaintiffs' further deemed defendants' request "inappropriate".

The defendants' state that pursuant to Fed. R. Civ. P. Rule 26(a)(2)(B) the plaintiffs' are required to provide copies of Fred Gilgun's notes, as well as any other reports, documentation and/or information, relied upon by plaintiffs' expert in forming his opinion.  See *Suskind v. Home Depot Corp.*, 2001 WL 92183 (D. Mass.).  In *Suskind*, the court stated:

> "It follows that as part of the required disclosure, counsel must disclose, *inter alia*, not only '…a complete statement of all opinions to be expressed and the basis and reasons therefore, [but also] the data or other information considered by the witness in forming the opinions…' Rule 26(a)(2)(B).  And 'the data or other information considered by the witness' includes any material which was furnished to the witness by the attorney who retained him even though that material in other contexts must be considered core attorney work product."  *Suskind*, 2001 WL 92183 at *4.

Therefore, pursuant to Fed. R. Civ. P. Rule 26(a)(2)(B) and the court's ruling in *Suskind*, the plaintiffs should be compelled to produce any reports, notes and/or documentation that plaintiffs' expert relied upon in forming his opinion.

Wherefore, the defendants respectfully request that the plaintiffs be compelled to produce any reports, notes and/or documentation that plaintiffs' expert relied upon in forming his opinion.  The defendants also request that sanctions be issued against the plaintiffs and that this Court allow an award of attorneys' fees and costs, as an appropriate additional sanction pursuant to Fed. R. Civ. P. Rule 37.

                                      Respectfully submitted
The Defendants,
By their attorneys,

BRODY, HARDOON, PERKINS & KESTEN, LLP

/s/ Jeremy Silverfine
Leonard E. Kesten, BBO No. 542042
Jeremy I. Silverfine, BBO No. 542779
Karen W. Peters, BBO No. 658903
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: February 28, 2007