UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, Individually and as mother and )
next friend of BRIAN KENNEDY, JR., )
                Plaintiffs )
  )
VS. )
  )
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
                Defendants )

## DEFENDANTS' FIRST REQUEST FOR JURY INSTRUCTIONS

Now come the defendants in the above-referenced matter and pursuant to Rule 51 of the Fed. R. Civ. P. respectfully submits the following requests for Instructions to the jury:

**BURDEN OF PROOF**

1. In a civil action such as this one, the burden of proof is upon the plaintiffs to prove each and every essential element of their claim by a preponderance of the credible evidence. If the plaintiffs fail to prove any one of the essential elements of their claim by a preponderance of the credible evidence, or if the credible evidence is equally balanced as to any of the essential elements of the plaintiffs' claims, then you must find for the defendants. Kenney v. Sears

      Roebuck & Co., 365 Mass. 604 (1969). Borelli v. Top Value Enterprises, 356 Mass. 110, 113, 248 N.E. 2d 510 (1969).

2. The burden of proof is on the plaintiffs in a §1983 civil rights action, such as this one, to "prove by a preponderance of the evidence that he or she was deprived of a right secured by the Constitution by a person acting under the color of state law." Tatro v. Kervin, 41 F.3d 9, 14 (1st Cir. 1994) (citing Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir.), cert. denied, 502 U.S. 879, 112 S.Ct. 226 (1991); Fernandez v. Rapone, 926 F. Supp. 255, 260 (D. Mass. 1996).

3. A police officer is presumed to discharge his or her duties impartially and according to the law. This presumption cannot be overcome except by clear and convincing evidence to the contrary. NLRB v. Bibb Mfg., 188 F. 2d 825 (8th Cir. 1951). Unless you are persuaded by clear and convincing evidence that Chief Daniel C. Rosa, Jr., and Officers Frank A. MacKenzie, Thomas Conners, Mark Tsoukalas, Steven Elmore, Michael A. Casey and Martin E. Conway did not discharge their duties impartially and according to the law, you should enter a verdict in favor of the officers.

4. Police officers have a duty to investigate citizen reports of criminal activity, particularly if the conduct implicates the safety of the public. Commonwealth v. Fortune, 57 Mass. App. Ct. 923, 924 (2003).

5. In order to find Chief Daniel C. Rosa, Jr., and Officers Frank A. MacKenzie, Thomas Conners, Mark Tsoukalas, Steven Elmore, Michael A. Casey and Martin E. Conway liable for any action taken in the performance of their official duties, you must find that they knew or reasonably should have known that the actions they took within this sphere of their official responsibilities would violate clearly establish constitutional rights of the plaintiff. Anderson v. Creighton, 43 U.S. 635 (1987).

**CLAIM UNDER 42 U.S.C. § 1983**

6. 42 U.S.C. § 1983 provides: "Every person who, under color or any statute, ordinance, regulation, custom, or usage of any State or Territory ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ..." 42 U.S.C. § 1983.

7. In order to prevail in this case, plaintiffs must first and foremost establish that their rights protected by the United States Constitution have been violated. The Plaintiffs contend that their rights protected by the Fourth Amendment have been violated.

8. The Fourth Amendment of the Constitution of the United States provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized." U. S. Const. Amend. IV.

9. In any case brought under §1983 alleging a denial of the right to be free of illegal search and seizure, the first inquiry must be "whether the plaintiff has been deprived of a right 'secured by the constitution and laws'" of the United States. Willhauck v. Halpin, 953 F.2d 689, 703 (1st Cir. 1991); Baker v. McCollan, 443 U.S. 137 (1979). The question for the Court is whether the allegations of the complaint describe a "constitutional tort actionable under §1983". Polk County v. Dodson, 454 U.S. 312, 326 (1981).

