UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  04-CV12357PBS

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, | ) |
| Individually and as mother and next friend of | ) |
| BRIAN KENNEDY, JR., | ) |
| MITCHELL KENNEDY AND DYLAN KENNEDY | ) |
| Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| TOWN OF BILLERICA, DANIEL C. ROSA, JR. | ) |
| Individually and as Chief of the Billerica Police Department, | ) |
| JOHN BARRETTO, Individually and as former Chief of the | ) |
| Billerica Police Department, PAUL W. MATTHEWS, | ) |
| Individually and as former Chief of the Billerica Police | ) |
| Department, ROBERT LEE, Individually and as former | ) |
| Deputy Chief of the Billerica Police Department, THOMAS | ) |
| CONNORS, FRANK A. MACKENZIE, RICHARD | ) |
| RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK | ) |
| TSOUKALAS, TARA CONNORS,  MARTIN E. CONWAY, | ) |
| ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, | ) |
| WILLIAM MCNULTY, DONALD MACEACHERN, | ) |
| MICHAEL A. CASEY, RICHARD NESTOR, ROBERT | ) |
| BROWN, WILLIAM G. WEST, GREGORY KATZ, | ) |
| GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM | ) |
| MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY | ) |
| F. MCKENNA AND JOHN DOE, | ) |
| Defendants | |

DEFENDANTS' MOTION TO SEVER AND STAY

The Defendants, in the above-captioned action, hereby move pursuant to Federal Rule of Civil Procedure 42(b) that this Honorable Court issue an order that the plaintiffs' claims of municipal liability (the so-called *Monell* claims) be severed from the plaintiffs' claims against the individual named defendant police officers and that the claims against the individual police officers be tried first.  In support thereof, the defendants state that separate trials, if necessary, further the interests of convenience, will be conducive to expedition and economy, and

avoid prejudice — in short, all of the goals cited in Rule 42(b).  As grounds therefor, the defendants state as follows:

To prevail against the City of Billerica, the plaintiffs would first be required to demonstrate that they were deprived of a right protected by the Constitution and the laws of the United States.  *Bibbo v. Mulhern*, 621 F.Supp. 1018, 1023 (D.Mass. 1985).  If the jury finds that the plaintiffs suffered no injury at the hands of any individual officer, then the defendant municipality and police chiefs cannot be held liable.  *City of Los Angeles v. Heller*, 475 U.S. 796, 798-799 (1986)(wherein District Court held bifurcated trial).  In this case, the plaintiffs have named Daniel Rosa, John Barretto, Paul Matthews, and Robert Lee in their capacity as chiefs (although Rosa is the only named chief for purposes of the first trial).  If the individual police officers are exonerated by a jury, there can be no basis for an assertion of liability against the municipality and the persons constituting its police commission.  Id., at 798.  In other words, if the Town of Billerica and its former and present police chiefs were sued only because they were thought to be legally responsible for an individual police officer's actions; if the individual officer inflicted no constitutional injury on the plaintiffs, it is inconceivable that the Town and the former and present police chiefs could be liable.  Id., at 799.

The decision to bifurcate or sever and stay is left to the discretion of the court.  *Data General v. Grmman Systems Support Corporation*, 795 F. Supp. 501, 503 (D.Mass. 1992).  By making this determination on a case-by-case basis, the court considers what choice would be most "likely to result in a just final disposition of the litigation."  *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986).  See also *Laitram Corporation v. Hewlett-Packard* Company, 791 F. Supp. 113, 114 (E.D. La. 1992).  Potential prejudice is a factor that is also considered when determining whether to bifurcate.  Id., at 115.

Severing the case will allow the court to focus on the issues and acts pursuant to an individual defendant.  Certain evidence may be admissible against certain defendants while it would be prejudicial against other defendants.

If the court or jury determines that the defendant police officers did not violate the plaintiffs' rights, the municipality cannot be held liable.  *City of Los*

*Angeles v. Heller,* 475 U.S. 796, 798 (1986).  Further, there can be no award of damages against the municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm.  Id., at 799.

In the interests of judicial economy and in an effort not to prejudice the defense of the individually named police officers, the defendants' motion should be allowed.

WHEREFORE, the defendants move to sever and stay the claims of municipal liability from the claims against the individual officers.


Respectfully submitted,
The Defendants,
By their attorneys,


    /s/ Jeremy Silverfine
Jeremy Silverfine, BBO No. 542779
Leonard H. Kesten, BBO No. 542042
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Date:  February 28, 2007