UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************************
BRIAN KENNEDY, et al                 *
                                     *
              Plaintiffs             *
                                     *
v.                                   *    C. A. No. 04-CV-12357-PBS
                                     *
TOWN OF BILLERICA, et al             *
                                     *
              Defendants             *
*********************************************
```

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

Now comes the plaintiffs in the above referenced matter and, pursuant to Rule 51 of the

Fed. R. Civ. P. respectfully submits the following requests for instructions to be read to the

jury.  These instructions are submitted as a <u>draft</u> and the plaintiff reserves the right to modify

the existing instructions in a timely fashion before trial, add additional or supplemental

instructions or remove instructions provided herein.

## I. INTRODUCTION

1.  In this case the plaintiffs, members of the Kennedy family, claim to have suffered

from a pattern of harassment by the Billerica Police Department since 1991.  The Kennedy

family allege that members of the Billerica Police Department have collectively engaged and

continue to engage in a conspiracy to terrorize, intimidate, harass, humiliate, injure and deprive

the plaintiffs of their liberty and happiness.

The plaintiffs claim that the defendants have wrongfully arrested and maliciously

prosecuted the plaintiffs on numerous occasions for crimes the defendants knew they did not

commit; attempted to interfere with plaintiffs' defense of the criminal charges brought against

them by threatening plaintiffs' witnesses; solicited perjured testimony from witnesses in order to

justify the wrongful arrests of the plaintiffs and bolster the prosecution of bogus charges; violated

normal bail and release procedures in order to extend the time that the plaintiffs would be

incarcerated; subjected the plaintiffs to humiliation during periods of incarceration; threatened

and engaged in unprovoked and unlawful physical violence against the plaintiffs causing them to

suffer physical injuries; subjected the plaintiffs to an inordinate amount of surveillance and improperly stopped and issued numerous bogus citations to the plaintiffs; deliberately failed and refused to prosecute individuals who have perpetrated crimes against the plaintiffs; and threatened other individuals who either worked for or socialized with the plaintiffs.

The plaintiffs have tort claims for false arrest and false imprisonment, intentional infliction of emotional distress, loss of consortium, assault and battery, malicious prosecution, abuse of process, conspiracy, as well as state and federal civil rights claims against the defendant officers, the defendant chiefs of police and the defendant Town of Billerica.

Specifically, the plaintiffs alleges that their harassment, arrest, assault and battery and detainment violate their rights under Massachusetts General Law, the Constitution of the United Sates, and the Massachusetts Declaration of Rights.

## II. **GENERAL PRINCIPALS**

### A. Burden Of Proof

2.   In order to prove his claim of violations of 42 USC §1983, the Federal Civil Rights Statute, the plaintiffs needs to establish by a preponderance of the evidence each of the following elements:

First:   That the defendants performed acts which operated to deprive plaintiffs of one or more of their Federal Constitutional rights, as defined and explained in these instructions, by seizing the plaintiffs, prosecuting the plaintiffs, assaulting and battering the plaintiffs, all without probable cause.

Second:  That the defendants acted under the color of the authority of the state of Massachusetts.

Third:  That the defendants' acts in detaining, arresting, assaulting, battering, and imprisoning and charging the plaintiffs with crimes, in the circumstances, were the proximate cause of damages by the law.

The plaintiffs seek to recover money damages from the defendants and have brought this suit against defendant police officers who they claims wrongfully detained, arrested, assaulted, battered and caused criminal process to issue against them, an act that the defendant officers were prohibited from absent probable cause.  If you find, by a preponderance of the evidence, that the defendant police officers, by their conduct, infringed upon the rights of the plaintiffs which are guaranteed by the federal and/or state constitutions, then the defendants are liable to the plaintiff for money damages. 42 U.S.C. s.1983.

The plaintiffs also seek to recover money damages from the defendant chiefs of police and the Town of Billerica, who they claim failed to properly train, supervise and discipline the defendant officers.  If you find, by a preponderance of the evidence, that the defendant chiefs of police and defendant Town of Billerica's failure to properly hire, train, supervise and discipline was an official policy, practice, or custom and caused a denial of the constitutional

rights of the plaintiffs, then the defendants are liable to the plaintiff for money damages. 42 U.S.C. §1983.

**B. Preponderance of the Evidence**

3. The burden on the plaintiffs in a civil action, such as this, is to prove the elements of their claims by what is termed a "preponderance of the evidence."

To establish something by a "preponderance of the evidence" means to prove to the jury's satisfaction that something is more likely so than not so.  It is as though there are evenly balanced scales such that, if the plaintiffs can tip the scales even slightly in their favor, then the plaintiffs will prevail.

This is not a criminal case, and so the elements of the plaintiffs' claims need not be proven "beyond a reasonable doubt."

Anything is sufficiently established if the evidence before you satisfies you that it is even only slightly more likely than not, even though there may be doubts still lingering in your mind.  _Sargent v. Massachusetts Accident Co._, 307 Mass. 246, 250, 81 N.E. 825 (1940.) _Zezuski v. Jenny Mfg. Co._, 363 Mass. 324, 293 N.E. 2d. 875 (1973).

**C. Weight of Evidence**

     4.  The testimony of a police officer is entitled to no special or exclusive sanctity.  A police officer who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does, and in the case of police officers you should not believe them merely because they are police officers.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.  People employed by the government, including policemen, do not stand in any higher station in the community than other persons and their testimony is not entitled to any greater weight. *Roberts v. Hollocher*, 664 F.2d 200 (8th Cir. 1981); *Darbin v. Nourse*, 664 F.2d. 1109 (9th Cir. 1981) *Jennings v. Davis*, 476 F.2d. 1271 (8th Cir. 1973), *Byrd v. Briske*, 466 F.2d. 6, 11 (7th Cir. 1972).

**D. "Color of Law"**

5 "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as a police officer.  The plaintiffs do not have to prove that the defendants were acting within the law.  If they were acting as police officers, then they was acting under the color of law.  <u>Monroe v. Pape</u>, 365 U.S. 167 (1961).  As there is no dispute that defendant officers were acting in their capacity as police officers for the Town of Billerica or that the defendant chiefs of police were acting in their capacity as chiefs of the Billerica Police Department,  you must find that all of the defendants acted under color of law.

