UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRIAN KENNEDY, et al | * |
| | * |
| Plaintiffs | * |
| | * |
| v. | *   Civil Action no. 04-12357 - PBS |
| | * |
| TOWN OF BILLERICA, et al | * |
| | * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ATTORNEY'S WORK PRODUCT

Now come the plaintiffs and state the following in opposition to defendants' <u>Motion to Compel Documentation Relied Upon by Plaintiffs' Expert, Reginald Allard, in his Supplemental Opinion Report</u>:

Under the guise of seeking the underlying documentation for the plaintiff's expert witness opinion, defendants have moved to compel the notes of plaintiffs' counsel regarding an interview with Dean Royston, a former Billerica Police Officer, who was selectively disciplined and removed from the force because of his relationship with plaintiff Michelle Kennedy.

Attorney work product may be discovered "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." <u>Pacamor Bearings, Inc. v. Minebea Co., Ltd.</u>, 918 F.Supp. 491 (1996), quoting <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981)

Defendants offer only a single unreported case to support their desire to invade the work product of plaintiffs' counsel. That case, <u>Suskind v. Home Depot Corp</u>., 2001 Westlaw 92183 (D. Mass.) notes that "caselaw has been split on the issue of the extent to which" expert

disclosure requirements of F.R.C.P., Rule 26(b)(3) might require disclosure of attorney work product. However, the analysis in *Suskind* is limited to the situation where "core" attorney work product may have been the basis of the expert's opinion.

That is not the case here, where the attorney work product is not the basis of the expert's opinion. The attorney's work product are the notes of an interview with a witness, whose testimony is a part of the basis of the witness' opinion. That witness, Dean Royston, has been deposed by the defendants. In addition, there is an affidavit of the witness that was the product of the interviews of which the defendants' now seek the notes of plaintiffs' counsel. That affidavit has been provided in opposition to the defendants' motion for summary judgment and a copy is also filed herewith, as Exhibit A.

To the extent that the "core" information underlying the expert witness' opinion is the testimony of Dean Royston and not the attorney's work product of his interview with Mr. Royston, the information at issue has been provided and there is no need to intrude upon the work product of plaintiffs' counsel.

                                                  Respectfully submitted,
                                                  Brian Kennedy, et al
                                                  by their counsel

Date: March 5, 2007                              /s/ Andrew M. Fischer
                                                  Andrew M. Fischer
                                                  BB0# 167040
                                                  JASON & FISCHER
                                                  47 Winter Street
                                                  Boston, MA 02108
                                                  (617) 423-7904
                                                  Afischer@jasonandfischer.com

kennedy/oppmtncompelattyrecords