UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
BRIAN KENNEDY, et al            \*
                                \*
         Plaintiffs              \*
                                \*
v.                              \*   Civil Action no. 04-12357 - PBS
                                \*
TOWN OF BILLERICA, et al        \*
                                \*
         Defendants              \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF ANDREW FISCHER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO SUMMARY JUDGMENT AND REQUEST FOR SANCTIONS

I, Andrew M. Fischer, do hereby affirm and attest as follows:

1. My name is Andrew M. Fischer and I am co-counsel for the plaintiffs in the above captioned case. In that capacity I have personal knowledge of each of the facts attested to herein.

2. I am also counsel for the plaintiff in _Lockhart-Bembery v. Town of Wayland et al_, [First Circuit docket numbers 06-1720 and 06-2228], in which cross appeals are pending in the First Circuit Court of Appeals.

3. Plaintiff's opposition and reply brief in that case is presently due March 16, 2007.

4. Defense counsel knows this as Attorney Silverfine, defense counsel in this case, is also defendants' counsel in _Lockhart-Bembery v. Town of Wayland et al_.

5. Defense counsel failed to confer in good faith to resolve or narrow the issues raised in summary judgment, as required by local rule 7.1(A)(2). Instead, defense counsel Silverfine called plaintiff's counsel on the afternoon of February 8, 2007, moments before filing the summary judgment motion, and announced that he was filing the motion. When plaintiffs' counsel inquired as to the basis of the motion, seeking to engage in discussion that might narrow

or resolve the issue, defense counsel declared that he had fulfilled his obligation under Rule 7.1 and hung up.

      6. After I suggested to defense counsel that a call pronouncing the intent to file a motion, after the motion was written and moments before filing it did not constitute compliance with the requirement of Rule 7.1 that requires the parties confer "in good fath to resolve or narrow the issue" and threatened to file a motion to strike Mr. Silverfine's Rule 7.1 certification, I received a email from Attorney Kesten, seeking further Rule 7.1 consultation.

      7. By this time, I had left Boston for the AAJ convention in Miami, but arranged to speak with Mr. Kesten by telephone from my hotel room. I pointed out the timing of the filing and the

8. Defense counsel refused to withdraw the motion, but defense counsel withdraw the motion. time for responding. This meant that I did not have to prepare an opposition while at the convention or during a short vacation in the days following the vacation, but would have to prepare the opposition upon my return, in the three weeks before trial, in between trial preparation and writing a brief for the First Circuit Court of Appeals. .

      9. Plaintiff has incurred an estimated 20-30 hours in attorneys fees preparing this opposition.

**SIGNED AND SWORN UNDER PAIN AND PENALTY OF PERJURY THIS FIFTH DAY OF MARCH, 2007**

                                          /s/ Andrew M. Fischer
                                          Andrew M. Fischer

kennedy\affamfsj