UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY,       )
Individually and as mother and next friend of )
BRIAN KENNEDY, JR.,                        )
MITCHELL KENNEDY AND DYLAN KENNEDY         )
               Plaintiffs                 )
VS.                                        )
                                           )
TOWN OF BILLERICA, DANIEL C. ROSA, JR.     )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD       )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN,        )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT   )
BROWN, WILLIAM G. WEST, GREGORY KATZ,      )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM   )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY  )
F. MCKENNA AND JOHN DOE,                   )
               Defendants

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO BAR DEFENDANTS FROM USING CERTAIN DOCUMENTS**

Now come the defendants in the above-referenced matter and hereby oppose the plaintiffs' Motion *In Limine* to bar defendants from using documents "not produced until just prior to Trial."

In support thereof the defendants state that they are aware of their continuing duty to supplement their disclosure and responses per Federal Rule of Civil Procedure Rule 26(e). In fact, the Federal Rules obligate the parties to supplement their discovery responses if the party learns that in some material respect information disclosed is incomplete or incorrect and if the additional corrected information has not otherwise been made known to the other parties during the discovery process or in writing.

Further, a party is under a continuing duty to amend a prior response or request for production, Federal Rule Civil Procedure Rule 26 (e)(1)(n)(2).

This case has involved allegations by the plaintiffs that they were harassed by the defendants from 1991 through 2004 (and continuing). The defendants have made good faith efforts to produce any and all documents related to the plaintiffs' 42 page Complaint naming some 29 individual defendants. The fact that there are thousands of pages of documents demonstrate the onerous task that has been placed on the defendants in order to respond to allegations spanning more than 15 years. The plaintiffs must have been aware of the same continuing obligation, as they have recently produced numerous documents and records to the defendants.

                Respectfully submitted,
                DEFENDANTS,
                By their attorneys,

                /s/ Jeremy Silverfine
                Jeremy I. Silverfine, BBO No. 542779
                Leonard H. Kesten, BBO No. 542042
                BRODY, HARDOON, PERKINS & KESTEN, LLP
                One Exeter Plaza
                Boston, MA 02116
                (617) 880-7100

Dated: March 5, 2007

Case 1:04-cv-12357-PBS    Document 183    Filed 03/05/2007    Page 3 of 3