UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, Individually and as mother and next friend of BRIAN KENNEDY, JR., MITCHELL KENNEDY AND DYLAN KENNEDY<br>Plaintiffs<br><br>VS.<br><br>TOWN OF BILLERICA, DANIEL C. ROSA, JR. Individually and as Chief of the Billerica Police Department, JOHN BARRETTO, Individually and as former Chief of the Billerica Police Department, PAUL W. MATTHEWS, Individually and as former Chief of the Billerica Police Department, ROBERT LEE, Individually and as former Deputy Chief of the Billerica Police Department, THOMAS CONNORS, FRANK A. MACKENZIE, RICHARD RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, WILLIAM MCNULTY, DONALD MACEACHERN, MICHAEL A. CASEY, RICHARD NESTOR, ROBERT BROWN, WILLIAM G. WEST, GREGORY KATZ, GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM MCNULTY, SCOTT PARKER, ALAN, TIMOTHY F. MCKENNA AND JOHN DOE,<br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' MOTION TO COMPEL FURTHER DEPOSITIONS OF MICHELLE AND BRIAN KENNEDY AND FOR ORDER TO PRODUCE RECORDS AND FOR COSTS AND SANCTIONS**

Now comes the defendants in the above-referenced matter and hereby move pursuant to Federal Rules of Civil Procedure Rule 37(a)(2) for this Honorable Court to issue an order compelling the Plaintiffs Brian and Michelle Kennedy to fully answer questions put to them at their depositions; for an order compelling the plaintiffs to produce all medical records; and for costs and sanctions against the plaintiffs.

The continued deposition of Plaintiff Brian Kennedy was taken on January 8, 2007. Mr. Kennedy refused to answer questions about his current employment status. (See copy of Brian Kennedy's deposition, dated January 8, 2007, attached hereto as

"Exhibit 1", pgs. 263-269, 392).  Mr. Kennedy stated he did not want to disclose the name of his employer for fear of further harassment.  (Exhibit 1, pgs. 263-264).

Brian Kennedy has claimed, *inter alia,* that he has suffered damages and lost wages as part of the actions of the defendants.  (See Document 1, plaintiffs' Complaint, at paragraph No. 131).  Plaintiffs' counsel agreed that this damage claim was alleged in their complaint.  (Exhibit 1, pgs. 391-392).  As the defendants seek relevant information pertaining to Brian Kennedy's claims for damages and lost wages, the plaintiff should be ordered to answer all questions on point.

As to the plaintiff Michelle Kennedy, her continued deposition was taken on February 9, 2007 as a result of the Order of this Court.  (See Judge Collings' Order of December 29, 2006).  As part of the underlying motion for additional time to depose Mrs. Kennedy, (See Document 122, Defendants' Opposition to Motion for Protective Order and Defendants' Motion for Additional Time to Complete Deposition of Michelle Kennedy), the defendants cited the plaintiffs' incomplete responses to defendants' discovery requests.  Additionally, as noted in the defendants' motion (Document 122), in order to accommodate the plaintiffs' concerns, the defendants agreed that the plaintiffs would obtain copies of their own medical records to review same for sensitive matters and then forward them to the defendants.  However, to date, the defendants have not received all of the plaintiffs' medical records including but not limited to records from the Habit Management Institute.  Despite the Court Order relating to further testimony of Michelle Kennedy, the plaintiff Michelle Kennedy refused to answer questions related to medical treatment that she received and that she claims is related to this very action.  This includes refusing to answer questions on treatment related to Karen Stevens in Lowell.  (See copy of deposition transcript of Michelle Kennedy from February 9, 2007, attached hereto as "Exhibit 2", p. 240).  Plaintiffs' Counsel instructed Mrs. Kennedy not to answer questions and has not produced all

records pertaining to her treatment at Habit Management Institute. (Exhibit 2, p. 241). Defendants' counsel pointed out that this was precisely what had been addressed in the defendants' motion. (Document 122; and, Exhibit 2, p. 241-243). Plaintiffs' counsel referred to "privacy" as the basis for the assertion of privilege under 42 CFR. (Exhibit 2, p. 244-247). Wherein the plaintiff has alleged that she has been treated at various medical facilities including, but not limited to, Habit Management Institute this instruction is erroneous. (See Exhibit 2, pgs. 240-250, 314).

    The plaintiff Michelle Kennedy has testified under oath that she is suffering from depression and that is one of the allegations contained within her complaint. (See Document 1, pgs. 141-144). The plaintiffs have not produced all records from Habit Management Institute as well as several other medical facilities for which it was understood from a previous agreement that counsel would subpoena and then forward on to the defendants. (See Document 122). These record requests had been raised several times prior to filing of this Motion. (See Document 122).

    Further, as it relates to Michelle Kennedy, in addition to declining to respond to questions nor produce any records relative to Habit Management Institute at the time of her continued deposition, the plaintiff has not forwarded records for the following medical institutions for which she has indicated in discovery that she sought treatment and now makes claims against the defendants: Saints Memorial Hospital, Lahey Clinic, Burlington, Mt. Auburn Hospital, Lowell General Hospital, Lowell Community Health Center, Mass Health, and Medicaid. Likewise, in terms of plaintiff Brian Kennedy, he has not produced any records as they relate to Lahey Clinic in Burlington (only bills have been produced), Habit Management Institute, Seven Hills Behavioral, Neighborhood Health Plan, Billerica Family Physician Dr. Farnaz Marvasts, Merrimac Orthopedics, Winchester Hospital, Thomas Fry, Medicaid and MassHealth. These records were also previously requested by the defendants and identified as part of the

Defendants' Motion for Additional Time For Deposition. (Document 122). The defendants now seek Court Orders for the plaintiffs to answer all questions regarding their medical history, employment history, and produce all medical records, which are germane to this action.

Federal Rules of Civil Procedure Rule 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. Rule 26(b)(1).

The Advisory Committee notes for Federal Rule 26 described the purpose of discovery "to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of this case."

In the case at bar, the Defendants should not be limited in discovery of facts, which may aid them in preparation or presentation of this case. The Defendants have a good faith basis to inquire into numerous subjects, including the Plaintiffs' use of and/or involvement in the sale of narcotics, and questions regarding employment and medical treatment (particularly when the plaintiffs' allegations are that they were caused by the defendants' actions).

The Defendants submit that based upon all the facts and allegations in this case, a court order that the plaintiffs fully answer all the questions put to them with additional deposition time is clearly warranted. The Defendants will be greatly

prejudiced if they are forced to proceed with trial without the opportunity to adequately inquire of the plaintiffs with incomplete medical and psychological records,

The defendants also ask for costs associated with filing this Motion as well as sanctions against counsel for having to seek court intervention several times to get plaintiffs to fully respond to discovery requests. (See, for instance, Documents 43 and 122).

                                    Respectfully submitted
                                    The Defendants,
                                    By their attorneys,

                                    BRODY, HARDOON, PERKINS & KESTEN, LLP


                                    /s/ Jeremy Silverfine
                                    Leonard E. Kesten, BBO No. 542042
                                    Jeremy I. Silverfine, BBO No. 542779
                                    Karen W. Peters, BBO No. 658903
                                    One Exeter Plaza
                                    Boston, MA 02116
                                    (617) 880-7100

Dated: March 5, 2007