UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  04-CV-12357-PBS

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, Individually and as mother and next friend of BRIAN KENNEDY, JR., MITCHELL KENNEDY AND DYLAN KENNEDY<br>　　　　　　　　　Plaintiffs<br><br>VS.<br><br>TOWN OF BILLERICA, DANIEL C. ROSA, JR. Individually and as Chief of the Billerica Police Department, JOHN BARRETTO, Individually and as former Chief of the Billerica Police Department, PAUL W. MATTHEWS, Individually and as former Chief of the Billerica Police Department, ROBERT LEE, Individually and as former Deputy Chief of the Billerica Police Department, THOMAS CONNORS, FRANK A. MACKENZIE, RICHARD RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK TSOUKALAS, TARA CONNORS,  MARTIN E. CONWAY, ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, WILLIAM MCNULTY, DONALD MACEACHERN, MICHAEL A. CASEY, RICHARD NESTOR, ROBERT BROWN, WILLIAM G. WEST, GREGORY KATZ, GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY F. MCKENNA AND JOHN DOE,<br>　　　　　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Now comes the defendants in the above-referenced matter and hereby oppose the following requests for plaintiffs' proposed jury instructions:

As to "Section I. Introduction", the defendants object because this section contains misstatements of facts and the claims asserted.  There are also misstatements of the law.

As to "Instruction #2", there are misstatements of fact and law.

As to "Instruction #3", the defendants object to the word "slightly."  The standard should be, "more likely or probable."

As to "Instruction #4", the defendants object as there are misstatements of law in plaintiffs' instruction. In §1983 cases, the court in <u>Roberts v. Hollocher</u>, 664 F.2d 200 (8th Cir. 1981), determined that courts generally approve of the use of the following instruction, "This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law is no respector of persons; all persons stand equal before the law and are to be dealt with as equals in a court of justice."

As to "Instruction #5", the plaintiffs' proposed jury instruction contains statement of facts which are inappropriate for inclusion in a jury instruction. It is the function of the jury to find the facts.

As to "Instruction #6", the plaintiffs' proposed jury instruction contains statement of facts which are inappropriate for inclusion in a jury instruction. It is the function of the jury to find the facts.

As to "Instruction #7, the plaintiffs' proposed jury instruction contains assertions that they, "<u>will establish</u> seizures in violation of the Fourth Amendment, if they prove by a preponderance of the evidence that in the totality of the circumstances, the seizures and the amount of force applied in effecting the seizures was unreasonable." The plaintiffs' proposed instruction mentions what the plaintiffs' "will establish." Such language is inappropriate for a jury instruction. The plaintiffs furthermore fail to address that "reasonableness" must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." <u>Graham v. Connor</u>, 490 U.S. 386 (1989).

As to "Instruction #8", the plaintiffs' proposed jury instruction contains misstatements of law.

As to "Instruction #9", the plaintiffs' proposed jury instruction contains statement of facts which are inappropriate for inclusion in a jury instruction. The plaintiffs do not allege false arrest as one of the counts in their Complaint.

As to "Instruction #10", the plaintiffs' proposed jury instruction contains statement of facts which are inappropriate for inclusion in a jury instruction. The proposed instruction also contains misstatements of law. Section §1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured …" The plaintiffs' also misstate the elements required to establish a violation of constitutional rights,

As to "Instruction #11", the plaintiffs' proposed jury instruction contains statement of facts which are inappropriate for inclusion in a jury instruction. The plaintiffs' proposed instruction state, "since the defendants acted with an intention to

take official action against the plaintiffs…you must find that the defendant police officers were acting under color of state law." The intention of the defendants is a fact for the jury to decide.

As to "Instruction #12", the defendants are not "charged" with committing anything. It is only the plaintiffs who allege that the defendants have acted wrongfully.

As to "Instruction #13", the plaintiffs' proposed instruction contains misstatements of law.

As to "Instruction #14", the plaintiffs' proposed instruction contains misstatements of law.

As to "Instruction #15", the plaintiffs' proposed jury instruction contains statement of facts which are inappropriate for inclusion in a jury instruction. The proposed instruction also fails to provide that the use of reasonable force must be judged from the perspective of a reasonable police officer on the scene; this judgment is to be made objectively in light of facts and circumstances known to the defendant. Graham v. Connor, 490 U.S. 386, 396 (1989).

As to "Instruction #17", the plaintiffs' proposed jury instruction contains misstatement of facts.

As to "Instruction #18", the plaintiffs' proposed jury instructions fails to define "discriminatory purpose".

As to "Instruction #23", the plaintiffs' proposed jury instruction contain a misstatement of law. The failure to train must be a deliberate or conscious choice on behalf of the Town.

As to "Instruction #26", the jury must first find the individual officer made a constitutional violation.

As to "Instruction #28", the jury must first find the individual officer made a constitutional violation.

As to "Instruction #29", the plaintiffs' proposed jury instruction contains misstatement of the facts and claims asserted.

The Defendants further reserve the right to object to any and all of the plaintiffs' proposed jury instructions prior to them being read to the jury.

        Respectfully submitted,
        DEFENDANTS,
        By their attorneys,


        /s/ Jeremy Silverfine
        Jeremy Silverfine, BBO No. 542779
        Leonard H. Kesten, BBO No. 542042
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        (617) 880-7100

Date: March 6, 2007