

Reginald F Allard Jr.

13th Juror, LLC
Police Consultant
350 Rockwood Drive
Southington, Connecticut 06489
Tel # (860) 621-1013 Fax # (860) 621-1013
E-mail: 13thjuror@cox.net
Web page: http://www.expertcop.com
Web page: http://www.13thjuror.com

*January 16, 2007*

*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*
*NO. 04-CV-12357-PBS*
*Kennedy v Billerica Police Department et al*

Jason & Fischer
ANDREW M. FISCHER, ESQ.
47 Winter Street, 4th Floor
Boston, Massachusetts 02108
FREDERICK V. GILGUN, JR.
Nicholson, Sreter & Gilgun, P.C.
BBO # 551477
33 Bedford Street, Suite 4
Lexington, MA 02420

*Reginald F. Allard, Jr.*
*Expert Opinion Report Supplemental to August 7, 2006 Expert Report*

The below is additional information since my original report dated August 7, 2006 fully incorporates the content of that report into this supplemental report.

Gordon Graham, a noted trainer in Civil Litigation, has coined the phrase, "Predictable is Preventable" as it relates to management of police personnel and the exercise of their lawful authority. It is also a known axiom in police hiring practices that law enforcement agencies sometimes hire bad people. It is a "best practices" protocol to establish a Civilian Complaint Procedures designed to identify these people. The Billerica Police Department failed this "best practices protocol".

Risk assessment comes to us by way of **<u>documented misconduct complaints</u>**
Best Practices require that agency policy makers assure prompt, fair and impartial discipline as a form of training. This documented record keeping and incident documentation are essential. A corollary to the documented discipline history is the following, if it is in the report, it probably happened….If it is not in the report, it probably did not happen.

Subsequent to my initial report dated August 7, 2006, I have conducted further review of the below cited additional documentation to determine whether there was further confirmation of a "campaign of harassment" without due process of law against the plaintiffs. It is my continued ***opinion to a reasonable degree of professional certainty that Michelle and Brian Kennedy were intentionally treated differently from others similarly situated without any rational basis.*** From my review of the record and the lack of Civilian Review Documentation, the Billerica Police "culture" officiously (*I will never act officiously* or permit personal feelings, prejudices, political beliefs, aspirations, animosities or friendships to influence my decisions. IACP Police Code of Ethics) hard targeted Michelle & Brian Kennedy.

The "culture" of a police department reflects what that department believes in as an organization. These beliefs are reflected in the department's recruiting and selection practices, its' operational policies, and procedures, its' training and development, its' reward systems, and ultimately the actions of its officers in delivering services (fn36).

In Monell, the Supreme Court stated a municipal policy or custom is a "statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." " The Billerica Police Department had a `custom or usage' Civilian Review Practice that amounted to undocumented and informal management of civilian complaints which provided, at the base point, ***more credibility to the officers of Billerica Police Department then to the complainants.*** This practice is directly contrary to the "best practices" within the law Enforcement Community throughout this nation. This result was shown in Beck v. City of Pittsburgh, 89 F.3d 966, 974-975 (3d Cir. 1996) (stating official tolerance of repeated conduct facilitates unlawful actions in the future). A showing by the plaintiffs that the municipality tolerated known misconduct by police officers is sufficient to provide an inference that a municipal custom existed and was the proximate cause of the constitutional injury. Bielevicz v. Dubinson, 915 F.2d 845, 851 (3d Cir. 1990).

Officer Dean Royston confirmed the Billerica Blue Code in his interview with plaintiff's counsel, that such a practice existed. The "Blue Code" also was represented by the Officer Paul Coffey's fatal accident investigation. Officer Coffey left the Woo La Ming Restaurant intoxicated.(January 10, 2007 interview).

A review of the on-line Billerica Police Department annual activity report shows 7,147 motor vehicle citations and 540 arrests for fiscal year 2001. The following year shows 4141 motor vehicle citations with 540 arrests.  This statistic represents that in one year, the Billerica officers issued 3,006 fewer motor vehicle violation citations. Police Chief Daniel Rosa, Jr. & Town of Billerica manager Richard Montuori are the policy makers for the operations of the Billerica Police department as were their predecessors. Their policies, customs & practices filter to the operational levels within the police department and have a direct effect in the manner in which police authority is enforced. This statistic demonstrates a "shift" in activity. There is an "association" between plaintiff's presentment letter dated February 20, 2002 and this shift. The unanswered question is what command decisions were made to drop this level of citations issued after Chief Rosa became Chief of Police?

