UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************
BRIAN KENNEDY AND MICHELLE KENNEDY,  *
Individually and as father and next friend of   *
BRIAN KENNEDY, JR., Individually and as mother *
next friend of BRIAN KENNEDY, JR..              *
                                                *
           Plaintiffs                           *
                                                *
v.                                              *   C. A. No. 04-CV-12357-PBS
                                                *
TOWN OF BILLERICA, et al                        *
                                                *
           Defendants                           *
*********************************
```

## MOTION TO RECONSIDER SUMMARY JUDGMENT

Now come the plaintiffs and ask this Court reconsider two areas of its Memorandum and Order on Summary Judgment, issued March 26, 2007.

**1. This case presents precisely "the narrow circumstances where conspiratorial conduct arises before any tort occurs" and therefore none of the Plaintiffs' claims can be excluded as prior independent acts**.

In its memorandum the Court properly looked to the law of the First Circuit in _Nieves v. McSweeney_, 241 F.3d 46 (1st Cir., 2001) that the statute of limitations "runs separately from each action constituting a civil rights violation that causes actual damages", in addressing the issue of discrete civil rights violations more than three years prior to the 2004.

However, the Court noted that _Nieves_ acknowledges that exceptions to this rule may arise in "circumstances where conspiratorial conduct arises before any tort occurs". [Memorandum and Order, p. 8] This language, taken from _Nieves_, refers to the facts in _Robinson v Maruffi_, 895 F.2d 649, where the conspiracy to frame plaintiff Robinson preceded any of the acts that gave rise to the civil rights violations.

*Nieves* is typical in statute of limitation situations, where there is a false arrest or excessive force claims providing the underlying civil rights violation that is outside the statute of limitations and an attempt by the plaintiff to "withstand the blow [of the statute of limitations] by cloaking themselves in the protective armor" of a conspiracy theory, as Judge Selya eloquently writes in *Nieves*.

Plaintiffs here sought to distinguish the fifteen (15) year (and still ongoing) pattern of harassment from the more common situation of an underlying civil rights violation outside the statute of limitations and the subsequent coverup. The Court clearly understood this distinction. However, the Court's recitation of the language from *Nieves* of the "narrow circumstances where conspiratorial conduct arises before any tort occurs" leaves the plaintiffs with the recognition that they have not made clear to the Court how well the facts of this case fit the narrow exception acknowledged by the Court in *Nieves* .

As in *Robinson v Maruffi*, where the defendant officers conspired to frame plaintiff Robinson before committing even the firs act within the conspiracy, here the defendants targeted Brian and Michelle Kennedy in August, 1991, before the firebombing of the Kennedy's pick-up truck on September 23, 1991, before the beating of Brian Kennedy at the Concord Shores Club on December 17, 1991, and long before the badge case or the series of arrests that led to Brian Kennedy's three month incarceration in 1998.

This is clear from the threats made by defendant Mackenzie, in the presence of defendant Elmore, to Brian Kennedy, in September, 1991 just before the firebombing, to "keep your wife on a leash" and to "watch your back" during a traffic stop, where Mackenzie added the threat that Brian "did not know who he is f--king with". [Complaint, ¶37 and Trial brief at p. 3]

Further evidence that the conspiracy preceded any overt acts are found in documents produced by the defendants, bearing Bates Stamps 561-562, consisting of a complaint (never investigated) of Craig Pickering that defendants MacKenzie **and Elmore** were pressuring him to "set up" and frame Brian Kennedy, indicating that this had been going on for at least some six weeks prior to his signature on the "complaint".  Mr. Pickering will testify at trial that the "pressure" from defendants had been going on throughout the summer and into the fall – well before the first act of the conspiracy.

Thus there is clear evidence that the conspiratorial conduct commenced **before** the first act of the conspiracy was committed: just the narrow situation that the Court in *Nieves* anticipated would be rare, but possible.  Hopefully, having clarified how the facts they expect to prove fit this narrow exception, plaintiffs seek the Court's reconsideration and requests that Court allow in evidence all the acts of the conspiracy as part of the plaintiffs' claim, on the basis that "the defendants' 'wrongful' acts were a single continuing violation of Plaintiff's constitutional rights tied together by a plan to 'get' [the plaintiffs] at all costs". *Robinson v Maruffi*, 895 F.2d 649, at 654

**2.  The Minor Children's loss of consortium claims are independent of their parents' claims and should not be barred by the statute of limitations**.

It is established statutory law in Massachusetts that a minor's claim is tolled until the minor reaches majority.  M.G.L., c. 260 § 7.  This remains good law.  [See, e.g. Judge Whitehead's comment at headnote 4 in *Light et al v. Rooney*, Mass. Superior Court, Westlaw 1280766 (1995), that c. 260 § 7 "may well toll the statute" for the minor plaintiffs in that case.]

As Judge Young held in *Lareau v. Page*, 840 F.Supp. 920 (D.Mass.1993) the Massachusetts statute that tolls the limitations period on claims of minor children until age of majority allows a minor's claim for loss of consortium damages, even though the parent's claims

were time barred. <u>Lareau v. Page</u>, This principal was confirmed by the First Circuit in <u>Lareau v. Page</u>, 39 F.3d 384 (1994), which writes "Under Massachusetts law, claims for loss of consortium are independent, rather than derivative, of the claim of the injured person, see <u>Olsen v Bell Tel. Lab., Inc.</u>, 388 Mass. 171, 445 N.E.2d. 609, 612 (1983)"

In <u>Olsen</u>, the Supreme Judicial Court corrects the language in the earlier Appeals Court holding in <u>Short v Town of Burlington</u>, 414 N.E.2d. 1035, 11 Mass. App. Ct. 909, that a loss of consortium claim must fall "because it is entirely derivative and has no existence apart from a viable claim of the injured person".

<u>Olsen</u> makes clear that this is not the case, explaining that "The claim for loss of consortium is independent of the claim of the injured [family member]. *Feltch v. General Rental Co.*, 383 Mass. 603, 421 N.E.2d 67. Although a cause of action for loss of consortium in most cases would accrue at the same time as would the action for personal injuries, this may not always be true. Cf. <u>Diaz v. Ely Lilly & Co.</u>, supra 364 Mass. at 167, 302 N.E.2d 555. Since the causes of action are independent, the date of accrual of each action must be determined separately."

As none of the three children had not yet reached majority at the time of the filing of this case, <u>Olsen</u> makes clear that none of their claims for loss of consortium have yet expired, even for the acts that occurred in 1991.

On this basis, the plaintiffs respectively move that the Court reconsider the portion of its ruling that the minors' loss of consortium claims "must fail on all time-barred claims", as this is based on the incorrect application of <u>Short v Town of Burlington</u>, which involved a spousal loss of consortium and not minor children, for whom the statute of limitations is tolled by M.G.L. c. c. 260 §7.

                                      Respectfully submitted,
                                      Brian Kennedy, et al
                                      by their counsel

Date: <u>March 29, 2007</u>                 <u>/s/Andrew M. Fischer</u>
                                      Andrew M. Fischer
                                      BB0# 167040
                                      JASON & FISCHER
                                      47 Winter Street
                                      Boston, MA 02108
                                      (617) 423-7904
                                      afischer@jasonandfischer.com