UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, Individually and as mother and next friend of BRIAN KENNEDY, JR., MITCHELL KENNEDY AND DYLAN KENNEDY<br>　　　　　　Plaintiffs<br><br>VS.<br><br>TOWN OF BILLERICA, DANIEL C. ROSA, JR. Individually and as Chief of the Billerica Police Department, JOHN BARRETTO, Individually and as former Chief of the Billerica Police Department, PAUL W. MATTHEWS, Individually and as former Chief of the Billerica Police Department, ROBERT LEE, Individually and as former Deputy Chief of the Billerica Police Department, THOMAS CONNORS, FRANK A. MACKENZIE, RICHARD RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, WILLIAM MCNULTY, DONALD MACEACHERN, MICHAEL A. CASEY, RICHARD NESTOR, ROBERT BROWN, WILLIAM G. WEST, GREGORY KATZ, GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY F. MCKENNA AND JOHN DOE,<br>　　　　　　Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' TRIAL BRIEF AND MOTION *IN LIMINE*

This Court issued an order resolving the defendants partial Motion for Summary Judgment. As a result of the Court's ruling, the trial of this matter should be shortened as evidence of incidents, which occurred prior to November of 2001 should be precluded from this trial. The defendants believe that this trial should be about the following issues.

I.  <u>The November 9, 2001 melee</u>

The plaintiffs make a number of allegations arising out of a brawl, which occurred outside the plaintiffs' trailer in November of 2001.  As a result of this incident, both Brian and Michelle Kennedy were charged with felonies.  The defendants will prove that both Kennedys were indicted by a Grand Jury for those crimes and that ample probable cause existed to charge the Kennedys with these crimes.  Brian Kennedy claims that excessive force was used during his arrest.  The defendants deny this and recognize that this issue will go to the jury.

II.  <u>Allegations regarding Dean Royston</u>

The plaintiffs complain that former Billerica officer Dean Royston was mistreated because he was "friendly" with Michelle Kennedy.  The defendants state that Mr. Royston is not a plaintiff in this case, thus there are no cognizable claims about him.

III.  <u>Tsoukalas breaks Michelle's Finger</u>

Michelle Kennedy alleges that Officer Tsoukalas intentionally broke her finger.  The defendants expect to prove that this did not happen.

IV.  <u>George Brooks "Attacks" on Mitchell Kennedy</u>

The plaintiffs claim that a police officer refused to charge a young man for allegedly attacking Mitchell Kennedy.  This is not a cognizable claim and all evidence about it should be precluded.

V. <u>Breaking Brian's ankle</u>

The plaintiffs apparently will try to persuade a jury that a man by the name of Mike Mullins broke Brian Kennedy's ankle and this is somehow the fault of the Billerica police. This theory should be precluded from evidence.

Next, in this section of the Kennedy novella, they claim that a woman named Donna Hawkes and her family attacked Michelle Kennedy and her car. There appears to be a claim that the Billerica Police did not prosecute the Hawkes' matter aggressively enough. This is not a cognizable claim and should be removed from this trial.

VI. <u>Mitchell Kennedy's arrest</u>

Mitchell Kennedy claims that he was arrested without probable cause on February 20, 2004. The defendants will prove that ample probable cause existed to arrest him.

Michelle was charged with threatening Tara Hawkes. She apparently claims that she was arrested without probable cause. The defendants will prove that ample probable cause existed.

Next in this saga, the Kennedys claim that defendant Casey taunted them and illegally searched Mitchell. The Court has allowed this claim to go to the jury, and the defendants expect to prevail.

VII. <u>The *Monell* claim</u>

The defendants renew their request that the so-called *Monell* claim be severed from this trial. This Court has now ruled that the plaintiffs must prove that one or more of the individual defendants violated their Civil Rights after November of 2001 in order to recover. As a result of this ruling, the trial of this matter should be significantly shortened. If the jury makes any findings against any of these defendants for these acts,

the Town will pay all compensatory damages as well as attorney fees. The sole purpose of the *Monell* claim is to ensure this very thing.

However, if this Court proceeds to trial with the *Monell* claim, doubtlessly the plaintiffs will attempt to introduce into evidence most or all of the time barred incidents to try to prove a pattern and practice by the Town. If they succeed, the only thing they will get is that the Town will have to pay the damages awarded against the individuals, something that the Town will do voluntarily. The only reason that the plaintiffs insist on trying the *Monell* claim is that non-compensable incidents will be introduced into evidence, thus prejudicing the individual defendants. Further, the trial of the *Monell* claims will result in testimony regarding multiple non-compensable incidents, which will extend the trial.

Accordingly, the defendants suggest to this Court that since the Town of Billerica will agree to pay any compensatory damages awarded against any of the individual defendants, the *Monell* claim should be severed from the trial against the individual defendants.

VIII. <u>Witnesses</u>

The defendants state to this Court that should the Court preclude from evidence all incidents occurring prior to November of 2001, the defendants will submit an abbreviated list of witnesses.

However, if this Court allows into evidence testimony about prior alleged incidents, the defendants respectfully reserve the right to call any of the witnesses previously submitted to this court.

IX. <u>Lengh of trial</u>

If the *Monell* claim is tried, the defendants expect that this trial will last four weeks. If only the individual defendants actions after November of 2001 are tried, this trial should conclude in two weeks.

<div style="margin-left: 50%;">
Respectfully submitted,
Defendants,
By Their Attorney


___/s/ Jeremy I. Silverfine_____
Leonard H. Kesten, BBO # 542042
Jeremy I. Silverfine, BBO # 542779
Karen W. Peters, BBO # 658903
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100
</div>

Date:  March 28, 2007