UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************
BRIAN KENNEDY, et al             *
                                 *
    Plaintiffs                   *
                                 *
v.                               *   Civil Action no. 04-12357 - PBS
                                 *
TOWN OF BILLERICA, et al         *
                                 *
    Defendants                   *
*********************************************

**MOTION TO EXCLUDE ANY REFERENCE
TO THE PLAINTIFFS AS DRUG DEALERS
AND FOR CURATIVE INSTRUCTION**

Now come the plaintiffs and move this Honorable Court exclude reference to the plaintiffs as drug dealers or to the defendants' drug investigation of the Kennedy in 1991.

As reason, plaintiffs state that, despite defendants contentions to the contrary, there is no evidence that the plaintiffs ever sold drugs. They have never been arrested for drug use or distribution (except for the 1988 cocaine possession conviction of Brian Kennedy that precedes ant drug investigation or anything to do with this case by three years). Nor is there any evidence of drug use or drug possession, other than the plaintiffs' own admission to recent dependency on lawfully obtained perscription medication.

Amy Baum, who lived with the Kennedys and has turned against them, cooperating with the defendants, has testified that she never saw Michelle Kennedy sell drugs. With respect to Mr. Kennedy, in response to the same highly improper question by defense counsel, although she first said she saw him "sell" drugs, she was then forced to concede that she never saw him "sell" drugs but that once she saw Mr. Kennedy get out of his truck and speak with someone "near the dumpster" before returning to his truck, an incident that has many other possible plausible

explanations. Given the fact that Ms. Baum lived with the Kennedys, her inability to come up with any further observation of drug distribution is telling.

More telling is the testimony of the witness now known to be the defendants' confidential informant, who testified that she had no knowledge of the Kennedys ever selling drugs. Indeed, if the plaintiffs were able to examine her on this issue, her testimony would be that she was being used to set the Kennedys up. Plaintiffs suggest that, given the fact that the defendants carelessly disclosed the informants' identity early in their discovery disclosures in this case, the defendants' real purpose in seeking to maintain the confidentiality of evidence about the informant at trial is not to "protect" the informant, but to keep out of evidence that the drug "investigation" was part of the conspiracy to get the Kennedys.

Insofar as plaintiffs are unable to refute any allegations that they are "drug dealers", especially such allegations arising from the 1991 investigation based upon the informant in question, without revealing to the jury the identity of the informant, defendants should be barred from any reference to the plaintiffs as "drug dealers". Further, the plaintiffs seek an express and specific curative instruction that any reference to the plaintiffs as "drug dealers" by defense counsel as inappropriate and should be ignored. Alternatively, the plaintiffs would ask the opportunity to call the informant and have the informant testify regarding the actual basis for the drug investigation of the Kennedys and the intent of the defendants in pursuing their drug investigation of the Kennedys.

Respectfully submitted,
Brian Kennedy, et al
by their counsel

Date: _____

_____/s/_____
Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

kennedy/moexcludedrugs

Case 1:04-cv-12357-PBS    Document 222    Filed 04/16/2007    Page 3 of 3