UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRIAN KENNEDY, et al | \* |
| Plaintiffs | \* |
| v. | \*  Civil Action no. 04-12357 - PBS |
| TOWN OF BILLERICA, et al | \* |
| Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION FOR CORRECTIVE INSTRUCTION AND FOR APPROPRIATE SANCTIONS

Now come the plaintiffs and move this Honorable Court order defense counsel from asking questions of witnesses when defense counsel have no legitimate basis for the question and that the Court enter appropriate sanctions for the continuing practice of defense counsel asking questions of witnesses for which defense counsel has no legitimate basis.

Most recently, on Thursday, April 12, 2007, defense counsel asked John Cimmino what he knew about Deann Masone's broken ankle and broken nose. Indeed the only reference in the medical records of Ms. Masone to any broken bones is when the ER examination excludes the possibility and the records contain three sets of x-rays, all negative. Although plaintiff's objection to the question was sustained, the question placed into the minds of the jury the idea that Ms. Masone was much more severely injured than the cuts and bruises shown on the photos in evidence. This harm is not easily undone.

Similarly, defense counsel's question to John Cimmino asking who told him to say that defendant MacKenzie offered him a break on his criminal charges if he helped get Brian Kennedy implied, without any basis, that the defendants -- or worse, their counsels -- are

suborning perjury. There is no basis whatsoever for the insinuation, one that is hard to remove from the jury's mind, even when the objection to the question is sustained.

Defense counsel also asked Amy Baum if she ever heard Michelle Kennedy tell anyone to hurt someone and asked Amy Baum if she ever saw Brian Kennedy selling drugs. As Ms. Baum was cooperating with the police defendants, defense knew the answers to both questions were negative, but asked the questions nonetheless, knowing that the question, even if objected to and the objection sustained, would taint Michelle Kennedy before the jury.

On Thursday, April 12, 2007, defense counsel also asked Billy Ashton if he heard Michelle Kennedy give false testimony in Lowell Superior Court in the trial on the Masone charges. There was no good faith basis for this question, either.

This abuse, which has been ongoing since the beginning of this trial, when defense counsel asked Michelle Kennedy, without basis, about the "firebombing" of a Lexus, continues. On Friday, April 13, 2007, defense counsel asked Tracy Heffernan whether she had signed her name to other documents the Billerica Police had. He asked this question knowing that either there were none or that if there were any, they could not be produced, subject to the protective order that defense counsel requested in camera.

Prior to bringing this motion, plaintiffs' counsel sought to make inquiry of the good faith basis for each of these questions. Defense counsel only answered the first, regarding the broken nose and broken bone, sarcastically belittling the question by saying "Didn't you read the medical reports? Don't you read the file?" Undersigned counsel reviewed the file again and reaffirmed that their was no reference to any broken bones (except to exclude the possibility) in the ER reports. Undersigned counsel then sent an email [Exhibit A, hereto] documenting the request for the good faith basis for each of the questions and suggesting that the plaintiffs would

-2-

seek relief from the Court. The only response was that defendants were relying on the Grand Jury testimony of Deann Masone, testimony that now appears to be false testimony.

As sanctions, plaintiffs request more than a general instruction that the questions of counsel are not evidence but a specific curative instruction that defense counsel have suggested facts that are not in evidence and that the jury should disregard these specific questions which defense counsel should not have raised.

As further sanction, the plaintiffs request that the Court impose substantive money sanctions for each violation by defense counsel.

                                                  Respectfully submitted,
                                                  Brian Kennedy, et al
                                                  by their counsel

Date: _____    _____/s/_____
                                                  Andrew M. Fischer
                                                  BB0# 167040
                                                  JASON & FISCHER
                                                  47 Winter Street
                                                  Boston, MA 02108
kennedy/mopriorconviction                       (617) 423-7904