UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRIAN KENNEDY, et al | \* |
| | \* |
|     Plaintiffs | \* |
| | \* |
| v. | \*   Civil Action no. 04-12357 - PBS |
| | \* |
| TOWN OF BILLERICA, et al | \* |
| | \* |
|     Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' PROPOSED EDITS
## TO THE COURT'S DRAFT JURY INSTRUCTIONS

Plaintiffs propose the following edits to the Court's draft jury instructions:

1. Adding to Instruction #5 that a fact assumed in a lawyer's question is not necessarily in evidence.

2. Adding the intentional infliction of emotional distress to the list of plaintiffs' claims enumerated in Instruction # 8

3. Plaintiffs also think that the "Burden of Proof" instruction is out of order, and should precede Part II, which begins the "Specific Claims in This Case".

4. Plaintiffs suggest that the "State of Mind" language of Instruction #19 applies specifically to the civil rights claims against the individual defendants and add language that makes this more clear.

5. Plaintiffs suggest a slight stylistic change from "Thereafter . . . " to "If you find such a deprivation", as reading more smoothly.

6. Plaintiffs ask that the Court add the language "or that there was sufficient evidence of a "purposeful police conspiracy to manufacture, and the manufacture of, false evidence or that the defendants misrepresented or falsified evidence otherwise acted in bad faith in their presentation to the grand jury."  This language is taken from _Rothstein v Carriere_, 373 F3d 275 (2d Cir., 2004) and _Camiolo v. State Farm Fire & Casualty Co._, 334 F3d 345 at 363 (3d Cir., 2003), the cases cited in _Gonzalez Ricci v. U.S. I.N.S._, 405 F3d 45 (1st Cir., 2005).

7. The plaintiffs would add an instruction after Instruction #37 explaining how the jury should treat the fact that there are other defendants and that there has been evidence of the involvement of other Billerica Police Officers who may or may not be defendants.

      8.  Plaintiffs would delete the last two paragraphs on page 55, addressing an affirmative defense of "provocation" as not applicable to the facts in evidence.

      9.  Plaintiffs continue to research the issue of loss of consortium as an independent claim, as well as the issue of whether a loss of consortium claim can be based upon a § 1983 claim and seek leave to submit further filings on the instruction, at page 61, on the limitation of a consortium claim.

      10.  Plaintiff would add "supervise and discipline" to the "inadequate hiring and training" language explaining the Monell claim, as plaintiffs' claim is, more precisely, a failure to supervise and discipline than an inadequate hiring claim.  The words "supervising and disciplining" are thus inserted on p. 62 and like changes are inserted in this instruction.

      11.  Plaintiffs would add language explaining the defendant town's duty to the plaintiffs.

      12.  Plaintiffs would delete the words "except their loss of consortium claims" at the end of the Statute of Limitations instruction on p. 74, consistent with the arguments put forth in the opposition to summary judgment that the loss of consortium claims of the minor children do not run while the children remain minors.   Plaintiffs hope to file further support for this.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Brian Kennedy, et al<br>by their counsel |
| Date: <u>April 23, 2007</u> | /s/Andrew M. Fischer<br>Andrew M. Fischer<br>BB0# 167040<br>JASON & FISCHER<br>47 Winter Street<br>Boston, MA 02108<br>(617) 423-7904 |