UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRIAN KENNEDY, *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C. A. NO. 04-12357-PBS |
| | ) |
| TOWN OF BILLERICA, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PROPOSED JURY INSTRUCTIONS**
**DRAFT OF April 18, 2007**

Saris, U.S.D.J.

**MEMBERS OF THE JURY:**

You have heard the evidence and the arguments in this case. It is now my duty to instruct you on the law that you must follow and apply. When I have finished, you will begin your discussion with each other -- what we call your deliberations.

To help you understand and remember these instructions on the law, I will divide them into three main parts: <u>first</u>, general instructions intended to guide you throughout your deliberations; <u>second</u>, instructions about the complaint and about the law that determines what the plaintiff has to prove in this case; <u>third</u>, some additional general instructions about procedures during your deliberations.

**PART I: <u>Opening General Instructions</u>**

**Instruction No. 1 – Role of the Court**

These instructions are about the law you must apply.  I do not mean any of my instructions to be understood by you as a comment by me on the facts or on the evidence in this case. You are the judges of the facts.  You are the sole judges of the credibility of the witnesses.

My job has been threefold.  First, I selected a fair and impartial jury.  Second, I ruled on evidentiary questions.  My third and final task is to give you instructions of law.  You must be guided only by the instructions on the law as I state them.  You should consider them as a whole.  I may repeat some portions, but that does not mean they are more important.  All the instructions are equally important.

Even if you disagree with some of the rules of law or don't understand the reasons for them, you are bound to follow them as jurors in this case.  This is a fundamental part of our system of government by law rather than by the individual views of the judge and the jurors who have the responsibility for deciding a specific case.

To the extent I say something different from what the attorneys said, you must follow my instructions of law.

However, I am not the judge of the facts.  I have no opinion as to the appropriate outcome of this case.  You must disregard

2

any facial expressions I have.  Also, if during the course of the instructions I state the evidence differently than you remember it, you must disregard my memory of the evidence.  It is your memory that counts.

## Instruction No. 2 - Function of the Jury

You are the sole and the exclusive judges of the facts. You decide the weight, effect, and value of the evidence. You also decide the credibility or believability of the witnesses. Once you determine the facts, it is your duty to apply those facts to the law as I explain it. You must decide whether and what damages Stephen is entitled to recover.

You must determine the facts without prejudice, fear, favor, bias, or sympathy. You also may not consider any personal feelings you may have about the race, religion, national origin, sex, or age of either of the parties or any witness who testified during the trial. You must determine the facts solely from a fair consideration of the evidence. If you let fear, favor, prejudice, bias, or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict.

You are not to decide the case based on what you have heard or read outside the courtroom. You cannot speculate or guess as to what might or might not have happened. Instead, you must confine your deliberations to the evidence and nothing but the evidence.

The lawyers were allowed to comment during the trial both on the evidence and on the rules of law. But if what they have said about the evidence differs from your memory, let your collective

4

memory control.  And if what they have said about the law seems
to you to have a different meaning in any way from my
instructions on the law, you must be guided only by my
instructions.

1 Devitt & Blackmar et al., <u>Federal Jury Practice and
Instructions</u> § 10.01, at 253-59 (4th ed. 1992); 1 L. Sand et al.,
<u>Modern Federal Jury Instructions: Criminal</u>, ¶ 2.01, Instr. No. 2-
3 (1998).

## Instruction No. 3 – Burden of Proof

On each issue submitted to you, in this case, one party or the other has the burden of proof to establish that party's claim or defense by a preponderance of the evidence.  In this case, the plaintiff has the burden of establishing liability and damages by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence, when considered and compared with that opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  The burden of proof has not been carried if, after you have considered all the evidence, you find that you must speculate, guess, or imagine that one or more of the necessary facts is true.

Although, on each issue, the burden is on one party to prove that party's contention on that issue by a preponderance of the

evidence in the case, this rule does not, of course, require proof to an absolute certainty; proof to an absolute certainty is seldom possible in any case.  Nor is proof beyond reasonable doubt or by clear and convincing evidence required; a burden of proof by a more stringent standard applies in criminal cases and in other special circumstances but in civil cases generally, and in particular as to all the issues in this case, the standard for defining the burden of proof is the "preponderance of the evidence" standard.

In applying the "preponderance of the evidence" standard, you will find that a party has succeeded in meeting the burden of proof on an issue of fact if, after consideration of all the evidence in the case, and on the basis of evidence, you find that what is sought to be proved on that issue is more likely true than not true.

## Instruction No. 4 - Evidence

The evidence consists of the sworn testimony of the witnesses, all exhibits received in evidence, and all facts that have been admitted or stipulated.

The mere number of witnesses or length of the testimony or number of exhibits has no bearing on what weight you give to evidence, or on whether you find that a party's burden of proof has been met.  Weight does not mean the amount of the evidence. Weight means your judgment about the credibility and importance of the evidence.

### Instruction No. 5 – Evidence: Excluding Argument of Counsel and Comment of Court

As stated earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and all the exhibits admitted in the record. Opening statements and closing arguments made by the lawyers are not evidence in the case. **LIKEWISE, WHEN A LAWYER ASKED A QUESTION THAT ASSUMES A FACT, THAT FACT MAY OR MAY NOT BE IN EVIDENCE AND IT IS UP TO YOU, THE JURY, TO DETERMINE WHETHER THAT FACT IS IN EVIDENCE AND HAS BEEN ESTABLISHED.** Questions which were not answered or as to which objections were sustained also are not evidence in the case. The function of the lawyers in making their arguments is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.

At times during the trial you saw lawyers make objections to questions asked by other lawyers and to answers by witnesses. This simply meant that the lawyers were requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. These

only relate to the legal questions that I had to determine and should not influence your thinking.  When I sustained an objection to a question, the witness was not allowed to answer it.  Do not attempt to guess what answer might have been given had I allowed the question to be answered.

Also, if I received evidence but told you it was received for a limited purpose, or if in the instructions I am now giving I tell you that some of the evidence is to be considered only for a limited purpose, you are bound by that limitation.

During the trial I occasionally may have made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

**Instruction No. 6 – Evidence: Direct and Circumstantial**

There are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is where a witness testifies directly about the fact that is to be proved, based on what he or she claims to have seen or heard or felt with his or her own senses, and the only question is whether you believe the witness. Circumstantial evidence is where no witness can testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact which is to be proved.

The law allows either type of proof in a civil trial. While you may rely entirely on circumstantial evidence, any inferences or conclusions which you draw must be reasonable and natural, based on your common sense and experience of life. In a chain of circumstantial evidence, it is not required that each one of your inferences and conclusions be inevitable, but it is required that each of them be reasonable.

Direct and circumstantial evidence have equal standing in law. That is, with respect to what weight shall be given to evidence before you, the law makes no distinction between direct and circumstantial evidence. Also, no greater degree of certainty is required of circumstantial evidence than of direct evidence. You are to consider all the evidence in the case and give each item of evidence the weight you believe it deserves.

### Instruction No. 7 – **Evidence: Credibility of Witnesses**

As jurors, your function is to evaluate the exhibits that have been introduced and determine the credibility of the witnesses' testimony.  Credibility is simply another word for believability.  It is your function to determine the believability of the witnesses who testified.  You are free to decide that you believe all of what a witness told you, none of what a witness told you, or some of what a witness told you.  You are free to do that in accordance with your collective judgment as to the believability of what it was that the witness told you while testifying.

