UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, JR., )
MITCHELL KENNEDY AND DYLAN KENNEDY )
                 Plaintiffs )
 )
VS. )
 )
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
                 Defendants )

**DEFENDANTS' FIRST SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS**

       Now come the defendants in the above-referenced matter and pursuant to Rule 51 of the Fed. R. Civ. P. hereby supplements their previous requests for jury instructions with the following additional requests for Instructions to the jury:

**Spoliation**

1.    You have seen videotape evidence presented by the plaintiffs in this case. You have also heard testimony that other videotapes existed but were not produced. If you determine that the plaintiffs intentionally withheld the other videotapes, then you may

infer that they did so because they realized that the evidence was unfavorable. Vazquez-Corales v. Sea-Land Service, Inc., 172 F.R.D. 10, 15 (1997).

**Opinion Evidence**

2.      Opinion evidence which amounts to a guess or a mere assertion of a possibility should be disregarded by the jury. Look's Case, 345 Mass. 112 (1962) Oberlander's Case, 348 Mass. 1, 5-6 (1964) Dolan v. Suffolk Franklin Savings Bank, 355 Mass. 665, 669-670 (1969).

3.      Opinion evidence which is based upon an assumption of facts not proven or which contradicts physical facts must be disregarded, and the jury is not permitted to give credit to such testimony. Ruschetti's Case, 299 Mass. 426, 430-31 (1938) Naumkeag Theatres Co. v. N.E.Theatres, Inc., 345 F. 2d 910, 913 (1st Cir. 1965), cert. denied, 382 U.S. 906 (1965)

**Issue Preclusion**

4.      You have heard evidence that the plaintiffs have been convicted of various crimes. You have also heard evidence that the plaintiffs deny their guilt. I instruct you that a prior criminal conviction conclusively establishes all facts essential to the conviction and that a party convicted of a crime may not challenge that conviction in a later civil rights proceeding. Smith v. Jackson, 463 F. 2d 72, 77 (D.Maine 2006); Napier v. Town of Wyndom, 187 F. 3d 177, 184 (1st. Cir. 1999); Campos v. Van Houtum, 45 Mass.App.Ct. 918 (1998) (rescript).

**Joint Venture**

5.      A joint venture is defined as follows: the defendant intentionally assisted the principal, the person actually committing or perpetrating the basic crime, in the commission of a crime; and that he or she so assisted while sharing the principal mental state required for the crime—that he/she was willing that the crime be committed. A joint venture is shown wherein the defendant intentionally participated in some meaningful

way in the offense either by counseling or otherwise procuring the principal to commit the crime, by agreeing to standby, at or near the scene, to render aid, assistance, encouragement if such became necessary or to assist the perpetrator of the crime in making an escape from the scene. Commonwealth v. Conroy, 333 Mass. 751, 755 (1956); Commonwealth v. Schoen, 24 Mass. App. Ct. 731, 735 (1987); Commonwealth v. Pringle, 22 Mass. App. Ct. 746, 749 (1986); Commonwealth v. Seminara, 20 Mass. App. Ct. 789, 801 (1985). In order to prove a joint venture, the government is not required to show that the defendant physically participated in the crime but it must show that the defendant somehow participated in the venture to the extent that he/she sought to make it happen.

**Probable Cause/Warrantless Arrest**

6. Law enforcement officers may effect a warrantless arrest provided they have probable cause to believe the suspect has committed or is committing a crime. U.S. v. Cleveland, 106 F. 3d 1056, 1060 (1st Cir. 1997).

7. The government need only show that at the time of the arrest the facts and circumstances known to the arresting officers were sufficient to warrant a prudent person in believing that the defendant had committed or was committing an offense. U.S. v. Cleveland, 106 F. 3d 1056, 1060 (1st Cir. 1997).

8. Where warrantless arrest for criminal offenses are concerned, the Fourth Amendment is satisfied if the arresting officer had probable cause and the arrest was "reasonable" under the totality of the circumstances. Diaz v. City of Fitchburg, 176 F.3d 560, 563 (1st Cir. 1999).

9. If probable cause exists to arrest, then there has not been a constitutional deprivation. Sietins v. Joseph, 238 F. Supp. 2d, 375 (D. Mass. 2003).

10. The probable cause standard also applies when police are seeking or swearing out a criminal complaint. Thus, if they had probable cause to seek the complaint at the time,

such officers are insulated from liability. Sietins v. Joseph, 238 F. Supp. 2d, 375 (D. Mass. 2003).

