UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, JR., MITCHELL KENNEDY )
AND DYLAN KENNEDY, )
               Plaintiffs )
  )
VS. )
  )
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
               Defendants )

**DEFENDANTS' MOTION FOR DIRECTED VERDICT**

The Defendants, Town of Billerica, Daniel Rosa, Jr., Thomas Connors, Frank A. Mackenzie, Mark Tsoukalas, Martin Conway, Michael Casey, and Steven Elmore hereby move for Directed Verdicts for the reasons stated below:

**I.**    **Malicious Prosecution and False Arrest**

Defendants are entitled to directed verdicts in their favor on Brian, Mitchell and Michelle Kennedy's claims for malicious prosecution stemming from their being charged as a result of the November 9, 2001 incident. As to Brian and Michelle Kennedy, because the plaintiffs have not offered any evidence to rebut the presumption of probable cause created

by the grand jury indictments. In order to make out a claim for malicious prosecution, the plaintiffs "must establish that the criminal action was brought maliciously, without probable cause, and has been terminated in the plaintiff's favor." Wynne v. Rosen, 391 Mass. 797, 798 (1984). The want of probable cause is a "vital and indispensable element in the plaintiff's case", Good v. French, 115 Mass. 201, 203 (1874), which "must be affirmatively proved, and may not be inferred from the existence of malice, . . . or from the fact of acquittal." Higgins v. Pratt, 316 Mass. 700, 709 (1944).

In fact, it is indisputable that probable cause existed to charge Brian, Michelle, and Mitchell Kennedy with felonies as a result of information developed by defendants Conway, Devito, and Rosa prior to the charges being brought. It was obvious that probable cause existed to believe that the three young women in the car had been the victims of a violent crime. There was physical evidence on the scene to support the inference that the persons inside 162 Leicester St. had been involved in the same crime. The three victims informed Officer Devito that Brian Kennedy, Michelle Kennedy, Mitchell Kennedy, John Cimino and Amy Baum had acted together to attack their car with bats. Thus, probable cause existed to charge all five with the felony charge of Malicious Destruction of Property worth more than $250. Since probable cause to charge them with this felony existed, the claims of Malicious Prosecution and False Arrest must fail.

Further, as to Michelle and Brian Kennedy, because the plaintiffs were indicted by a grand jury upon the testimony of percipient witnesses, the grand jury's determination that probable cause existed to arrest and charge the plaintiffs conclusively establishes the issue of probable cause and the defendants are entitled to a directed verdict.

The United States Supreme Court explained in Ex Parte United States, 287 U.S. 241, 250 (1932) that, "the finding of an indictment, upon its face, by a properly constituted grand

jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *See also*, Ewing v. Mytinger & Casselberry, Inc., 339 U.S. 594, 599 (1950)(grand jury decision to indict "is conclusive on the issue of probable cause. As a result, the defendant can be arrested and held for trial[.]"); Gonzalez Rucci v. U.S. I.N.S., 405 F.3d 45, 49 (2005)("Generally, a grand jury indictment definitively establishes probable cause."). An exception exists "if law enforcement defendants wrongfully obtained the indictment by knowingly presenting false testimony to the grand jury." Id. Because there is no evidence of any such malfeasance on the part of the police, the presumption of probable cause requires a directed verdict for the defendants on the issue of malicious prosecution.

**II.    Intentional Infliction of Emotional Distress.**

The defendants are entitled to a directed verdict on Mitchell Kennedy's claim that Officer Casey deliberately inflicted emotional distress on him. This claim is based on the fact that the plaintiffs allege that Casey called Brian Kennedy a "pussy" and invited him to fight, and that the very next day Casey went to the Marshall Middle School and looked at Mitchell Kennedy's sneaker to see if the treads matched those left by a thief on the roof of the school. The evidence adduced by the plaintiffs at trial indicates that Brian Kennedy called Officer Casey a "fat fuck" immediately before Casey called him a "pussy" and invited him to fight. Further, Mitchell Kennedy was unable to identify Casey as the officer who looked at his sneaker at school and instead identified Officer Conway as the searcher. The evidence adduces at trial regarding Casey's conduct is far short of that necessary to support a finding that it was "outside the bounds of civilized society". Accordingly, defendant Casey is entitled to a directed verdict.

