UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************************
BRIAN KENNEDY AND MICHELLE KENNEDY,   *
Individually and as father and next friend of         *
BRIAN KENNEDY, JR., Individually and as mother *
next friend of BRIAN KENNEDY, JR..                  *
                                                    *
            Plaintiffs                              *
                                                    *
v.                                                  *    C. A. No. 04-CV-12357-PBS
                                                    *
TOWN OF BILLERICA, et al                            *
                                                    *
            Defendants                              *
*********************************************
```

## MOTION FOR MIS-TRIAL AND AWARD OF COSTS

      Now come the plaintiffs and move for a directed verdict on the grounds that defendants' closing argument consisted of a smear of the plaintiffs based almost wholly on facts not in evidence but admitted for the limited purpose of showing the defendants' "state of mind".

      Specifically, the defendants argued, in closing, that the defendants were thugs and drug dealers who terrorized and intimidated witnesses and that this was how they were able to extricate themselves from various criminal charges which were brought as part of the harassment and targeting that was the basis of the plaintiffs' claim.  This argument was supported primarily by hearsay that was allowed in evidence for the limited purpose of explaining the defendants' "state of mind".

      First, the defendants argued that the plaintiffs were "drug dealers" and part of a drug dealing organization, showing a "chart" of the drug dealing organization and relying largely on hearsay evidence from unidentified "confidential informants" referenced in the defendants' file of a drug investigation that only peripherally involved the plaintiffs.

More egregiously, the defendants then argued, without any basis from facts in evidence, that the reason the plaintiffs were acquitted from charges brought by the defendants or were not charged with many other crimes was that they threatened witnesses not testify against them, something that was insinuated throughout the trial but not supported by any evidence. There was no evidence that Deann Masone was threatened by the plaintiffs before her grand jury testimony or her testimony at the state criminal trial. There was no evidence that Christy Gilpatrick was threatened by the plaintiffs before her grand jury testimony or her testimony at the state criminal trial. There was no evidence that Vanessa Minervena was threatened by the plaintiffs before her grand jury testimony or her testimony at the state criminal trial.

Yet defendants punctuated their closing argument with the affirmation that the witnesses who showed up at the criminal trial all of a sudden did not see anything, insinuating that this was a result of threats by the plaintiffs to "kill" the witnesses or harm their children. There was no evidence of any such threats.

Indeed, the only evidence at trial of any "threats" was the testimony of Christy Gilpatrick, who claimed she was threatened not by the plaintiffs, but by John Cimmino, the father of her child. Ms. Gilpatrick was "protected" on the night before her testimony by Ray Trainor, whose real function may have been to keep her from plaintiffs' counsel and her testimony was "facilitated" by payment of $200 or $250 plus dinner with three pieces of cheesecake, another issue as to defense counsel's conduct.

This wholly inappropriate closing argument based upon the unsupported claim that Michelle Spaulding was told the night before her testimony that if she contradicted her affidavit "There would be trouble." This compounded the arguing of threats that did not occur by adding

the improper insertion of counsel into the argument, first by insinuating that plaintiffs' counsel were complicit in the threats and then by suggesting that plaintiffs' counsel was complicit in the defense theory that plaintiffs were concealing or had destroyed videotapes.

Indeed, defense counsel directly pointed at plaintiffs' counsel, not the plaintiffs, as he made his argument that videotapes had been withheld or destroyed. This insertion of counsel into the closing continued with remarks about how fast plaintiffs' counsel "would have been on the Town Hall steps with medical records" if Michelle Kennedy's finger was really broken by defendant Tsoukalas. This overlaps into another improper argument: that the plaintiffs are lawsuit happy and "only in it for the money", an improper slur, not appropriate for argument.

Defendants' closing argument also included reference to conviction of Billy Ashton for assaulting his mother, a fact wholly irrelevant to plaintiffs' claims, upon the theory, wholly unsupported by any evidence, that Ashton did so at the request or urging of Michelle Kennedy, as part of her reign of terror. This claim was not even supported by the hearsay evidence in police reports admitted solely to show the defendants' "state of mind".

Further improper argument of this "reign of terror" was based on the insinuation that when Scott Ashton stole defendant Connor's badge and cap, this crime was somehow instigated by Michelle Kennedy, on the theory that his vandalism of some 17 cars the same night was commenced upon the order of Michelle Kennedy to slash the tires of Danielle Honors' car. The only basis for this was a statement of Scott Ashton which was admitted, again, for the limited purpose of showing the defendants' state of mind in falsely connecting the Kennedys to the stolen badge.

Had Scott Ashton been called by the defendants, he would have been confronted with deposition testimony that he never heard Michelle Kennedy say anything about vandalizing Danielle Honors car.  Moreover, Scott Ashton would have been exposed as having as little credibility as Ms. Gilpatrick or Mr. Trainer.

In total, the defendants' closing argument so heavily tainted the jury by arguing as fact hearsay evidence admitted solely for statement of mind and upon other arguments not proper for in a closing that the jury is tainted beyond what a simple curative instruction can accomplish. Thus plaintiffs are entitled to a mis-trial and should be awarded costs for the mistrial from offending counsel.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Brian Kennedy, et al<br>by their counsel |
| Date: April 27, 2007 | _/s/Andrew M. Fischer_____<br>Andrew M. Fischer<br>BB0# 167040<br>JASON & FISCHER<br>47 Winter Street<br>Boston, MA 02108<br>(617) 423-7904 |
| kennedy\motion mistrial | afischer@jasonandfischer.com |

-4-