UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, Individually and as mother and next friend of BRIAN KENNEDY, JR., MITCHELL KENNEDY AND DYLAN KENNEDY <br> Plaintiffs <br><br> VS. <br><br> TOWN OF BILLERICA, DANIEL C. ROSA, JR. Individually and as Chief of the Billerica Police Department, JOHN BARRETTO, Individually and as former Chief of the Billerica Police Department, PAUL W. MATTHEWS, Individually and as former Chief of the Billerica Police Department, ROBERT LEE, Individually and as former Deputy Chief of the Billerica Police Department, THOMAS CONNORS, FRANK A. MACKENZIE, RICHARD RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, WILLIAM MCNULTY, DONALD MACEACHERN, MICHAEL A. CASEY, RICHARD NESTOR, ROBERT BROWN, WILLIAM G. WEST, GREGORY KATZ, GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM MCNULTY, SCOTT PARKER, ALAN, TIMOTHY F. MCKENNA AND JOHN DOE, <br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**

Now come the defendants Chief Daniel Rosa, Mark Tsoukalas, and the Town of Billerica in the above-referenced matter and hereby move pursuant to Federal Rules of Civil Procedure Rule 59 for a Judgment Notwithstanding the Verdict in the Defendants' favor or in the alternative move for a new Trial.

As to Mark Tsoukalas, the Defendants state that the jury instructions provided by the Court as to the elements of assault and battery on a police officer was incorrect, insufficient and misleading. The Court failed to give any instruction on assault and battery on a police officer prior to jury deliberations. In response to a jury question in

regards to assault and battery on a police officer, the Court gave a confusing instruction. The Defendants provided the Court with an appropriate instruction, but the Court refused to give it to the jury.

Additionally, the Defendants were precluded from presenting its full defense and testimony as it related to the incidents involving Mark Tsoukalas (and others) when the Court arbitrarily cut the defense from completion of its allotted trial time. This action prevented the defense from fully presenting its case and tainted the jury. By not allowing Defendant Chief Daniel Rosa to complete his testimony, the jury was not fully apprised of all the details as they related, *inter alia,* to the Kennedy children.

As to the jury findings against Defendant Chief Daniel Rosa, the Defendants submit that Chief Rosa's actions of applying for a juvenile complaint application simply cannot support a finding of intentional infliction of emotional distress. Said juvenile complaint application, which was not granted, simply cannot be considered extreme and outrageous and beyond all possible bounds of decency and utterly intolerable in a civilized community. Further, there was no evidence that the emotional distress sustained by the Plaintiffs was severe and of a nature that no reasonable man could be expected to endure.

Additionally, the Court arbitrarily prevented Defendant Rosa from completing his testimony, which in part directly related to the "Kaiser" incident. The Court's arbitrary and capricious actions towards the Defendants served to taint the entire case.

As to the Town of Billerica, the Defendants state that there is no recognizable tort of negligent supervision or discipline. The state of the evidence at Trial was such that there were no findings by this jury of any underlying acts, which could lead to the jury's finding of a failure to properly discipline or supervise any of the Defendant officers during the relevant time period. Therefore there could be no damages to the

Plaintiffs, which resulted therefrom.

Additionally, there was insufficient evidence as to any negligent supervision during the appropriate time period.  The jury heard evidence, which arguably could be considered as to supervisory issues that occurred in the early 1990's.  However, the jury heard no evidence as to failure to discipline or supervise in the relevant time period within the statute of limitations (2001-2004).  Further the jury heard no evidence regarding supervision and discipline during the tenure of Chief Matthews who was the Chief of Police in the late 1990's.   The Defendant Town of Billerica was cut off in its presentation of its defense by the Court, as well.

*De minimus,* as to the Town of Billerica, the verdict has to be reduced.  Pursuant to Mass General Laws c. 258, there can be no recovery greater than $100,000.00 per person.

Throughout this entire case, the Court reminded counsel of their time allocation of 24 hours Trial time.  This Court, however, arbitrarily and capriciously stopped the Defendants from finishing their time allotment.  Said cessation of Trial time at 21 hours and 26 minutes was totally improper and tainted the entire case.

As to the <u>Monell</u> claims there was insufficient evidence of a deliberate indifference as it related to discipline and supervision of the Defendant officers.  The jury heard information and testimony as it related to the early 1990's only.

Wherefore, The Defendants respectfully reserve other arguments on a motion for new trial and judgment notwithstanding the verdict until such time as the entry of judgment is made.

Wherefore the Defendants request that this Court enter a judgment for the Defendants and against the Plaintiffs notwithstanding the Verdict or in the alternative, Motion for a New Trial.

                                          Respectfully submitted
                                          The Defendants,
                                          By their attorneys,

                                          BRODY, HARDOON, PERKINS & KESTEN, LLP


                                          /s/ Jeremy Silverfine
                                          Leonard E. Kesten, BBO No. 542042
                                          Jeremy I. Silverfine, BBO No. 542779
                                          Karen W. Peters, BBO No. 658903
                                          One Exeter Plaza
                                          Boston, MA 02116
                                          (617) 880-7100

Dated: May 10, 2007