UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, Individually and as mother and )
next friend of BRIAN KENNEDY, JR., )
                Plaintiffs )
 )
VS. )
 )
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
                Defendants

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**THE VERDICT REGARDING THE TOWN OF BILLERICA
DISPOSES THE ENTIRE CASE**

This Court indicated to the parties that the plaintiffs could choose the defendants against whom they believed they had the strongest claims and that the plaintiffs could proceed to trial against those defendants first. The plaintiffs chose seven individual defendants: Daniel Rosa, Thomas Connors, Frank Mackenzie, Mark Tsoukalas, Martin Conway, Steven Elmore, and Michael Casey.

1

The plaintiffs also chose to pursue not only their claims against the seven individual defendants, but also claims of Municipal Liability against the Town of Billerica. At the conclusion of the trial, this Court instructed the jury that if it found that the Town was deliberately indifferent to supervision or training of it's police officers, the jury could return a verdict assessing damages for conduct by any police officer in Billerica who violated the plaintiffs' civil rights as a result of that violation, not just the seven on trial. While the defendants vigorously objected and continue to object to this instruction, on the basis of sufficiency of evidence, the jury did find that the Town was Deliberately Indifferent. The jury found that this indifference did not cause damages to any plaintiff except Mitchell Kennedy. As a result, the defendants submit that this verdict disposed of all of the claims against all of the defendants, not just those individuals involved in the trial because of the doctrine of Collateral Estoppel.

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue and of promoting judicial economy by preventing needless litigation." Park Lane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). One branch of collateral estoppel is the doctrine of issue preclusion. The First Circuit has described the doctrine as "the binding effect in a litigation of an issue of fact or law litigated and adjudicated in an earlier proceeding." Roy v. Jasper Corp., 666 F.2d 714, 717 (1981). "Unlike claim preclusion, issue preclusion does not require that the same parties be involved, only that the party against whom issue preclusion is asserted have had the opportunity to litigate the issue fully[.]" Id. at 717 – 718

The plaintiffs were allowed to put into evidence all of their perceived grievances against the Billerica Police officers from as far back as 1991. They

introduced evidence of actions by many officers who were not individually named in the first trial. Based on the Court's instructions, the jury was free to consider the actions of any police officer when assessing the liability of the Town of Billerica for Deliberate Indifference. Having chosen to litigate their claims against the Town at that trial, the plaintiffs are now precluded from litigating the same issues again against other individual police officers. The defendants will now address the specific claims against the remaining individuals.

I.   **RICHARD RHONSTOCK**

　　A.　**Allegations**.

In the Complaint, Michelle Kennedy alleged that on November 9, 2001, Sergeant Rhonstock punched her in the back while Chief Rosa watched while she was in a cell in the Billerica Police station. Complaint ¶ 90 – 91. However, at the trial of this matter Michelle Kennedy testified that it was Chief Rosa, not Sgt. Rhonstock, who punched her in the back. Trial transcript, Day 2, pp. 56-57. She never mentioned Sgt. Rhonstock during her trial testimony.

　　B.　**Argument.**

At the trial, the jury found that Chief Rosa neither used excessive force nor abused Michelle Kennedy in any way while she was in the cell on November 9, 2001. Ms. Kennedy has fully litigated the issue of her alleged mistreatment while she was confined in the Billerica police station on November 9, 2001. She identified Chief Rosa as her only assailant and never indicated that Sergeant Rhonstock did anything to her. While she may have had a claim that Sergeant Rhonstock did not stop Chief Rosa from beating her, the fact that the jury found that Chief Rosa did not beat her disposes of that theory of liability.

3

She cannot now be allowed to conduct another trial in which she will apparently accuse Sergeant Rhonstock of assaulting her. Having chosen to testify at the trial that Rosa, not Rhonstock, punched her she cannot now be allowed to again reverse her story. The jury has spoken and they decided that Michelle Kennedy was not abused in the lockup of the Billerica Police department in November 9, 2001. As a result of the above, Sergeant Rhonstock is entitled to judgment as matter of law.

