UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY,       )
Individually and as mother and next friend of )
BRIAN KENNEDY, JR.,                        )
MITCHELL KENNEDY AND DYLAN KENNEDY        )
                Plaintiffs                )
VS.                                        )
                                         )
RICHARD NESTOR AND SCOTT PARKER           )
                Defendants                )

## DEFENDANTS' FIRST REQUEST FOR JURY INSTRUCTIONS

Now come the defendants in the above-referenced matter and pursuant to Rule 51 of the Fed. R. Civ. P. hereby submits the following requests for Instructions to the jury:

## INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS

1.  In order for Brian Kennedy Jr. to prevail in his claim for intentional infliction of emotional distress against Officer Richard Nestor, four elements must be established. Brian Kennedy Jr. must establish: 1) that Officer Nestor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; 2) that Officer Nestor's conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community; 3) that the actions of Officer Nestor were the cause of Brian Kennedy Jr.s distress; and 4) that the emotional stress sustained by Brian Kennedy Jr. was severe and of a nature that no reasonable person could be expected to endure it.

2.      The four elements required to establish a claim for intentional infliction of emotional distress are "aimed at limiting frivolous suit and avoiding litigation in situations where only bad manners and mere hurt feelings are involved." <u>Id</u>., at 319, citing <u>Womack v. Eldridge</u>, 215 Va. 338, 342 (1974); <u>see also</u> <u>Simon v. Solomon</u>, 385 Mass. 91, 431 N.E. 2d 556 (1982).

3.      Mere insults, indignity, threats, annoyances, petty oppressions, or other trivialities are not enough to establish liability.  <u>Foley v. Polaroid Corp.</u>, 400 Mass. 82, 508 N.E. 2d 72, 82 (1987).  Liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.  <u>Id.</u>

**ASSAULT**

4.      In order for Michelle Kennedy to prevail on her claim of assault against officer Parker, she must prove that he intended to act in such a way as to put her in reasonable apprehension of imminent harmful or offensive contact, that is, an attempted offensive contact or an immediately threatened offensive cntact. See Conley v. Romeri, 60 Mass.App.Ct. 799, 805, 806 N.E.2d 933, 939 n.6 (2004) citing Restatement (Second) of Torts § 21 (1965); see also United Nat. Ins. Co. v. Penuche's, Inc., 128 F.3d 28, 32 n.1 (1st Cir.1997).

          Respectfully submitted,
          DEFENDANTS,
          By their attorneys,


          /s/ Jeremy Silverfine
          Jeremy I. Silverfine, BBO No. 542779
          Leonard H. Kesten, BBO No. 542042
          BRODY, HARDOON, PERKINS & KESTEN, LLP
          One Exeter Plaza
          Boston, MA 02116
          (617) 880-7100

Dated: September 13, 2007