UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, Individually and as mother and next friend of BRIAN KENNEDY, JR., MITCHELL KENNEDY AND DYLAN KENNEDY<br>Plaintiffs<br><br>Vs.<br><br>RICHARD NESTOR AND SCOTT PARKER<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO ADMIT POLICE REPORTS**

Defendants hereby move to admit various police reports at the trial of the above-captioned matter. As grounds, the defendants state as follows:

Defendants seek to introduce as evidence in this civil trial a number of police reports. Police reports are considered "public records' exempt from the hearsay rule by operation of Fed. R. Evid. 803(8). *See* Parsons v. Honeywell, Inc., 929 F.2d 901, 907 (2nd Cir. 1991)("It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted[.]") cited with approval in Bolduc v. United States, 265 F.Supp.2d 153, 164 (2003)(Saris, J.). *See also* Flanagan v. Grant, 897 F.Supp. 637, 641 (1995)(noting that police report is admissible as non-hearsay under Rule 803(8) and further that "an admission of a party-opponent contained therein is not hearsay. F.R.E. 801(d)(2).").

For all of the foregoing reasons, the defendants request that they be permitted to introduce these highly relevant police reports, each of which sets forth "the activities of the [police department]" about "matters observed pursuant to duty imposed by law[.]" Fed.R.Evid. 803(8).

        Defendants
        Respectfully submitted,
        DEFENDANTS,
        By their attorneys,


        /s/ Jeremy Silverfine
        Leonard H. Kesten, BBO No. 542042
        Jeremy I. Silverfine, BBO No. 542779
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        (617) 880-7100

Dated: September 13, 2007