UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
************************************************
BRIAN KENNEDY, et al                    *
                                        *
              Plaintiffs                *
                                        *
v.                                      *    C. A. No. 04-CV-12357-PBS
                                        *
TOWN OF BILLERICA, et al                *
                                        *
              Defendants                *
************************************************
```

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS, SECOND TRIAL

Now comes the plaintiffs in the above referenced matter and, pursuant to Rule 51 of the Fed. R. Civ. P. respectfully submits the following requests for instructions to be read to the jury. These instructions are submitted as a draft and the plaintiff reserves the right to modify the existing instructions in a timely fashion before trial, add additional or supplemental instructions or remove instructions provided herein.

## I. INTRODUCTION

1. In this case the plaintiffs, members of the Kennedy family, specifically Michelle Kennedy and Brian Kennedy, Jr. claim to have suffered from a pattern of harassment by the Billerica Police Department since 1991.

Plaintiff Brian Kennedy, Jr. claims that defendant Richard Nestor intentionally inflicted emotional distress upon him when defendant Nestor arrested Michelle Kennedy in front of him when he was a child.

Plaintiff Michelle Kennedy claims that defendant Scott Parker intentionally inflicted emotional distress upon her when he assaulted, battered and violated her civil rights in 2002 after stopping her in a parking lot.

## II. <u>GENERAL PRINCIPALS</u>

### A. Burden Of Proof

2.   In order to prove her claim of violations of 42 USC §1983, the Federal Civil Rights Statute, the plaintiff, Michelle Kennedy, needs to establish by a preponderance of the evidence each of the following elements:

First:   That the defendant, Scott Parker, performed acts which operated to deprive her of one or more of her Federal Constitutional rights, as defined and explained in these instructions, by seizing her, assaulting and battering her, and inflicting emotional distress upon her, all without probable cause.

Second:  That defendant Parker acted under the color of the authority of the state of Massachusetts.

Third:  That defendant Parker's acts in detaining, assaulting and battering, and inflicting emotional distress upon the plaintiff, in the circumstances, were the proximate cause of damages by the law.

Plaintiff Michelle Kennedy seeks to recover money damages from the defendant Parker and has brought this suit against the defendant police officer who she claims wrongfully detained, assaulted, battered and inflicted emotional distress against her, an act that defendant Parker, as a police officer was prohibited from absent probable cause.  If you find, by a preponderance of the evidence, that defendant Parker, by his conduct, infringed upon the rights of the plaintiff which are guaranteed by the federal and/or state constitutions, then the defendant is liable to the plaintiff for money damages. 42 U.S.C. s.1983.

**B. Preponderance of the Evidence**

3. The burden on the plaintiffs in a civil action, such as this, is to prove the elements of their claims by what is termed a "preponderance of the evidence."

To establish something by a "preponderance of the evidence" means to prove to the jury's satisfaction that something is more likely so than not so.  It is as though there are evenly balanced scales such that, if the plaintiffs can tip the scales even slightly in their favor, then the plaintiffs will prevail.

This is not a criminal case, and so the elements of the plaintiffs' claims need not be proven "beyond a reasonable doubt."

Anything is sufficiently established if the evidence before you satisfies you that it is even only slightly more likely than not, even though there may be doubts still lingering in your mind.  *Sargent v. Massachusetts Accident Co.*, 307 Mass. 246, 250, 81 N.E. 825 (1940.) *Zezuski v. Jenny Mfg. Co.*, 363 Mass. 324, 293 N.E. 2d. 875 (1973).

**C. Weight of Evidence**

4.  The testimony of a police officer is entitled to no special or exclusive sanctity.  A police officer who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does, and in the case of police officers you should not believe them merely because they are police officers.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.  People employed by the government, including policemen, do not stand in any higher station in the community than other persons and their testimony is not entitled to any greater weight. _Roberts v. Hollocher_, 664 F.2d 200 (8th Cir. 1981); _Darbin v. Nourse_, 664 F.2d. 1109 (9th Cir. 1981) _Jennings v. Davis_, 476 F.2d. 1271 (8th Cir. 1973), _Byrd v. Briske_, 466 F.2d. 6, 11 (7th Cir. 1972).

