UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRIAN KENNEDY, et al | \* |
| | \* |
| Plaintiffs | \* |
| | \* |
| v. | \*  Civil Action no. 04-12357 - PBS |
| | \* |
| TOWN OF BILLERICA, et al | \* |
| | \* |
| Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION IN LIMINE TO EXCLUDE MEDICAL RECORDS
OR, IN THE ALTERNATIVE, TO REDACT AND EXCLUDE HEARSAY
CONTAINED IN MEDICAL RECORDS**

Now come the plaintiffs and move this Honorable Court exclude all medical records of the plaintiffs. As reason, plaintiffs are not claiming any physical injuries from the two incidents that remain to be tried, and thus their medical records have absolutely no probative value. On the other hand, defendants have mined the entirety of the plaintiffs' medical history for materials they can use to smear the plaintiffs, such as references to methadone treatment, to Michelle Kennedy being assaulted by Nigel Griffith, to multiple incidents unrelated to the defendants or any claims in this case.

Such material is highly prejudicial but not at all probative to any facts in dispute.

The defendants based their defense in the first trial not so much on contesting the plaintiffs' claims as by smearing the plaintiffs as drug users, drug dealers, thugs and trailer trash: that they are "bad people". It appears that the defendants again seek to make an attack on the plaintiffs the basis of their defense, again, as the defendants list the entirety of the medical records of Michelle Kennedy on their list of documents, even though Ms. Kennedy is claiming no physical injuries from the incidents remaining to be tried. Defendants list the entirety of the

medical records of Brian Kennedy, as well.  Where Brian Kenney has no claims remaining, the only purpose the defendants could have in listing his medical records as potential evidence is to smear the character of the plaintiffs.  This is inappropriate.

Accordingly, plaintiffs seek an order excluding all medical records from evidence at the second trial.  In the alternative, if any medical records are to be admitted, plaintiffs move that such records be appropriately redacted to exclude not just hearsay but all evidence that is more prejudicial than probative.

    Respectfully submitted,
Brian Kennedy, et al
by their counsel

Date: September 19, 2007

/s/ Andrew M. Fischer
Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904
afischer@jasonandfischer.com

kennedy/moexcludemedrecordshearsay2