UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, Individually and as mother and )
next friend of BRIAN KENNEDY, JR., )
                             Plaintiffs )
                                                          )
VS. )
                                                          )
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
                             Defendants

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO RECONSIDER THAT PART OF THE
MEMORANDUM AND ORDER OF AUGUST 21, 2007, REGARDING THE
REDUCTION OF MITCHELL KENNEDY'S DAMAGES**

**INTRODUCTION**

The plaintiffs have asked this Court to reconsider the reduction of the Jury's award of damages as to Mitchell Kennedy. The Jury awarded damages to this plaintiff as a result of the Jury verdict in his favor finding that the Town of Billerica was deliberately indifferent to the supervision of its police department,

the so-called <u>Monell</u> claim. The Court ruled that Mitchell's damages against the Town of Billerica were limited to the Jury's award of damages as a result of the finding of a false arrest Civil Rights violation by Officer Tsoukalas. The defendants state that this Court was correct in reducing the damages award.

## ARGUMENT

In this action, the plaintiffs sued 29 individual defendants as well as the Town of Billerica. The verified complaint set out multiple allegations of specific conduct by these individuals. The defendants indicated that if the trial encompassed all of the allegations against all of the defendants, the trial would take one year. In managing the scope of this case, the Court allowed the plaintiffs to select seven defendants to go to trial against first and deferred the trial as to the other 22 individual defendants. As a result, the plaintiffs chose to go to trial against defendants, Tsoukalas, Rosa, Connors, MacKenzie, Casey, Conway, and Elmore. The plaintiffs were also allowed to proceed against the Town of Billerica over the objection of the defendants.

At this trial, the plaintiffs introduced testimony alleging multiple Civil Rights violations against the seven individuals on trial. In addition, again over the objection of the defendants, the Court not only allowed the plaintiffs to introduce testimony about alleged wrongful acts by the 22 individual defendants who were not on trial, but also allowed testimony of alleged wrongful acts by a former Billerica Police Sergeant, Keith Weston, who was not even named as a defendant.

At the conclusion of the trial, the Jury found in favor of the seven individual defendants as to all Civil Rights claims, except for one false arrest claim by Mitchell Kennedy. All of the individual defendants prevailed as to

claims of conspiracy to violate the plaintiffs' Civil Rights; claims of excessive force; claims of malicious prosecution; claims that Mitchell Kennedy was charged without probable cause in the Massone incident; claims of illegal searches; and claims of false arrest, except for one.  The Jury determined that the damages that Mitchell Kennedy suffered for that one false arrest Civil Rights violation totalled $15,000.00.  Despite this finding, the plaintiffs are urging the Court to uphold an additional  award of over $100,000.00  in damages to Mitchell for the Town's failure to properly supervise its officers.

      The Jury found against  Mitchell Kennedy as to all of his allegations of Civil Rights violations against the seven individual defendants on trial, save for the one arrest by defendant Tsoukalas.  The defendants suggest that the Jury was not free to award damages for alleged Civil Rights violations by the 22 defendants whose trial was deferred.  How could the jury find that another police officer caused damage to the plaintiffs when that officer was not present at this trial to defend himself.

      For example, Michelle Kennedy was allowed to testify as to an alleged assault by Officer Scott Parker.  However, the trial of Officer Parker, which will determine whether he in fact assaulted her,  has not yet happened. At this first trial, the jury only heard Michelle Kennedy's version of the incident. Officer Parker will present his defense at the second trial.  Accordingly, it would be blatently unfair to allow the Jury to award damages for the alleged conduct of Officer Parker as a result of the evidence heard at this trial. Thus, the plaintiffs' argument that Mitchell Kennedy should be awarded damages because he may have been harmed by police officers who were not the defendants on trial must fail.

The plaintiffs also now claim, for the first time, that they did not waive a « substantive due process » claim that was first suggested by this Court, not by the plaintiffs.  The Court had suggested that the plaintiffs may want to argue that the jury should be allowed to determine whether the alleged « harassment » of the plaintiffs  may have been so pervasive as to form the basis of a finding of a deprivation of liberty.  Thus, the plaintiffs may have been allowed to  proceed pursuant to a theory of substantive due process violation.  Despite what he now says, Attorney Fisher waived this theory in his colloquy with this Court.  As a result, the question of a substantive due process violation was never posed to the Jury. Thus, it is disingenuous for the plaintiffs to now suggest that the award of damages by the Jury could have been based on a finding of a substantive due process violation.

It is uncontroverted that Mitchell Kennedy only testified as to three possible Civil Rights violations by Billerica Police officers **as to** him.  First, he claimed that he was wrongfully charged in the Deanne Massone incident.  Secondly, he claimed that all of the defendants engaged in a Conspiracy to violate his Civil Rights.  Finally, he claimed that he was falsely arrested by Officer Tsoukalas.  The Jury found in favor of the defendants as to Mitchell Kennedy being criminally charged in the Massone incident and as to his claims of Conspiracy. The only claim on which this plaintiff  prevailed was the Tsoukalas arrest.  The Jury found that the one violation of Civil Rights proven by the plaintiff damaged him in the amount of $15,000.00.  Thus, if the Town of Billerica improperly supervised its police officers, the total damage caused was $15,000.00.  An award  for anything more is wholly improper.

**CONCLUSION**

For the reasons stated above, defendants hereby request that Plaintiffs' Motion to Reconsider that Part of the Memorandum and Order of August 21, 2007, regarding the Reduction of Mitchell Kennedy's Damages be Denied.

Respectfully submitted,

DEFENDANTS,
By their attorneys,

/s/ Leonard H. Kesten
Leonard H. Kesten, BBO No. 542042
Jeremy I. Silverfine, BBO No. 542779
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
617- 880-7100

Dated: September 21, 2007