UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRIAN KENNEDY, et al | \* |
| Plaintiffs | \* |
| v. | \*   Civil Action no. 04-12357 - PBS |
| TOWN OF BILLERICA, et al | \* |
| Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUPPLEMENTAL REQUESTED JURY INSTRUCTION

### I. Emotional Distress of a Family Member - transferred intent

A family member, when present, may recover for emotional distress caused by extreme and outrageous conduct directed at another family member.

Thus if you should find that defendant Nestor intended to inflict emotional distress upon Michelle Kennedy, that this intentional conduct led to Ms. Kennedy being arrested, that the arrest was the intentional emotional distress that defendant Nestor intended and that the arrest took place in the presence of Ms. Kennedy's son, Brian, then you may find defendant Nestor liable for any emotional distress that you find the was caused to Brian Kennedy, Jr.

*Nancy P. v. D'Amato*, 401 Mass. 516, 517 N.E.2d 824 (1988)
*Limone v. U.S.*, 336 F.Supp.2d 18 (D.Mass., 2004)


"Clearly, a family member could claim damage if he or she were actually present when the defendant's extreme and outrageous conduct took place." *Limone v. U.S.*, 336 F.Supp.2d 18 (D.Mass., 2004) (citing Restatement (Second) of Torts § 46(2) (1965) and *Nancy P. v. D'Amato*, 401 Mass. 516, 522, 517 N.E.2d 824 (1988 ) (adopting § 46(2) in Massachusetts))

This is because the notion of transferred intent – if you fire a gun and miss your intended victim but hit another person standing nearby -- then you are liable for intending the harm to the person you hit, under the legal principal of transferred intent, a principal that you can find applies to defendant Nestor's intent in this case.

<u>Com. v. LeClair</u>, 445 Mass. 734, 840 N.E.2d 510, (2006)
<u>Com. v. Bruce</u>,  61 Mass.App.Ct. 474, 811 N.E.2d 1003, (Mass.App.Ct., 2004)
<u>Com. v. Arroyo</u>, 442 Mass. 135, 810 N.E.2d 1201, (2004)

        Respectfully submitted,

Date: <u>October 1, 2007</u>        /s/<u>Andrew M. Fischer</u>
        Andrew M. Fischer
        BB0# 167040
        JASON & FISCHER
        47 Winter Street
        Boston, MA 02108
        (617) 423-7904

kennedy\second trial\suppjuryinst03.wpd