UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  04-CV-12357-PBS

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, | ) |
| Individually and as mother and next friend of | ) |
| BRIAN KENNEDY, Individually and as mother and | ) |
| next friend of BRIAN KENNEDY, JR., | ) |
| Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| RICHARD NESTOR, SCOTT PARKER | ) |
| Defendants | ) |

**DEFENDANTS' MOTION FOR DIRECTED VERDICT**

The defendants hereby move for a directed verdict.  In support thereof the defendants state as follows:

Plaintiff Brian Kennedy Jr. has made a claim for intentional infliction of emotional distress against Officer Richard Nestor.  This claim is unsupported on the facts and law as applied.  This Court should not allow the claim to proceed to the jury.

Officer Richard Nestor and Michelle Kennedy, the mother of Brian Jr., had an encounter at a Cumberland Farms on Saturday, June 5, 1993.  Four days prior to this encounter, Officer Nestor had arrested Michelle's husband, Brian Kennedy, for driving with a suspended license.  Officer Nestor was off-duty in his private vehicle when he was confronted by Michelle Kennedy.  He claims that she threatened him and spit at him.  After the incident, Officer Nestor wrote a report and submitted an application for a summons to issue to a show cause hearing for a charge of Assault.  Officer Nestor then went on vacation.

After Nestor left, the Billerica court prosecutor added a threatening charge to the application and requested that a warrant issue for the arrest of Michelle Kennedy. A Clerk-Magistrate reviewed Nestor's report and issued the warrant. On June 8, 1993, Ms. Kennedy was arrested at her home by Officers Coneeny and Pfaff. Nestor was still on vacation when the arrest took place.

Brian Kennedy Jr. now claims that Officer Nestor intended to inflict severe emotional distress upon him when he applied to have criminal charges issue against Ms. Kennedy in the June 5, 1993 incident. The Court is aware that Ms. Kennedy has not, and cannot, bring a claim against Nestor regarding this incident because it is time barred. Although cast in other terms, the conduct by Officer Nestor about which the plaintiff complains is really a claim that Officer Nestor maliciously prosecuted Ms. Kennedy in 1993. As Ms. Kennedy's claim is time-barred, Brian Kennedy Jr. is really attempting to assert a derivative claim from that alleged malicious prosecution.

It is well settled that no such derivative claim lies Under 42 U.S.C. § 1983 because neither that statute, nor its state law equivalent, recognizes a claim for loss of consortium. *See e.g.* Tauriac v. Polaroid Corp., 716 F.Supp. 672, 673 (D.Mass. 1989). Brian Kennedy, Jr. instead casts the same conduct of Officer Nestor in applying for criminal charges against his mother, as a claim for intentional infliction of emotional distress.

In order to make out a claim for intentional infliction of emotional distress, a plaintiff must show that: "(1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the

defendant's conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress."  Sena v. Commonwealth, 417 Mass. 250, 263 – 264 (1994).   In Nancy P. v. D'Amato, 401 Mass. 516, 521 (1988), the Supreme Judicial Court wrote,

> "The focus of our cases, and of cases elsewhere, dealing with intentional infliction of emotional distress has been on the emotional distress of a person against whom the extreme and outrageous conduct has been directed."

Id.  (emphasis added).

In this case, the plaintiff begins with the dubious proposition that Officer Nestor's conduct in applying for criminal charges, which resulted in an arrest warrant that he did not himself execute, is "extreme and outrageous."  See Sena v. Commonwealth, supra at 264 (The conduct of which the plaintiffs complain as a matter of law cannot be deemed extreme and outrageous.  Neither applying for an arrest warrant, nor making an arrest pursuant to an issued warrant can be considered "utterly intolerable in a civilized community."), quoting Agis v. Howard Johnson Co., 371 Mass. 140, 144 – 145 (1976).  The only conduct that Officer Nestor is charged with here is applying for criminal charges, which issued later from a Clerk-Magistrate, and then a warrant issues that is executed still later by different officers.  There is no evidence that Officer Nester directed his conduct against anyone but Ms. Kennedy.   Officer Nestor had no way of knowing whether Brian, Jr. would be present at the time of his mother's arrest. Even if Officer Nestor could foresee that Brian Kennedy, Jr. might be present later when Ms. Kennedy was eventually arrested, that is not evidence that he intended to cause Brian Kennedy, Jr. harm or that he directed his conduct at a five-year old Brian Kennedy, Jr.

If Brian Kennedy, Jr. can recast his mother's civil-rights malicious prosecution claim, which does not permit loss of consortium, into a claim for intentional infliction of emotional distress, then every spouse or child could assert a similar claim. Every time a police officer applies for a warrant, it is foreseeable that the spouse or child of the individual being arrested might witness the arrest and be upset by the arrest. It may be just as upsetting to witness a parent or loved one being denied the right to vote, or censored in their speech, or forced to pray in school. By recasting what is essentially a civil rights claim (malicious prosecution), into something else (intentional infliction of emotional distress), the plaintiff ignores the policy considerations that have historically limited civil-rights actions to those whose rights are directly affected.[1]

In this case, this Court denied Summary Judgment for Officer Nestor because the Court understood that Nestor arrested Michelle Kennedy in front of her five year old child, Brian Kennedy, Jr. However, now that it is clear that Nestor did not arrest Ms. Kennedy and, in fact, did not even apply for a warrant for her arrest, the Court should enter a Directed Verdict for Officer Richard Nestor and against the plaintiffs.

As to Officer Scott Parker, the evidence shows that he arrived at the Boys Club and saw that Ms. Kennedy, Brian Kennedy, William Ashton, and Christopher Swimm were removing some ramps. After speaking with dispatch,

---

[1]     In <u>Limore v. United States</u>, 497 F.Supp.2d 143 (D.Mass. 2007), the U.S. District Court (Gertner, J.), writing on July 26, 2007, noted that, "no court has awarded damages to a child for loss of consortium based on the wrongful imprisonment of a parent[.]" <u>Id.</u> at 248. The Court then broke new ground and awarded $50,000 to each of the children of certain individuals who were framed for murder by the FBI and who served decades in prison. By comparison, Ms. Kennedy was released within hours of her arrest.

he ordered them to return the ramps.  They did so and the three men left.  Ms. Kennedy stayed behind and a verbal confrontation occured.  Ms. Kennedy swore at Officer Parker and he swore at her.  This evidence does not support a claim for Intentinal Infliction of Emotional Distress nor does it support a claim for False Imprisonment, especially since the plaintiffs chose not to sue Officer Parker for False Imprisonment[2].  Accordingly, this Court should enter a Directed Verdict for defendant Parker as to Intentional Infliction of Emotional Distress and False Imprisonment.

Respectfully submitted,
DEFENDANTS,
By their attorneys,


/s/ Leonard H. Kesten
Leonard H. Kesten, BBO No. 542042
Jeremy I. Silverfine, BBO No. 542779
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
617- 880-7100

Dated:  October 3, 2007

---

[2] There is no claim against Parker in the Plaintiffs' Complaint for False Imprisonment.