UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  04-CV-12357-PBS

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, | ) |
| Individually and as mother and next friend of | ) |
| BRIAN KENNEDY, JR., MITCHELL KENNEDY | ) |
| AND DYLAN KENNEDY, | ) |
|        Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| RICHARD NESTOR AND SCOTT PARKER | ) |
|        Defendants | ) |

**DEFENDANTS' RICHARD NESTOR AND SCOTT PARKER
MOTION FOR MISTRIAL**

The defendants, Scott Parker and Richard Nestor, hereby ask that this

Court declare a mistrial in this matter.  In support thereof, the defendants state

the following:

This case was originally brought against 27 individual defendants and the

Town of Billerica.  This Court, unilaterally, ordered that the plaintiffs choose 7

defendants against whom they could proceed to trial initially.  The plaintiffs did

so this past spring.

Subsequently, the plaintiffs elected to dismiss their claims against most of

the remaining officers and indicated that they wished to proceed to trial against

defendants Rhonstock, Devito, Howe, Munn, Parker, and Nestor.  Those

defendants moved for Summary Judgment.  The Court allowed the motion as to

Rhonstock, Devito, Howe and denied it as to Nestor and Parker.

With regard to defendant Nestor, the Court denied Summary Judgment

solely because the Court was under the impression that the plaintiffs would

produce evidence that Nestor arrested Michelle Kennedy in an outrageous

manner at her home in front of her five year old son, Brian Kennedy, Jr., thus causing him severe emotional distress in June of 1993.  Thus, the Court reasoned, the case against him could proceed on a theory of Intentional Infliction of Emotional Distress against Brian Kennedy, Jr. because the plaintiff may be able to prove that he was a bystander as Nestor acted in an outrageous manner in front of him in the manner that he arrested his mother.

Since that decision by this Court, it has been established that Nestor was not there during the arrest of the plaintiff.  Further, it is clear that he had nothing to do with the fact that a warrant for her arrest even issued.  Thus, there is no viable claim by Brian Kennedy, Jr. against him.  This Court and plaintiffs' counsel knew that this was the case before the trial began.  Despite this, this Court has allowed wholly improper evidence to be presented to this jury, which has irretrievably tainted this trial as to Richard Nestor and Scott Parker.

First, the Court decided that it would allow into evidence the fact that former defendant Gerald Roche arrested Michelle Kennedy in September of 1993 and gave her a citation the next day, three months after her incident with defendant Nestor.  The only role that defendant Nestor played in that incident was that he backed up Roche who was arresting the plaintiff.

The Court compounded its error in allowing the incidents into evidence by allowing the plaintiff to attempt to prove that non-defendant Roche maliciously prosecuted Michelle Kennedy in 1993, which the Court apparently determined was somehow relevant to Brian Kennedy, Jr.'s claim against Nestor. If this was not enough, the Court then allowed the plaintiffs' counsel to use documents never produced to the defendants until the day before they were

introduced against non-defendant Roche in a trial about the actions of defendant Nestor.

Next, the Court allowed wholly improper and inflammatory suggestions to be made against a former defendant who had been <u>exonerated</u> at the first trial to be made in this trial.  As discussed above, the claim against Nestor is based on a warrant that issued for the arrest of Michelle Kennedy in June of 1993.  It is uncontroverted that Nestor requested that a summons for a Show Cause hearing be issued as a result of his interactions with Michelle Kennedy.  It was former defendant, retired Deputy Chief of the Billerica Police, Thomas Connors, who requested that instead of a summons, an arrest warrant be issued.  This decision was made with <u>no input</u> from Nestor.  Connors testified that he changed Nestor's request for a summons to a request for a warrant at the direction of the Clerk-Magistrate in the Lowell District Court.  There is not, and never will be, any evidence that Nestor had anything to do with this change.  Despite this, this Court allowed the plaintiffs to attempt to prove that Connors may not have made this change at the direction of the particular Clerk-Magistrate that he identified in his testimony <u>fourteen years after the event</u>.  It is impossible to conceive how any of this has anything to do with Nestor, yet this Court allowed inflammatory suggestions to be made against a former defendant about events fourteen years ago regarding a non-plaintiff.

Finally, the Court's decision to allow into evidence an allegation that former defendant, <u>retired</u> Deputy Chief Connors gave "the finger" to Brian Kennedy, Jr. and William Ashton in the hallway of the Courthouse in October of 2007 was wholly improper, inflammatory, and grossly unfair.

