# JASON AND FISCHER

### Attorneys At Law
### 47 Winter Street
### Boston, Massachusetts 02108
### TEL.  (617) 423-7904
### FAX. (617) 451-3413

Linda Gayle Jason
Andrew M. Fischer
Andrew J. Brodie, III

November 6, 2007

The Honorable Patti B. Saris
United States District Court
One Courthouse Way
Boston, MA 02201

Re:  <u>Brian Kennedy, et al v. Town of Billerica, et al</u>
C.A. No. 04-CV-12357-PBS

Dear Judge Saris:

I write in response to defense counsel's letter to you which erroneously argues that the Jury's verdict finding that the defendant Town of Billerica "failed to properly discipline or supervise the defendants in a way that was deliberately indifferent to the civil rights of the plaintiffs" and that the defendant Town of Billerica was negligent in disciplining or supervising its police officers cannot stand.

Defense counsel bases his argument on the contention that because the damages the jury awarded against the defendant Town are greater than the damages awarded the several individual defendants against whom damages were awarded, the award is "nonsensical", to use Mr. Kesten's words.  The first flaw in this logic is that the first jury heard evidence about a lengthy pattern of harassment and abuse that involved not just the seven (7) defendants tried in the first trial.  However, the jury was only permitted to award damages against these seven (7) defendants and the town.  It is not "nonsensical" for the jury to find the collective damages against  the defendants to be $600,000 but the portion attributable to the two individual defendants in the first case, defendants Rosa and Tsoukalas, to be $25,000.

Indeed, the jury found these damages assessed against defendants Rosa and Tsoukalas to be independent of and in addition to the damages caused by the defendant Town's negligence, as it is clear from the jury verdict that the total award of $600,000 in favor of the plaintiffs represents the sum of the $575,000 awarded against the Town and the $25,000 awarded against defendants Rosa and Tsoukalas.  The only conclusion to be reached is that the jury found that the damages caused by defendants Rosa and Tsoukalas were for distinct and separate violations and were not the result of the Town's negligent supervision.

Re:   <u>Brian Kennedy, et al v. Town of Billerica, et al</u>
      C.A. No. 04-CV-12357-PBS
      November 7, 2007
      P. 2 of 3

First, defense counsel fails to consider that there is no negligence claim against a municipal employee, who has immunity for negligence claims under M.G.L., c. 258.  There may have been negligence against individual defendants, but there properly was no verdict question as to such negligence, as liability for any individual's act of negligence rests with the defendant town. Additionally,  there is no liability against any of the individual defendants for negligent supervision.  For example, defendant Rosa, as chief of the department, is immune for any negligent supervision but the town can be and was found liable for his negligent supervision. Damages properly from this and the Court's verdict form properly reflected this.

Further, defense counsel does not consider that there were twenty one other defendants whose conduct may have contributed to the damage caused by the defendant town's failure to supervise or discipline them.  Additionally, the jury's verdict may only be challenged if "there is no legally sufficient basis" to support the jury's finding.  Fed.R.Civ.P., Rule 50(a) Defense counsel, in attacking the verdict "may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence" but "must examine the evidence and the inferences reasonably to be drawn therefrom in the light most favorable to the [plaintiff] <u>Wagenmann v Adams</u>, 829 F2d 196 (1st Cir., 1987), quoting <u>Karelitz v. Damson Oil Corp.</u>, 820 F.2d 529, 530 (1st Cir.1987)

Defense counsel is not entitled to speculate how the jury may have divided the damages between defendants Rosa, Tsoukalas and the other defendant (and non-defendant) officers. Moreover, the jury was not asked to and did not have to allocate the damages caused by the defendant town's negligence among the many agents of the town.  Indeed, the jury could have found that the individuals who perpetrated the harm were not liable, as individuals, because they were acting in accordance with their job duties as made known to them by the town. Specifically, the jury may have concluded that the harm was the consequence of the faulty policies and procedures regarding the treatment of the Kennedys and not the fault of individual officers who were merely carrying out these faulty procedures pursuant to their instructions.  See, eg, <u>Fairley v., Luman</u>, 281 F.3d 913 (9th Cir., 2002), <u>Gray v. City of Detroit</u>, 399 F.3d 612 (6th Cir., 2005) or <u>Scott v. Clay County, Tenn</u>., 205 F.3d 867, 879 (6th Cir.2000), each of which hold that the municipal defendant can be found liable even where there is no liability by any individual police officer.  See also  <u>Fagan v. City of Vineland</u>, 22 F.3d 1283, 1294 (3d Cir.1994) ("[A] municipality can be liable under section 1983 and the Fourteenth Amendment for a failure to train its police officers with respect to high-speed automobile chases, even if no individual officer participating in the chase violated the Constitution.")

Re:    <u>Brian Kennedy, et al v. Town of Billerica, et al</u>
       C.A. No. 04-CV-12357-PBS
       November 7, 2007
       P. 3 of 3


       Plaintiffs note that there is an error in the verdict form that needs to be corrected.  Where
the Jury expressly found that the defendant town "failed to properly discipline or supervise the
defendants in a way that was deliberately indifferent to the civil rights of the plaintiffs",  the
plaintiffs are entitled to recover the damages that flow from this failure.  The damages that the
jury found were the result of the town's negligence all flowed as well from the town's deliberate
indifference.  The verdict form and the judgment should reflect this.  Even though the plaintiffs
can only recover these damages once, their damages properly are upon the deliberate indifference
claim as well as the negligence claim and the judgment should so reflect this


                              Yours truly,

                              /s/Andrew M. Fischer

                              Andrew M. Fischer


AMF:ms

cc:    Leonard H. Kesten, Esquire
       Fred Gilgun, Esquire

kennedy\ltjudgesaris3