UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************************
BRIAN KENNEDY AND MICHELLE KENNEDY,      *
Individually and as father and next friend of    *
BRIAN KENNEDY, JR., Individually and as mother    *
next friend of BRIAN KENNEDY, JR..              *
                                                *
         Plaintiffs                             *
                                                *
v.                                              *    C. A. No. 04-CV-12357-PBS
                                                *
TOWN OF BILLERICA, et al                        *
                                                *
         Defendants                             *
*********************************************
```

## MOTION TO STRIKE DEFENDANTS' SECOND MOTION FOR JUDGMENT NOV FOR BAD FAITH FAILURE TO COMPLY WITH LOCAL RULE 7.1

Now come the plaintiffs and move this Honorable Court strike the defendants' self-styled Second Motion for Judgment JNOV

As reason, Local Rule 7.1(A)(2) requires that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." This implies that counsel has an obligation not just to file an affidavit but actually to confer and attempt in good faith to narrow the issues.

As is evident from the affidavit of undersigned counsel, filed herewith, the certification is not accurate, as the defense counsel who signed it never conferred with plaintiffs' counsel. Indeed, no-one from defendants's counsel office ever spoke with either of plaintiffs' counsel. As the affidavit of undersigned counsel indicates, the only attempt to communicate was a phone message left from a Mr. Donahue, well after the close of business. His words were that he was instructed to call but it did not matter that he did not speak to plaintiffs' counsel, as he was further instructed that plaintiffs' counsel would not agree, anyway.

The phone message was date stamped on the voice mail at 6:33 p.m. The motion, with the certificate of service included within the motion, certified, above defense counsel's signature, that "counsel for the Defendants has attempted to confer with Andrew Fischer, attorney for the plaintiffs, in a good faith attempt to resolve or narrow the issues raised by the instant motion.."

There is no way that the perfunctory phone call, made immediately – exactly one minute – before filing a multi-issue motion with a 39 page memorandum supporting it, could be construed as a "a good faith attempt to resolve or narrow the issues raised by the instant motion.". Such a "certification" complies with neither the letter or the spirit of Rule 7.1. Where defense counsel already had completed a 39 page memorandum that was filed promptly upon leaving the perfunctory message, he clearly had no intention to attempt to resolve or narrow issues.

In fact, plaintiffs would have acknowledged that defendants' position as to at least one issue was correct and would have worked, in good faith, to narrow other issues. This would have saved both parties – and the Court – significant time, had defense counsel complied with the real purpose of Rule 7.1. Failure to do so places added burdens on the Court as well as defense counsel and should be addressed properly by the Court. The simplest way to do so is to strike the defendants' motion, with prejudice and the plaintiffs so move.

                                                                  Respectfully submitted,
Brian Kennedy, et al
by their counsel

Date: January 2, 2008                 /s/Andrew M. Fischer
Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904
kennedy\mostrikeJNOV              afischer@jasonandfischer.com