UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************
BRIAN KENNEDY, et al            *
                                *
            Plaintiffs          *
                                *
v.                              *   Civil Action no. 04-12357 - PBS
                                *
TOWN OF BILLERICA, et al        *
                                *
            Defendants          *
*********************************************

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**

In their Opposition to Plaintiffs' Petition for Attorney's fees, the Defendants argue that the Plaintiffs are not entitled to recover attorneys' fees incurred in pursuing the *Monell* claim against the Town of Billerica because pursuit of the *Monell* claim was rendered unnecessary by the defendants' pre-trial "stipulation" that the Town would pay any judgment obtained against any individual officer, "thus making the *Monell* claim and negligence claims redundant". [Defendants' memorandum, p.8] The defendants further argue that "competent counsel would not have insisted that [the *Monell*] claim go forward" and that Plaintiffs' counsel insistence on pursuing the *Monell* claim "wasted weeks of the Court's time".

This is a specious argument for several reasons. First, defendants continue to argue, incorrectly, that the *Monell* damages are identical to the damages from the claims against the individual defendants. While this is often the case, it is not always so and clearly was not the case here. The special verdict questions and the two juries' answers to the special verdict questions reflect the different damages flowing from the defendant

Town's willful and deliberate indifference to the civil rights of the plaintiffs and the plaintiffs claims against the individual officers.[1]  Thus the defendants still fail to understand that the <u>Monell</u> damages are not redundant but different than the damages against the individual officers.[2]

As the Court noted in its August 21, 2007 Order, the defendant Town "encouraged Tsoukalas to treat the family as criminals" and thereby showed deliberate indifference towards the Kennedys.  The defendant Town encouraged the other defendants, as well, indeed all the Billerica police, to treat the Kennedys as criminals.  When the individual defendants did so, they were following orders and thus the Jury could properly find that they, as individuals, were not "deliberately and willfully" indifferent to the Kennedys' civil rights.  Thus the conduct of the individual officers, both defendants and non-defendants, collectively constituted damages deriving from the <u>Monell</u> claim that was wholly independent from any damage from any individual defendant's actions, which may or may have been willful and deliberate.

Defendants' argument also fails to recognize one of the primary reasons for the award of attorneys' fees in civil rights cases and the principal reason that the Plaintiffs brought this lawsuit in the first place: the vindication of civil rights.

In considering the issue of attorneys' fees in a civil rights case the First Circuit in <u>Lewis v. Kendrick</u>, 944 F.2d 949 (1st Cir., 1991) stressed the important principle "that plaintiffs should have an unrestricted opportunity to vindicate their civil rights". Id at 957.   This principle recognizes that "[a] civil rights action for damages does not

---

[1] This is addressed at pp. 23-30 the plaintiff's opposition to the defendants' most recent motion for JNOV.
[2] The defendants erroneously cite <u>Spanish Action Committee of Chicago v. City of Chicago</u>, 766 F.2d 315 (C.A.7 (Ill.), 1985) for the proposition that "[a] plaintiff who succeeds on a <u>Monell</u> claim may not recover compensatory damages in excess of those awarded on the individual §1983 damages."  The case nowhere suggests such a proposition.

constitute merely a private tort suit benefitting only the individual plaintiffs whose rights were violated. Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms. Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief, but instead recognized that reasonable attorney's fees under § 1988 are not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera*, 477 U.S. 561, at 562 (1986)

      The offer made by the Defendants on the eve of trial did nothing to vindicate the Plaintiffs' claims that their civil rights had been violated repeatedly as a result the deliberate indifference of the Town.  It simply amounted to a guarantee that money would be available to cover any judgment recovered against any of the individual defendants.   The Plaintiffs sought far more than money from this lawsuit and competent counsel would recognize the significant societal benefit resulting from a verdict condemning the conduct of the Town as unconstitutional.

      The Defendants' argument that the trial on the *Monell* claim was unnecessary would only make sense had the Town offered to stipulate, in advance of trial, that it had violated the Plaintiffs' civil rights.  This offer, however, was never made.  In fact the Defendants regularly scoffed at the Plaintiffs' case, belittled counsel, and in effect challenged Plaintiffs to prove their claims.  Plaintiffs met this challenge and succeeded in proving the Town's unconstitutional practice.  Plaintiffs should be awarded the fees incurred in doing so.

The legal fees incurred in investigating and discovering said claim were clearly necessary as the "stipulation" was only offered on the eve of trial.  It would have been wholly irresponsible for competent counsel to avoid discovering and investigating Plaintiffs' claims against the Town.  Moreover, it is likely that it was only through the diligent efforts of Plaintiffs' counsel in conducting extensive discovery that the Town silently recognized its exposure under the *Monell* claim and the "stipulation" was only offered to avoid the black eye it ultimately suffered by the *Monell* verdict.

In order to obtain this verdict, it was necessary for the plaintiffs to present the entire pattern of abuse they suffered.  Thus it cannot be argued, as is sometimes the case, that the time spent on the unsuccessful claims should be deducted from the attorneys fees.  Had the plaintiffs not pursued any given claim, they still would have had to present the evidence as part of the pattern that established the *Monell*  claim.  Thus plaintiffs are entitled to recover attorneys' fees and costs incurred in discovering, investigating, pursuing, trying the full facts and, in the face of vigorous defense, succeeding on their civil rights claims against the Town.

                                        Respectfully submitted,
                                        Brian Kennedy, et al
                                        by their counsel

Date: <u>January 25, 2008</u>                  /s/<u>Andrew M. Fischer</u>
                                                Andrew M. Fischer
                                                BB0# 167040
                                                JASON & FISCHER
                                                47 Winter Street
                                                Boston, MA 02108
                                                (617) 423-7904
                                                <u>afischer@jasonandfischer.com</u>