# Brody, Hardoon, Perkins & Kesten, LLP
## Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney
Deborah I. Ecker

One Exeter Plaza
Boston, Massachusetts 02116

Telephone 617-880-7100
Facsimile 617-880-7171
www.bhpklaw.com

Judy A. Levenson
Jeremy I. Silverfine
Deidre Brennan Regan
Djuna E. Perkins
Peter E. Montgomery
Thomas R. Donohue
Kristin Tyler Harris
Patrick Hanley

Administrator:
Elizabeth L. Joyce

July 10, 2008

Via Facsimile: (617) 451-3413
Andrew M. Fischer, Esquire
JASON & FISCHER
47 Winter Street
Boston, MA 02108

Via Facsimile: (781) 861-7875
Frederick V. Gilgun, Jr., Esquire
Law Offices of Nicholson, Sreter & Gilgun, P.C.
33 Bedford Street, Suite 4
Lexington, MA 02420

RE:   Brian Kennedy, et al
VS:   Town of Billerica, et al
      USDC No.: 04-CV-12357-PBS

Gentlemen:

    I write in response to Mr. Fisher's letter to me of July 7, 2008. I will address the contents point by point.

    The videotapes have been examined. The police have identified the formerly "water damaged" and "missing" original recordings in the box of video tapes recovered from your clients' apartment. It now appears that your clients' trial testimony that the original tapes were destroyed by water was certainly false.

    Mr. Fisher questioned the basis for the seizure of those tapes. As I understand the law, when the police are executing a valid search warrant and see evidence of another crime, they may seize that evidence. In this instant, the Billerica and Lowell Police executed a valid search warrant and saw evidence of perjured testimony by your clients and Mr. Ashton as to the existence of these tapes.

Andrew M. Fischer, Esquire
Frederick V. Gilgun, Jr., Esquire
July 10, 2008
Page Two

    I am involved in this situation in my role as attorney for the Town of Billerica in the suit filed by your clients. Accordingly, I learned about this discovery in my role as counsel to the Town and the substance of the communications is privileged.

    On behalf of the Billerica Police Department, we decline to return the videotapes and audiotapes to your clients at this time.

    We will be filing a Motion with Judge Saris seeking appropriate relief from the Court for your clients willful withholding of relevant evidence and for the fact that your clients lied to the Court and the Jury about the existence of the original videotapes of their encounters and non-encounters with the Billerica Police Department.

    Finally, now that it is clear that the originals of the videotapes produced to the defendants were in your clients' possession and were not destroyed as a result of a water heater leak, I again invite you to explain why you and your clients told the Court that the videotapes no longer existed.

    Very truly yours,

    BRODY, HARDOON, PERKINS & KESTEN, LLP

    S/ Leonard H. Kesten
    Leonard H. Kesten

LHK:dac