UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN KENNEDY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-12357-PBS |
| ) | |
| TOWN OF BILLERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

July 24, 2008

Saris, U.S.D.J.

Plaintiffs move for $784,607.29 in attorneys' fees and costs under 42 U.S.C. § 1988 and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docket No. 338). Defendants suggest that plaintiffs' counsel are entitled to, at most, $6000 in fees and costs. After a review of the submissions, the motion for attorneys' fees and costs is **ALLOWED,** but the amount is reduced. In addressing this motion, the Court assumes knowledge and incorporates by reference its orders dated March 26, 2007 ("First Summary Judgment Order," Kennedy v. Town of Billerica, 502 F. Supp. 2d 150 (D. Mass. 2007)), August 15, 2007 ("Second Summary Judgment Order," Docket No. 270), and August 21, 2007 ("First JNOV Order," Docket No. 271).

**I.   The EAJA**

As an initial matter, plaintiffs cannot recover attorneys' fees under the EAJA. The EAJA only permits parties to recover

fees in an "civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A) (emphasis added); see also In re Perry, 882 F.2d 534, 538 (1st Cir. 1989) ("EAJA requires as a basic prerequisite that there be a "civil action . . . brought by or against the United States," citing same) (emphasis added). Since neither the United States, nor any "agency or official" of the United States, see 28 U.S.C. § 2412(d)(2)(C), is a party to this action, the EAJA does not apply.

## II.  42 U.S.C. § 1988(b)

42 U.S.C. § 1988(b), however, allows a "prevailing party" to recover "a reasonable attorneys' fee as part of the costs" in "any action or proceeding to enforce a provision of section[] 1983." "Although this fee-shifting provision is couched in permissive terminology, awards in favor of prevailing civil rights plaintiffs are virtually obligatory." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 293 (1st Cir. 2001) (citing cases). Plaintiffs contend that their successful Section 1983 claims against (1) the Town and (2) individual Billerica police officer Mark Tsoukalis entitle plaintiffs, as "prevailing parties" to "a reasonable attorney's fee."[1]  The Court agrees.

The next step is to determine "[1] the number of hours reasonably expended on the litigation multiplied by [2] a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (emphasis added). "In fashioning fee awards, the

---

[1] Plaintiffs also contend that the verdict against Scott Parker for violating substantive due process entitles them to a reasonable attorneys' fee, but the verdict no longer survives.

attorneys' contemporaneous billing records constitute the usual starting point, but the courts' discretion is by no means shackled by those records.  For example, it is the court's prerogative (indeed, its duty) to winnow out excessive hours, time spent tilting at windmills, and the like.  By the same token, the court may take guidance from, but is not bound by, an attorney's standard billing rate."  Gay Officers Action League, 247 F.3d at 295-96 (citations omitted).

    A.    The Rates Proposed

The Court starts with the billing rate.  To determine a reasonable billing rate, the court "applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)."  Gay Officers Action League, 247 F.3d at 295. Plaintiffs seek a rate for attorney Andrew Fischer of $300 per hour, a blended rate for attorney Frederick V. Gilgun, Jr. of $250-350 per hour, a rate of $175.00 per hour for associate Andrew Brodie, and a rate of $60 per hour for paralegal Lisa Clough.

Plaintiffs cite recent cases finding that the prevailing rate for civil rights attorneys ranges from $200 to $350 per hour for lead attorneys, $100 to $200 per hour for assisting counsel, and $65 per hour for paralegals and law students.  See, e.g., Cerqueira v. Am. Airlines, Inc., 484 F. Supp. 2d 241, 250 (D. Mass. 2007) (Young, J.), rev'd on other grounds, 520 F.3d 1 (1st Cir. 2008); see also Porter v. Cabral, No. 04-11935-DPW, 2007 WL

