UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BRIAN KENNEDY AND MICHELLE KENNEDY, *
Individually and as father and next friend of      *
BRIAN KENNEDY, JR., Individually and as mother *
next friend of BRIAN KENNEDY, JR..              *
                                                *
            Plaintiffs                          *
                                                *
v.                                              *   C. A. No. 04-CV-12357-PBS
                                                *
TOWN OF BILLERICA, et al                        *
                                                *
            Defendants                          *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF FREDERICK V. GILGUN, JR.

I, Frederick V. Gilgun, Jr., do hereby affirm and attest as follows:

1. I am an attorney duly admitted to practice in the Commonwealth of Massachusetts and the State of New York.

2. Attached hereto as Exhibit A is my bill for legal services rendered and expenses incurred in this case, as revised pursuant to the Court's Order dated July 24, 2008 (the "Order').

3. Specifically I have eliminated from the original bill submitted to the Court with my Affidavit of December 20, 2007, all billable time and expenses after the first trial, except for fees incurred in connection work on the proposed judgment and the petition for attorneys' fees. In addition I included in my revised bill twenty percent of the fees incurred in opposing Defendants' Second Motion JNOV, or $1,428.00. I have included this time and respectfully ask the Court to consider awarding it because approximately twenty percent of Defendants' Memorandum in Support of their Second Motion JNOV and Plaintiffs' Opposition thereto was devoted to issues affecting the civil rights claims on which the Plaintiffs prevailed at the first trial. Specifically the Plaintiffs were required to address Defendants' arguments that there was

1

insufficient evidence to support a Monell claim, the Court's remarks about Chief Rosa were not supported by the evidence, and that the Court should reconsider Its ruling regarding trial management. Although the Court correctly rejected these arguments, as they were previously addressed in the Defendants' first Motion JNOV, the Plaintiffs nevertheless had to respond to these issues.

    4. In accordance with the Court's Order the revised bill submitted herewith breaks down the fees charged for legal services between core and non-core in accordance with the guidelines set forth in <u>Alfonso v. Aufiero</u>, 66 F.Supp.2d 183 (D. Mass. 1996), with non-core services billed at two-thirds that of core services. With respect to the fees charged for work performed in connection with Plaintiffs' Motion for Attorneys' fees, I billed as core, only that work performed in connection with researching and drafting the legal memorandum submitted in support of Plaintiffs' Motion for Attorneys' fees. All time spent assembling and editing legal bills and this affidavit have been billed at the non-core rate.

    5. In those instances where core and non-core time was billed as one block of time I did my best to divide appropriately the amount of time spent as core and the amount spent as non-core.

**SIGNED AND SWORN UNDER THE PAINS AND PENALTIES OF PERJURY THIS 15TH DAY OF AUGUST, 2008.**

                                                               Frederick V. Gilgun, Jr.