UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRIAN KENNEDY AND MICHELLE KENNEDY, \*<br>Individually and as father and next friend of       \*<br>BRIAN KENNEDY, JR., Individually and as mother \*<br>next friend of BRIAN KENNEDY, JR..                       \*<br>                                                                                 \*<br>                         Plaintiffs                                        \*<br>                                                                                 \*<br>v.                                                                             \*<br>                                                                                 \*<br>TOWN OF BILLERICA, et al                                     \*<br>                                                                                 \*<br>                         Defendants                                     \* | C. A. No. 04-CV-12357-PBS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AFFIDAVIT OF ANDREW M. FISCHER**

I, Andrew M. Fischer, do hereby affirm and attest as follows:

1. My name is Andrew M. Fischer, and I am co-counsel for the plaintiffs in this case and in that capacity have personal knowledge of each of the facts attested to herein.

2. I attach hereto as Exhibit A my revised bill for legal services rendered and expenses incurred in this case, as revised pursuant to this Court's Order dated July 24, 2008.

3. Specifically I have eliminated 117.05 hours of my time and 3.65 hours of my associate Andrew Brodie's time from the original bill submitted to the Court with my Affidavit of December 20, 2007. This constitutes all billable time and expenses incurred after the first trial and post trial motions related to the first trial, with two exceptions.

4. The time I have deleted from my bill includes all time spent in preparation for and at the second trial and all time spent addressing the second motion for summary judgment and additional time spent on Kennedy related matters during the time period from September through December, 2007.

5. The first of the two exceptions is the time that I have spent preparing the fee petition and legal memoranda in support of the plaintiffs' petition for attorneys fees. There is also additional time added to the revised bill for work I had spent on the fee petition. This time <u>was not</u> but should have been included on the original bill. I billed the time spent on the fee petition as core time, as it involved preparation of a substantial memorandum of law that addressed legal challenges to plaintiffs' fees that were raised by the defendants, but billed the time spent reviewing time sheets as non-core.

6. The other exception is that I have added 29.75 hours, representing the time spent in successfully opposing the defendants' second motion for Judgment JNOV in and about December 2007, and reduced it by 80%, to reflect the time spent defending the successful civil rights claims. [See Adjustment #1 to the bill, in the amount of $1,785.00] Although the Court ordered the Plaintiffs to deduct "all attorneys' fees post-dating the first trial (except for the fee petition)" I respectfully ask the Court to consider awarding this time because it was necessary to expend this time responding to and addressing the portion of the second Motion JNOV that attacked the plaintiffs' successful civil rights verdicts.

7. A review of both the defendants' motion and memoranda and the plaintiffs' responses shows that approximately twenty percent of Defendants Memorandum in Support of their Second Motion for Judgment Notwithstanding the Verdict, or in the Alternative, Motion for a New Trial and Plaintiffs' Opposition thereto, was devoted to issues affecting the civil rights claims on which the Plaintiffs prevailed at the first trial. Specifically, the Defendants argued, with respect to the successful civil rights claims, that there was insufficient evidence to support a *Monell* claim, that the Court's findings about Chief Rosa were not supported by the evidence, and that

the Court should reconsider Its ruling regarding trial management.  Although the Court correctly rejected these arguments as they were previously addressed in the Defendants' first Motion, the Plaintiffs nevertheless had to respond to these issues, and the time they spent doing so was modest and reasonable and time for which the plaintiffs are entitled to recover attorneys fees.

    8.  I also added time, totaling 1.65 hours, for time spent in October, 2007, preparing a proposed judgment, as requested by the Court and other post-trial time and deleted 6.5 hours that erroneously appeared twice in the original bill.

