EXHIBIT H

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12357-PBS

BRIAN KENNEDY AND MICHELLE KENNEDY, )
Individually and as mother and next friend of )
BRIAN KENNEDY, Jr. Individually and as mother and )
next friend of MITCHELL KENNEDY and Individually and as )
mother and next friend of DYLAN KENNEDY, )
                           Plaintiffs )
  )
VS. )
  )
TOWN OF BILLERICA, DANIEL C. ROSA, JR. )
Individually and as Chief of the Billerica Police Department, )
JOHN BARRETTO, Individually and as former Chief of the )
Billerica Police Department, PAUL W. MATTHEWS, )
Individually and as former Chief of the Billerica Police )
Department, ROBERT LEE, Individually and as former )
Deputy Chief of the Billerica Police Department, THOMAS )
CONNORS, FRANK A. MACKENZIE, RICHARD )
RHONSTOCK, ROBERT BAILEY, JONN ZARRO, MARK )
TSOUKALAS, TARA CONNORS, MARTIN E. CONWAY, )
ANDREW DEVITO, RICHARD HOWE, STEVEN ELMORE, )
WILLIAM MCNULTY, DONALD MACEACHERN, )
MICHAEL A. CASEY, RICHARD NESTOR, ROBERT )
BROWN, WILLIAM G. WEST, GREGORY KATZ, )
GERALD B. ROCHE, BRIAN MICCICHE, WILLIAM )
MCNULTY, SCOTT PARKER, ALAN MUNN, TIMOTHY )
F. MCKENNA AND JOHN DOE, )
                          Defendants )

## AFFIDAVIT OF LEONARD H. KESTEN

I, Leonard H. Kesten, hereby swear that the following is true:

1. I am counsel for the defendants in the above-captioned case.

2. After repeated requests, plaintiffs' counsel produced to defendants' counsel six VHS cassettes that contained footage depicting Billerica Police Officers.

3. The video evidence was crucial to the defense of this case, as I believed that it depicted no harassment of the plaintiffs.

4. Plaintiffs' attorneys informed the defendants that they had produced copies of all video recordings in their possession of the plaintiffs' encounters with Billerica Police Officers.

5. The most important incident in the lawsuit was the arrest and prosecution of Michelle, Brian, and Mitchell Kennedy arising from an incident involving the assault that occurred on November 9, 2001, in front of the Kennedy residence.

6. The plaintiffs produced a VHS videotape in discovery depicting portions of that incident and their interactions with Billerica Police that night.

7. The defendants issued a subpoena to the Office of the District Attorney for Middlesex County for materials related to the prosecution of the November 9th incident. As part of the materials produced, the defendants received a copy of a videotape that had been provided to the District Attorney by the plaintiffs and that appeared to be identical to the one provided by the plaintiffs in the discovery process of this case.

8. At the beginning of the first trial of this matter, the defense discovered that the VHS copy produced by the plaintiffs to the District Attorney began approximately one minute before the VHS copy produced by the plaintiffs' counsel in discovery.

9. That one-minute contained statements by Michelle Kennedy.

10. As a result of this discovery, I spoke to Attorney Fred Gilgun and asked him to provide me with the original videotape from which the copies produced to the defendants and the District Attorney had been made.

11. He said that he would look into the issue.

12. Additionally, I issued a subpoena to the plaintiffs for all original recordings in their possession of all their encounters with the Billerica Police, as I became concerned that other tapes might have been edited.

13. At no time during discovery or during the trial did either counsel for the plaintiffs indicate to defense counsel that any original tapes had been destroyed.

14. At no time during discovery did the plaintiffs testify at deposition that any original videotapes had been destroyed.

15. The first time that the defendants heard that any original tapes had been destroyed was when Attorney Andrew Fischer elicited testimony from Mitchell Kennedy that "some" of the original tapes were destroyed, then Attorney Fischer elicited testimony from William Ashton that all of the original videotapes no longer existed.

16. William Ashton specifically testified that no original videotapes were present at the plaintiffs' residence and also testified that the original recording of the events of November 9, 2001 had been destroyed.

17. In early July of this year, I learned that the Billerica Police had recovered original recordings from the Kennedy residence.

18. The original recording of the November 9, 2001, incident was located at the Kennedy residence. That original recording begins approximately two minutes before the recording produced to the defendants in discovery. Those two minutes contain statements by Michelle Kennedy all of which were edited out of the tape produced by the plaintiffs during discovery.

19. The original recording of another videotape produced by the plaintiffs in discovery contains over twenty minutes of additional footage, which was edited out of the tape produced to the defendants.

20. Plaintiffs' original recordings recovered from their residence contain numerous other recordings of Billerica Police Officers, which were never produced to the defendants in discovery, some of which were recorded surreptitiously.

SIGNED under the pains and penalties of perjury, this 2nd day of September, 2008

_____
Leonard H. Kesten, BBO#542042