10. Not every tort allegedly committed by a public employee rises to the level of a constitutional violation. Martinez v. California, 444 U.S. 277, 281 (1980); Parratt v. Taylor, 451 U.S. 527, 544 (1981); Baker v. McCollan, 443 U.S. 137, 146 (1979); Furtado v. Bishop, 604 F. 2d 80, 95 (1st Cir. 1979).

11. The first inquiry is to decide whether in fact the plaintiff was deprived of a constitutional right. Not all rights are constitutional rights; to find any of the Billerica officers responsible under the Civil Rights Law, there must be a specific finding that the plaintiffs' constitutional rights were violated. If there is no constitutional violation, then there can be no claim against the individual officers. See City Of Los Angeles v. Heller, 475 U.S. 796 (1986); Evans v. Avery, 100 F.3d 1022, 1039 (1st Cir. 1996), cert. denied, 117 S. Ct. 1693 (1997).

12. Section 1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Baker v. McCollan, 443 U.S. 137 (1979). Remedies for "the latter type of injury must be sought in state court under traditional tort-law principles…". Id. Violations of state tort law do not become constitutional violations "merely because the defendant is a state official." Id.

**CONSPIRACY TO VIOLATE FEDERAL CIVIL RIGHTS**

13. A conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict wrong against or injury upon another and an overt act that results in damages. See Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1988).

14. To establish a conspiracy under 42 U.S.C. § 1983, the plaintiffs must "allege and prove both a conspiracy and a deprivation of rights; mere proof of a conspiracy is insufficient to establish a section 1983 claim …[citation omitted]. The gist of the [section 1983] cause of action is the deprivation and not the conspiracy." Id.

**MASSACHUSETTS CIVIL RIGHTS**

15. The Massachusetts Civil Rights Act ("MRCA"), G.L. c.12 §§11H and 11I, is "coextensive with 42 U.S.C. §1983, except that the federal statute requires state action whereas its state counterpart does not." Thus, if you find that the plaintiffs are not entitled to recover under the federal civil rights, then the plaintiffs are not entitled to recover under the Massachusetts Civil Rights Act. Batchelder v. Allied Stores Corp., 393 Mass. 819, 922-23 (1985).

16. To recover under the Massachusetts Civil Rights Act, the plaintiffs must prove by a preponderance of the evidence that not only were their civil rights violated, but that those rights were interfered with by threats, intimidation or coercion, which is an "essential element" of a claim under the MRCA. Layne v. Superintendent, Massachusetts Correctional Institution, 406 Mass. 156, 158 (1989).

17. The terms threats, intimidation or coercion are to be "applied according to their natural connotation, that of forcing submission by conduct calculated to frighten, harass, or humiliate." "A direct violation of a person's rights does not by itself involve threats, intimidation, or coercion and thus does not implicate [the Massachusetts Civil Rights Act]." Indeed, "adverse administrative action, at least when not part of a scheme of harassment, does not amount to "threats, intimidation, or coercion." Utility Contractors Ass'n of New England, Inc. v Dept. of Public Works, 29 Mass. App. Ct. 726, 781 (1991). Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989). Smith v. Town of Longmeadow, 29 Mass. App. Ct., 599, 603 (1990).

**MALICIOUS PROSECUTION**

18. To succeed on a claim for malicious prosecution, the plaintiffs must establish: (1) that the defendants initiated a criminal action against them; (2) that the criminal prosecution ended in the plaintiffs' favor; (3) that there was no

probable cause to initiate the criminal charge; and (4) that the defendants acted maliciously.  <u>Santiago v. Fenton,</u> 891 F.2d 373, 387 (1st Cir. 1989) citing <u>Foley v. Polaroid Corp</u>., 400 Mass. 82, 508 N.E.2d 72 (1987); <u>Sullivan v. Choquette</u>, 420 F.2d 674, 676 (1st Cir. 1969).