### III. <u>LIABILITY</u>

**A. FEDERAL CIVIL RIGHTS CLAIMS**

i. Plaintiffs' Claims

6.  Specifically, the plaintiffs alleges that, beginning in the summer of 1991, the Billerica police began a pattern or harassment, including, among other things, threatening, arresting, assaulting and battering and  caused criminal charges to be issued against the plaintiffs without probable cause.

The United States Constitution and the Massachusetts Declaration of Rights both provide that all persons have the constitutional right to be secure in their persons, the constitutional right not to be arrested or imprisoned without probable cause, and the constitutional right not to be deprived of liberty, including the right to be free from unreasonable violations of one's personal integrity, without due process of law.

The plaintiffs claims violations of these rights when they were unlawfully detained, arrested, assaulted and battered, imprisoned and charged with crimes without probable cause.

See <u>U.S. v. Ortiz</u>, 95 S.Ct. 2588 (1975); see also <u>Davis v. Mississippi</u>, 394 U.S. 721 (1969). The laws of the United States authorize the award of actual damages when police conduct, or misconduct, infringes upon these constitutionally guaranteed rights.  42 U.S.C. s. 1983; See <u>Davis v. Smith</u>, 638 F.2d. 66 (8th. Cir. 1981).

### ii. Fourth Amendment Claim

7.  The plaintiffs contend they were deprived of their right to be secure in their persons as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution on multiple occasions by officers from the Billerica Police Department.  I instruct you that, as a matter of law, the plaintiffs have a constitutional right to be secure in their persons and free from unreasonable seizure and deprivation of their freedom.  Schiller v. Strangis, 450 F.Supp. at 613 [quoting Landrigan v. City of Warwick, 628 F.2d 736, 741-42 (1st Cir. 1980)].  The plaintiffs will establish seizures in violation of the Fourth Amendment if they prove, by a preponderance of the evidence that in the totality of the circumstances, the seizures and the amount of force applied in effecting the seizures was unreasonable.  Graham v. Connor, 490 U.S. 386 (1989).

### iii. Fourteenth Amendment Claim

8.  You are instructed that the Fourteenth Amendment to the Constitution of the United States guarantees all persons the right not to be deprived of liberty without due process of law. This means, essentially, that all persons are entitled to justice through the court system and that they cannot be deprived of their liberty, or freedom without a due process hearing.  Screws v. United States, 325 U.S. 91 (1945).

If you find that any of the defendants in this case "Decide[d] to take the law into their own hands and acte[d] as prosecutor, jury and judge...", Screws, 325 U.S. at 106, or that the defendants deprived the plaintiffs of.."the right to be tried by a court rather than by ordeal."  id. at 107, then you must find that the defendants deprived the plaintiffs of their Fourteenth Amendment right to due process of law.  Id. at 107.

**iv. Willful Violation of Fourteenth Amendment**

9.  If you the jury should find from the evidence in the case that the defendants did wrongfully arrest the plaintiffs as charged in the complaint, and should further find that defendants acted willfully in wrongfully arresting the plaintiffs, then you may find the defendants liable for willfully subjecting the plaintiffs to the deprivation of a rights and privileges secured and protected by the Constitution of the United States, as charged in the complaint, whether or not there is any explicit showing of malice in the constitutional violation.  Screws v. United States, 325 U.S. 91, 101-103, 106-107, 65 S.Ct. 1031, 1035-1038, 89 L.Ed. 1495, 162 A.L.R. 1330 (1945).

**v. Fourteenth Amendment and 42 USC §1983 Generally**

10.  The Fourteenth Amendment to the Constitution provides that:  "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the Unites States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Screws v. United States, 325 U.S. 91, 98, 65 S. Ct. 1031, 1033, 89 L. Ed. 1495, 162 A.L.R. 1330 (1945); United States v. Cooney, 217 F. Supp. 417 (D. Colo. 1963).

Section 1983 of 42 U.S.C.A. provides that:  "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State ... to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States", shall be guilty of an offense against the laws of the United States. The statute just read to you is one of the Civil Rights Acts enacted by the Congress to enforce the Fourth and Fourteenth Amendments to the Constitution of the United States.  Four essential elements are required to be proved in order to establish the violation of constitutional rights alleged by the plaintiffs.

First:  The act or acts of defendants in wrongfully detaining, arresting, beating, and prosecuting the plaintiffs were without justification or probable cause;

Second:  Such act or acts were done under color of some State law, or some County ordinance, or some regulation of a Police Department of the State of Massachusetts issued in accordance therewith, as charged;

Third:  That such acts were done unlawfully; and

Fourth: Such acts were done in such a way or manner, and under the circumstances, as willfully to deprive the plaintiffs of their Federal Constitutional right to be secure in their persons, and not to be denied liberty or freedom from corporal punishment, without due process of law.  Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330 (1945); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031 85 L.Ed. 1368

(1941), reh. denied 314 U.S. 707, 62 S.Ct. 51, 86 L.Ed. 565; <u>Koehler v. United States</u>, 189 F. 2d 711 (5th Cir. 1951), cert. denied 342 U.S. 852, 72 Ct. 75, 96 L.Ed. 643 (1951), reh. denied 342 U.S. 889, 72 S.Ct. 172, 96 L.Ed. 667; <u>Apodoca v. United States</u>, 188 F.2d. 932 (9th Cir. 1951).

### vi. Color of Law Requirement

11.  Since the defendants acted with an intention to take official action against the plaintiffs and acted in their capacity as a police officers in detaining, questioning, assaulting and battering, arresting and prosecuting the plaintiffs, then you must find that the defendant police officers were acting under color of state law.