Officer Michael Casey's deposition demonstrates the "good old boy" blue code effect results when an agency does not maintain a Code of Ethics oversight of its subordinates. Drug (…Pot & Coke") and alcohol (..I was a blackout drunk…I drank when I was on-duty") activity is a direct outgrowth of failed first line ( i.e. Sergeants ) and middle ( i.e. Lieutenants and Captains ) management supervision.

Officer Martin Conway's deposition demonstrates that as union president he and his predecessors know/knew of the discipline and law suit activity within their agency. Also the November 9, 2001 Baseball bat incident shows how the Billerica Agency conducts their at-scene investigations as they develop probable cause to arrest with companion Officer at-scene information. Officer Conway, Officer DeVito and then Lieutenant Rosa determined probable cause to arrest Michelle and Brian Kennedy for charges they were eventually found to be not guilty. The investigation shows how police officers will use their perception of "credibility" to "shape the evidence" to their pre-conceived culpability to charge persons with crimes. Police officers are trained to allow the oral and factual evidence to develop probable cause and not the reverse to allow their "perceptual habits" to create probable cause.

The totality of the reviewed facts and circumstances maintains my initial opinions expressed on my August 7, 2006 Expert Opinion Report. I have provided below a further documentation review and Bates stamped connection to support my findings.

*Documentation reviewed:*

1. **IACP Model Policy INVESTIGATION OF EMPLOYEE MISCONDUCT** *Effective Date: July 2001…*
   C. Summary Action
   1. Summary action may be taken by supervisory personnel for lesser violations of rules, policies or procedures, as defined by this agency, upon approval of such action by the unit commander.
   2. All summary actions **shall be documented and copies of the charges and disposition provided to the subject employee, retained by and forwarded to subsequent units of assignment, forwarded to OPS and incorporated in the employee's central personnel record.**
      a. *Sustained:* Evidence sufficient to prove allegations.
      b. *Not sustained:* Insufficient evidence to either prove or disprove allegations.
      c. *Exonerated:* Incident occurred but was lawful.
      d. *Unfounded:* Allegation is false or not factual or the employee was not involved.
   6. Supervisors should remain alert to indications of behavioral problems or changes that may affect an employee's normal job performance and document such information where deemed relevant.
   10. The supervisor shall document all instances of counseling or additional training used to modify an employee's behavior.

2. **IACP National Law Enforcement Policy Center Investigation of Employee Misconduct Concepts and Issues Paper Originally Published: 1990 Revised: July 2001**
   Discipline is an indispensable component of law enforcement management. To instill an unbiased philosophy of discipline there must

3

be a history within the agency of dealing fairly, impartially, and consistently with officers in the disciplinary process. Departmental policy is the written expression of the department's goals. Departmental policy also reflects the standards of behavior that are expected from officers in daily operations. Early warning systems are now required as an element of the accreditation process for agencies seeking or maintaining that status through the Commission on Accreditation for Law Enforcement Agencies, Inc. (CALEA).

Another means of ensuring unbiased and professional internal investigations is to use only trained personnel for this function. Personnel should receive formal training in this area both within the department and through professionally recognized external sources. The law relating to internal investigations is complex and requires investigators to know its requirements. Maintain a complaint log.

- Maintain a central file of complaints received. This file should be stored in a secured area with limited access. These records should be maintained in accordance with any records retention requirements imposed by state law.
- Conduct a regular audit of complaints to ascertain the need for changes in training or policy.
- Compile statistical and related information to identify trends in complaints involving use of excessive force or abuse of authority.
- Track complaints against individual employees to assist in employee risk analysis (e.g., early warning systems).
- Provide the department's CEO with an annual summary of complaints against employees and the disposition of those complaints. This summary may be made available to the public or used in other ways as directed by the CEO.

*Distinguish between Service vs. Personnel Complaints.* Some police departments classify complaints as either "service" or "personnel" depending on the issue(s) involved. A period of **45 days** from the time of the initial receipt of the complaint to its disposition would be considered reasonable under most circumstances although extenuating circumstances may have bearing on this time limit.