Neither I nor anybody else can tell you all of the ways that you go about making this important judgment about credibility.  However, I can suggest to you some of the things that you should consider in making that judgment.  You should consider the conduct and demeanor of the witness while testifying; the frankness or lack of frankness that the witness showed while testifying; the reasonableness or the unreasonableness of the witness's testimony; the probability or improbability of that testimony; the opportunity or lack of opportunity that the witness had to see and know the facts about which he or she was testifying; the accuracy of the witness's recollection; the degree of intelligence shown by the witness; the witness's prior conduct for truthfulness; and whether the witness has attempted to fill in gaps in his or her memory of events with information

12

he or she obtained after the event.  You also may consider
whether the witness has a motive for testifying and the interest
or lack of interest that the witness may have in the outcome of
the case.  You may take into consideration the character and the
appearance of the witness at trial and any bias he or she has
shown in his or her testimony.  The list is not exhaustive.
Rather, it is a list of examples of the factors you may take into
account and should take into account in making a credibility
judgment.

1 Devitt & Blackmar et al., <u>Federal Jury Practice and
Instructions</u> § 15.01, at 465-66 (4th ed. 1992); 1 L. Sand et al.,
<u>Modern Federal Jury Instructions: Criminal</u>, ¶ 7.01, Instr. No. 7-
1 (1998).

## **Evidence: Law Enforcement Witness**

You have heard the testimony of a number of law enforcement officials.  The fact that a witness may be employed by a state, local, or the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give to that testimony whatever weight, if any, you find it deserves.

United States v. Bethancourt, 65 F.3d 1074 (3d Cir. 1995); Bush v. United States, 375 F.2d 602 (D.C. Cir. 1967)

**Instruction No. 8 – Evidence: Inconsistencies in Evidence**

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because there are inconsistencies or differences in the testimony of a witness, or between the testimony of different witnesses. Two or more persons witnessing an incident or a transaction may see or hear it differently. In weighing the effect of any inconsistency or difference, you may consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

You are not required to accept testimony, even if it is uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for other reasons sufficient to you, that testimony is not worthy of belief.

You may accept all of a witness's testimony or you may reject all of it, or you may accept parts and reject other parts.

15

**Instruction No. 9 – Evidence: Statements Before Trial**

You will recall that during the trial, a witness was sometimes asked to give testimony about a statement made by that witness or by some other witness before trial.  Unless I tell you otherwise, a before-trial statement is brought to your attention only to help you decide whether you believe and credit the testimony at trial of the witness who made the statement before trial.  If you find that a witness knowingly gave a false statement concerning any material matter, before trial, you may take that into account in deciding whether to distrust the testimony at trial.  You may credit the testimony of that witness at trial, or give it no credit, or only such credit as you think it deserves.  Also, if a witness said something different about this matter earlier, even though truthfully, and you decide that the two statements are in conflict, then you may consider whether there is reason for you to doubt or discredit the testimony given.

Except as I tell you otherwise in these instructions, you cannot treat a statement made before trial as evidence in this case for any other purpose than to determine how it bears, if at all, on the credibility of the witness.

**Instruction No. 10 - Evidence: Opinion Evidence, Expert Witness**

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all other evidence in the case.

## PART II: <u>Specific Claims in This Case</u>

**INSTRUCTION NO. 8**

### <u>Overview of Plaintiffs' Claims</u>

Plaintiffs Brian Kennedy, Michelle Kennedy, Brian Kennedy, Jr., Mitchell Kennedy, and Dylan Kennedy have brought this lawsuit against the defendants, the Town of Billerica, Frank A. MacKenzie, Thomas Connors, Mark Tsoukalas, Daniel C. Rosa, Jr., Steven Elmore, Michael A. Casey, and Martin E. Conway, based on the following legal theories:

<u>First</u>, plaintiffs claim that the individual defendants violated their constitutional rights by unlawfully arresting them, taunting them, harassing them, and using excessive force in placing them under arrest. Under federal civil rights law § 1983, persons acting under color of state law are prohibited from intentionally depriving another person of any rights secured by the United States Constitution or federal law.

Second, plaintiffs allege that they were assaulted by several of the individual defendants.

Third, plaintiffs allege that they were falsely imprisoned by several of the individual defendants.

Fourth, plaintiffs claim that they were maliciously prosecuted by several of the individual defendants.

Fifth, **PLAINTIFFS CLAIM THAT THE DEFENDANTS INTENTIONALLY INFLICTED EMOTIONAL DISTRESS UPON THEM.**

18

**SIXTH** plaintiffs claim that they suffered a loss of consortium as a result of the defendants' conduct.

Finally, the plaintiffs allege that the Town of Billerica was negligent in its hiring and supervision of its police force. Also, the plaintiffs claim that the Town of Billerica violated plaintiffs' civil rights under § 1983 because employees of the town executed a governmental policy or custom that was deliberately indifferent to the concerns of the plaintiffs.

I will explain each of these counts, in turn, to you.

**INSTRUCTION NO. 9**

## <u>The Federal Statute: § 1983</u>

The law to be applied on the first claim is the federal civil rights law, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-65 (1998).

## INSTRUCTION NO. 10

### **Burden of Proof**

The plaintiffs have the burden of proving each and every element of their civil rights claim by a preponderance of the evidence.

**A PREPONDERANCE OF THE EVIDENCE MEANS "MORE LIKELY THAN NOT". THIS IS LESS THAN THE STANDARD IN A CRIMINAL TRIAL OF "BEYOND A REASONABLE DOUBT". TO FIND A FACT 'MORE LIKELY THAN NOT" IMAGINE THAT YOU HAVE A SCALE, LIKE THE SCALES OF JUSTICE, AND IF THE SCALE TIPS, EVEN THE SLIGHTEST BIT, MORE ONE WAY THAN THE OTHER, THEN THE FACT IS PROVEN AS "MORE LIKELY THAN NOT"**

5 L. Sand et al., Modern Federal Jury Instructions: Civil, ¶ 87.03, Instruction No. 87-67 (1998); Tatro v. Kervin, 41 F.3d 9, 14 (1st Cir. 1994).

**INSTRUCTION NO. 11**

**Elements of a § 1983 Claim**

To establish a claim under § 1983, the plaintiffs must establish, by a preponderance of the evidence, each of the following three elements:

<u>First</u>, that the conduct complained of was committed by a person acting under color of state law;

<u>Second</u>, that this conduct deprived the plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United States; and

<u>Third</u>, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiffs.

I shall now examine each of the three elements in greater detail.

5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-68 (1998); <u>Martinez-Velez v. Simonet</u>, 919 F.2d 808, 810 (1st Cir. 1990).

**INSTRUCTION NO. 12**

**<u>First Element: Action Under Color of State Law: Definition</u>**

The first element of the plaintiffs' claim is that the defendants acted under color of state law.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.  Section 1983, the federal civil rights law, forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-69 (1998); <u>Martinez v. Colon</u>, 54 F.3d 980, 986 (1st Cir. 1995).