11.    You must judge the constitutionality of the police conduct in light of the information available to them at the time they acted.  Omniscience is not the presumed mindset of an objectively reasonable police officer.  Maryland v. Garrison, 480 U.S. 79, 85 (1987); *see also* Hegarty v. Somerset County, 53 F.3d 1367, 1373-74 (1st Cir. 1995), cert. denied, 116 S.Ct. 675 (1995).

12.    The fact that the plaintiff(s) may have ultimately been acquitted of certain criminal charges is not relevant to whether there existed probable cause to arrest.  The probable cause determination is made at a different point in time by a different, less demanding standard, and requires less proof than conviction. The inquiry into the existence of probable cause is not to be take from the perspective of hindsight but from the perspective of a hypothetical "reasonable man" standing in the reporting person's shoes at the time when that person acted.  Thus, the quantity and quality of proof necessary to ground a showing of probable cause is not the same as the quantity and quality of proof necessary to convict.  Roche v. John Hancock Mutual Life Ins. Co., 81 F.3d 249, 254 (1st Cir. 1996) citing, United States v. Figueroa, 818 F. 2d 1020, 1023 (1st Cir. 1987); United States v. Hoffman, 832 F.2d 1299, 1305-06 (1st Cir. 1987).

13.    Under Massachusetts' common law, a police officer must have reasonable grounds for making an arrest.  Reasonable grounds and the constitutional requirement of probable cause have been given the same meaning.  Further, a police officer may make a lawful warrantless arrest for a misdemeanor which (1) involves a breach of the peace, (2) is committed in the presence or view of the officer and (3) is still continuing at the time of the arrest.  Santiago v. Fenton, 891 F.2d 373, 383 (1st Cir. 1989); Wagenmann v. Adams, 829 F.2d 196, 205-06 (1st Cir. 1987) and Coblyn v. Kennedy's Inc., 359 Mass. 319, 325, 268 N.E.2d 860, 863 (1971).

**Damages**

14.     A police officer making an arrest, which he is authorized to make has a right to use such force as is reasonably necessary to overcome resistance.  Dean v. City of Worcester, 924 F.2d 364 (1st Cir. 1991).

**Punitive Damages**

15.     You must decide whether in fact the plaintiff(s) were deprived of a constitutional right.  Not all rights are constitutional rights; to find the defendants in this case responsible under the Civil Rights Law you must specifically find that the plaintiff(s)' constitutional rights were violated.  If there is no constitutional violation, then there can be no claim against the Town of Billerica nor against the individual Officer.  See City Of Los Angeles v. Heller, 475 U.S. 796 (1986); Evans v. Avery, 100 F.3d 1022, 1039 (1st Cir. 1996), cert. denied, 117 S. Ct. 1693 (1997).

If you do, however, find that the plaintiff(s) suffered constitutional deprivations, then you next must consider whether the Town of Billerica is somehow responsible for that violation.  You may find the Town of Billerica liable on the Civil Rights claim only if you find that the Town had a custom, policy or practice of hiring, training, or supervising its officers that was deliberately indifferent to the constitutional rights of its citizens and that custom, practice and policy caused the plaintiff(s) to suffer constitutional deprivations.  Again, I emphasize that the inquiries of whether a constitutional violation occurred and whether the Town is responsible for that violation are two separate and distinct questions.  How do you decide whether the Town had a custom, policy, or practice that caused the constitutional injury alleged in this case?  For the plaintiffs to prove their case, they must show two things.  First, they must convince you that the Town's policy, custom, or practice of failing to train or supervise its police officers was so deficient and lacking that the Town's policy was "deliberately indifferent" to the plaintiffs' rights.  City of Canton v. Harris, 489 U.S. 378, 392 (1989); Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989);

Manarite v. City of Springfield, 957 F.2d 953, 958-959 (1st Cir.), cert. denied, 506 U.S. 837 (1992). A showing of simple or even heightened negligence will not suffice. Bryan County Comm'rs v. Brown, 137 L.Ed. 2d 626, 641 (1997). If you find that the Town's practice of disciplining and training its officers was not deliberately indifferent to the plaintiff(s)' constitutional rights, then you must conclude that the custom, practice, or policy did not cause the alleged violation of the plaintiff(s)' constitutional rights.

        Respectfully submitted,
        Defendants,
        By Their Attorneys,

        __/s/ Jeremy I. Silverfine_____
        Leonard E. Kesten, BBO # 542042
        Jeremy I. Silverfine, BBO # 542779
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza, 12th Floor
        Boston, MA  02116
        (617) 880-7100

Date: April 25, 2007