Furthermore, as to the Kennedy children claims against any defendants for

Intentional Infliction of Emotional Distress, they have introduced no evidence from which a jury could conclude that any conduct as to them could rise to the level of being outside the bounds of civilized society. While the children have testified as to the trauma of having their parents arrested, an arrest of a parent cannot be turned into Intentional Infliction of Emotional Distress as to the children. None of the Kennedy children have introduced evidence sufficient to support such a finding against any defendant. Accordingly, the claims of Brian Kennedy Jr. Mitchell Kennedy, and Dylan Kennedy must fail.

### III.     Conspiracy as to Elmore, Mackenzie, and Connors

The only claims against defendants Mackenzie, Elmore, and Connors are those that they engaged in a conspiracy with the officers who allegedly violated the plaintiffs' Civil Rights after November 1, 2001. The only officers who may have violated the plaintiffs' Civil Rights in this time period are Tsoukalas and Rosa. There has been absolutely no evidence adduced by the plaintiffs which could support a finding of conspiracy between Elmore, Mackenzie, and these officers to violate the plaintiffs' Civil Rights after November 1, 2001. Accordingly, this Court must direct a verdict as to these defendants.

### IV.     Municipal liability

The Town of Billerica is entitled to a directed verdict because the Town cannot be held vicariously liable under 42 § 1983. <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 690 – 691 (1978). The plaintiffs have offered insufficient evidence that any tortuous conduct after November 1, 2001 was the result of some collective inaction on the part of the Town. *Compare* <u>Fairly v. Luman</u>, 281 F.3d 913, 917 (9th Cir. 2002)(noting that liability may attach to municipality even if individual defendants are exonerated where constitutional deprivation stems from "official city policy", i.e., failure to train, failure to implement internal procedures for tracking arraignments, improper training, improper

procedure).  A 'policy' in turn, is defined as "a deliberate choice to follow a course of action . . . made from among various alternatives by the official of officials responsible for establishing final policy with respect to the subject matter in question."  <u>Pambaur v. City of Cincinnatti</u>, 475 U.S. 469, 483 (1986).

In this case, the plaintiffs have presented evidence primarily regarding complaints they made to the Chief of Police in 1991, that chief being retired police Chief John Baretto.  That Chief was followed as head of the Billerica Police by police Chief Paul Mathews, who was then followed by current Chief Dan Rosa.  While the plaintiffs' expert opined that the complaint system could have been more efficient, there has been a total failure of evidence that this alleged inadequacy resulted in specific Civil Rights violations after November of 2001. The only competent allegations of non-time barred incidents in this case are of excessive force by Officer Tsoukalas and false arrest by Tsoukalas.  There has been no evidence introduced that would support a finding that the Town police department under Chief Rosa tolerated a pattern of the use of excessive force or false arrest.  Further, there is no evidence that the Town tolerated such a pattern under Chief Mathews.  Even the allegations made to retired Chief Baretto were not of the use of excessive force or false arrest.  Thus, the plaintiffs' claims of municipal liability must fail.

**V      Officer Tsoukalas**

The claim that Officer Tsoukalas used excessive force against Brian Kennedy in November 9, 2001 must fail.  First, the eyewitness produced by the plaintiff, Michelle Spaulding, testified that a "tall officer" beat the plaintiff.  The tallest officer on the scene is John Hearing.  The officer who "tackled" the plaintiff is Sgt. O'Mahoney.  Second, the uncontroverted evidence is that the plaintiff suffered no injuries as a result of this encounter.  Brian Kennedy testified that he suffered no injuries.  He was seen at Saints Hospital on

November 17, 2001, eight days after the "beating" and had absolutely no marks on him or any objective signs of injury. Accordingly, Brian Kennedy's claims against Officer Tsoukalas as to the alleged use of excessive force on November 9, 2001 must be dismissed.

Wherefore, this Court should direct a verdict in favor of defendants Town of Billerica, Daniel Rosa, Jr., Thomas Connors, Frank A. Mackenzie, Mark Tsoukalas, Martin Conway, Michael Casey, and Steven Elmore as to all claims against them brought by the plaintiffs.

                                            Respectfully Submitted,
                                            Defendants,
                                            By Their Attorneys,


                                            /s/ Leonard H. Kesten
                                            Leonard H. Kesten, BBO# 542042
                                            Jeremy Silverfine, BBO# 542779
                                            BRODY, HARDOON, PERKINS & KESTEN
                                            One Exeter Plaza, 12th Floor
                                            Boston, MA 02116
                                            (617) 880-7100

Dated: April 19, 2007