## II.   ANDREW DEVITO

### A.   Allegations.

Michelle Kennedy alleges that Officer Devito, in concert with several other Billerica police officers, arrested her on November 9, 2001, without probable cause. Complaint ¶ 90.

### B.   Argument.

The plaintiffs' claims against officer Devito stem from the criminal charges issued after the so called Dianne Massone incident of Novemnber 9, 2001. the Billerica police responded to calls of a group of people smashing a car. Three women occupants of that car were injured by a group of assailants. After an investigation, then Lieutenant now Chief Rosa directed that criminal charges be issued against Brian Kennedy Sr., Michelle Kennedy, William Ashton, and Mitchell Kennedy. After hearing all of the evidence, this Court entered a directed verdict on behalf of the name defendants regarding the issue of probable cause to arrest Michelle and Brian Kennedy on November 9, 2001. This Court and the jury heard uncontroverted evidence that officer Devito's only role in this incident was to take information from the victims of the assault and pass it on to Chief Rosa

who made the decision to arrest the plaintiffs Brian and Michelle Kennedy and to subsequently bring charges against Mitchell Kennedy.

After hearing all of the evidence, this Court ruled that there was insufficient basis send the claim of False Arrest or Malicious Prosecution regarding this arrest of Brian and Michelle Kennedy to the jury. The Court did send the claim of Malicious Prosecution of Mitchell Kennedy to the jury. The jury found in favor of the defendants as to the charges brought against Mitchell Kennedy. As a result of the findings of this Court and the verdict, Officer Devito cannot possibly be held liable. Accordingly, this Court should enter Summary Judgment on his behalf.

### III. RICHARD HOWE

#### A. Allegations.

The only claims against retired detective Richard Howe stem from events that are alleged to have occurred in November of 1997. The plaintiffs allege, "Detective Howe intimated that members of the Billerica Police Department were pressuring him (Brian Kennedy) to provide information regarding Lieutenant Connors' stolen property. Detective Howe encouraged Mr. Kennedy to contact either him or Officer Casey at the police station if he was willing to provide information about the stolen property". Complaint ¶ 70.

#### B. Argument.

The allegations against retired Detective Howe alleged in the Complaint do not support any particular tort. They may support a claim that he was part of a conspiracy about the police investigation of the so-called stolen badge incident. However, this claim is not viable. First, this Court has already ruled that Brian and Michelle Kennedy's claims for events that occurred prior to November of

5

2001 are time barred. Further, the plaintiffs have presented their claims of a police conspiracy as to the Badge incident to a jury. They accused Deputy Chief Connors and Sergeant Elmore of being the leading members of this conspiracy. The jury rejected those claims and found that no conspiracy existed. Accordingly, the plaintiffs' cannot now prove that retired Detective Richard Howe was a member of a conspiracy, since one did not exist and they are collaterally estopped from litigating this question again. Therefore, this Court should enter Summary Judgment on his behalf.

IV.   **RICHARD NESTOR**

   A.   **Allegations.**

There are four allegations against Officer Nestor. Ms. Kennedy claims that this officer falsely arrested her in 1993 for Assault. Complaint ¶ 51.  She then claims that Nestor followed her and her son in his cruiser in 1993, ¶ 58.  Mitchell Kennedy's claims are that Officer Nestor maliciously prosecuted him and not another boy, George Brooks, when Officer Nestor sought a criminal complaint against Mitchell in the summer of 2002.  Complaint ¶ 107 – 110.

   B.   **Argument.**

The cluster of complaints against Nestor regarding the incidents that occurred in 1993 cannot proceed to trial because Michelle Kennedy's claims regarding this alleged false arrest are time barred. To the extent that one of her children may have had a claim for being followed by officer Nestor in 1993, that claim is untenable. In addition to the fact that the chldrens' claims were fully litigated at thetrial, there was no testimony at the trial that identified Nestor as one of the officers who allegedly followed the Kennedy children.