In assessing the credibility of a police officer's account of the circumstances, you may consider, along with other factors, evidence that the officer may have harbored ill will toward the citizen. _Graham v. Connors_, 490 U.S. 386, fn 12 (1989), citing _Scott v. United States_, 436 U.S. 128, 139, n. 13 (1978).

**D. "Color of Law"**

 5. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as a police officer. The plaintiff does not have to prove that the defendant was acting within the law. If he was acting as police officers, then he was acting under the color of law. *Monroe v. Pape*, 365 U.S. 167 (1961). As there is no dispute that defendant Parker was acting in his capacity as a police officer, you must find that all of the defendants acted under color of law.

## III. LIABILITY

**A.  FEDERAL CIVIL RIGHTS CLAIMS**

i. Plaintiffs' Claims

6.  Specifically, Michelle Kennedy alleges that, in 2002, defendant Scott Parker threatened, assaulted, battered and inflicted emotional distress against her without probable cause.

The United States Constitution and the Massachusetts Declaration of Rights both provide that all persons have the constitutional right to be secure in their persons, the constitutional right not to be arrested or imprisoned without probable cause, and the constitutional right not to be deprived of liberty, including the right to be free from unreasonable violations of one's personal integrity, without due process of law.

The plaintiff, Michelle Kennedy, claims violations of these rights when she was unlawfully detained, assaulted and battered, and suffered emotional distress as an intended result of the acts of defendant Parker.

See U.S. v. Ortiz, 95 S.Ct. 2588 (1975); see also Davis v. Mississippi, 394 U.S. 721 (1969). The laws of the United States authorize the award of actual damages when police conduct, or misconduct, infringes upon these constitutionally guaranteed rights.  42 U.S.C. s. 1983; See Davis v. Smith, 638 F.2d. 66 (8th. Cir. 1981).

**ii. Fourth Amendment Claim**

7.  Ms. Kennedy contends that she was deprived of her right to be secure in their persons as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution by defendant Parker.  I instruct you that, as a matter of law, Ms. Kennedy has a constitutional right to be secure in her person and free from unreasonable seizure and deprivation of their freedom.  Schiller v. Strangis, 450 F.Supp. at 613 [quoting Landrigan v. City of Warwick, 628 F.2d 736, 741-42 (1st Cir. 1980)].  The plaintiff, Michelle Kennedy, will establish seizures in violation of the Fourth Amendment if she proves, by a preponderance of the evidence that in the totality of the circumstances, the seizures and the amount of force applied in effecting the seizures was unreasonable.  Graham v. Connor, 490 U.S. 386 (1989).

### iii. Fourteenth Amendment Claim

8.  You are instructed that the Fourteenth Amendment to the Constitution of the United States guarantees all persons the right not to be deprived of liberty without due process of law. This means, essentially, that all persons are entitled to justice through the court system and that they cannot be deprived of their liberty, or freedom without a due process hearing.  Screws v. United States, 325 U.S. 91 (1945).

If you find that defendant Parker "Decide[d] to take the law into [his] own hands and acte[d] as prosecutor, jury and judge...", Screws, 325 U.S. at 106, or that the defendant deprived the plaintiff of.."the right to be tried by a court rather than by ordeal." id. at 107, then you must find that defendant Parker deprived plaintiff Michelle Kennedy of her Fourteenth Amendment right to due process of law.  Id. at 107.

### iv. Fourteenth Amendment and 42 USC §1983 Generally

9.  The Fourteenth Amendment to the Constitution provides that:  "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the Unites States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  Screws v. United States, 325 U.S. 91, 98, 65 S. Ct. 1031, 1033, 89 L. Ed. 1495, 162 A.L.R. 1330 (1945); United States v. Cooney, 217 F. Supp. 417 (D. Colo. 1963).