Apparently, at the end of the trial day on Tuesday, October 2, plaintiffs' counsel and the Court learned that William Ashton and Kennedy Jr. claimed that Connors gave them the finger in the hallway of the Courthouse after he had testified.  This allegation was sprung on defense counsel in the morning of Wednesday, October 3.  The Court and plaintiffs' counsel indicated that they were attempting to locate a visual recording of a surveillance camera to ascertain what happened.  As of that morning, no recording had been found. Astoundingly, the Court determined that Brian Kennedy, Jr. would be allowed to inform this jury of the allegation.  Thus, in a trial of a claim against defendant Richard Nestor for an incident in 1993, the Court allowed Brian, Jr. to testify that retired Deputy Chief Thomas Connors, a former defendant, gave him the finger in the hallway of the Court in 2007.  The Court reasoned that this alleged incident was relevant to Connors' "credibility".  This ruling is wholly inappropriate.

First, the Court never inquired from Connors if he did in fact give the finger to Ashton and Kennedy.  Thus, there is no credibility issue.  Second, if Connors in fact gave them the finger, he has a constitutional right to do so. Third, given the history between Connors and the Kennedy group, which includes Ashton, hard feelings are inevitable.  I remind this Court that there was evidence adduced that Ashton and/or the Kennedys have done the following, and many other things:

1.    Stolen Connors' badge and hat from his car, which was parked in his driveway while he and his family were sleeping in the house.

2.    Mocked him by wearing the hat around town.

3.    Beaten and tormented residents of Billerica for years who then asked the Police for help.

4.      Ashton tattooed "Fuck the Cops" on his back and has repeatedly shown this tattoo to police department members.

5.      Mrs. Kennedy and Brian, Jr. made false allegations against Brian, Jrs.' former teacher, Connors' daughter Tara Connors to her school principal.

6.      The Kennedys threatened Thomas Connors in front of his wife.

7.      The Kennedys, including the children, and Ashton, called Tara Connors, who was then a police officer, extremely vulgar names, videotaped the event, then informed this Court that that videotape, and others, had been destroyed due to "water damage".

8.      Michelle Kennedy accused Connors of threatening to murder Ray Trainor in an affidavit filed with this Court.  When the defendants brought Mr. Trainor, who was prepared to deny this under oath, to Court so a hearing could be held, this Court refused to conduct the hearing.

9.      Since the last trial, Mitchell and Dylan Kennedy, the brothers of Brian Jr., kicked a Billerica police officer in the head causing injuries to him.  During this encounter, Mitchell and Dylan Kennedy were wearing dog tags, which stated "fuck the police".

10.     The Facebook pages of Dylan and Mitchell Kennedy state "fuck the police" on one, and "fuck the Billerica police" on the other.

The fact that there is personal animosity between Mr. Connors and the Kennedy group is easily understood.  Thus, the fact that Connors may have given the finger to Ashton and Brian Jr. does not prove anything.  By

allowing Brian Jr. to make this allegation to this jury is grossly unfair to Scott Parker and Richard Nestor, the defendants on trial.

The cumulative effect of the introduction of the above improper evidence in the trial of Nestor and Parker is impossible to overcome. Nestor should not even be on trial. Second, tainting him and Parker with allegations against Roche and Connors is prejudicial. Finally, tainting Parker with allegations of wrongdoing nine years before his incident is totally unfair. The only reasonable cure for these errors is for this Court to declare a mistrial, dismiss the case against Nestor, and hold a new trial, lasting two days, as to Parker with evidence limited to items relevant to that tiny claim.

Richard Nestor and Scott Parker have careers and reputations. This Court needs to allow the claims against them to be adjudicated fairly and not allow these individuals to be smeared in this Courthouse with allegations of wrongdoing by others. When this Court rules that certain defendants are to be tried, it needs to limit the evidence so it is relevant to them. Forcing the defendants to constantly deal with time barred events, which should not be at issue taints the process of justice. Richard Nestor and Scott Parker are entitled to a fair trial. They are not receiving one.

Wherefore, defendants Richard Nestor and Scott Parker herby ask this Court to declare a Mistrial.

Respectfully Submitted,
Defendants,
By Their Attorneys,


 /s/ Leonard H. Kesten
Leonard H. Kesten, BBO# 542042
Jeremy Silverfine, BBO# 542779
BRODY, HARDOON, PERKINS & KESTEN
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

Dated:  October 4, 2007