602605, at *12-14 (D. Mass. Feb. 21, 2007) (Woodlock, J.) (finding a range of $200 and $350 per hour for lead civil rights attorneys in the Boston area, a range of $100 and $175 per hour for assisting attorneys, and $65 per hour for paralegals); Dixon v. Int'l Brotherhood of Police Officers, 434 F. .2d 73, 86-88 (D. Mass. 2006) (finding $250 a reasonable hourly rate for an attorney with ten years of experience in employment law, $100 to $175 a reasonable rate for assisting attorneys, and $60 per hour reasonable for paralegals and law students); Bogan v. City of Boston, 432 F. Supp. 2d 222, 230 (D. Mass. 2006) (Bowler, M.J.) (finding reasonable $300 per hour reasonable for a lead attorney, $200 per hour for junior associates, and $65 per hour for paralegals and law students); LaPlante v. Pepe, 307 F. Supp. 2d 219, 224 (D. Mass. 2004) (accepting proposed rates of $300 per hour for a litigation partner, $275 per hour for a senior litigation associate, but imposing as reasonable a rate $150 and $120 per hour for junior litigation associates). The proposed fee rates are in this range. See, e.g., Cabral, 2007 WL 602605, at *12-13 (awarding a rate of $325 an hour, "slightly less than that of the most experienced civil rights attorneys.").

However, I deny the request for an upward adjustment in the rates because of the number of weak claims pressed against multiple police officers such as, for example, the clearly time-barred claims or the claim for attorneys fees under the clearly inapplicable EAJA. In addition, plaintiffs had limited success on the civil rights claims.

B.   Reasonable Hours Expended

The more difficult issue concerns the number of hours reasonable expended. A prevailing party can only recover for "results obtained," and "therefore no fee may be awarded for services on . . . unsuccessful claim[s]." Hensley, 461 U.S. at 434-35. Plaintiffs must also distinguish between core and non-core work, since non-core work gets compensated at two-thirds the reasonable rate. See Alfonso v. Aufiero, 66 F. Supp. 2d 183, 196 (D. Mass. 1996). Thus, the time spent in the second trial, which did not result in any civil rights violations, should be excluded. In addition, plaintiffs must adjust its bill to distinguish between core and non-core activities.

Plaintiffs other efforts, however, require closer scrutiny. In general, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434. The plaintiffs have not done so here. They argue that attorneys fees are warranted for most of the time litigating this matter, citing the complexity of the claims, obstruction by the defendants, and the need to establish the thirteen years of harassment that supported the plaintiffs' Monell and negligent supervision claims.

Many of plaintiffs' efforts were wasteful. In particular, plaintiffs brought suit against 29 police officers even though

many of their claims were barred by the statute of limitations or dismissed on other grounds. The jury rejected most of the claims that survived summary judgment. And plaintiffs only prevailed as to one civil rights claims against a Town of Billerica individual officer -- Mark Tsoukalis -- and the Monell claim arising from that count.

In certain circumstances, if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Hensley, 461 U.S. at 436. The Court finds that this is the case here, and, thus, the Court has discretion to "simply reduce the award to account for the limited success." Id. at 436-37 (noting that "[t]he court necessarily has discretion in making this equitable judgment").

Rather than go line by line of the copious affidavits of legal bills submitted by the plaintiffs, the Court will instead reduce the bill (as adjusted for core and non-core claims) by a multiple. With respect to the constitutional claim, the plaintiffs prevailed against one Town of Billerica police officer of the seven on trial during the first trial. However, in order to establish the Monell claim, plaintiffs were required to present evidence of many incidents which demonstrated the alleged pattern of harassment and systemic failure to respond to the complaints to the police chief and the Town. Accordingly, the

Court will award fees for half of all time properly billed up to and during the first trial.  Plaintiffs shall deduct all attorneys' fees post-dating the first trial (except for the fee petition) and all time spent on researching and briefing the losing constitutional claims and tort claims in the summary judgment motions.[2]

---

[2] Defendants argue vaguely that the time records are too vague, but did not take the effort to criticize the bills line-by-line.  Neither will I.  By reducing the bill by half and requiring a reduction for non-core efforts, I have largely taken care of the problem.

## **ORDER**

For the reasons stated, Plaintiffs' Motion for Attorneys' Fees (Docket No. 338) is **ALLOWED-IN-PART**.  Plaintiffs' proposed rates are allowed.  The Court allows costs incurred for winning claims only.  Plaintiffs shall resubmit its final bill within 30 days in accordance with this opinion.  Any opposition shall be filed within 14 days after conferring with opposing counsel.

                                  S/PATTI B. SARIS
                                  United States District Judge