    9.  In accordance with the Court's Order the revised bill submitted herewith breaks down the fees charged for legal services between core and non-core in accordance with First Circuit practice, as set forth in <u>Alfonso v. Aufiero</u>, 66 F.Supp.2d 183 (D. Mass. 1996), with non-core services billed at two-thirds that of core services.   Time spent on core activities such as court hearing, preparing pleadings, research, preparing clients for trial and deposition testimony were billed as core time (reflected on the bill as timekeeper AMF for Andrew Fischer and AJB for Andrew Brodie) and time spent on routine telephone calls, emails, scheduling, filing documents, reviewing medical records, etc. were billed as non-core, (reflected on the bill as timekeeper AF for Andrew Fischer and AB for Andrew Brodie) with one exception.  Much of the time I spent on the telephone with Attorney Gilgun was, in fact, core legal preparation, including, tactics, strategy, discussion of legal theories and interpretation of the law, as it applied.  This was necessitated by the fact that Mr. Gilgun and I have separate offices: he is in Lexington and I am in downtown Boston and much of the work we did together was done over the phone or by email.  I did my best to distinguish between routine telephone calls and those calls with Attorney Gilgun that were spent on core legal work, but my time records did not always allow me to be certain. In other instances, core and non-core time was billed as one block of time and in these instances I

did my best to divide appropriately the amount of time spend as core and the amount spent as non-core.

10. I did not deduct from the bill the time spent on the losing summary judgment issues. I note here that I spent 44.5 hours and my associate, Mr. Brodie spent 1.65 hours on the plaintiffs' two summary judgment oppositions, and respectfully ask the Court to allow this time. The Court already has accounted for the time spent on unsuccessful claims by reduced the plaintiffs' attorneys fees by 50%. Thus to deduct a significant percentage from the time spent on the summary judgment opposition is to deduct twice for the time spent on unsuccessful claims and I request that the Court not do so.

11. Should the Court still insist on deducting a portion of the time spent on the unsuccessful summary judgment issues, I note that the defendants' brief devoted two pages to the statute of limitations issue, two pages on tort law claims and seven pages on the civil rights claims. Thus, if the Court were to allocate, it should allow 64% of the summary judgment time to the plaintiffs, or 28.48 hours. However, I respectfully ask that the Court allow the full number of hours spent on the summary judgment motion, as it has already accounted for time spent on unsuccessful claims by cutting the plaintiffs' attorneys hours by 50%.

12. I did not bill any travel time, with one exception, the time my associate Andrew Brodie traveled to Mr. Gilgun's office for a trial preparation session with Michelle Kennedy. I also did not bill for much of the time I spent dealing with the media and for most of the time I spent seeking investigations of the Billerica police by the Attorney General, FBI and other agencies.

13. I did not bill for postage, copying costs, mailing costs, ECF charges and other misc. costs. Nor did I bill for significant amounts of paralegal time spent preparing documents, or searching through and organizing the masses of documents the defendants produced.

14. I am not clear whether the Court's order that it "will award fees for half of all time properly billed" refers to claimed costs and as well as attorneys time. As the Court pointed out, at the bottom of page 6 of its July 24, 2008 Memorandum and Order, "in order to establish the *Monell* claim, plaintiffs were required to present evidence of many incidents which demonstrated the alleged pattern of harassment and systemic failure to respond to the complaints to the police chief and the town".

15. In addition, the plaintiffs had to present expert testimony of this systemic failure. The largest portion of the $46,527.29 in costs claimed by the plaintiffs was the $19,336 paid to their police practices expert, Reginald Allard. The next largest portion was the $14,323.47 in deposition costs.[1] Thus the costs incurred that were necessary to prove the successful *Monell* claim comprised at least $33,659.47 of the $46,527.29 total costs claimed, or at least 72% of the total costs claimed. Without scrutinizing the remaining costs claimed, it would appear that much of the remaining costs claimed also were necessary to prove the successful *Monell* claim.

---

[1] I am excluding the costs for deposing John Gallinaro and Thomas Gallinaro from this total. The other depositions were of the plaintiffs, defendants officers, Amy Baum and Scot, Billy and Diane Ashton.`

16.  On this basis, plaintiffs respectfully urge the Court to award all of their claimed costs, but in the event that the Court determines that the costs should also be cut in half, the plaintiffs ask that they be awarded all of the expert witness fees and deposition costs, or at least all of the expert witness fees, and that any reduction in costs be limited to the remaining costs.

**Signed and sworn under the pains and penalties of perjury this 18th day of August, 2008**

    /s/Andrew M Fischer
Andrew M. Fischer