19. Central to the tort of malicious prosecution is that the actor to be held liable must have made perverse use of the litigation process by instigating criminal proceedings without probable cause and **primarily** for a purpose other than bringing the targeted person to justice . . .  Although distinct from the tort of abuse of process . . . there is in malicious prosecution the common ingredient of an improper purpose, i.e., using court proceedings **primarily** to gain a private advantage, because of hostility and ill will**, and without belief by the accuser in the guilt of the accused**.  (Emphasis supplied).  <u>Conway v. Smerling,</u> 37 Mass. App. Ct. 1, 3 (1994).

**PROBABLE CAUSE**

20. "Probable Cause [for arrest] exists where the facts and circumstances in the arresting officers' knowledge and of which they had reasonable trustworthy information are sufficient to warrant a [person] of reasonable caution in believing that an offense has been or is being committed." <u>U.S. v. Klein</u>, 522 F.2d 296, 299 (1st Cir. 1975).  Reasonable inferences and common knowledge are appropriate considerations for determining probable cause. <u>Commonwealth v. Kennedy</u>, 426 Mass. 703, 707 (1998).  Whether an inference is warranted or is impermissibly remote must be determined, not by hard and fast rules of law, but by experience in common sense. <u>Id</u>., at 707-708.  An inference need only be reasonable and possible; it need not be necessary or inescapable. <u>Id</u>., at 708.

21. An officer who had knowledge of the plaintiffs or other individual(s) with them as a person or persons previously arrested, made for stronger grounds

      for probable cause to arrest.  <u>Commonwealth v. Kennedy</u>, 426 Mass. 703, 709 (1998).

22. We have often recognized that a police officer's knowledge of the reputation for illegal acts interacting with a particular defendant, even though not sufficient alone, is a factor to support probable cause to arrest the defendant. <u>Commonwealth v. Kennedy</u>, 426 Mass. 703, 709 (1998).

23. Probable cause to arrest exists if, at the moment of the arrest, the facts and circumstances within the relevant actors' knowledge and of which they had reasonably reliable information were adequate to warrant a prudent person in believing that the object of his suspicions had perpetrated or was poised to perpetrate an offense.  <u>Commonwealth v Kennedy,</u> 426 Mass. 703, 708 (1998). <u>Roche v. John Hancock Mut. Life Ins. Co.</u>, 81 F.3d 249, 254 (1st Cir. 1996).  <u>See Beck v. Ohio</u>, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964); <u>United States v. Figueroa</u>, 818 F.2d 1020, 1023 (1st Cir. 1987).  By definition, the determination does not require scientific certainty.  <u>See</u> <u>Illinois v. Gates</u>, 462 U.S. 213, 235, 103 S.Ct. 2317, 2330-31, 76 L.Ed.2d 527 (1983).

24. In dealing with probable cause, as the very name implies, we are dealing with probabilities.  These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent people, not legal technicians, act.  <u>Commonwealth v Kennedy,</u> 426 Mass. 703, 710-711 (1998).  <u>Illinois v. Gates</u>, 462 U.S. 213, 231 (1983).  <u>See</u> also <u>Hegarty v. Somerset County</u>, 53 F.3d 1367, 1374 (1st Cir. 1995), *cert. denied*, 116 S.Ct. 675 (1995).

25. The Plaintiffs allege that the Defendants arrested them without probable cause in violation of their civil rights. The Defendants allege that they had probable cause to place the plaintiffs under arrest.  Under the Fourth Amendment of the United States Constitution, probable cause exists if "the facts and circumstances within [a police officer's] knowledge and of which

[the officer] had reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution" to believe that a crime has been committed or is being committed. Alexis v. McDonald's Restaurants of Massachusetts, Inc. 67 F. 3d 341 (1st Cir. 1995) quoting Carroll v. United States, 267 U.S. 132 (1925); United States v. Drake, 673 F. 2d 15 (1st Cir. 1982).

The "probable cause" analysis entails " 'an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time' and not [an assessment of] the officer's state of mind at the time the challenged action was taken." Id. quoting Maryland v. Macon, 472 U.S. 463 (1985) (quoting Scott v. United States, 436 U.S. 128 (1970)).