_Williams v. United States_, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951); _Screws v. United States_, 325 U.S. 91, 65 S. Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330 (1945); _United States v. Classic_, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941), reh. denied 314 U.S. 707, 62 S.Ct. 51, 86 L.Ed. 565; _United States v. Jackson_, 235 F. 2d 925 (8th Cir. 1956); _Brown v. United States_, 204 F.2d 247 (6th Cir. 1953); _Koehle v. United States,_ 189 F. 2d 711, 713 (5th Cir. 1951), cert. denied 342 U.S. 889, 72 S. Ct. 75, 96 L.Ed. 643 (1951), reh. denied 342 U.S. 889, 72 S. Ct. 172, 96 L.Ed. 667; _Catlette v. United States_, 132 F.2d. 902 (4th Cir. 1943); _United States v. Lynch_, 94 F. Supp. 1011 (N.D. GA. 1950), aff'd 189 F. 2d. 476 (5th Cir. 1951), cert. denied 342 U.S. 831, 72 S. Ct. 50, 96 L.Ed. 629 (1951).

### vii.  Requirement That Defendants Acted "Wrongfully"

12.  If you determine that the defendants committed the acts of which they are charged, and did so under color of law, then you may determine that they did those acts wrongfully. You are instructed that the Fourth Amendment to the United States Constitution provides people in this country with the right to be secure in their persons.  Should you find that the defendants violated the plaintiff rights under the Forth Amendment and did so under color of law, then you may find that the defendants acted wrongfully.  *Schiller v. Strangis*, 450 F. Supp. at 613 [quoting *Landrigan v. City of Warwick*, 628 F.2d. 736, 741-42 (1st Cir. 1980)]

**viii.  Requirement that Defendants Acted "Knowingly"**

13.  An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident of other innocent reason.  <u>U.S. v. A & L Trucking Co.</u>, 358 U.S. 121, 125 (1958).  It is not necessary to find that any defendant had any specific intent to deprive the plaintiffs of their civil rights in order to find in favor of the plaintiffs.  The plaintiffs are entitled to relief if the defendants acted in a manner which resulted in a violation of the plaintiffs' rights.  <u>Gomez v. Toledo</u>, 446 U.S. 635 (1980); <u>Monroe v. Pape</u>, 365 U.S. 167 (1961); <u>Pierson v. Ray</u>, 386 U.S. 547 (1967); <u>Roberts v. Williams</u>, 456 F.2d 819 (5th Cir. 1971); <u>Skehan v. Board of Trustees</u>, 538 F.2d 53 (3d. Cir. 1976) (en banc).

### ix. Constitutional Protections Under §1983 Generally

14.   While every push and shove does not amount to a constitutional violation, it is likewise clear that the shield of the Constitution covers the individual's physical integrity. Each of us, as citizens under the Constitution, can expect to be safe and secure from seizure or unlawful orders.   Deliberate indifference to the victim's well-being is more than negligence and supports a §1983 claim.   *Taylor v Ledbetter*, 818 F2d 791 (11th Cir., 1987)  Gross negligence or reckless disregard for the safety of others is cognizable as a constitutional violation actionable under §1983.   *White v Rochford*, 592 F2d 381 (7th Cir., 1979)

**x. Excessive Force in Arrest**

15.  Plaintiffs Michelle Kennedy, Brian Kennedy, Mitchell Kennedy, Dylan Kennedy and Brian Kennedy, Jr. all claim that they were subjected to excessive force by defendant police officers on various dates.  In that regard, you are instructed that every person has the right not to be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even when such arrest is otherwise made in accordance with due process of law.

A person, even if he is being lawfully arrested, has a constitutional right to be free from excessive force.

A police officer is entitled to use only such force as is reasonable to take the arrested person into custody or to conduct an inventory search during a booking process.  This may include only such force as is reasonably necessary to overcome any resistance to his lawful performance of his duties as a police officer.  No police officer is allowed to use any force beyond that reasonably necessary to accomplish such lawful purpose.  Force may be used only to overcome physical resistance or threatened force.  Bauer v. Norris, 713 F.2d. 408 (8th Cir. 1983) Voutour v. Vitale, 761 F2d 812 (1st Cir. 1985), United States v. McQueeney, 674 F.2d. 109 (1st Cir. 1972), Landrigan v. City of Warwick, 628 F.2d. 736 (1st Cir. 1972).

### xi. Objective Reasonableness Standard

16.  The defendants need not have intended to violate the constitutional rights of the plaintiffs.  The conduct of state and government officials is to be measured by an "objective reasonableness" standard.  If the defendant police officers' conduct was enough to violate a "clearly established constitutional rights that a reasonable person would have known", then you must find that defendant police officers violated the plaintiffs' civil rights.  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

### xii. Conspiracy to Violate §1983

17.  A conspiracy exists when two or more persons reach an understanding to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means. It is in essence a combination to disobey or disregard the law. The understanding between the members need not be an express or formal agreement. Thus, conspiracy is seldom able to be proved by direct evidence. Rather, the existence of a conspiracy may be inferred from a series of events and may be proved by circumstantial evidence.

Although a common design is the essence of conspiracy, the law does not demand proof that each conspirator knew the exact limit of the illegal plan, or the identity of all participants. It does require that there be a single plan, the essential nature and general scope of which is known to each person who is to be held responsible for its consequences. It is not necessary for the plaintiff to provide that the defendants came together and, in so many words, agreed upon the matter. If it is proved that the defendants pursued the same object, one performing one part and another performing another part, you will be justified in concluding that they are engaged in conspiracy to effect that object.

Each conspirator is responsible for everything done by co-conspirators which follows from the execution of the common design as one of its probable and natural consequences, even though it was not intended as part of the original design. A defendant, therefore, who is proved to be a member of a civil conspiracy is liable for a plaintiff's injuries caused by the conspiracy, even if his own personal acts did not proximately contribute to that injury.

Should you find that the defendant officers acted together to harass, intimidate, assault and batter, arrest without probable cause, or use criminal process against any member of the Kennedy family, in violation fo their Constitutional rights, then you may find that the defendant officers engaged in a conspiracy. If you so find, you should award, from each defendant,

damages to compensate each plaintiff for the injuries caused by the conspiracy, whether or not each individual defendant's own personal acts did not contribute to that specific injury.

*Adickes v. S.H. Kress & Co.*, 389 U.S. 144 (1970); *Hamptom v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979), rev'd in part on other grounds, 44  6 U.S. 754 (1980).