3. **IACP Sample Professional Traffic Stops Policy and Procedure**

   A fundamental right guaranteed by the Constitution of the United States to all who live in this nation is the to equal protection under the law. Along with this right to equal protection is the fundamental right to be free from unreasonable searches and seizures by government agents.
   Training programs will emphasize the need to respect the rights of all citizens to be free from unreasonable government intrusion or police action.
   Traffic enforcement will be accompanied by consistent, ongoing supervisory oversight to ensure that officers do not go beyond the parameters of reasonableness in conducting such activities.

4. **IACP Ethics Training in Law Enforcement**
5. **IACP Law Enforcement Code of Ethics**
6. *Liability Implications of Departmental Policy Violations* By John C. Hall

4

7. State v. Dunn 26 Conn. App. 114 Nov. 1991. . ."You can't open a person's mind and see what he intended to do. But, you can determine what he did, and from that you can infer what he intended to do."
8. ***Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978)***.
9. ***Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (U.S. 01/12/2000)***
10. ***03/14/89 Watertown Police Union Local 541 v. Watertown***
    A perusal of the state motor vehicle laws set out in title 14 of the General Statutes, reveals no statute creating a duty requiring police officers to stop and investigate every person they observe violating the state traffic laws. General Statutes 14-138 states that the commissioner of motor vehicles may call upon the state police to help aid in enforcing the laws pertaining to motor vehicles and highway use. The statute also states that "[t]he state police shall, upon such request, make arrests in all cases of violations . . . which they witness or upon speedy information thereof." This section would apparently apply to municipal police officers also. See General Statutes 7-281. To date, however, there is no evidence of a request by the commissioner requiring police officers to make investigative stops or arrests in every instance where they observe a possible minor violation of the motor vehicle laws. In addition to the absence of any statute or administrative ruling establishing a duty requiring police officers to stop every person they see violating traffic laws, there is no case law setting forth such a policy mandate. While the United States Supreme Court and federal court cases cited by the plaintiff do state that police officers have a duty to preserve law and order, those cases are not on point. 5 Absent a clear contrary policy statement by the legislature or the agencies empowered to enforce the motor vehicle laws in this state, we are inclined to agree with the trial court that as a practical matter, police departments,     operating with limited resources, may on occasion adopt policies of selective enforcement in cases involving relatively minor infractions of the motor vehicle laws. Orders, such as the one in the present case, do not hinder an officer in exercising his discretion to carry out his duty to protect the community to the extent that they clearly rise to the status of a violation of established public policy.
11. ***Early Warning Systems: Responding to the Problem Police Officer Samuel Walker, Geoffrey P. Alpert, and Dennis J. Kenney National Institute of Justice, July 2001***
    It has become a truism among police chiefs that 10 percent of their officers cause 90 percent of the problems. **The purpose of establishing an Early Intervention System:**
    - Identify officers suffering from stress prior to a major incident
    - Protect the officer and the department from inappropriate behavior as a result of undue stress
    - Systematically identify trends relating to training needs, misconduct, or policy concerns that could lead to departmental liability.
    
    Perhaps one of the biggest challenges facing law enforcement administrators today is to develop systems that track not only individual behavior, but group behavior as well. Many famous police scandals including the Miami River Cops. LA Majors, Rampart, and the Buddy Boys in New York all involved groups of officers whom engaged in criminal behavior.
12. ***Baron v. Suffolk County Sheriff's Dep't, 402 F.3d 225 (1st Cir. 03/29/2005)***
    It is apparent that the issue of whether a corrections officer is willing to ***"walk the blue line"*** to report wrongdoing within the prison walls is a

5

matter of great interest to the community, and the courts. This problem is analogous to the situation in which a public employee feels pressured to work in a political campaign, which the Supreme Court discussed in Connick. It is essential that corrections officers be able to speak out freely about misconduct without the pressure of a "code of silence" and fear of extreme retaliatory harassment sufficient to force resignation.

13. ***Commonwealth v. Gittens, 55 Mass.App.Ct. 148, 769 N.E.2d 777 (Mass.App. 06/12/2002)*** the defense attorney expressed his belief that Boston police officers operated under a "code of silence," which required that they unquestioningly support each other's testimony.