**INSTRUCTION NO. 13**

### State Officials Acting Under Color of State Law as a Matter of Law

Plaintiffs must prove that all of the defendants were acting under color of law and were police officers of the Town of Billerica in the state of Massachusetts at the time of the acts in question in order to establish this first element.

---

5 L. Sand et al., Modern Federal Jury Instructions: Civil, ¶ 87.03, Instruction No. 87-70 (1998); Adickes v. S.H. Kress & Co., 398 U.S. 144, 212 (1970) (Brennan, J., concurring in part) ("A public official acting by virtue of his official capacity always acts under color of state statute or other law, whether or not he overtly relies on that authority to support his action, and whether or not that action violates the law.").

**INSTRUCTION NO. 14**

**<u>Second Element: Deprivation of Right: General Instruction</u>**

The second element of the plaintiffs' § 1983 claim is that they were deprived of a federal right by the defendants.  In order for the plaintiffs to establish the second element, they must show three things by a preponderance of the evidence: <u>First</u>, that the defendants committed the acts alleged by plaintiffs; <u>second</u>, that the plaintiffs suffered the loss of a federal right as a result of the defendants' acts; and <u>third</u>, that, in performing the acts alleged, the defendants acted intentionally or recklessly.

The first part of this element -- whether the defendants committed the acts alleged by the plaintiffs -- is a question of fact for you, the jury, to decide.  You must then determine whether the defendants' alleged acts deprived the plaintiffs of a federal right.

5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, § 87.03, Instruction No. 87-74 (1998); <u>Martinez v. California</u>, 444 U.S. 277, 284-85 (1980).

**INSTRUCTION NO. 15**

**Deprivation of Right: Unlawful Arrest**

First, with respect to the several unlawful arrest allegations, **(list them)** I instruct you that under the Fourth Amendment to the United States Constitution, a person may not be arrested without probable cause for such an arrest. This means that a police officer must have information that would lead a reasonable person who possesses the same official expertise as the officer to conclude that the person being arrested has committed or is about to commit a crime. In other words, probable cause exists if the facts and circumstances known to the officer are sufficient to warrant a reasonable police officer in believing that the suspect has committed or is committing a crime.

As already noted, you must first determine that the defendants acted in the manner the plaintiffs allege. In order to determine that the acts caused the plaintiffs to suffer the loss of a federal right, specifically here the Fourth Amendment right not to be arrested without probable cause, you must determine whether these defendants acted within or outside the boundaries of their lawful authority to make such arrests using the reasonableness standard just enunciated. Plaintiffs must prove that it was more likely than not that a reasonable police officer would not have believed that the defendants were committing the offenses for which they were arrested.

26

5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶
87.03, Instruction No. 87-74A (1998); <u>Hunter v. Bryant</u>, 502 U.S.
224 (1991); <u>Tatro v. Kervin</u>, 41 F.3d 9, 14 (1st Cir. 1994);
<u>Santiago v. Fenton</u>, 891 F.2d 373, 383 (1st Cir. 1989).

INSTRUCTION NO. 17

**Deprivation of Right: Excessive Force**

The plaintiffs also assert several claims that defendants violated their right not to be apprehended with excessive force **(list them)**.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being taken into custody.  In other words, a law enforcement official may only employ the amount of force necessary under the circumstances to take a person into custody.

To determine whether the defendants' alleged acts caused the plaintiffs to suffer the loss of a federal right, you must determine whether the amount of force used to take the plaintiffs into custody was that which a reasonable officer would have employed under similar circumstances.  In making this determination, you may take into account whether the plaintiffs posed an immediate threat to the safety of the defendants or others and whether the plaintiffs actively resisted the police officers or attempted to evade them by flight.  A police officer has a right to use reasonable force to defend other police officers who he reasonably believes may be in imminent danger of bodily harm.  The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that

is necessary in a particular situation.  The Supreme Court has found that "[n]ot every push or shove, even if it may later seem unnecessary . . . violates the Fourth Amendment."  Although you must focus on the reasonableness of each of the officers' actions, you do not have to determine whether the defendants had less intrusive alternatives available, for they need only to have acted within that range of conduct identified as reasonable.  If you find that the amount of force used was greater than a reasonable police officer would have employed, the plaintiffs will have established the claim of loss of a federal right.


5 L. Sand et al., Modern Federal Jury Instructions: Civil, ¶ 87.03, Instruction No. 87-74C (1998); Graham v. Connor, 490 U.S. 386 (1989); Alexis v. McDonald's Restaurants of Mass., Inc., 67 F.3d 341, 352-53 (1st Cir. 1994); Tatro v. Kervin, 41 F.3d 9, 14-15 (1st Cir. 1994); Commonwealth v. Martin, 369 Mass. 640 (1976).

**Instruction X: Deprivation of a Right, Fourteenth Amendment**

The plaintiffs allege that their substantive due process rights were violated because the police targeted their famiy for harassment to drive them out of town. **(describe claims against individual officers)**

Under § 1983, a plaintiff's substantive due process rights are violated where the police's conduct "shocks the conscience." Brown v. Hot, Sexy and Safer Productions, Inc., 68 F.3d 525 (1st Cir. 1995)

Conduct can be said to shock the conscience and violate the Fourteenth Amendment's substantive due process provisions where the conduct is egregiously unacceptable, outrageous, or conscience-shocking. In other words, substantive due process protects individuals against state actions which are "arbitrary and capricious," or those that run counter to "the concept of ordered liberty," or those which, in context, appear "shocking or violative of universal standards of decency. However, the actions must be more than simply offensive or cause squeamishness.

Rochin v. California, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952)); Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 624 (1st Cir. 2000).

**Instruction X: Deprivation of a Right, Malicious Prosecution**

The plaintiffs also assert that their civil rights were violated as a result of the defendants malicious prosecution of them for various offenses. **(list claims)** A section 1983 claim based on malicious prosecution is generally adjudged in accordance with the five elements of a common law tort for malicious prosecution: (1) the defendants instituted or initiated criminal proceedings against the plaintiffs; (2) the defendants did so without probable cause; (3) the defendants did so with malice; (4) the proceedings that had been brought against the plaintiffs terminated in the plaintiffs' favor; and (5) the plaintiffs sustained damages as a result of the defendants' actions.

The plaintiffs have also stated a separate claim for malicious prosecution.  I will describe and explain these five elements for you at that point.

Conway v. Smerling, 37 Mass. App. Ct. 1, 3 (1994).

**Instruction X: Deprivation of a Right: Unlawful search**

The plaintiffs assert that Officer Casey's search of Mitchell Kennedy was unlawful and violated his civil rights under § 1983.

The Fourth Amendment to the United States Constitution protects the rights of persons to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. Although certain important exceptions exist, searches that are conducted without having first obtained a warrant for the search from a judicial officer are presumptively invalid.

In the instant case, the plaintiffs claim that Mitchell Kennedy's federal rights were violated by Officer Casey when the defendant conducted an illegal search of his sneaker. If you have determined that defendant Casey committed the alleged illegal search, that is, he searched the plaintiff's sneaker, you must determine whether the police officer had probable cause to search the sneaker and whether an emergency justified the defendant's going forward with the search without a warrant.