Mitchell Kennedy's claims against Officer Nestor for his actions in 2001 and 2002 should be dismissed because they are untenable. There were two incidents between Mitchell Kennedy and George Brooks that are referred to in the Complaint. The first involved a fight between the two boys during which George is alleged to have sprayed an aerosol in Mitchell's face on August 9, 2001. Complaint ¶ 107 – 108 (which states Summer of 2002, but was actually 2001). The second incident occurred when the same two boys got into a fight while throwing rocks at a frog pond on September 7, 2002, Complaint ¶ 109 – 111. Mitchell Kennedy testified at trial about each incident. As to the aerosol incident, Mitchell alleges in his complaint and testified at trial that Officer Nestor refused to press charges against the other boy. This Court has repeatedly ruled that the failure to charge another with a crime cannot sustain a claim under § 1983. Accordingly, the aerosol incident is immaterial.

As to the frog pond fight, Mitchell Kennedy testified that after he was bullied by George Brooks and pushed to the ground, he ran home and reported the incident to his mother who in turn called the police. Jury Trial Day 5, pp. 67. According to Mitchell, after the police arrived his father started to videotape them. Then, he twice testified that the police 'just left.' Id. at 67, 68. Plaintiff then proffered a videotape of the police leaving the frog pond prompting this Court to ask, "Why do you need a videotape of whatever happened down by the river with the frogs?" To which counsel replied, "it's a videotape of the defendants walking away, failure to investigate." The court sustained objection to showing the tape on the grounds that a failure to investigate was not actionable.

Although the plaintiffs failed to offer any further evidence of what happened after this incident and characterized the event as a 'failure to prosecute,' in fact the police did interview witnesses. See Police Officer's Formal Report dated September 7, 2002, with an Affidavit of Officer Richard Nestor, attached hereto as Exhibit "A." The police were told different stories. Some witnesses said that Mitchell Kennedy threatened to have his father shoot George with a gun and that Mitchell and three others jumped Brooks. Id. Other witnesses told Officer Nestor that Brooks had been the instigator of the fight. Id. Each set of parents demanded that charges be brought against the other parents' child. Id. As a result, Nestor applied for applications for criminal complaints as to both boys Id.

Ms. Kennedy's one claim is time-barred. Mitchell Kennedy's claims against Nestor are collaterally estopped because they were already the subjects of his Monell claim against the department and that claim has been adjudicated. Moreover, even drawing all inferences in his favor, Mitchell's evidence as to Officer Nestor fails as matter of law. Nestor's purported failure to charge George Brooks in the aerosol incident is not actionable. As to the frog pond incident, Mitchell testified that the police simply left the scene and nothing further happened. That testimony binds him. While Officer Nestor has different evidence, *viz.*, that he filed cross-complaints against each boy, that action was based on witness statements and was done at the insistence of both sets of parents. Either way, whether the police simply left the frog pond, as Mitchell remembered it, or whether Nestor in fact filed complaints against each boy based on the witness statements provided to him, Mitchell Kennedy cannot recover against Officer Nestor. As a result, he is entitled to judgment as matter of law.

### V. SCOTT PARKER

#### A. Allegations.

Ms. Kennedy alleges that on March 31, 2002, Officer Parker shoved her, screamed at her and kicked her car. Complaint ¶ 100 – 102.

#### B. Argument.

Ms. Kennedy testified in detail at trial about this alleged incident. Over objection, the Court permitted the evidence as relevant to Ms. Kennedy's claim that the department was deliberately indifferent to her constitutional rights. The jury was specifically invited to consider this evidence in support of Ms. Kennedy's claim that the Town of Billerica was deliberately indifferent to her the way it supervised the police and that this conduct resulted in a violation of the Kennedy's Civil Rights. Accordingly, any claim against officer Parker has been fully adjudicated and whatever harm Ms. Kennedy did or did not suffer as a result of her encounter with Officer Parker has already been decided. Accordingly, this Court should enter Summary Judgment as to officer Parker.