Section 1983 of 42 U.S.C.A. provides that:  "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State ... to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States", shall be guilty of an offense against the laws of the United States. The statute just read to you is one of the Civil Rights Acts enacted by the Congress to enforce the Fourth and Fourteenth Amendments to the Constitution of the United States.  Four essential elements are required to be proved in order to establish the violation of constitutional rights alleged by the plaintiff, Michelle Kennedy.

First:  The act or acts of defendant Parker in wrongfully detaining, assaulting, battering and intentionally inflicting emotional distress upon her without justification or probable cause;

Second:  Such act or acts were done under color of some State law, or some County ordinance, or some regulation of a Police Department of the State of Massachusetts issued in accordance therewith, as charged;

Third:  That such acts were done unlawfully; and

Fourth: Such acts were done in such a way or manner, and under the circumstances, as willfully to deprive plaintiff Michelle Kennedy of her Federal Constitutional right to be secure in her person, and not to be denied liberty or freedom from corporal punishment, without due process of law.  Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330 (1945); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031 85 L.Ed. 1368 (1941), reh. denied 314 U.S. 707, 62 S.Ct. 51, 86 L.Ed. 565; Koehler v. United States, 189 F. 2d 711 (5th Cir. 1951), cert. denied 342 U.S. 852, 72 Ct. 75, 96 L.Ed. 643 (1951), reh. denied 342 U.S. 889, 72 S.Ct. 172, 96 L.Ed. 667; Apodoca v. United States, 188 F.2d. 932 (9th Cir. 1951).

**v. Color of Law Requirement**

10.  Since defendant Parker acted with an intention to take official action against Ms. Kennedyf and acted in his capacity as a police officers in detaining, questioning, assaulting and battering, and intentionally inflicting emotional distress upon Michelle Kennedy, then you must find that the defendant police officer was acting under color of state law.

*Williams v. United States*, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951); *Screws v. United States*, 325 U.S. 91, 65 S. Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330 (1945); *United States v. Classic*, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941), reh. denied 314 U.S. 707, 62 S.Ct. 51, 86 L.Ed. 565; *United States v. Jackson*, 235 F. 2d 925 (8th Cir. 1956); *Brown v. United States*, 204 F.2d 247 (6th Cir. 1953); *Koehle v. United States,* 189 F. 2d 711, 713 (5th Cir. 1951), cert. denied 342 U.S. 889, 72 S. Ct. 75, 96 L.Ed. 643 (1951), reh. denied 342 U.S. 889, 72 S. Ct. 172, 96 L.Ed. 667; *Catlette v. United States*, 132 F.2d. 902 (4th Cir. 1943); *United States v. Lynch*, 94 F. Supp. 1011 (N.D. GA. 1950), aff'd 189 F. 2d. 476 (5th Cir. 1951), cert. denied 342 U.S. 831, 72 S. Ct. 50, 96 L.Ed. 629 (1951).

**vi.  Requirement That Defendants Acted "Wrongfully"**

11.  If you determine that the defendant committed the acts of which he is charged, and did so under color of law, then you may determine that he did those acts wrongfully.  You are instructed that the Fourth Amendment to the United States Constitution provides people in this country with the right to be secure in their persons.  Should you find that the defendant violated the plaintiff's rights under the Forth Amendment and did so under color of law, then you may find that the defendant acted wrongfully.  *Schiller v. Strangis*, 450 F. Supp. at 613 [quoting *Landrigan v. City of Warwick*, 628 F.2d. 736, 741-42 (1st Cir. 1980)]

**vii.  Requirement that Defendants Acted "Knowingly"**

12.  An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident of other innocent reason.  *U.S. v. A & L Trucking Co.*, 358 U.S. 121, 125 (1958).  It is not necessary to find that the defendant had any specific intent to deprive Michelle Kennedy of her civil rights in order to find in favor of Ms. Kennedy.  Ms. Kennedy is entitled to relief if the defendant acted in a manner which resulted in a violation of the plaintiff's rights.  *Gomez v. Toledo*, 446 U.S. 635 (1980); *Monroe v. Pape*, 365 U.S. 167 (1961); *Pierson v. Ray*, 386 U.S. 547 (1967); *Roberts v. Williams*, 456 F.2d 819 (5th Cir. 1971); *Skehan v. Board of Trustees*, 538 F.2d 53 (3d. Cir. 1976) (en banc).