26. Probable cause will be found if "the facts and circumstances within [the officers'] knowledge and of which [they] had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [Defendants] had committed or was committing an offense." Id. quoting Rivera v. Murphy, 979 F. 2d 259 (1st Cir. 1992).

27. The quantum of evidence necessary to support probable cause must satisfy only this objective standing, and is not required to rise to the level of that needed to sustain a conviction. Noel v. Town of Plymouth, 895 F. Supp. 346 (D. Mass. 1995) quoting United States v. Cruz Jimenez, 894 F. 2d 1,4 (1st Cir. 1990).

28. The police officer's subjective knowledge of facts sufficient to constitute probable cause is central to evaluation of the propriety of an arrest, the police officer's view of the legal basis for the arrest is not important. Id. In actions brought for false arrest, probable cause need not have existed for the charge for which the Plaintiff was arrested, so long as probable cause existed for arrest on a closely related charge. Biddle v. Martin, 992 F. 2d 673 (1993).

29. When determining the issue whether probable cause existed, the issue is whether a reasonably competent police officer with knowledge of the facts actually known by the arresting officer, would have concluded that probable cause existed to arrest for the offense offered as justification.

30. To prove false arrest, the plaintiffs must prove, by a fair preponderance of the evidence, that the plaintiffs were arrested by the defendants, and then the defendants has to prove that the arrest was with probable cause.

31. An arrest supported by probable cause is not a false arrest for purposes of imposing civil liability on an officer even when the arrestee is later determined to be innocent. Finucone v. Town of Belchertown, 808 F. Supp. 906 (D. Mass. 1992). The question is not guilt or innocence, the question is whether probable cause existed at the time the officers made the decision to arrest the plaintiffs.

**FALSE IMPRISONMENT**

32. The plaintiffs have brought a claim alleging that defendants are liable for false imprisonment. To prove false imprisonment, the plaintiffs' must prove the following evidence by a fair preponderance of the evidence: (1) that the defendants unlawfully confined the plaintiffs, directly or indirectly; (2) that the defendants intentionally confined the plaintiffs; and (3) that the plaintiffs were either conscious of the confinement or harmed by the confinement. Restatement (Second) Torts § 35, False Imprisonment. See Noel v. Town of Plymouth, 895 F. Supp. 346, 354 (D. Mass. 1995) citing Santiago v. Fenton, 891 F.2d 373, 383 (1st Cir. 1989) and Wax v. McGrath, 255 Mass. 340, 342, 151 N.E. 317, 318 (1926).

33. An arrest based upon probable cause (reasonable grounds) provides justification for confinement. Wax v. McGrath, 255 Mass. 340, 343, 151 N.E. 317, 318 (1926).

34. An arrest warranted by law is not false imprisonment. <u>Doggett v. Hooper</u>, 306 Mass. 129, 133, 27 N.E.2d 737, 740 (1940).

**INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS**

35. In order for the plaintiffs to prevail in a case for intentional infliction of emotional distress, four elements must be established. The plaintiffs must establish: 1) that the defendants intended to inflict emotional distress or that they knew or should have known that emotional distress was the likely result of their conduct; 2) that the defendants' conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community; 3) that the actions of the defendants were the cause of the plaintiff's distress; and 4) that the emotional stress sustained by the plaintiffs was severe and of a nature that no reasonable man could be expected to endure it. <u>Agis v. Howard Johnson Company</u>, 371 Mass. 140, 355 N.E. 2d 315, 318-319 (1976).

36. The four elements required to establish a claim for intentional infliction of emotional distress are "aimed at limiting frivolous suit and avoiding litigation in situations where only bad manners and mere hurt feelings are involved." <u>Id.</u>, at 319, citing <u>Womack v. Eldridge</u>, 215 Va. 338, 342 (1974); <u>see also</u> <u>Simon v. Solomon</u>, 385 Mass. 91, 431 N.E. 2d 556 (1982).