*Wilson v. Town of Mendon*, 294 F.3d 1 (1st Cir., 2002)

*Com. v. Adams*, 416 Mass. 558, 624 N.E.2d. 102 (Mass.,1993), citing *Bell v. Mazza*, 394 Mass. 176, 184, 474 N.E.2d 1111 (1985);

*O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d. Cir.1988).

**xiii.  Arrests or Stops As Civil Rights Violations, Even With Probable Cause**

18.  A civil rights violation may arise, under the Fourteenth Amendment's equal protection clause, when an officer uses his discretion to intentionally discriminate against someone, even if the officer had probable cause to make the arrest, stop or other police action and even if it is within the officer's discretion whether or not to make the arrest, stop or other interaction.  If the officer uses his discretion to arrest, stop or to initiate other police action selectively for a discriminatory purpose, then you may find that officer has violated that individual's civil rights.

Should you find that any defendant officer used their discretionary power to arrest, stop or otherwise interact with an individual selectively for a discriminatory purpose against any plaintiff, then you have found a civil rights violation.

*Wayte v. United States*, 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)

*Washington v. Davis*, 426 U.S. 229, 239-41 (1976).

## C.  MUNICIPAL LIABILITY

**i. Municipal Liability Generally**

19.  The Town of Billerica is liable if you find that plaintiffs have proved that they have been deprived of one or more of their constitutional rights and that such deprivation was done pursuant to a government practice, policy, or custom.  Foley v. City of Lowell, et.al., 948 F.2d 10 (1st Cir. 1991)  Monell v. Department of Social Services, 436 US 658, 694 (1978).

### ii. Practice, Policy, or Custom

20.   When a plaintiff is injured as a result of a government's practice, policy or custom, the city itself is responsible for the injury that it caused.  The essential elements of a plaintiff's claim under 1983 against a municipality are that an official policy, practice, or custom caused a denial of a constitutional right in this case.  Specifically, we are concerned with the alleged deprivation of the plaintiffs' constitutional rights to due process and to be free from unreasonable seizure.  *Foley v. City of Lowell, et.al.*, 948 F.2d. 10.  *Monell v. Department of Social Services*, 436 US at 694.

### iii. Policy, Practice, and Custom: Causation

21. A governmental body can be found responsible for the deprivation of a person's constitutional rights if the actions taken by its police officers are in accordance with a practice, policy or custom of the government and the individual actions of the police officers caused the deprivation of plaintiff's rights.  _Foley v. City of Lowell, et.al._,  948 F.2d. 10.  _Board of County Commissioners of Bryan County, Oklahoma v. Brown_, 520 U.S. at 403.

### iv. Vicarious Liability

23.  The defendant Town of Billerica is the employer of police officers.  The town cannot be held liable for violations of the plaintiffs' constitutional rights under the federal civil rights law on account of the individual officers' activities merely because the police officers are its employees.  _Foley v. City of Lowell, et.al._, 948 F.2d 10.  _Monell v. Department of Social Services_, 436 US at 694.  However, the Town of Billerica can be found liable if the individual officers were free to act as they did because the town failed to properly train, supervise, and discipline so that the defendants felt free to violate the plaintiffs' rights under the Massachusetts Deceleration of Rights, the United States Constitution, and the Laws of Massachusetts.

**v. Plaintiff's Burden of Proof**

24.   The plaintiff must show that the Town of Billerica's own policy, practice or custom demonstrates deliberate indifference to the rights of persons with whom the police come in contact and that the city's deliberate indifference must be causally linked to the specific violation of plaintiff's rights in this case.   *Foley v. City of Lowell, et.al.*, 948 F.2d. 10. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).

**vi. Custom or Practice Defined**

25.  A custom or practice may be an official policy of a town.  However, the custom or practice does not have to be authorized by written law, nor must it be the result of formal approval through official decision-making channels.  It is enough that the custom or practice is so permanent and well established as to demonstrate implicit authorization or approval or acquiescence of the unconstitutional kind.  *Foley v. City of Lowell, et.al.*, 948 F.2d 10.

**vii. Failure to Train, Supervise, or Discipline Constituting a Custom or Practice**

26.  Where a town's failure to train, supervise, or discipline police officers is with deliberate indifference of plaintiffs' rights and this failure to train, supervise or discipline constitutes a custom or practice of the city, then the town itself may be held liable under 1983. Should you find that the defendant chiefs of police failed to properly train, supervise or discipline officers from Billerica constituted a custom or practice, then the Town of Billerica may be held liable under 1983.

*Foley v. City of Lowell, et.al.*, 948 F.2d. 10.

**viii. Failure to Train, Supervise, or Discipline: Causation**

     27.  Oversights in the training process or simple negligence in some training or disciplinary procedures will give rise to a §1983 violation where the training, supervision, or disciplinary procedures amounts to deliberate indifference to the rights of persons with whom the police came in contact.  If you find that the town's alleged failure to train, supervise, or discipline police officers constitutes a custom, practice, or policy of the Town of Billerica, you must also find that there is a direct link between the municipal policy or custom or practice and the alleged constitutional deprivation you find to have occurred in this case. *Foley v. City of Lowell, et.al.*, 948 F.2d 10.

### ix. Deliberate Indifference Defined

28.  In order to find defendant Town of Billerica liable for the violations of the plaintiffs' rights, you must find that the Town of Billerica, through its policymakers, demonstrated deliberate indifference to the right of persons in the position of the plaintiffs. "Deliberate indifference" means that the policymakers of the city, the defendant chiefs of police, failed to take action or were responsible for policies or customs, with a conscious disregard for the consequences of those actions or policies or customs.

You may find conscious disregard of the consequences when the Town of Billerica failed to take action despite the fact that a meaningful risk existed that constitutional violations would occur, and that the risk was either actually know to the policymakers of the city, or was objectively obvious and they should have known of the risk.

Should you find that the defendant chiefs of police knew or had reason to know about the Kennedy's treatment at the hands of the defendant police officers and failed to take action, consciously disregarding the risk of further constitutional violations, then you may find he Town of Billerica was deliberately indifferent.

*Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397 (1997)

**D. STATE CIVIL RIGHTS CLAIMS**

**i. Rights Under the Massachusetts Constitution and Massachusetts General Laws**

29.  The plaintiffs further allege that the conduct of the defendant police officers violated their rights under the Massachusetts Constitution and Massachusetts Civil Rights Act, Mass. General Laws Ch. 12, Section 11 I.  These rights include the right of the individual to be secure in their person,  [Massachusetts Constitution, Declaration of Rights, Article XIV]

In order to prevail on the state civil rights act violation claim, the plaintiffs must show that their civil rights, specifically the right to be secure in their persons, were interfered with by threats, intimidation or coercion. _Sena v. Commonwealth_, 417 Mass. 250 (1994).

Should you find that defendant officers' stops, arrests, assault and batteries, imprisonments and prosecutions constituted threats or coercion that violated the plaintiffs right to be secure in their persons, then you must find a violation of the Massachusetts Civil Rights Act.

**E.  COMMON LAW TORTS**

 **i. Claims**

30.  The plaintiffs also claim that the defendant police officers committed common law intentional torts upon the plaintiffs by detaining them, falsely imprisoning them, by assaulting and battering them, by abusing process against them, by maliciously prosecuting them, and by intentionally causing them emotional distress by the recklessness and outrageousness of their conduct.

**ii. Assault and Battery**

**a. Assault and Battery Generally**

    31.  Assault and battery is an intentional and unjustified use of force, however slight, upon the person of another.  _LeSaint v. Weston_, 301 Mass 136 (1938); _Ross v Michael_, 246 Mass 126 (1923).  If you should find that the any defendant used unjustified force against any plaintiff, then you should find that the defendant assaulted and battered that plaintiff.

**b. Assault**

32.  To establish a case for assault, the plaintiffs must prove that any of the defendants intended to cause harmful or offensive contact with that plaintiffs' persons or intended to cause the plaintiffs to fear the infliction of harmful or offensive contact with their person, and that such contact or apprehension of immediate bodily harm was without that plaintiff's consent.  *O'Brien v. Cunard, S.S. Co.* 154 Mass 272 (1891).

**c. Battery**

33.  To establish a case of battery, plaintiffs must prove that: (i) the defendants intended to cause a harmful or offensive contact with their persons; (ii) defendants made contact with plaintiffs' body; and (iii) plaintiffs did not consent to the contact.  *Lynch v. Egbert*, 360 Mass. 90 (1971).

**d. Battery: Plaintiff's Burden of Proof**

34.  It is not necessary for a plaintiffs to prove that the defendants intended the specific harm which the plaintiffs suffered as a result of the battery.  Instead, it is the contact with plaintiffs' body which must be intended and not the result.

_Com. v. Hawkins_, 157 Mass. 551,  553 (1893).  See also Nolan and Sartorio, Tort Law, 37 M.P.S. Sec. 14 (1989).

**e. Justification**

  35. The defendants bear the burden of proving that any assault or battery on the plaintiffs were justified.  If you, the jury, find that the plaintiffs submitted to the detainment and arrest before being assaulted and battered, then a finding of justification is not available. *Ware v. Garvey*, 139 F. Supp. 71, 79 (D.C. Mass. 1956) applying Massachusetts substantive law); *Julian v. Randazzo*, 403 N.E. 2d 931, 934 (1890).  <u>See also</u> Nolan and Sartorio, <u>Tort Law</u>, 37 M.P.S. Section 181 (1989).

**f. Amount of Force**

36.  If the defendants fail to prove that the amount of force used was justified, then the defendants are liable for the damage to plaintiffs caused by the use of force.  <u>Restatement of Torts</u>, 2d Section 132, cited in Nolan and Sartorio, <u>Tort Law</u>, 37 M.P.S. Section 181 at 321 (1989).

**g. Justified Use of Force, Burden of Proof**

37.  If the defendants prove that the assault or battery was justified, the defendants are not free to apply any degree of force to the plaintiffs.  Rather, the defendants bear the burden of proving that the amount of force used was not excessive.  *Id*.

**h. Self Defense**

38. If the defendants fail to prove that the amount of force used was justified, the plaintiffs are privileged to use that degree of force that is reasonably necessary to defend themselves against the application of excessive force by the defendants. <u>Restatement of Torts</u>, 2d Section 63 -75, cited in Nolan and Sartorio, Tort Law, 37 M.P.S. Section 181 at 322.

**i. Excessive Force Determination**

39.  To determine whether their defendants applied excessive force in their arrests of the plaintiffs, you must consider the totality of the circumstances, including the Rules and Regulations in effect regarding the application of force of the Billerica Police Department, the size and position of the plaintiffs and defendants, the amount of resistance to the use of force by defendants and all other circumstances and evidence.  Restatement of Torts, 2d, Section 132; Nolan and Sartorio, supra, at 321.

**j. False Imprisonment**

40.  A police officer commits a false imprisonment of another if: (1) he arrests the individual without a legal privilege to do so; and (2) the police officer intentionally confines the individual for some period of time; that is, if he forcibly or by threat of force, or by assertion of legal authority to arrest or detain, prevents the individual from moving about.

To constitute confinement, one must be restrained within a limited area for a perceptible period of time, but such restraint need not be for a lengthy period of time.  Even seconds are sufficient, if the restraint is complete. _Dunaway v. New York_, 442 U.S. 200 (1979); _Brown v. Texas_, 443 U.S. 47 (1979) _Henry v. United States_, 361 U.S. 98 (1959) _Brinegar v. U.S._, 338 U.S. 160, 175-176 (1949) _Alegata v. Comm._, 353 Mass. 287.

**k.  Intentional Infliction of Emotional Distress**

**i.  Intentional Infliction of Emotional Distress Standard**

41.  To establish a case for the intentional infliction of emotional distress, the plaintiffs must prove the (i) the defendants committed acts or omissions intended to inflict such distress on the plaintiffs that the defendants knew or reasonably should have known that such distress was the likely result of their conduct; (ii) the conduct was extreme and outrageous; (iii) the conduct caused plaintiffs' distress and (iv) that the plaintiffs suffered severe distress.  *Agis v. Howard Johnson Co.* 371 Mass. 140, 355 NE 2d 315, 318-19 (1976). Patterns of conduct which you could find were extreme and outrageous or reckless in their totality are sufficient for a finding of intentional infliction of emotional distress, even where the acts, if taken alone, may not be sufficiently extreme to find liability for infliction of emotional distress.