14. ***Baron v. Suffolk County Sheriff's Dep't, 402 F.3d 225 (1st Cir. 03/29/2005)***
Plaintiff Bruce Baron, a former corrections officer at the Suffolk County House of Correction, was allegedly harassed and forced to quit his job after he broke a code of silence by reporting a fellow officer's misconduct. He sued corrections officer Daniel Hickey, the Suffolk County Sheriff's Department ("Department"), and Suffolk County Sheriff Richard Rouse for civil rights violations stemming from that harassment. ***They displayed posters mocking Baron*** throughout the facility. One poster accused him of being a child molester. During the summer of 1997, Baron also received harassing phone calls at work; once he left work to find that his car had been defaced with feces and his tires had been slashed.

15. ***Police Civil Liability Organizational Litigation Risk Management*** January 9/10/2007 Gordon Graham Connecticut Police Academy
Predictable is Preventable….Pre-incident prevention strategies…Prevention is better then correction…"Things that go wrong in life are predictable and predictable is preventable"….Brady v Maryland…The power of anticipation...internal record keeping. LAPD executive Summary-The major cause in the lack of integrity in American Police Officers is mediocrity…core values prudence, truth, courage, justice, honesty and responsibility…the men and women who control the core values are the sergeants, lieutenants and captains. ***Everyone within a work place knows full well which officers are violating policies…***

16. ***http://www.billericapolice.com/...*** The Billerica Police Patrol Division is directed by Captain Daniel Doyle and is comprised of approximately four Lieutenants, Six Sergeants and 29 Patrol Officers. Currently Billerica has close to 40,000 residents. 2001 & 2002 Billerica Police department Annual report Statistics

17. Defendant Town of Billerica's Further Supplemental Answer to Plaintiff's Interrogatory No. 3 January 8, 2007 Re: Civilian Complaint History
    - Officer Brown
        - Bates Stamp 4528-4532 Policy & Procedures Civilian Complaints
        - Bates Stamp 4734-4760
        - Bates Stamp 4762-4770
    - Officer Robert Bailey
        - Bates Stamp 4773- 4777
    - Officer Andy Devito
    - Officer Scott Parker
        - Bates Stamp 4826-4843
        - Bates Stamp 4844-4849
    - Officer Richard Howe - Bates 4851-4852

6

- Officer Donald MacEachern Bates 4855-4859
- Capt William McNulty - Bates 4861-4868
- Officer Allan Munn - Bates Stamp 4882-4892
- Officer Brian Micciche - Bates Stamp 4894-4897
- Officer Brian Micciche – Bates 4938-4949
- Officer Brian Micciche – Bates 4965-4971 resigned as a result of this investigation Bates 4965-4971 Bates 4972-5007 Sensitivity Training
- Inspector Frank Mirasolo – Bates 5008-5025 charges dismissed
- Officer Richard Nestor – Bates Stamp 5027-5042
- Officer Richard Rohnstock – Bates 5044
- Officer Gerald Roche bates 5045 – 5051
- Officer John Zarro – Bates 5054-5058

18. Received – January 12, 2007 CORI update records for Michelle Kennedy, Brian Kennedy and children, Mitchell, Dylan and Brian G. Kennedy.
19. Defendant's Documents Bates # 1 – 2028 contained on a CD Disc I
20. Policies & Procedures as provided by Billerica Police Department – Bates Stamps 3423-3483
21. Domestic Violence Law Enforcement Guidelines January 2002 – Massachusetts Policy for Law Enforcement Response to Domestic Violence Bates 3397 – 3422
22. Billerica Police Department Rules & Regulations (Foreword). Bates Stamped 3487-3506
23. Billerica Police Department complaint form. (Bates Stamped 3507-3508)
24. Billerica Police Department Policies & Procedures (new policies. Bates stamped 3509-3538)
25. Billerica Police Department Police Manual, Policies & Procedures(Bates Stamped 3539-4511)
26. Billerica Police Department Policies & Procedures Manual – Bates Stamped 4145 – 4541
27. Municipal Police Institute Police Manual - Policies & Procedures Bates Stamp 3539-4144
28. DISC II – Received January 4, 2007
    - Bates files 2830-3538
    - Rosa Personnel file
    - Town Administrator – Paul Talbot – Richard Montuori
    - Chief Paul Matthews
    - Municipal Police Institute Policy & Procedures
    - Bates 2876 – IA Training December 1, 2000
    - Bates 2887 – Juvenile Policing Issues Training
    - Bates 2895 – Basic Training January 1989
    - Bates – 2896 – Intermittent Training 1984
    - Bates 2900 – Reid Interrogation Training – 1992
    - Bates 2901 – Policy & Procedures Training - 1992
    - Bates 2913 – Training on Constitutional Law Criminal Law Registry of M/V Training Academy
    - Bates 2917 – Steven Elmore Personnel File 12/16/87 – Date of Employment
    - Bates 2982 – In-service Training 1990
    - Bates 3024 – Officer Detective Michael Casey File – Nov 8, 1983 Date of Appointment