5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-74B (1998)

### INSTRUCTION NO. 19

### <u>State of Mind: General</u>

I instruct you that, to establish that the plaintiffs have been deprived of a federal right under § 1983, the plaintiffs must also show that the defendant **OFFICERS** acted intentionally or recklessly.  If you find that the acts of the defendant **OFFICERS** were merely negligent, then, even if you find that the plaintiffs were injured as a result of those acts, you must return a verdict for the defendants **ON THE CIVIL RIGHTS CLAIMS.**

5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-75 (1998); <u>City of Canton v. Harris</u>, 489 U.S. 378, 388-90 (1989); <u>Daniels v. Williams</u>, 474 U.S. 327, 336 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986).

**INSTRUCTION NO. 20**

**State of Mind: Intentional**

An act is intentional if it is done knowingly -- that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason.  In determining whether the defendants acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

5 L. Sand et al., Modern Federal Jury Instructions: Civil, ¶ 87.03, Instruction No. 87-76 (1998).

**INSTRUCTION NO. 21**

**State of Mind: Recklessness**

An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether the defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-77 (1998).

35

**INSTRUCTION NO. 22**

**Third Element: Proximate Cause: Generally**

The third element of a § 1983 claim that the plaintiffs must prove is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiffs.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiffs.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury -- that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' acts or omissions.  If an injury was a direct result or a reasonable probable consequence of a defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiffs must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants.  If you find that the defendants have proved, by a preponderance of the evidence, that the plaintiffs complain about an injury that would have occurred even in the absence of the defendants' conduct, you must find that the defendants did not proximately cause the plaintiffs' injury.

36

5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-79 (1998); <u>Givhan v. Western Line Consol. Sch.</u>, 439 U.S. 410, 416-17 (1979); <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977).

**Instruction X: Conspiracy Liability under § 1983**

Plaintiffs allege that the individual defendants conspired with one another to deprive their family of their civil rights. Conspiracy liability allows the plaintiffs "to impose liability on one defendant for the acts of the others performed in pursuance of the conspiracy."

In order for the plaintiff to recover under a conspiracy theory of liability, you must first find, by a preponderance of the evidence an actual deprivation of a right secured by the Constitution and laws by state actors acting under color of state law.

~~Thereafter~~, **IF YOU FIND SUCH A DEPRIVATION,** you may consider whether any of the individual defendants conspired to deprive the plaintiffs of their civil rights. A conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another,' and 'an overt act that results in damage.'" In order to prove the existence of a civil conspiracy, a plaintiff is not required to provide direct evidence of the agreement between the conspirators; "(c)ircumstantial evidence may provide adequate proof of conspiracy."

A plaintiff seeking redress need not prove that each participant in a conspiracy knew the "exact limits of the illegal

plan or the identity of all participants therein." An express
agreement among all the conspirators is not a necessary element
of a civil conspiracy. The participants in the conspiracy must
share the general conspiratorial objective, but they need not
know all the details of the plan designed to achieve the
objective or possess the same motives for desiring the intended
conspiratorial result. To demonstrate the existence of a
conspiratorial agreement, it simply must be shown that there was
"a single plan, the essential nature and general scope of which
(was) known to each person who is to be held responsible for its
consequences."  Nevertheless, the plaintiffs must "identify an
overt act" in furtherance of the conspiracy.

    Each conspirator is responsible for everything done by
co-conspirators which follows from the execution of the common
design as one of its probable and natural consequences, even
though it was not intended as part of the original design,
provided that the act occurs during and within the scope of the
conspiracy. A defendant, therefore, who is proved to be a member
of a civil conspiracy is liable for a plaintiff's injuries caused
during and within the scope of the conspiracy, even if his own
personal acts did not proximately contribute to that injury.
Should you find that the defendant officers acted together to
violate plaintiffs' civil rights, then you may find that the
defendant officers engaged in a conspiracy.
Landrigan v. City of Warwick, 628 F.2d 736 (1st Cir. 1980);

Rotermund v. United States Steel Corp., 474 F.2d 1139 (8th Cir. 1973); Hoffman-LaRoche, Inc. v. Greenberg, 447 F.2d 872, 875 (7th Cir. 1971); Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23 (1st Cir. 1996).

**INSTRUCTION NO. 30**

## Malicious Prosecution

In addition to the alleged violations of their civil rights, the plaintiffs also claim that the defendants committed the tort of malicious prosecution. **(list claims)** They seek to recover damages for injuries they allege they sustained as a result of unwarranted criminal charges brought against the plaintiffs by, or through the procurement of, the defendants.  In order to maintain this action, the plaintiffs must establish by a fair preponderance of the evidence that: (1) the defendants instituted or initiated criminal proceedings against the plaintiffs; (2) the defendants did so without probable cause; (3) the defendants did so with malice; (4) the proceedings that had been brought against the plaintiffs terminated in the plaintiffs' favor; and (5) the plaintiffs sustained damages as a result of the defendants' actions.

Conway v. Smerling, 37 Mass. App. Ct. 1, 3 (1994).

41

**INSTRUCTION NO. 31**

**<u>Institution of Proceeding</u>**

The first issue that you must determine is whether the criminal proceedings of which the plaintiffs complain were in fact instituted or initiated by the defendants.  The plaintiffs must prove that they were.

Criminal proceedings are instituted when: (1) a warrant is issued for the purpose of bringing the person accused of a criminal offense before an official or tribunal whose function is to determine whether the person is guilty of the offense charged, or (b) the person is lawfully arrested on a criminal charge.

Restatement (Second) of Torts § 654(2).

**INSTRUCTION NO. 32**

**Lack of Probable Cause**

The next issue that must be determined is whether the defendants had probable cause to initiate the criminal proceedings against the plaintiffs at the time when the defendants did so.  The plaintiffs must prove that the defendants did not have probable cause.

Probable cause means "such a state of facts in the mind of the defendant as would lead a person of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that the plaintiff had committed the crime of which he was charged."  Probable cause is judged on an objective rather than on a subjective standard.  The question for determination is the belief that would have existed in the mind of a reasonable person in the circumstances in which the defendants acted and not the belief that actually existed in the mind of the defendants when they acted.  Lack of probable cause cannot be inferred from a showing of malice on the part of the defendants toward the plaintiffs; nor is the plaintiffs' burden satisfied by a termination in their favor of the proceedings brought by the defendants against the plaintiffs.

Bear in mind that the plaintiffs have the burden of proving by a fair preponderance of the evidence that the defendants lacked probable cause at the time when they initiated the criminal proceedings.  The plaintiffs must prove that a

43

reasonable person of ordinary caution and prudence in the position of the defendants at that time would probably not have believed or entertained an honest and strong suspicion that the plaintiffs had committed the crime of which the plaintiffs were charged.

The indictment of the accused by a grand jury establishes that the person who initiated the proceedings had probable cause for initiating them unless plaintiffs can prove that defendants intentionally presented false evidence to the grand jury **OR THAT THERE WAS SUFFICIENT EVIDENCE OF A "PURPOSEFUL POLICE CONSPIRACY TO MANUFACTURE, AND THE MANUFACTURE OF, FALSE EVIDENCE OR THAT THE DEFENDANTS MISREPRESENTED OR FALSIFIED OTHERWISE ACTED IN BAD FAITH IN THEIR PRESENTATION TO THE GRAND JURY.**

If the plaintiffs fail to meet this burden, you need go no further and should return a verdict for the defendants on this claim.  If the plaintiffs meet this burden, then you should go on to determine whether the defendants acted with malice in initiating the proceedings.