### VI. ALAN MUNN

#### A. Allegations.

The plaintiffs allege wrongdoing against officer Munn on two occasions. First, the plaintiffs complain that officer Munn ordered that some skateboard ramps be removed from the street in the spring of 2002 and indicated that they were later returned. Complaint §103. Second, Michelle Kennedy alleges that in June of 2002 she was attending a fund raising event and that officer Munn insisted that she leave and pushed her out of the building.

#### B. Argument.

These two incidents cannot form the basis of a trial against officer Munn. The skateboard incident was introduced into evidence at the trial when the videotapes became exhibits. The plaintiffs videotaped their interactions with Munn and the jury had this film in evidence for their consideration. Further, the plaintiffs were allowed by this court to introduce any evidence that they wished to show a conspiracy of harassment against the named officers and against the Town. The fact that they chose not to mention the fund raising event was their choice. Given that they decided to litigate the case against the Town at the trial forecloses them from litigating other incidents in the same time frame.

VII.   SGT. O'MAHONEY, OFFICER HARRING, AND OFFICER SMITH

The plaintiffs apparently wish to amend their complaint and to proceed to trial against these three officers. This Court has already ruled that the plaintiffs will not be allowed to do so, thus, to the extent that the plaintiffs' filing is to be construed as a Motion to Amend Complaint, it should be denied. Further, these officers were the ones who arrested Brian Kennedy Sr. on the night of November 9, 2001 along with officer Tsoukalas. The plaintiffs fully litigated their claims regarding the alleged beating of Brian Kennedy Sr. during this arrest at the trial. Indeed, Sgt. O'Mahoney and Officer Harring testified. In the Court's instructions, the jury was allowed to consider the actions of these officers as well as Tsoukalas in determining liability. The jury rejected Brian Kennedy's claims of excessive force during this arrest. Accordingly, the plaintiffs cannot now obtain another trial on this issue against these defendants.

VIII.   REMAINING OFFICERS

The plaintiffs apparently have indicated that they are not going to proceed with their claims against defendants, JOHN BARRETTO, PAUL W.

MATTHEWS, ROBERT LEE, ROBERT BAILEY, JOHN ZARRO, TARA CONNORS, DONALD MACEACHERN, ROBERT BROWN WILLIAM G. NEST, GREGORY KATZ, BRIAN MICCICHE, WILLIAM MCNULTY, TIMOTHY F. MCKENNA , and GERALD B. ROCHE, since they have not identified them as officers against whom they intend to proceed to trial. Accordingly, these defendants ask that this Court enter judgment in their favor.

## CONCLUSION

For all of the foregoing reasons, the defendants respectfully request that this Honorable Court enter Summary Judgment pursuant to Fed. R.Civ. P. 56(c) in favor of each of the following: Defendants, RICHARD RHONSTOCK, ANDREW DEVITO, RICHARD HOWE, RICHARD NESTOR and SCOTT PARKER, AND AlAN MUNN, as well as the John Doe defendants now identified as SGT. O'MAHONEY, OFFICER HARRING, AND OFFICER SMITH as well as remaining defendants, JOHN BARRETTO, PAUL W. MATTHEWS, ROBERT LEE, ROBERT BAILEY, JOHN ZARRO, TARA CONNORS, DONALD MACEACHERN, ROBERT BROWN WILLIAM G. NEST, GREGORY KATZ, BRIAN MICCICHE, WILLIAM MCNULTY, TIMOTHY F. MCKENNA , and GERALD B. ROCHE.

                                          Respectfully submitted,
                                          DEFENDANTS,
                                          By their attorneys,

                                            /s/ Leonard H. Kesten
                                        Leonard H. Kesten, BBO No. 542042
                                        BRODY, HARDOON, PERKINS &
                                        KESTEN, LLP
                                        One Exeter Plaza
                                        Boston, MA 02116
                                        (617) 880-7100

Dated: June 7, 2007