### viii. Constitutional Protections Under §1983 Generally

13.  While every push and shove does not amount to a constitutional violation, it is likewise clear that the shield of the Constitution covers the individual's physical integrity. Each of us, as citizens under the Constitution, can expect to be safe and secure from seizure or unlawful orders.  Deliberate indifference to the victim's well-being is more than negligence and supports a §1983 claim.  _Taylor v Ledbetter_, 818 F2d 791 (11th Cir., 1987)  Gross negligence or reckless disregard for the safety of others is cognizable as a constitutional violation actionable under §1983.  _White v Rochford_, 592 F2d 381 (7th Cir., 1979)

### ix. Excessive Force

14.  Plaintiffs Michelle Kennedy claim that she was subjected to excessive force by defendant Parker in 2002.  In that regard, you are instructed that every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer, even when the officer's acts were otherwise made in accordance with due process of law.

Force may be used only to overcome physical resistance or threatened force.  <u>Bauer v. Norris</u>, 713 F.2d. 408 (8th Cir. 1983) <u>Voutour v. Vitale</u>, 761 F2d 812 (1st Cir. 1985), <u>United States v. McQueeney</u>, 674 F.2d. 109 (1st Cir. 1972), <u>Landrigan v. City of Warwick</u>, 628 F.2d. 736 (1st Cir. 1972).

**x. Objective Reasonableness Standard**

     15.  Defendant Parker need not have intended to violate Michelle Kennedy's constitutional rights.  The conduct of state and government officials is to be measured by an "objective reasonableness" standard.  If defendant Parker's conduct was enough to violate a "clearly established constitutional rights that a reasonable person would have known", then you must find that he violated Michelle Kennedy's civil rights.  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

**xi.  Arrests or Stops As Civil Rights Violations, Even With Probable Cause**

16.  A civil rights violation may arise, under the Fourteenth Amendment's equal protection clause, when an officer uses his discretion to intentionally discriminate against someone, even if the officer had probable cause to make the arrest, stop or other police action and even if it is within the officer's discretion whether or not to make the arrest, stop or other interaction.  If the officer uses his discretion to arrest, stop or to initiate other police action selectively for a discriminatory purpose, then you may find that officer has violated that individual's civil rights.

Should you find that defendant Parker used his discretionary power to arrest, stop or otherwise interact with an individual selectively for a discriminatory purpose against Michelle Kennedy, then you have found a civil rights violation.

_Wayte v. United States_, 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)

_Washington v. Davis_, 426 U.S. 229, 239-41 (1976).

**C.  STATE CIVIL RIGHTS CLAIMS**

i. Rights Under the Massachusetts Constitution and Massachusetts General Laws

17.  The plaintiff Michelle Kennedy further alleges that the conduct of defendant Powers violated her rights under the Massachusetts Constitution and Massachusetts Civil Rights Act, Mass. General Laws Ch. 12, Section 11 I.  These rights include the right of the individual to be secure in their person.  [Massachusetts Constitution, Declaration of Rights, Article XIV]

In order to prevail on the state civil rights act violation claim, Ms. Kennedy must show that her civil rights, specifically the right to be secure in her person, was interfered with by threats, intimidation or coercion. *Sena v. Commonwealth*, 417 Mass. 250 (1994).