37. Mere insults, indignity, threats, annoyances, petty oppressions, or other trivialities are not enough to establish liability. <u>Foley v. Polaroid Corp.</u>, 400 Mass. 82, 508 N.E. 2d 72, 82 (1987). Liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. Id.

**ASSAULT**

38. You may only find an assault **[and battery]** against a police officer if you find that the officer used intentional and <u>unjustified</u> force upon the person of another. Rose v. Town of Concord, 971 F. Supp. 47, 51 (D. Mass. 1997); Powers v. Sturtevant, 199 Mass. 265, 266 (1908).

39. In considering whether the plaintiffs have proven that the defendants committed an assault **[and battery]**, you must bear in mind that police officers are permitted or privileged to use that force which is reasonably necessary to overcome physical resistance by a person in police custody. You may find that the defendants committed an assault **[and battery]** only if you find that the officers used more force than was reasonably necessary to overcome the plaintiffs' resistance. Dean v. City of Worcester, 924 F.2d 364, 369 (1st Cir. 1991); Maiorana v. MacDonald, 596 F.2d 1072, 1078 (1st Cir. 1979); Commonwealth v. Moreira, 388 Mass. 596, 601-02, 447 N.E.2d 1224, 1228 (1983); Julian v. Randazzo, 380 Mass. 391, 396, 403 N.E.2d 931, 934 (1980); Commonwealth v. Young, 326 Mass. 597, 601-603, 96 N.E.2d 133, 135-36 (1950).

**DAMAGES**

40. For the defendants to be liable for damages, the plaintiffs have the burden of proving by a preponderance of the evidence that whatever injury they suffered was proximately caused by the conduct of the defendants. That is, you cannot find that the defendants violated the plaintiff's constitutional rights unless you may find that there is a sufficient causal connection between the defendants' acts and the plaintiffs' alleged injury. To determine whether there is proximate cause, you must determine whether there is an affirmative link between the defendants' acts and the alleged injury. Fernandez v.

Chardon, 681 F.2d 42, 55 (1st Cir. 1982), aff'd Chardon v. Soto, 462 U.S. 650 (1983); Rizzo v. Goode, 423 U.S. 362, 371 (1976).

41. If you find that the plaintiffs' rights were violated, you can award compensatory damages only if you find actual injury caused by the constitutional deprivations. Carey v. Piphus, 435 U.S. 247, 264 (1978). Davet v. Maccarone, 973 F.2d 22, 29 (1st Cir. 1992).

42. If the plaintiffs suffered no injuries, no compensatory damages can be awarded. Memphis Community School Districts v. Stachura, 477 U.S. 299 (1986).

**PUNITIVE DAMAGES**

43. Punitive damages are only allowed in civil rights cases where the defendants' conduct is shown to be motivated by evil motive, or intent or when it involves reckless or callous indifference to the federally protected right of others. Smith v. Wade, 461 U.S. 30 (1983). The words used to mark off the domain of punitive damage awards – words like 'maliciously' – indicate that punitive damages – are reserved for cases where the wrongfulness of the defendant's conduct is conspicuous." Soderbeck v. Burnett County, Wis., 752 F.2d 285, 291 (7th Cir. 1985). "There must be a high degree of culpability to warrant punitive damages." BMW v. Gore, 46 S.Ct. 1589, 1601 (1996).

44. Punitive damages may not be awarded where actual damages suffice to deter a defendant's wrongdoing. Rosado v. Santiago, 562 F.2d 114 (1st Cir. 1977); Smith v. Wade, 461 U.S. 30 (1983).

45. Punitive damages are reserved instances where a defendant's conduct is of the sort that calls for deterrence and punishment over and above that provided by compensatory damages. Davet v. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992).

Respectfully submitted,
Defendants,
By Their Attorney


   /s/ Jeremy I. Silverfine
Leonard E. Kesten, BBO # 542042
Jeremy I. Silverfine, BBO # 542779
Karen W. Peters, BBO # 658903
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100

Date:  February 28, 2007