If you, the jury, find that the conduct of the defendants, in detaining, assaulting, battering, arresting and charging the plaintiffs with crimes in violation of their Fourth Amendment Rights was extreme and outrageous, then you should find that the acts of the defendant police officers constitute the intentional infliction of emotional distress.  *Boyle v. Wenk*, 378 Mass. 592, 392 N.E. 2d. 1053, 1055-56 (1979); *George v. Jordan Marsh Co.*, 359 Mass. 244, 268 N.E. 2d 915, (1971).

**ii. Intentional, Reckless, and Outrageous**

42.  If you find the defendants' conduct against plaintiffs was intentional and reckless and was so outrageous that it offended all sense of decency in the community, you may find that the conduct of the defendants constituted an intentional infliction of emotional distress upon the plaintiffs.  *Agis v. Howard Johnson Co.*, 371 Mass. 140 (1976).

**L. Abuse of Process**

43.  To establish a case of abuse of process, plaintiffs must prove that defendant police officers used legal process, in this instance the initial filing of a criminal complaint for an ulterior or illegitimate purpose, causing plaintiffs damage.  *Stromberg v. Costello*, 456 F. Supp. 848 (D.C. Mass. 1978) (applying Massachusetts substantive law); *Beecy v. Puccarelli*, 387 Mass. 589, 441 N.E. 2d 1035, 1039 (1982).

The plaintiffs contends that the illegitimate or ulterior purpose was to cover up the fact that the defendants detained, battered, assaulted and wrongfully arrested the plaintiffs, and to intimidate them from exercising their constitutional rights against the defendant police officers.  If you find that defendant police officers brought criminal charges against the plaintiffs for either of these reasons, then you should find that the defendants abused process against the plaintiffs.

**M. Malicious Prosecution**

**i. Generally**

44.  Police officers engages in malicious prosecution when: 1) they initiate criminal charges against the plaintiffs; 2) the criminal prosecution is ended in the plaintiffs' favor; 3) there was no probable cause to initiate the criminal charge; and 4) the police officers acted maliciously.  *Beecy v. Puccarelli,* 387 Mass. 589, 441 N.E. 2d 1035, 1038 (1982).

If you find that the arrest and prosecutions of the plaintiffs was initiated with malice and without probable cause, then you must find that the defendant officers, who sought the complaints against the plaintiffs, are liable to the plaintiffs for malicious prosecution.

**ii. Plaintiff's Burden of Proof**

45.  To show that the defendants initiated legal process in a criminal matter requires the plaintiffs prove that the defendants either exercised control or influence over the issuance of the criminal complaint or directed the initiation of the criminal complaint itself.  *Leventhal v. Dockser*, 358 Mass. 799 (1970).

### iii. Defendant's Mental State Relevant

46.  Whether the defendants knew or had reason to know that the underlying criminal complaints were groundless is relevant to show that the process was used for an illegitimate or ulterior purpose.  *Fishman v. Brooks*, 346 Mass. 643 (1986); *Reardon v. Sadd*, 268 Mass. 345, 348 (1928).

**N. <u>Negligence</u>**

**i.  Negligence Generally**

47.  Negligence is the failure of a person to exercise the degree of care that a reasonable, cautious and prudent person would have exercised under all the facts and circumstances existing in such particular situation.

To prevail on a claim of negligence, one must show

i.  That the defendants owed the plaintiffs a duty of care,

ii.  That the defendants, through action or inaction, failed to exercise reasonable care and therefore breached that duty, and

iii.  That the plaintiffs suffered harm as a result of the defendant's failure to exercise reasonable care.

Should you find that defendant Town of Billerica owed the plaintiffs a duty to protect them from unlawful acts of the defendant police officers and that the plaintiffs suffered injury as a result of a breach of that duty by the defendant town, then you must find for the plaintiffs.

## IV.  DAMAGES

### A. In General

48.     The term "damages" refers to all factors that make up the total amount which the plaintiffs may recover under the law.

The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's negligent conduct.

The object is to try to restore each of the plaintiffs to the position he would have been in had the wrong not occurred.  The purpose is not to reward the plaintiffs and not to punish the defendants.  Damages are to be awarded to the plaintiffs as a fair and reasonable compensation for the legal wrong done to them by the defendants.

You must put aside your personal feelings during your deliberations and decide this case as the evidence and law dictate.

There is no special formula under the law to assess the plaintiffs' damage.  It is your obligation to assess what is fair, adequate, and just.  You must use your wisdom and judgment and your sense of basic justice to translate into dollars the amount which will fairly and reasonably compensate the plaintiffs for their injuries.  You must be guided by your common sense and your conscience.


W.P. Keeton, *Prosser and Keeton* § 54, at 359-67 (5th ed. 1984).

*Sullivan v. Old Colony St. Ry. Co.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).

*Roy v. Volkwagen of Am., Inc.*, 896 F.2d 1174 (9th Cir. 1990)

*Edwards v. Sears, Roebuck & Co.*, 512 F. 2d 276 (5th Cir. 1975).

*Binder v. Harris*, 267 Mass. 162, 166 N.E. 707 (1929).

**B. Considerations in Damage Calculations**

49.  While damages must be reasonably ascertainable from the evidence, the fact that there is an element of uncertainty in their assessment is not a bar to recovery.  In this area, much can and must be left to the judgment and estimate of you, the finders of fact.

*Agoos Leather Companies v. American & Foreign Ins. Co.*, 342 Mass. 603, 174 N.E. 2d 652, 655. (1961).

## C. Pain and Suffering

50. There are two types of pain and suffering: physical pain and suffering, and mental pain and suffering.

For physical pain and suffering, you are to consider the areas of the body in which you find the plaintiffs were physically injured. You are to take into account the past pain and suffering caused by the injuries, and any future pain and suffering which were proved with reasonable medical probability.