- Bates 3080    Intermittent officer Training 1982
- Bates 3081 – Basic Training 1983
- Bates 3090 – Martin Conway Personnel File
- Bates 3095 – 1988 Permanent Intermittent Officer Mark Tsoukalas Appointment
- Bates 3163 –  Permanent Appointment of Officer Mark Tsoukalas October 18, 1999
- Bates 3188 – Lt Tom Connors Civil Liability Training May 4, 1999
- Bates 3193 – Accountability & Discipline seminar July 1999
- Bates 3194 – Rules & Regulation – Training  June 1, 1999
- Bates 3196 – Creating and Maintaining an Ethical Organization – Oct 20, 1998 Babson College
- Bates 3202 – Managing Marginal Employees
- Bates 3216 – Advanced Investigative Techniques
- Bates 3224 – Sergeants basic Training Course
- Bates 3244 – Appointment Jan 2, 1983 …since 1974 – experience
- Bates 3245 – US Consent decree re: hiring
- Bates 3286 – Letter of reprimand Lieutenant MacKenzie...Sgt Coneeny – February 1, 2005
- Bates 3287 – Promoted to Lieutenant – January 7, 2004
- Bates 3302 – Resume for MacKenzie
- Bates 3349 – Internal Affairs Training  September 2003
- Bates 3353 – Babson Command Training Institute – Dec. 14, 2001
- Bates 3362 – Search Warrant Training
- Bates 3366 – 40 hours training – arrest stop & frisk domestic violence criminal law…May 7, 1997
- Bates 3397 – 3422 Domestic Violence Model Policy 2002 Guidelines
- Bates 3423 – 3447 Michelle Kennedy Complaint – 2/23/2000 note to chief…Harassment complaint
- Bates 3448 – April 8, 1997 Skateboard ramp fire 129 Leicester Street…suspect John Oblennis…Joyce Tibbetts…mother of Michelle Kennedy…Capt Fowler of the Tewksbury Fire department to investigate…gasoline…spread to the trailer…
- Bates 3456 – Town Manager Complaint…Harassment vs doing their job…
- Bates 3457 – Michelle Kennedy victim incident ..Scott Ashton moped incident…Officer Rohnstock
- Bates 3459 – Blackburn "fuck you" incident
- Bates 3465-3466–3467  Warrant issued and recalled for Michelle Kennedy…recalled 1/12/2000 at 1434 hrs.
- Bates 3470 DuFault vandalism complaint…Jan 23, 2000
- Bates 3480 –3483 Michelle Kennedy Driving Record
- Bates 3484 – 7/1/1993 – Threats to Kill…Mr. Tipps restaurant Mackenzie/Kennedy/Elmore
- Bates 3487 – Billerica Rules & Regulations...execute the law fairly and objectively…code of ethical behavior…avoid conflict of interest…page 12..all search warrants conducted in accordance with law…truthfulness (34 page 13)…improper associations….(3499)Bates 3504 ( Discipline procedures…M.G.L.Chapter 31 discipline for just cause…oral reprimand