Lincoln v. Shea, 361 Mass. 1 (1972); Muniz v. Mehlman, 327 Mass. 353, 358 (1951); Carroll v. Gillespie, 14 Mass. App. Ct. 12 (1982); Restatement (Second) of Torts § 664; Perkins v. Spaulding, 182 Mass. 218 (1902)

**INSTRUCTION NO. 33**

**The Element of Malice**

To prevail on their claim of malicious prosecution under Massachusetts law, the plaintiffs must show that the defendants prosecuted the action against them with malice.  Malice does not necessarily mean hatred, revenge, or spite on the part of the defendants toward the plaintiffs.  For purposes of this tort, the doing of a wrong and unlawful act, knowing it to be wrong and unlawful, constitutes malice.  If a person institutes a criminal proceeding against another person without probable cause and knows that he lacks probable cause when he does so, that action is malicious on his part.  The initiation of a criminal proceeding without probable cause is also malicious within the meaning of the law if the proceeding was brought primarily for a purpose other than that of bringing an offender to justice.

Knowledge is a state of mind and can seldom be proved by direct evidence.  It can, however, be proved by inference from all the facts and circumstances existing in a particular situation.  Under some circumstances, malice may be inferred from lack of probable cause.  In some cases, the lack of probable cause may be so obvious that the logical inference is that the prosecution resulted not from an error but from malice.

The plaintiffs have the burden of proving that the defendants initiated the criminal proceedings against them not

45

only without probable cause but also with malice.


<u>Foley v. Polaroid Corp.</u>, 400 Mass. 82 (1987); <u>Beecy v. Pucciarelli</u>, 387 Mass. 589 (1982) (quoting <u>Wills v. Noyes</u>, 12 Pick. 324, 328 (1832)); Restatement (Second) of Torts § 653(a).

**INSTRUCTION NO. 34**

**The Element of Favorable Termination**

Another of the essential elements in a claim for malicious prosecution is a showing by the plaintiffs that the proceedings that were brought against them by the defendants terminated in the plaintiffs' favor.  Criminal proceedings are terminated in favor of the accused by an acquittal or dismissal

Restatement (Second) of Torts §§ 659, 660.

47

**Intentional Infliction of Emotional Distress**

In addition, the plaintiffs also claim that the individual defendants committed the tort of intentional infliction of emotional distress.

Under Massachusetts law, there is a right to recover damages for emotional distress intentionally caused.

In order for the plaintiffs to prevail in a case for liability under this tort, four elements must be established by a preponderance of the evidence.  The plaintiffs must prove (1) that the defendants intended to inflict emotional distress or that they knew or should have known that emotional distress was the likely result of their conduct; (2) that the defendants' conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community;" (3) that the actions of the defendants were the cause of the plaintiffs' distress; and (4) that the emotional distress sustained by the plaintiffs was "severe" and of a nature "that no reasonable man could be expected to endure it."

17A Mass. Practice § 942 at 163-65 (1987) (quoting <u>Agis v. Howard Johnson Co.</u>, 371 Mass. 140, 144-45 (1976)); Restatement (Second) of Torts § 46 cmts. d, j.

**INSTRUCTION NO. 36**

**Emotional Distress**

The plaintiffs must also prove that the defendants' conduct was a proximate cause of their emotional distress.


17A Mass. Practice § 942 at 163-65 (1987) (quoting Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976)); Restatement (Second) of Torts § 46 cmts. d, j.

**INSTRUCTION NO. 37**

## <u>Multiple Defendants</u>

In order to prevail on their claims, the burden of proof is on each of the plaintiffs to prove that each of the defendants violated their federal rights not to be arrested without probable cause or apprehended with excessive force.  Although there is more than one defendant in this action, it does not follow from that fact alone that if one is liable, the others are liable. Each defendant is entitled to a fair consideration of his own defense and is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant.

INSTRUCTION NO. 38

## Multiple Defendants

THIS CASE INVOLVES A PORTION OF THE PLAINTIFFS' CLAIMS AGAINST THE BILLERICA POLICE.

YOU HAVE HEARD EVIDENCE REGARDING BILLERICA POLICE OFFICERS WHO ARE NOT DEFENDANTS IN THIS CASE.  YOU SHOULD NOT ALLOW THAT TO INFLUENCE YOUR DECISION ABOUT THE DEFENDANTS IN THIS CASE. YOU SHOULD NOT SPECULATE AS TO WHAT OTHER CLAIMS AGAINST OTHER BILLERICA POLICE OFFICERS MAY OR MAY NOT EXIST.

**False Imprisonment: Elements**

False imprisonment is the intentional and unlawful confinement of a person, directly or indirectly, of which the person confined is conscious or by which the person is harmed.

**(explain claim)** The plaintiff has brought a claim alleging that the defendant is liable for false imprisonment.  To prove false imprisonment, the plaintiff must prove the following elements by a preponderance of the evidence:

1.    that the defendant unlawfully confined the plaintiff, directly or indirectly without legal process

2.    that the defendant intentionally confined the plaintiff

3.    that the plaintiff was either conscious of the confinement or harmed by the confinement


A false imprisonment ends once the victim becomes held pursuant to such process, when, for example, he is bound over by a magistrate or arraigned on charges.  "Thereafter, unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied by the wrongful _____ of legal process." Massachusetts Superior Court Civil Jury Instructions, § 23.1-2; Noel v. Town of Plymouth, 895 F. Supp. 346, 354 (D. Mass. 1995); Wallace v. Kato, 127 S.Ct. 1091 (2007).

**False Imprisonment: Confinement**

The confinement need not be substantial; unlawful restraint of a person's freedom of movement is sufficient.  An unlawful arrest and detention constitutes false imprisonment.

Confinement that is justified is not false imprisonment. The defendant has the burden of proving that the confinement was justified.  An arrest based upon probable cause provides justification for confinement, and an arrest warranted by law is not false imprisonment.

Massachusetts Superior Court Civil Jury Instructions, § 23.2.1; Noel v. Town of Plymouth, 895 F. Supp. 346 (D. Mass. 1995)

**Assault: Definition and Elements**

A plaintiff who suffered any harm as a result of an assault by the defendant is entitled to recover damages for such injury from that defendant.

An assault is any intentional threat or attempt to cause harm to the person of another, accompanied by the present ability to cause such harm, where as a result of such a threat or attempt, the victim is put in reasonable fear of imminent bodily harm.  Thus to find the defendant committed assault on the plaintiff, you must find that the defendant intentionally threatened or attempted to cause harm to the plaintiff, the defendant had to ability to cause him such harm, and the plaintiff reasonably feared the defendant would cause him such harm.

Greaney, Massachusetts Jury Instructions: Civil, § 7.3; <u>Belger v. Arnot</u>, 344 Mass. 679 (1962)

**Assault Defenses**

If the defendant was unlawfully attacked or reasonably believed he was about to be attacked, he could use force in self-defense to protect himself as reasonably appeared necessary under the existing circumstances.