Should you find that defendant Parker's stops, detentions, assault and battery, infliction of emotional distress constituted threats or coercion that violated Michelle Kennedy's right to be secure in her person, then you must find a violation of the Massachusetts Civil Rights Act.

**D.  COMMON LAW TORTS**

 **i. Claims**

18.  The plaintiff, Michelle Kennedy, also claims that defendant Parker committed common law intentional torts upon her by detaining her, by assaulting and battering her and by intentionally causing her emotional distress by the recklessness and outrageousness of his conduct.  Plaintiff Brian Kennedy, Jr. claims that defendant Richard Nestor intentionally inflicted emotional distress upon him by the recklessness and outrageousness of his conduct

**ii. Assault and Battery**

**a. Assault and Battery Generally**

19.  Assault and battery is an intentional and unjustified use of force, however slight, upon the person of another.  *LeSaint v. Weston*, 301 Mass 136 (1938); *Ross v Michael*, 246 Mass 126 (1923).  If you should find that defendant Parker used unjustified force against plaintiff Michelle Kennedy, then you should find that defendant Parker assaulted and battered Michelle Kennedy.

**b. Assault**

20.  To establish a case for assault, plaintiff Michelle Kennedy must prove that defendant Parker intended to cause harmful or offensive contact with her person or intended to cause her to fear the infliction of harmful or offensive contact with her person, and that such contact or apprehension of immediate bodily harm was without that plaintiff Michelle Kennedy's consent. *O'Brien v. Cunard, S.S. Co.* 154 Mass 272 (1891).

**c. Battery**

21.  To establish a case of battery, plaintiff Michelle Kennedy must prove that: (i) the defendant intended to cause a harmful or offensive contact with her person; (ii) defendant made contact with plaintiff's body; and (iii) plaintiff did not consent to the contact.  *Lynch v. Egbert*, 360 Mass. 90 (1971).

**d. Battery: Plaintiff's Burden of Proof**

22.  It is not necessary for a plaintiff to prove that the defendant intended the specific harm which the plaintiffs suffered as a result of the battery.  Instead, it is the contact with plaintiff's body which must be intended and not the result.

_Com. v. Hawkins_, 157 Mass. 551,  553 (1893).  See also Nolan and Sartorio, Tort Law, 37 M.P.S. Sec. 14 (1989).

**e. Justification**

  23. The defendant bears the burden of proving that any assault or battery on the plaintiff was justified.

*Ware v. Garvey*, 139 F. Supp. 71, 79 (D.C. Mass. 1956) applying Massachusetts substantive law); *Julian v. Randazzo*, 403 N.E. 2d 931, 934 (1890).  See also Nolan and Sartorio, Tort Law, 37 M.P.S. Section 181 (1989).

**f. Amount of Force**

     24.  If the defendant fails to prove that the amount of force used was justified, then the defendant is liable for the damage to plaintiff caused by the use of force.  <u>Restatement of Torts</u>, 2d Section 132, cited in Nolan and Sartorio, <u>Tort Law</u>, 37 M.P.S. Section 181 at 321 (1989).

**g. Justified Use of Force, Burden of Proof**

25.  If the defendant proves that the assault or battery was justified, the defendant is not free to apply any degree of force to the plaintiff.  Rather, the defendant bears the burden of proving that the amount of force used was not excessive.  *Id*.

**h. Self Defense**

26.  If the defendant fails to prove that the amount of force used was justified, the plaintiff is privileged to use that degree of force that is reasonably necessary to defend themselves against the application of excessive force by the defendants.  <u>Restatement of Torts</u>, 2d Section 63 -75, cited in Nolan and Sartorio, Tort Law, 37 M.P.S.  Section 181 at 322.

**i. Excessive Force Determination**

  27. To determine whether the defendant applied excessive force in their detainment of the plaintiff, you must consider the totality of the circumstances, including the Rules and Regulations in effect regarding the application of force of the Billerica Police Department, the size and position of the plaintiff and defendant, the amount of resistance to the use of force by defendant and all other circumstances and evidence. <u>Restatement of Torts</u>, 2d, Section 132; Nolan and Sartorio, supra, at 321.