Mental pain and suffering includes any and all nervous shock, anxiety, embarrassment, or mental anguish. You should take into account past, present, and probable future mental suffering.

Taking into consideration the nature of the injuries, you are to determine what would be a fair and reasonable figure to compensate each of the plaintiffs. You may consider the extent to which each of the plaintiffs' injuries have caused them a loss of pleasures which they otherwise probably would have had in the form of work or play or family life or what have you. The plaintiffs are entitles to full compensation for any reduction in the enjoyment in life which you conclude has resulted or probably will result from the actions of the defendants.

You should also consider and allow fair, reasonable sum for any permanent conditions caused or resulting to the plaintiffs as a result of the defendants' wrong. You must determine what amount will fairly and reasonably compensate for that loss.

To arrive at a monetary figure for each plaintiffs' pain and suffering, you must use your own good sense, background, and experience in determining what would be a fair and reasonable figure for past, present, and future suffering such as you find has been proved by the evidence.

_Rodgers v. Boyton,_ 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

_Sullivan v. Boston Gas Co._, 414 Mass. 129, 137-38, 605 N.E.2d 805, 810 (1993).

_Payton v. Abbott Labs._, 386 Mass. 540, 557, 437 N.E.2d 171, 181 (1982).

_Dziokonski v. Babineau_, 375 Mass. 555, 380 N.E.2d 1295 (1978).

_Agis v. Howards Johnson Co._, 371 Mass. 140, 143-45, 355 N.E.2d, 317-18 (1976).

_Colla v. Mandella_, 1 Wis.2d 594, 85 N.W.2d 345 (1957).

W.P. Keeton, _Prosser and Keeton on Torts_ § 54, at 359-66 (5th ed. 1984).

### D. Medical Expenses

52.  You also must consider medical, hospital, and nursing expenses incurred by the plaintiffs on account of their injuries.

The plaintiffs are entitled to be compensated for those expenses which were reasonable in amount and which were reasonably necessary.  Therefore, you must determine whether the expenses were reasonably related to the treatment and care of the plaintiffs, and whether the charge itself was reasonable.

You may also consider and allow the plaintiffs a fair, reasonable sum for damages that reasonably are to be expected in the future as a result of the actions of the defendant officers.

The plaintiffs are entitled to recover for whatever expenses they prove are reasonably required to diagnose and treat any condition brought on by the accident or the resulting injuries.

*Rodgers v. Boyton*, 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

*Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980).

*Cross v. Sharaffa*, 281 Mass. 329, 331-32, 183 N.E. 838, 839-39 (1933).

*Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

**E.  Permanent Injury**

53.  If you find that the plaintiffs' injuries are permanent, you may include in your award at this time what you feel the plaintiffs are entitled to for future mental and physical pain and suffering, for future mental anguish due to the nature of their injuries, and for impaired earning capacity.  This is because the plaintiffs are entitled to only one recovery for their injuries, which you are to make at this time.  They cannot come back years or even months from now and sue for additional money for problems which will develop in the future. You must therefore include in your award now any money you feel they will be entitled to in the future for injury, expense, pain or suffering.

*George v. Jordan Marsh Co.*, 359 Mass. 244, 268 N.E.2d 915 (1971).

*Lewis v. Springfield*, 261 Mass. 183, 158 N.E. 656 (1927).

*Stella v. Curtis*, 348 Mass. 458, 204 N.E.2d 457 (1965).

**F. General Damages**

54.  In evaluating the plaintiffs' general damages, that is, their past and future physical and mental pain and suffering, you may take into account such factors as loss of bodily function, deformity and disfigurement, embarrassment and humiliation, and loss of enjoyment of life.

*DoCanto v. Ametek, Inc.*, 367 Mass. 776, 328 N.E.2d 873 (1975).

## G.  Future and Present Pain and Suffering

55.  In determining the plaintiffs' damages for mental and emotional distress, you are to fairly compensate them for the past, present and future pain and suffering associated with their emotional distress including compensation for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety.

You may include in your award any amount which you feel fairly compensate the plaintiffs for the deterioration if their health, for medical, psychiatric and counseling expenses and for impairment in their earning capacity resulting from the emotional stress.

*Simon v. Solomon*, 385 Mass. 91, 431 N.E.2d 556 (1982);

*George v. Jordan Marsh Co.*, 359 Mass. 244, 268 N.E.2d 915 (1971).

**H. Preexisting Condition**

56.  In determining the extent of the plaintiffs' damages, if it is determined that the plaintiffs had a preexisting condition, the defendants are still responsible for the harmful results of the combined effects of the wrongful act and pre-existing injury or condition, and if the combined effect of the wrongful conduct and a preexisting condition produces a new injury, the defendants are responsible for the new injury.

37 Nolan & Sartorio, Massachusetts Practice § 13.6 (3d ed.2005).

*McGrath v. G&P Thread Corp.*, 353 Mass. 60, 228 N.E.2d 450 (1967).

*Wallace v. Ludwig*, 292 Mass. 251, 198 N.E. 159 (1935).

**I. Earning Capacity**

57.  Whether people are employed, are retired, or never have worked in their lives, each one has the ability to earn money, which is called an earning capacity.  The ability, the capacity to earn money, varies from individual to individual depending upon a number of factors.

Such factors may include evidence of earnings before and after the injury, occupation, education, capacity, training, experience, health, habits, talents that a person has, skills that a person has, intelligence and industry.

If someone hurts a person so that the individual cannot exercise that ability for whatever length of time and that earning capacity is affected, then that is an area or element of damage to be considered by you.

A person may have an earning capacity in excess of the wages paid him or her in the job that happens to have at the time of the injury.

Evidence of wages paid is but one factor in your determination of diminution of earning capacity.  Bear in mind that it is the diminution in earning capacity of this plaintiff himself, and not some standard of a normal person in his position, that furnishes the test.

Therefore, you may consider evidence of what the plaintiffs did for employment before, during and to date; what the plaintiff's interests were, what the plaintiffs' training and experience had been, what the plaintiffs' talents were, and generally what he was like in order to help determine their capacity to earn into the future.  You may not take into account anything that is merely possible, speculative, or imaginative.  Rather, your award must be based on reasonable probability and can be made on the basis of your collective common knowledge.