8

deleted after 12 months…letters of reprimand become a permanent part of personnel file(Bates 3505)..Bates 3507 Complaint form
- Bates 3509 to end 3538 Policy & Procedures …Internal Affairs – ADM-003
- Bates file 4733-5058 …Matthew Sullivan M/V Stop Complaint Ofc Brown bates 4737..2/26/1998..Sgt Rohnstock report 0bates 4741…4742 marijuana smell report by Ofc Brown 2/24/1998
- Bates 4826 Officer Scott parker Discipline Nov 12, 2004 for Oct 12, 2004 incident
- Bates 4851 – Civil Right complaint – Dick Howe Complainant Robert Scharn
- Bates 4857 – Officer Balboni & Meacaern complaint…April 1996
- Bates 4860 – McNulty complaint history Richard Hutchinson complaint…May 5, 2000
- Bates 4893 Brian Micciche complaint file
- Bates 4972 PAL Incident Ditson School
- Bates 5026 Officer Richard Nestor Complaint history
- Bates 5043 Officer Richard Rohnstock complaint history
- Bates 5045 Gerald Roche Complaint history
- Bates 5053 –Complaint history of John Zarro
- Baste file 5059-5123 – Legal Update 2005-2006 Key developments in Law & Procedure
- Bates file 5124-5224 Legal Update 2004-2005
- Bates File 5225-5270 2003 Motor Vehicle updates
- Bates File 5271-5336 – 2003 In-Service update
- Bates 5338-5354 –Michelle Kennedy Medical records…Aug 3, 2006
- Bates 5355-5439 Brian Kennedy medical records Aug 3, 2006
- Bates 5440-5481 Brian Kennedy Medical File
- Bates 5482 – Michael Casey Basic Training Transcript
- 5484 – Tom Connors Transcript
- 5487 Conway Transcript
- 5490 Elmore Transcript
- 5493 Frank MacKenzie Transcript
- 5496 Mark Tsoukalas Transcript
- Bate 5498 – Susan Wilson Statement re Nov 1, 2005 incident
- Bates 5501 – 8 ball of cocaine statement by Kenneth Carron
- Bates 5502 Location of Trailer in Tewksbury
- Bates 5515 Follow-up investigation Concord Shores Incident April 17, 2002 by Detective Howe…witness Lumbert
- Bates 5517 – Complaint against officer…Frank Mackenzie striking 6/19/93 incident

29. **Disc # 1 January 14, 2007**
    - Bates 1 - Jan 20, 1990 – Brian Kennedy – Officer Balboni citation
    - Bates 2 – Sept 4, 1991 – Brian Kennedy – Officer Loranger badge 48
    - Bates 3 – Dec 1, 1990 – Brian Kennedy – Officer Coneeny badge 50
    - Bates 4 – Aug 21, 1992 – Brian Kennedy - Officer badge # 13
    - Bates 5 – Jan 29, 1992 – Brian Kennedy – Officer badge #13
    - Bates 126 – March 16, 1992 – Michelle Kennedy – Officer Badge # 13
    - Bates 6 – Dec 7, 1992 0 Brian Kennedy – Officer badge #13

- Bates 7 – March 12, 1993 – Brian Kennedy  - officer badge #13
- Bates 8 – March 20, 1993 – Brian Kennedy – officer badge 28
- Bates 9 – April 14, 1993 – Brian Kennedy – Officer Roche badge 54
- Bates 10 – June 1, 1993 – Brian Kennedy – Officer Nestor – badge 56
- Bates 11 – June 11, 1993 – Brian Kennedy – officer badge #13
- Bates 12 – July 20, 1995 – Brian Kennedy – officer badge 32
- Bates 13 – Oct 18, 1996 – Brian Kennedy – Officer Maceachern badge 66
- Bates 14 – July 13, 1997 – Brian Kennedy – Officer Katz badge 72
- Bates 15 – October 14, 1997 – Brian Kennedy – Officer Brown  badge 73
- Bates 16 – October 15, 1997 – Brian Kennedy – Officer Brown
- Bates 17 – Jan 1, 1998 – Brian Kennedy – Officer badge 75
- Bates 18 – July 27, 1999 – Brian Kennedy – Officer Royston badge 45
- Bates 832 – July 30, 2003 – Brian Kennedy – officer Tsoukalas badge 87
- Bates 18-28 – Motor vehicle history for Michelle & Brian Kennedy
- Bates 29 – Aug 25, 1990 – Michelle Kennedy – Officer 27 – Warning
- Bates 30 – March 12, 1993 – Michelle Kennedy – Officer badge #13
- Bates 31 – September 5, 1993 – Michelle Kennedy Officer Roche – Badge 54
- Bates 32 – June 11, 1993 – Michelle Kennedy – Officer badge #13
- Bates 33 – September 6, 1993 – Michelle Kennedy – officer Roche – Badge 54
- Bates 34 – Aug 7, 1996 – Michelle Kennedy – Bage 28
- Bates 35 – Oct 27, 1997 – Michelle Kennedy – officer Maceachern badge 56
- Bates 36 – Dec 30, 1997 – Michelle Kennedy – officer Katz badge 72
- Bates 37 – July 22, 2001 – Michelle Kennedy – officer B West badge 65
- Bates 38 – Oct 28, 1999 – Michelle Kennedy – officer O'Leary
- Bates 39 – Stolen badge Assist from Tewksbury PD…116 Leicester Street …Owner Donna Gauvreau...Detective Bolton Report
- Bates 43 William Ashton RAP Sheet
- Billerica Daily Logs – Bates 45-96
- Bate 110 – Re Charges against William Ashton for Stolen Badge of Lieutenant Connors –
- Bates 111 Michelle Kennedy RAP Sheet
- Bates 112 – 114 Michelle Kennedy Involvement History
- Bates 116 – 120 CORI History – Michelle St John(Michelle Kennedy)
- Bates 122 –  125 Michelle Kennedy Driving History
- Bates 142 – New Hampshire Speeding Ticket Incident 7/14/1999
- Bates 146 Shoplifting incident Filenes – Sept 1, 1999 Michelle Kennedy Salem New Hampshire
- Bates 157 Michelle Kennedy Driving History Mass Registry of Motor Vehicles
- Bates 158 – 164 Brian Kennedy Rap Sheet
- Bates 165 – 178 Criminal History Commonwealth of Massachusetts CORI
- Bates 197 – 200 Tracey Heffernan Statement re Frank McKenzie Nov 29, 1991