The defendants bear the burden of proving by a preponderance of the evidence this defense of self-defense.  If a defendant satisfies his burden to prove that he was unlawfully attacked or reasonably believed he was about to be attacked, and that he used an amount of force as reasonably appeared necessary under the existing circumstances, then the plaintiffs cannot recover on their assault claims.

~~In addition, conduct by the plaintiff, either words or actions, con be considered provocation for the claimed assault, resulting in a corresponding reduction in the damage award to the plaintiff.  you should consider plaintiff's conduct provocation if it was so close in time to the assault that the violence was committed by the defendant under the passion aroused by the plaintiff's words or actions.~~

~~Again, the defendants bear the burden of proving this provocation defense by a preponderance of the evidence.  The provocation defense, however, is not a complete defense.  If you found that the plaintiffs provoked the defendants, then you may consider this provocation as a factor that would mitigate your~~

55

~~damages calculations.~~

Greaney, Massachusetts Jury Instructions: Civil, § 7.5-6; <u>Belger</u>
<u>v. Arnot</u>, 344 Mass. 679 (1962); <u>Comeau v. Currier</u>, 35 Mass. App.
Ct. 109, 112 (1993); Restatement (Second) of Torts § 63 (1965)

Instruction X: Loss of Consortium: Spouse

in addition to the claims just described to you, the plaintiff's spouse has a claim to recover for the damages he or she has suffered as a result of the defendant's actions.  This type of claim is called a loss of consortium claim, and it allows recovery to the spouse of an injured person caused by a third party.

Any recovery for loss of consortium requires proof of a tortious act that caused injury to the spouse.  The word "consortium" really means a right which grows out of a marital relationship between husband and wife.  It is a right to enjoy the society and companionship and the affection, including a right to sexual relations between the spouses as part of a marital relationship.

Therefore, if you find that as a result of defendants conduct that the plaintiff's spouse has suffered or is reasonably certain to suffer in the future a loss of consortium, you should fairly and reasonably compensate him or her for the loss.  You may consider on this question: loss of companionship and society, loss of comfort, solace, or moral support, any loss of enjoyment of sexual relations, any restrictions on social or recreational life, or any deprivation of the full enjoyment of the marital state.

You must make your determination as to whether there was a

57

loss of consortium, and if so the amount, based on your own common sense, good judgment, experience, and conscience.  There is no special formula or rule to measure a fair amount for loss of consortium.  You must not, however, allow any overlapping of damages with those belonging to the plaintiff.

Massachusetts Superior Court Civil Jury Instructions, § 2.1.14; Mouradian v. Gen. Elec. Co., 503 N.E.2d 1318, 1321 (Mass. App. 1987)

Instruction X: Loss of Consortium: Child

In addition, the plaintiff's minor children have a claim to recover for the damages they have suffered as a result of the defendants' conduct.

This type of claim is called loss of parental society, and it allows recovery to the child of an injured parent caused by the actions of a third person.

This really means a right which grows out of the relationship between parent and child.  It is a right to enjoy the society and companionship and the affection as a part of the parent-child relationship.

Therefore, if you find that as a result of the defendants' conduct, the plaintiff children have suffered or are reasonable certain to suffer in the future a loss of parental society, you should fairly and reasonably compensate them for the loss.  On this question, you may consider, the loss of companionship and society, loss of comfort, solace, or moral support, any restrictions on social or recreational life, or any deprivation of the full enjoyment of the parent-child relationship.

You must make your determination as to whether there was a loss of consortium, and if so the amount, based on your own common sense, good judgment, experience, and conscience.  There is no special formula or rule to measure a fair amount for loss of consortium.  You must not, however, allow any overlapping of

59

damages with those belonging to the plaintiff.

Massachusetts Superior Court Civil Jury Instructions, §
2.1.14(b); <u>Ferriter v. Daniel O'Connel's Sons, Inc.</u>, 381 Mass.
507, 509-17 (1980).

Instruction X: Loss of Consortium, Limitation

In considering the plaintiffs claims for loss of consortium, you may not award any damages for loss of consortium relative to any civil rights violations that you may find.  Relatives of a federal civil rights victim are not permitted to raise a claim for loss of consortium based upon the federal civil rights violation under § 1983.


Tauriac v. Polaroid Corp., 716 F. Supp. 672, 673 (D. Mass. 1989); see also Meaney v. Dever, 170 F. Supp. 2d 46, 64 (D. Mass. 2001), *rev'd on other grounds*, 326 F.3d 283 (1st Cir. 2003); see also Dawn v. City of Boston, 2002 WL 487161, at *8 (D. Mass. March 29, 2002), *rev'd on other grounds*, 329 F.3d 275 (1st Cir. 2003).

**Instruction X: Town of Billerica, Monell Civil Rights Claim**

The plaintiffs have alleged that the policies and customs of the Town of Billerica violated their civil rights under § 1983. A city may only be held liable under § 1983 for its own unconstitutional action. This means that, under § 1983, a municipal government will only be held liable when the "execution of [the municipal] government's policy or custom ... inflicts the injury." A custom or practice may be an official policy of a town. However, the custom or practice does not have to be authorized by written law, nor must it be the result of formal approval through official decision-making channels. It is enough that the custom or practice is so permanent and well established as to demonstrate implicit authorization or approval or acquiescence.

The essential elements of a plaintiff's claim under § 1983 against a municipality are that an official policy, practice, or custom caused a denial of a constitutional right in this case. Specifically, plaintiffs contend that the policies and practices of the Town of Billerica deprived the plaintiffs' constitutional rights to due process and to be free from unreasonable seizure.

A city's policy of inadequately training, **SUPERVISING AND DISCIPLINING** its police force can serve as a basis for § 1983 liability if the city's failure to train "amounts to deliberate indifference to the rights of persons with whom the police come

into contact." In this context, deliberate indifference will be found where the municipality fails to provide adequate training notwithstanding an obvious likelihood that inadequate training, **SUPERVISION AND DISCIPLINE** will result in the violation of constitutional rights.

The plaintiff must also prove by a preponderance of the evidence that "the deficiency in training **SUPERVISION AND DISCIPLINE** actually caused the police officers' indifference" to the public's constitutional rights. A generalized showing of a deficient training program is not sufficient. The plaintiff must establish that the particular officers who committed the violation had been deprived of adequate training, and that this specific failure in training was at least a partial cause of the ultimate injury.

Moreover, the plaintiffs allege that the defendant town failed to adequately investigate their complaints, thereby **ALLOWING THE DEFENDANTS TO ACT WITH IMPUNITY** causing arrests and seizures without probable cause. If you find that the plaintiffs have proven by a preponderance of the evidence that the police department's primary policy makers allowed this custom of harassment to continue, **BY THIS FAILURE TO SUPERVISE AND DISCIPLINE** you can find that it "amounted to a deliberate indifference to the rights" of the plaintiffs, and you can "conclude that there was "supervisory encouragement, condonation

63

and even acquiescence" in the unconstitutional practice.

The defendant Town of Billerica is the employer of police officers. The town cannot be held liable for violations of the plaintiffs' constitutional rights under the federal civil rights law on account of the individual officers' activities merely because the police officers are its employees.  Thus, liability can only be imposed on the Town if police or town policymakers were aware or had constructive knowledge of the custom or policy of inadequate training or of the retaliation and plaintiffs' situation. Constructive knowledge "may be evidenced by the fact that the practices have been so widespread or flagrant that in the proper exercise of [their] official responsibilities the [municipal policymakers] should have known of them."