**j. False Imprisonment**

28.  A police officer commits a false imprisonment of another if: (1) he arrests the individual without a legal privilege to do so; or(2) the police officer intentionally confines the individual for some period of time; that is, if he forcibly or by threat of force, or by assertion of legal authority to arrest or detain, prevents the individual from moving about.

To constitute confinement, one must be restrained within a limited area for a perceptible period of time, but such restraint need not be for a lengthy period of time.  Even seconds are sufficient, if the restraint is complete. _Dunaway v. New York_, 442 U.S. 200 (1979); _Brown v. Texas_, 443 U.S. 47 (1979) _Henry v. United States_, 361 U.S. 98 (1959) _Brinegar v. U.S._, 338 U.S. 160, 175-176 (1949) _Alegata v. Comm._, 353 Mass. 287.

**k. Intentional Infliction of Emotional Distress**

**i. Intentional Infliction of Emotional Distress Standard**

29.  To establish a case for the intentional infliction of emotional distress, the plaintiffs must prove the (i) the defendants committed acts or omissions intended to inflict such distress on the plaintiffs or that the defendants knew or reasonably should have known that such distress was the likely result of their conduct; (ii) the conduct was extreme and outrageous; (iii) the conduct caused plaintiff's' distress and (iv) that the plaintiffs suffered severe distress. _Agis v. Howard Johnson Co._ 371 Mass. 140, 355 NE 2d 315, 318-19 (1976).  Patterns of conduct which you could find were extreme and outrageous or reckless in their totality are sufficient for a finding of intentional infliction of emotional distress, even where the acts, if taken alone, may not be sufficiently extreme to find liability for infliction of emotional distress.

If you, the jury, find that the conduct of defendant Nestor in arresting Michelle Kennedy in front of her son, Brian Kennedy, Jr., or the conduct of defendant Parker in detaining, assaultin and battering Michelle Kennedy in violation of their Fourth Amendment Rights was extreme and outrageous, then you should find that the acts of the defendant police officers constitute the intentional infliction of emotional distress.  _Boyle v. Wenk_, 378 Mass. 592, 392 N.E. 2d. 1053, 1055-56 (1979); _George v. Jordan Marsh Co._, 359 Mass. 244, 268 N.E. 2d 915, (1971).

**ii. Intentional, Reckless, and Outrageous**

30.  If you find the defendants' conduct against plaintiffs was intentional and reckless and was so outrageous that it offended all sense of decency in the community, you may find that the conduct of the defendants constituted an intentional infliction of emotional distress upon the plaintiffs.  *Agis v. Howard Johnson Co.*, 371 Mass. 140 (1976).

## IV.  DAMAGES

### A. In General

32.     The term "damages" refers to all factors that make up the total amount which the plaintiffs may recover under the law.

The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's negligent conduct.

The object is to try to restore each of the plaintiffs to the position he would have been in had the wrong not occurred.  The purpose is not to reward the plaintiffs and not to punish the defendants.  Damages are to be awarded to the plaintiffs as a fair and reasonable compensation for the legal wrong done to them by the defendants.

You must put aside your personal feelings during your deliberations and decide this case as the evidence and law dictate.

There is no special formula under the law to assess the plaintiffs' damage.  It is your obligation to assess what is fair, adequate, and just.  You must use your wisdom and judgment and your sense of basic justice to translate into dollars the amount which will fairly and reasonably compensate the plaintiffs for their injuries.  You must be guided by your common sense and your conscience.

W.P. Keeton, *Prosser and Keeton* § 54, at 359-67 (5th ed. 1984).

*Sullivan v. Old Colony St. Ry. Co.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).