If any of the plaintiffs had the ability to earn money before the incidents and you find there was a period of time after each incident that, by reason of the injuries caused by the defendants, they were unable to exercise the necessary body or mental function to earn money, then that is an area which he is entitled to have you consider.  If you conclude that the

plaintiffs ability to earn money will be permanently diminished, you may also compensate that plaintiff for that future diminished earning capacity.

*Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980).

*Doherty v. Ruiz*, 302 Mass. 440, 442, 167 N.E.2d 661, 662 (1929).

*Bagley v. Kimball*, 268 Mass. 440, 442, 167 N.E.2d 661, 662 (1929).

*Cross v. Sharaffa*, 281 Mass. 329, 332, 183 N.E. 838, 839 (1933).

*Copson v. New York*, New Haven & Hartford R.R. Co., 171 Mass. 233, 237, 50 N.E.2d 613, 614 (1898).

**J. Loss Of Earning Capacity**

58.  In determining the damages sustained by the plaintiffs for loss of earning capacity, you may consider the nature and scope of their employment prior to each incident and the degree of professional success which they attained.

Loss of earning capacity is not loss of wages.  It is diminutive in one's ability to earn a living.  Lost wages are only evidence of the loss.

*Leave v. Boston Elevated Ry. Col.*, 306 Mass. 391, 28 N.E.2d 483 (1940).

*Solimene v. B. Grauel & Co., K.G.*, 399 Mass. 790, 507 N.E.2d 662 (1987).

*Cuddy v. L & M Equip. Co.*, 352 Mass. 458, 225 N.E.2d 904 (1967);

*Doherty v. Ruiz*, 302 Mass. 145, 18 N.E.2d 542 (1939).

### K. Loss of Consortium

59.  Each plaintiff in this action is a family member of the other plaintiff.  Each plaintiff has a claim to recover for the damages they suffered as a result of the defendants' actions against each other plaintiff.  This type of claim is called loss of consortium, and it allows recovery to the spouse or child of a injured person caused by the acts of a third person.

Any recovery for loss of consortium requires proof of a tortious act that caused injury to each plaintiff.  The word "consortium" really means a right which grows out of a marital relationship between husband and wife or child and parent.  It is a right to enjoy the society and companionship and the affection between spouses, including the right to sexual relations between the spouses as a part of the marriage relationship, and between parent and child.

Therefore, if you find that as a result of the defendants' acts each or any plaintiff has suffered or is reasonably certain to suffer in the future a loss of consortium, you should fairly and reasonably compensate the plaintiff for the loss.  You may consider, in this area of loss of consortium: (1) loss of companionship and society; (2) loss of comfort, solace, or moral support; (3) any loss of enjoyment of sexual relations or ability to have children; (4) any restrictions on social or recreational life; and (5) basically any deprivation of the full enjoyment of the marital of familial state.

You must make your determination as to whether there was a loss of consortium, and if so the amount, based on your own common sense, good judgment, experience, and conscience.  There is no special formula or rule to measure a fair amount for loss of consortium.  You must not, however, allow any overlapping of damages with those belonging to each plaintiff, as each plaintiff is entitled to damages to damages for his or her individual loss.

For instance, any losses which the plaintiff may be entitled to recover, such as nursing expenses or hospital bills, may not be considered in the loss of consortium claim.

*Mouradian v. Gen. Elec. Co.*, 23 Mass. App.Ct. 538, 544, 503 N.E.2d 1318, 1321 (1987).

*Diaz v. Eli Lilly & Co.*, 364 Mass. 153, 160, 302 N.E.2d 555, 559-60 (1973).

*Feltch v. Gen. Rental Co.*, 383 Mass. 603, 607-09, 421 N.E.2d 67, 70-71 (1981).

*Rodgers v. Boyton,* 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943);see also Diaz v. Eli Lilly
& Co., 364 Mass. 153,161-62, 302 N.E.2d 555, 560-61 (1973).

*Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 271, 493 N.E.2d 206, 212, review denied, 398
Mass. 1103, 497 N.E.2d 1096 (1986).

*Feltch v. Gen.Rental Co.*, 383 Mass. 603, 606-09, 421 N.E.2d 67, 70-71 (1981).

## I. Punitive Damages

60.  You may decide whether the plaintiff is entitled to the award of any punitive damages, The function or punitive damages is to punish the defendants for malicious conduct and to deter similar conduct by others.  Whether you decide to award any punitive damages should be based on whether you find that the defendants acted willfully, deliberately, maliciously ro with reckless disregard of the plaintiff's constitutions rights.  If you find that the defendants have done one of these things, then you may award punitive damages.

Punitive damages may be awarded even if the violation of the plaintiffs' rights resulted in only nominal compensatory damages.  That is, even if the plaintiff can show no damages or other injury as a result of the defendants' actions, if these actions were deliberate, willful or made with reckless disregard of the plaintiffs' rights, punitive damages are appropriate.

_Smith v. Wade_, 461 U.S. 30 (1983); _Adickes v. S.H. Kress & Co._, 398 U.S. 144, 234 (1970) (Brennan J., Concurring).

**J. Total Award**

61.  Once you have calculated each of these areas of damages, pain and suffering, past medical expenses, and future medical expenses for each plaintiff, you should add up each of these damages to arrive at the total award.  There must not be any overlapping of the various elements constituting the damages.  The total sum must be fair compensation for the entire injury to each of the plaintiffs, no more and no less.

*Rodgers v. Boyton*, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943).

*George v. Jordan Marsh Co.*, 359 Mass. 244, 268 N.E.2d 915 (1971).

*Stella v. Curtis*, 348 Mass. 458, 204 N.E.2d 457 (1965).

*Lewis v. Springfield*, 261 Mass. 183, 158 N.E. 656 (1927).

Respectfully submitted,
Brian Kennedy, et al
by their counsel

Date: <u>February 28, 2007</u>

<u>/s/Andrew M. Fischer</u>
Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904
afischer@jasonandfischer.com

kennedy\juryint.wpd