- Bates 201 – 203 Craig Pickering Statement re – harassment from Ofc Mackenzie and Elmore  Nov 30, 1991
- Bates 204- 5 Michelle Kennedy Complaint  Jan 2, 2002
- Bates 209 – 215 Kennedy complaint re-Officer Micciche Aug 1999
- Bates 242 – Det Howe Statement from Tina Huber re vandalism by Daniel Dufault Michelle and Brian Vandalism complaint
- Bates 381 – 384 – mistake re suspension of license Arrest warrant Devito and West
- Bates 388 129 Leicester Street Tewksbury, Mass.
- Bates 402 – 162 Leicester Street Billerica Street
- Bates 400 – Tera Connors letter Marshall Middle School –
- Bates 403 – Re Statement of Frederick Kendall re MACE incident July 21, 1997…statement taken by Detective Howe on April 3, 2002
- Bates 404 – re statement from David Lumbert former bartender at Concord Shores re Dec 19, 1991 Paul parent & Brian Kennedy…statement taken by Detective Howe on April 17, 2002
- Bates 435-440 (page 429) Kids with Bats…smashed windows…complaint…Nov 9, 2001..162 Leicester Street…officer Devito & M Conway with Lieutenant Rosa
- 440 to 461 daily logs sheets
- 0469/72 Diann Masone Statement re bat assault incident
- John Cimmino arrest for bat incident – bates 489
- Bates Page 491 – 498 Martha Coakley District Attorney Complaint re bat assault…summary of facts
- Bates 566 Craig Pickering RAP Sheet
- Bates 585 Nov 9, 2001 police report of Bat incident
- Bates 602 – Home Depot incident 12/15/2003 Officer Mark Tsoukalas off-duty  Tewksbury Public Safety Report
- Bates 604 Billerica Boys Club Officer Parker & ofc Royston Brian, Michelle, Ashton(William) re: Suspicious Activity
- Bates 608 – Racial allegation by Ofc Parker towards Officer Royston Oct 27, 2003 report by Lt. Greenhalgh re April 3, 2002 incident
- Bates 619 – unknown liquid sprayed in face Ofc Nestor/Macheachern Aug 9, 2001…Mitchell Kennedy…Sgt Munn
- Bates 621 – Mitchell Kennedy Involvement History…02/20/2004 assault on Police Officer
- Bates 644 – Threats made by Michelle Kennedy towards Officer Tsoukalas March 6, 2003
- Bates 6460649  - Arrest warrant served March 6, 2003…$5,000 cash bail per Jamie …shift commander Sgt Elmore
- Bates 654 – Officer Tsoukalas arrest of Mitchell Kennedy 02/20/2004 ..162 Leicester Street…flashlight in face…pushed me in the chest…booked by Sgt Glavin.."struck officer Tsoukalas in the chest …Officer John Harring
- Tara Connors neighbor dispute – Bates 661
- Bates 669 Mitchell Kennedy spoken to re stolen money because he was good friends with Brooks…