In addition, municipal liability may not "be sustained where there has been no violation of the plaintiff's constitutional rights as a result of action of the municipality's officials or employees."  "Situations may arise where the combined actions of multiple officials or employees may give rise to a constitutional violation, supporting municipal liability, but where no one individual's actions are sufficient to establish personal liability for the violation."  Therefore, in order for you to hold the Town of Billerica liable, you must first find a violation of the plaintiffs' constitutional rights.

Young v. City of Providence, 404 F.3d 4, 26 (1st Cir. 2005).

Monell v. Dep't of Social Services, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989);

Bordanaro v. McLeod, 871 F.2d 1151 (1st Cir. 1989);

City of Los Angeles v. Heller, 475 U.S. 796 (1986);

Speer v. City of Wynne, Arkansas, 276 F.3d 980 (8th Cir. 2002)

**Instruction X: Negligence of the Town**

The plaintiffs have also alleged that the Town of Billerica was negligent in its hiring, supervision, and training of its police officers.

Speaking generally, negligence means the failure to exercise that degree of care that the ordinarily reasonable, cautious, prudent individual would have exercised under all the facts and circumstances existing in some particular situation. More simply stated, negligence is the failure to exercise that degree of care that a reasonable person would exercise under the circumstances.

Negligence may be doing something that the ordinarily reasonable, cautious, prudent person would not have done under all the facts and circumstances existing at a particular time and place. It may also be the failure to do something that the ordinarily reasonable, cautious, prudent person would have done under all the facts and circumstances existing at a particular time and place.

You will notice that the standard is not the conduct of the most careful person or of the least careful person, but rather the conduct of an ordinarily reasonable, cautious, prudent person, faced with the same situation and under the same circumstances as the person whose conduct is being considered.

When it is alleged, as it has been in this case, that a person has been negligent, it becomes the duty of the jury to

66

determine on the basis of the evidence just what was the conduct of that person and, having done that, to measure that conduct against the conduct of the ordinarily reasonable, cautious, prudent person faced with the same facts or circumstances.  If the conduct of that person conforms to what would have been the conduct of the ordinarily reasonable, cautious, prudent person faced with the same facts and circumstances, then the jury should have that the person had not been negligent.  If, on the other hand, that person either did something that the ordinarily reasonable, cautious, prudent person would not have done, or failed to do something that the ordinarily reasonable, cautious, prudent person would have done, then the jury would be warranted in finding that the person had been negligent.

Greany, Massachusetts Jury Instructions: Civil, § 3.1; Bennett v. Eagle Brook Country Store, 408 Mass. 355 (1990)

**Instruction X: Negligence Overview**

In order to recover in this lawsuit, the plaintiff has the burden of proving by a preponderance of the evidence the following four elements:

First, the plaintiffs must prove that the defendant owed them a duty of care.

Second, the plaintiffs must prove that the defendant breached that duty of care, or in other words was negligent.

Third, the plaintiffs must prove that they suffered injury or harm.

Fourth the plaintiffs must prove that the defendant's breach of duty was a cause of the plaintiffs' injury or harm.


Massachusetts Superior Court Civil Jury Instructions, § 2.1.; Carrier v. Riddell, Inc., 721 F.2d 867 (1st Cir. 1983); Irwin v. Town of Ware, 392 Mass. 745, 764 (1984)

**Instruction X: Negligence, Duty**

The first element the plaintiffs must prove by a preponderance of the evidence is that a duty was owed to them by the Town of Billerica.

You are to interpret the word "duty" as an obligation. Duty means an obligation to conform to a particular standard of conduct toward another person which is recognized and enforced in the law.

**THE DEFENDANT TOWN OF BILLERICA OWED A DUTY TO THE PUBLIC TO EXERCISE REASONABLE CARE IN THE HIRING, TRAINING, SUPERVISION AND DISCIPLINE OF ITS OFFICERS.**

It is for you to determine whether the defendant **TOWN** exercise~~s~~**D** the required care **IN HIRING, TRAINING, SUPERVISING OR DISCIPLINING THE DEFENDANT OFFICERS** or whether the defendant breached this duty **OF CARE.**

Massachusetts Superior Court Civil Jury Instructions, § 2.1.1;
<u>Carrier v. Riddell, Inc.</u>, 721 F.2d 867 (1st Cir. 1983);

69

**Instruction X: Negligence, Extent of Duty**

The law defines negligence as the failure of a person to exercise that degree of care which a reasonable person would exercise in the circumstances.

Negligence is doing something that a reasonably prudent person in the ordinary course of human events would not do, or failing to do something that a reasonable person of ordinary prudent would do.

Ordinarily, where a duty of care is established by law, the standard by which a party's performance is measured is the conduct expected of a reasonably prudent person in similar circumstances.

Massachusetts Superior Court Civil Jury Instructions, § 2.1.2; Morgan v. Lalumiere, 22 Mass. App. Ct. 262, 267 (1986)

70

**Instruction X: Negligence, Breach**

The second element which the plaintiffs must prove by a preponderance of the evidence is that the defendant did not exercise the required amount of care under the circumstances, that the defendant breached its duty of care, or, in other words, was negligent.

Since there is a duty to exercise reasonable care, the plaintiffs must prove by a preponderance of the evidence that the defendant failed to exercise the reasonable amount of care in supervising, hiring, and training its officers.

The standard of care in negligence cases is how a person of reasonable prudence would act to hire, supervise, and train officers in similar circumstances.

Massachusetts Superior Court Civil Jury Instructions, § 2.1.3;
Perry v. Medeiros, 369 Mass. 836 (1976)

71

**Instruction X: Negligence, Causation**

If you decide that the defendant Town was negligent in its hiring, supervision, and training of officers, you must then consider whether the defendant's negligent conduct caused or worsened the plaintiffs' injuries. Even if you find that the defendant was negligent, it is not liable to the plaintiffs unless its negligence caused plaintiffs' harm. To meet this burden, the plaintiffs need only show that there was greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause.

The defendant's conduct was the legal cause of the plaintiff's injury if it was a substantial factor in bringing about the harm. It does not matter whether other concurrent causes contributed to the plaintiffs' injuries so long as you find that the defendant's conduct was a substantial factor.

Furthermore, to establish causation, the plaintiff must show that the harm was reasonably foreseeable to a person in the defendant's position at the time of the defendant's negligence. The plaintiff does not have to establish that the defendant foresaw, or should have foreseen, the exact manner in which the harm occurred; but the plaintiffs must show that this harm was a natural and probable consequence of the defendant's negligence.

72

Massachusetts Superior Court Civil Jury Instructions, § 2.1.8;

Simmons v. Monarch Mach. Tool Co., 413 Mass. 205 (1992)

**Instruction X: Statute of Limitations**

Massachusetts prescribes a three-year statute of limitations for the claims brought by the plaintiffs.  Under this statute, plaintiffs can only recover for actions that occurred after November 5, 2001.

However, you may consider actions that occurred prior to November 5, 2001 in determining whether and to what extent a conspiracy to violate the plaintiffs civil rights existed.