*Roy v. Volkwagen of Am., Inc.*, 896 F.2d 1174 (9th Cir. 1990)

*Edwards v. Sears, Roebuck & Co.*, 512 F. 2d 276 (5th Cir. 1975).

*Binder v. Harris*, 267 Mass. 162, 166 N.E. 707 (1929).

**B.  Considerations in Damage Calculations**

33.  While damages must be reasonably ascertainable from the evidence, the fact that there is an element of uncertainty in their assessment is not a bar to recovery.  In this area, much can and must be left to the judgment and estimate of you, the finders of fact.

*Agoos Leather Companies v. American & Foreign Ins. Co.*, 342 Mass. 603, 174 N.E. 2d 652, 655. (1961).

## C. Pain and Suffering

34.  There are two types of pain and suffering: physical pain and suffering, and mental pain and suffering.

For physical pain and suffering, you are to consider the areas of the body in which you find the plaintiffs were physically injured.  You are to take into account the past pain and suffering caused by the injuries, and any future pain and suffering which were proved with reasonable medical probability.

Mental pain and suffering includes any and all nervous shock, anxiety, embarrassment, or mental anguish.  You should take into account past, present, and probable future mental suffering.

Taking into consideration the nature of the injuries, you are to determine what would be a fair and reasonable figure to compensate each of the plaintiffs.  You may consider the extent to which each of the plaintiffs' injuries have caused them a loss of pleasures which they otherwise probably would have had in the form of work or play or family life or what have you.  The plaintiffs are entitles to full compensation for any reduction in the enjoyment in life which you conclude has resulted or probably will result from the actions of the defendants.

You should also consider and allow fair, reasonable sum for any permanent conditions caused or resulting to the plaintiffs as a result of the defendants' wrong.  You must determine what amount will fairly and reasonably compensate for that loss.

To arrive at a monetary figure for each plaintiffs' pain and suffering, you must use your own good sense, background, and experience in determining what would be a fair and reasonable figure for past, present, and future suffering such as you find has been proved by the evidence.

_Rodgers v. Boyton,_ 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

_Sullivan v. Boston Gas Co.,_ 414 Mass. 129, 137-38, 605 N.E.2d 805, 810 (1993).

_Payton v. Abbott Labs.,_ 386 Mass. 540, 557, 437 N.E.2d 171, 181 (1982).

_Dziokonski v. Babineau,_ 375 Mass. 555, 380 N.E.2d 1295 (1978).

*Agis v. Howards Johnson Co.*, 371 Mass. 140, 143-45, 355 N.E.2d, 317-18 (1976).

*Colla v. Mandella*, 1 Wis.2d 594, 85 N.W.2d 345 (1957).

W.P. Keeton, *Prosser and Keeton on Torts* § 54, at 359-66 (5th ed. 1984).


**D.  General Damages**

     36.  In evaluating the plaintiffs' general damages, that is, their past and future physical and mental pain and suffering, you may take into account such factors as embarrassment and humiliation, and loss of enjoyment of life.


*DoCanto v. Ametek, Inc.*, 367 Mass. 776, 328 N.E.2d 873 (1975).

**F. Future and Present Pain and Suffering**

37.  In determining the plaintiff Michelle Kennedy's damages for mental and emotional distress, you are to fairly compensate them for the past, present and future pain and suffering associated with their emotional distress including compensation for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety.

_Simon v. Solomon_, 385 Mass. 91, 431 N.E.2d 556 (1982);

_George v. Jordan Marsh Co._, 359 Mass. 244, 268 N.E.2d 915 (1971).

## G. Loss of Consortium

38.  Plaintiff Brian Kennedy, Jr. has a claim to recover for the damages he suffered as a result of the defendants' actions against his parents.  This type of claim is called loss of consortium, and it allows recovery to the spouse, parent or child of a injured person caused by the acts of a third person.