- Bates 694 ..Disturbance in Town manager's office…Officer Tsoukalas Report. 7/15/2004…Lieutenant Troy Opland …irate female…demanding to see Mr. Montouri…
- Bates 742 ..Arrest warrants for Brian Kennedy…Oct 28, 2004…bicycle pursuit…7 bridge street
- Bates 749 -762 Michelle Kennedy RAP & Involvement history Sheet
- Bates 763 – 792 Brian Kennedy & Michelle Kennedy Involvement History & RAP sheets
- Bates 793 – William Ashton Rap & Involvement History
- Bates 807 – Suspicious Persons Complaint – Michelle Kennedy Ofc Richter Sgt Roy Frost…
- Bates 811 Officer McKenna m/v stop…Oct 10 2004
- Bates 814 – 5/3/2002 – Kids throwing rocks at house…Officer Maceachern report
- Bate 816 – Michelle Kennedy harassment complaint lodged by Janine & Nicholas Gallinaro 37 Upton Rd….
- Bates 834 – Brown incident photo array…Brian Kennedy arrest ..delivery 7/26/2004..United parcel service…
- Mass Fire Incident Report – Bates 896 1986 Ford Pick-up
- Bate 901 – Sgt Connors Truck Fire response…Report…Robert Reslow as suspect
- Bates 905 – telephone harassment complaint – Robyne Reslow suspect…11/8/91 through 12/2/91…Frank MacKenzie as a suspect…Donna Oblenis suspect phone caller…husband John…..Inspector Richard Howe….
- Bates 949 – Officer Mullen report re truck arson fire
- Bates 993 – 994 Ofc Frank Mackenzie 500.00 to Heffernan to beat up Michelle Kennedy…Nov 1991 complaints made to Chief John Barretto…on-going narcotics investigation  Steve West and Howe…Heffernan statement taken by Officer Howe and Steve West …pay phone Billerica Flick
- Bates 1008 – 1011 Concord Shores Police report…Officer Loranger badge 48
- Bates 1013 Lumbert follow-up statement by detective Howe
- Bates 1019 Heffernan Statement
- Bates 1020 Craig Pickering statement 11/30/1991
- Bates 1093 Brian Kennedy Driving Record Mass registry of Motor Vehicles
- Bates 1156 - Lynne Tierney death Threat complaints…Mr Tipps waitress

30. Daily v Rosa Complaint Defendant's Daniel Rosa, Ellen Rawlings and the Town of Billerica, Answer to complaint and demand for jury Trial – December 19, 2006
31. Andre Suckey Complaint May 1, 2000 House of Corrections incident
32. Seaburg v Daniel Doyle Complaint May 14, 2001
33. Chief Rosa continuation of Deposition November 29, 2006 received 12/24/2006
34. Martin Conway Deposition November 27, 2006 received on January 4, 2007
35. Michael Casey Deposition August 8, 2006 received January 4, 2007

36. http://www.usdoj.gov/crs/pubs/pdexcess.htm#25 POLICE USE OF EXCESSIVE FORCE A CONCILIATION HANDBOOK FOR THE POLICE and THE COMMUNITY June 1999 (Updated June 2002) Community Relations Service U.S. Department of Justice
37. US Department of Justice Civilian Complaints study 2006 NCJ 210296

This case involves multiple police encounters with plaintiffs since 1991 through and inclusive of 2006. It represents a pattern, custom, and practice by the Billerica defendants to specifically target the plaintiffs. Billerica Police officer with badge #13 was specifically active in performing motor vehicle stops on both Brian and Michelle Kennedy.

The Police Code of Conduct specifically states…"it is important to remember that a timely word of advice rather than arrest-which may be correct in appropriate circumstances-can be a more effective means of achieving a desired end."  I have not found in my review of the Massachusetts General Laws a *mandatory non-discretionary arrest statute* outside of Domestic Violence.

As to credibility of version of particular events, the fact finder in this matter will be the jury. Contrary to Chief Rosa's statement that he would place more credibility in his officers, in the absence of written Civilian Complaint Documentation, the plaintiff's versions of events are as credible as the oral statements of events of the Billerica Police Defendants.

The tip of the iceberg showed itself at the Concord Shores Incident in 1991 with successive constitutional ramifications through 2006. Successive Town Managers, Police Chiefs, and command staff within the Billerica Police department knew or should have known of the complaints filed by Michelle Kennedy and then have conducted to a "finding conclusion" as to the particular complaints. The record does not show a complaint management system capable of tracking and flagging police activity. Officer Michael Casey and Officer Robert Greene are prime examples.

*Signed:*_____
*Reginald F. Allard, Jr.*
`Dated: January 16, 2007`