In addition, the three minor plaintiffs, Brian Kennedy, Jr., Mitchell Kennedy, and Dylan Kennedy can recover for events that precede November 5, 2001 for all of their claims except their loss of consortium claims.

Mass. Gen. Laws ch. 260, § 2A, § 7;

Nieves v. McSweeney, 241 F.3d 46 (1st Cir. 2001)

**INSTRUCTION NO. 38**

## Compensatory Damages: Generally

If you return a verdict for either of the plaintiffs on any of their claims, then you must consider the issue of actual damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

**INSTRUCTION NO. 39**

**<u>Compensatory Damages</u>**

If you return a verdict for any of the plaintiffs on their § 1983 claims or for their other state law tort claims, then you must award them such sum of money as you believe will fairly and justly compensate them for any injuries you believe they actually sustained as a direct consequence of the conduct of the defendants.

You shall award actual damages only for those injuries which you find that plaintiffs have proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiffs have proven by a preponderance of the evidence to have been the direct result of conduct by the defendants in violation of § 1983 or state law. That is, you may not simply award actual damages for any injuries by the plaintiffs -- you must award actual damages only for those injuries that are a direct result of actions by these defendants and that are a direct result of conduct by the defendants which violated the plaintiffs' rights.

You may compensate for past physical anguish and suffering, and for past, present, and future physical or mental pain and suffering caused by any of the defendant's violations of plaintiffs' rights.

Actual damages must not be based on speculation or sympathy.

76

They must be based on the evidence presented at trial, and only on that evidence.


5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-87 (1998); <u>Memphis Community Sch. Dept. v. Stachura</u>, 477 U.S. 299, 307 (1986).

**INSTRUCTION NO. 40**

**Prejudgment Interest**

Another element of possible damages that may be awarded upon a finding for the plaintiffs on their claims is called prejudgment interest. Whether to make such an award is within your sole discretion as the triers of fact in this case. Very simply, the purpose of prejudgment interest is to make the plaintiffs whole or fully compensated. Here, the plaintiffs claim that their rights were violated on **DATE**. In deciding whether to award interest, you should consider whether the additional sum is necessary to compensate the plaintiffs fully for any injuries that they have suffered, bearing in mind that, during the time this litigation has been pending, they have not had the use of that money that you award as damages. You may, in your discretion, award prejudgment interest from the date of the incident on past damages. If you award interest, interest will be computed by the clerk at the rate provided by law.

Borges v. Our Lady of the Sea Corp., 935 F.2d 436, 444-45 (1st Cir. 1991) (in Jones Act and admiralty action, prejudgment interest may be awarded by trier of fact as compensation for monies the use of which plaintiff was denied during pendency of lawsuit); Cordero v. Jesus-Mendez, 922 F.2d 11, 13 (1st Cir. 1990) (award of pre-judgment interest within province of jury); City of Boston v. S.S. Texaco Texas, 773 F.2d 1396, 1401 (1st Cir. 1985) (same as Borges); Rivera v. Rederi A/B Nordstjernan, 456 F.2d 970, 976 (1st Cir. 1972) (permitting award of prejudgment interest on unliquidated tort claim, including pain and suffering).

INSTRUCTION NO. 41

**Nominal Damages for the Mere Fact of Violation**

If you return a verdict for the plaintiffs on their § 1983 claim claim but find that plaintiffs have failed to prove by a preponderance of the evidence that they suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages are awarded when the plaintiffs have been deprived by defendants of a constitutional right but have suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiffs have suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages.

5 L. Sand et al., Modern Federal Jury Instructions: Civil, ¶ 87.03, Instruction No. 87-88 (1998); Davet v. Maccarone, 973 F.2d 22, 30 (1st Cir. 1992).

**Instruction No. 23 - Punitive Damages**

If you should find that the defendant is liable for the plaintiff's injuries, then you have the discretion to award punitive damages. You may award punitive damages if the plaintiff proves by a preponderance of the evidence that the defendant's conduct warrants condemnation and deterrence, and was not merely unreasonable. Punitive damages may be awarded for outrageous conduct, where the defendant displays evil motive or reckless indifference to the rights of others. An act is malicious and reckless if done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purposes of punitive damages are to punish a defendant for shocking conduct and to set an example in order to deter it and others from committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

The awarding of punitive damages is within your discretion – you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount – it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purposes

of punitive damages.  In this regard you may consider the financial resources of the defendant in fixing the amount of punitive damages.

Bain v. City of Springfield, 424 Mass. 758, 767, 678 N.E.2d 155, 162 (Mass. 1997); Blockel v. J.C. Penney Co., 337 F.3d 17, 28 (1st Cir. 2003); 5 L. Sand et al., Modern Federal Jury Instructions: Civil, ¶ 87.03, Instruction No. 77-5 (1998).

**PART III: DELIBERATION**

### Instruction No. 24 – Duty to Deliberate

To reach a verdict on each of the claims in this case and on the amount of damages, if any, all of you must agree. Your verdict must be unanimous.  Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are the judges of the facts. Your sole duty is to decide whether the plaintiffs have proven their claims.

**Instruction No. 25 – Proceedings During Deliberations**

When you go to the jury room to begin considering the evidence of the case, I suggest that you first select one of the members of the jury to act as your foreperson. The foreperson will assure that every juror is present during all of your deliberations and that all jurors, the foreperson included, will have equal and full opportunity to participate in the deliberations. Once you are in the jury room, if you need to communicate with me, the foreperson will send a written message to me. However, don't tell me how you stand as to your verdict - - for instance, if you are split 4-4 on some matter, don't tell me that in your note.

On matters touching simply on the arrangements for your meals, schedule, accommodations, and convenience, you are free to communicate with the marshal orally rather than in writing. You are not to communicate with anyone but me about the case, however, and then only in writing.

### Instruction No. 26 – Special Verdict Form

[Read Special Verdict Form]

I have read to you what is called the "Special Verdict Form." A Special Verdict Form is simply the written notice of each decision that you reach.

Your verdict on each decision must represent the individual verdict of each juror as to whether the plaintiff has met his burden as to each element of his claims. Your verdict must be unanimous. When you have reached unanimous agreement as to your verdict, your foreperson will sign the Special Verdict Form, and put the date on it. When you have completed your deliberations and your foreperson has completed the form to express your verdict, you will advise the marshal that you are ready to return your verdict, and you will bring the completed Special Verdict Form with you when you come back into the courtroom.

**Instruction No. 27 – Final Instruction**

Members of the jury, it is now time for the case to be submitted to you.  The first thing you should do is select one of the members of the jury to act as your foreperson.  Then, you may commence your deliberations.  All of you who are the jury must be together at all times when you are deliberating.  Whenever you need a recess for any purpose, your foreperson may declare a recess.  Do not discuss the case during a recess in your deliberations.  All your discussion of the case should occur only when you are all together and your foreperson has indicated that deliberations may proceed.  This should be your procedure so that everyone in the jury will have the equal opportunity to participate and to hear all the other members of the jury.

You may go to the jury room and may commence your deliberations as soon as you have selected your foreperson.

1 Devitt & Blackmar et al., <u>Federal Jury Practice and Instructions</u> § 20.01 (4th ed. 1992).