Any recovery for loss of consortium requires proof of a tortious act that caused injury to Brian Kennedy, Jr.  The word "consortium" really means a right which grows out of a relationship between child and parent.  It is a right to enjoy the society and companionship and the affection between parent and child.

Therefore, if you find that as a result of the defendants' acts towards Michelle Kennedy, that Brian Kennedy, Jr. has suffered or is reasonably certain to suffer in the future a loss of consortium, you should fairly and reasonably compensate the plaintiff for the loss. You may consider, in this area of loss of consortium: (1) loss of companionship and society; (2) loss of comfort, solace, or moral support; (3) any loss of enjoyment of sexual relations or ability to have children; (4) any restrictions on social or recreational life; and (5) basically any deprivation of the full enjoyment of the marital of familial state.

You must make your determination as to whether there was a loss of consortium, and if so the amount, based on your own common sense, good judgment, experience, and conscience.  There is no special formula or rule to measure a fair amount for loss of consortium.  You must not, however, allow any overlapping of damages with those belonging to each plaintiff, as each plaintiff is entitled to damages to damages for his or her individual loss.

For instance, any losses which the plaintiff may be entitled to recover, such as nursing expenses or hospital bills, may not be considered in the loss of consortium claim.


*Mouradian v. Gen. Elec. Co.*, 23 Mass. App.Ct. 538, 544, 503 N.E.2d 1318, 1321 (1987).

*Diaz v. Eli Lilly & Co.*, 364 Mass. 153, 160, 302 N.E.2d 555, 559-60 (1973).

_Feltch v. Gen. Rental Co._, 383 Mass. 603, 607-09, 421 N.E.2d 67, 70-71 (1981).

_Rodgers v. Boyton_, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943);see also Diaz v. Eli Lilly & Co., 364 Mass. 153,161-62, 302 N.E.2d 555, 560-61 (1973).

_Morgan v. Lalumiere_, 22 Mass.App.Ct. 262, 271, 493 N.E.2d 206, 212, review denied, 398 Mass. 1103, 497 N.E.2d 1096 (1986).

_Feltch v. Gen.Rental Co._, 383 Mass. 603, 606-09, 421 N.E.2d 67, 70-71 (1981).

**H.  Punitive Damages**

39.  You may decide whether the plaintiffs are entitled to the award of any punitive damages.  The function or punitive damages is to punish the defendants for malicious conduct and to deter similar conduct by others.  Whether you decide to award any punitive damages should be based on whether you find that the defendants acted willfully, deliberately, maliciously or with reckless disregard of the plaintiff's constitutions rights.  If you find that either defendant Parker or defendant Nestor or both of them have done one of these things, then you may award punitive damages.

Punitive damages may be awarded even if the violation of the plaintiffs' rights resulted in only nominal compensatory damages.  That is, even if the plaintiff can show no damages or other injury as a result of the defendants' actions, if these actions were deliberate, willful or made with reckless disregard of the plaintiffs' rights, punitive damages are appropriate.

*Smith v. Wade*, 461 U.S. 30 (1983); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 234 (1970) (Brennan J., Concurring).

## I. Total Award

40.  Once you have calculated each of these areas of damages, pain and suffering, past medical expenses, and future medical expenses for each plaintiff, you should add up each of these damages to arrive at the total award.  There must not be any overlapping of the various elements constituting the damages.  The total sum must be fair compensation for the entire injury to each of the plaintiffs, no more and no less.

*Rodgers v. Boyton*, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943).

*George v. Jordan Marsh Co.*, 359 Mass. 244, 268 N.E.2d 915 (1971).

*Stella v. Curtis*, 348 Mass. 458, 204 N.E.2d 457 (1965).

*Lewis v. Springfield*, 261 Mass. 183, 158 N.E. 656 (1927).

Respectfully submitted,
Brian Kennedy, et al
by their counsel


Date: September 19, 2007

/s/ Andrew M. Fischer
Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904
afischer@jasonandfischer.com

kennedy\Second Trial\juryint.wpd